**GIBSON, DUNN & CRUTCHER LLP**
Matthew J. Williams
Mitchell A. Karlan
Alan Moskowitz
Dylan S. Cassidy
200 Park Avenue
New York, NY 10166
(212) 351-4000 (Tel)
(212) 351-4035 (Fax)

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PT DELTA MERLIN DUNIA TEXTILE,<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-_____ |
| In re:<br><br>PT DELTA DUNIA TEKSTIL,<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-_____ |
| In re:<br><br>PT DELTA MERLIN SANDANG TEKSTIL,<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-_____ |

| | |
|---|---|
| In re:<br><br>PT DELTA DUNIA SANDANG TEKSTIL,<br><br>        Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-_____ |
| In re:<br><br>PT DUNIA SETIA SANDANG ASLI TEKSTIL,<br><br>        Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-_____ |
| In re:<br><br>PT PERUSAHAAN DAGANG DAN PERINDUSTRIAN DAMAI,<br><br>        Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-_____ |
| In re:<br><br>SUMITRO,<br><br>        Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-_____ |

**MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF**
**THE ABOVE-CAPTIONED CHAPTER 15 CASES**

Geoffrey David Simms, in his capacity as the duly authorized foreign representative (the "***Foreign Representative***") of PT Delta Merlin Dunia Textile ("***DMDT***") and its affiliated debtors

2

in a foreign proceeding (collectively, the "**Foreign Debtors**") in connection with their foreign proceedings pending in the Semarang Commercial Court (the "**Indonesian Court**"), pursuant to Law No. 37 of 2004 regarding Bankruptcy and Suspension of Debt Payment Obligations (collectively, the "**PKPU Proceedings**"), by and through his undersigned counsel, respectfully submits this motion (the "**Motion**") for entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), 11 U.S.C. §§ 101-1532, and Rule 1015(b) of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), authorizing the joint administration of the Foreign Debtors' above-captioned chapter 15 cases (the "**Chapter 15 Cases**") for procedural purposes only. In support of the Motion, the Foreign Representative respectfully refers the Court to the *Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding* (the "**Verified Petition**") which is being filed contemporaneously herewith and is incorporated herein by reference. In further support of the Motion, the Foreign Representative respectfully states as follows:

## JURISDICTION AND VENUE

1. These Chapter 15 Cases have been properly commenced pursuant to 11 U.S.C. § 1504 by the filing of petitions for recognition of the PKPU Proceedings pursuant to 11 U.S.C. § 1515 of the Bankruptcy Code.

2. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, section 1501 of the Bankruptcy Code, and the Amended Standing of Reference Re: Title

11, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(P). Venue is proper pursuant to 28 U.S.C. § 1410.

3. The statutory predicates for the relief requested herein are sections 105(a) of the Bankruptcy Code and Rule 1015(b) of the Bankruptcy Rules.

## BACKGROUND

4. On September 11, 2019, PT Shine Golden Bridge, a creditor of the Foreign Debtors, filed an involuntary application (the "***Duniatex Group PKPU Application***") to commence a PKPU proceeding against (i) DMDT, (ii) PT Delta Dunia Tekstil ("***DDT***"), (iii) PT Dunia Setia Sandang Asli Tekstil ("***DSSAT***"), (iv) PT Delta Merlin Sandang Tekstil ("***DMST***"), (v) PT Delta Dunia Sandang Tekstil ("***DDST***"), and (vi) PT Perusahaan Dagang dan Perindustrian Damai ("***Damaitex***," and collectively with DMDT, DDT, DSSAT, DMST, and DDST, the "***Duniatex Group***") in the Indonesian Court (the "***Duniatex Group PKPU***").

5. On September 25, 2019, Mr. Sumitro, the beneficial owner and controlling shareholder of the Duniatex Group, filed a voluntary application (the "***Sumitro PKPU Application***") to commence an individual PKPU proceeding in the Indonesian Court (the "***Sumitro PKPU***").

6. On September 30, 2019, the Indonesian Court issued (i) an order granting the Duniatex Group PKPU Application (the "***Duniatex Group PKPU Order***") and (ii) an order granting the Sumitro PKPU Application (the "***Sumitro PKPU Order***," and together with the Duniatex Group PKPU Order, the "***PKPU Orders***").

7. The Duniatex Group PKPU and Sumitro PKPU are separate PKPU proceedings, however, for efficiency the two PKPU Proceedings are intended to effectively be jointly

administered in Indonesia and the Foreign Debtors expect to propose a restructuring plan in Indonesia covering both PKPU Proceedings.

8. The Foreign Representative respectfully refers the Court to the Verified Petition, which contains the additional relevant facts and circumstances regarding the commencement of these Chapter 15 Cases in relation to the PKPU Proceedings.

**RELIEF REQUESTED**

9. Pursuant to Rule 1015(b) of the Bankruptcy Rules, the Foreign Representative respectfully requests the immediate entry of an order providing for the joint administration of the Chapter 15 Cases for procedural purposes only. In particular, the Foreign Representative requests that the Court provide for joint administration by: (a) establishing a joint docket and file for the Chapter 15 Cases; (b) approving the filing of a joint pleadings caption; (c) approving combined notices to creditors and other parties in interest, as applicable; and (d) directing an entry to be made on the dockets of: In re PT Delta Merlin Dunia Textile; In re PT Delta Dunia Tekstil; In re PT Delta Merlin Sandang Tekstil; In re PT Delta Dunia Sandang Tekstil; In re PT Dunia Setia Sandang Asli Tekstil; In re PT Perusahaan Dagang dan Perindustrian Damai; and In re Sumitro, to reflect the joint administration of the Chapter 15 Cases.

**BASIS FOR RELIEF REQUESTED**

**A.   The Foreign Debtors are Affiliates Under Federal Bankruptcy Rule 1015(b)**

10. Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Section 101(2) of the Bankruptcy Code defines "affiliate" to mean, among other things:

5

>[an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . [or] [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .

11 U.S.C. § 101(2).

11. Joint administration of the Foreign Debtors' cases is warranted because (a) the Foreign Representative has filed an Official Form 401 (Chapter 15 Petition for Recognition of a Foreign Proceeding) (the "***Petitions***") with respect to each of the Foreign Debtors and (b) as provided in the Petitions, each Foreign Debtor is an "affiliate" of one or more other Foreign Debtors under section 101(2) of the Bankruptcy Code. Additionally, joint administration pursuant to Bankruptcy Rule 1015(b) is not limited to plenary cases, and the requested relief will promote the efficient administration of these Chapter 15 Cases, one of the stated purposes of chapter 15. *See* 11 U.S.C. § 1501(a)(3).

12. Courts have routinely granted joint administration of interrelated Chapter 15 Cases based on Bankruptcy Rule 1015(b). *See, e.g.*, *In re EuropaCorp S.A.*, No. 19-11587 (MEW) (Bankr. S.D.N.Y. May 20, 2019); *In re OAS S.A.*, No. 15-10937 (SMB) (Bankr. S.D.N.Y. Apr. 16, 2015); *In re Aralco S.A. – Indústria e Comércio*, No. 15-10419 (MKV) (Bankr. S.D.N.Y. Feb. 27, 2015); *In re Cline Mining Corp.*, No. 14-26132 (EEB) (Bankr. D. Colo. Dec. 4, 2014); *In re Essar Steel Algoma Inc.*, No. 14-11730 (BLS) (Bankr. D. Del. July 17, 2014); *In re Cinram Int'l Inc.*, No. 12-11882 (KJC) (Bankr. D. Del. June 26, 2012). As such, the Court has the authority to enter the proposed order pursuant to Bankruptcy Rule 1015(b).

13. In addition, the Foreign Representative submits that the relief requested herein is available pursuant to section 105(a) of the Bankruptcy Code. Section 105(a) of the Bankruptcy

Code, made applicable in Chapter 15 Cases pursuant to section 103(a) of the Bankruptcy Code, permits this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). *See In re Select Tree Farms, Inc.*, 483 B.R. 595, 597 (Bankr. W.D.N.Y. 2012) (Section 105(a) "empower[s] 'the bankruptcy court to exercise its equitable powers . . . to facilitate the implementation of other Bankruptcy Code provisions.'") (citing *Solow v. Kalikow (In re Kalikow)*, 602 F. 3d 82, 97 (2nd Cir. 2010)); *In re Fairfield Sentry Ltd.*, 458 B.R. 665, 691-92 (S.D.N.Y. 2011) (noting that in chapter 15 cases, a bankruptcy court may enter orders pursuant to section 105(a) only to the extent consistent with the Bankruptcy Code and the Bankruptcy Rules) (citing *Barbieri v. RAJ Acquisition Corp. (In re Barbieri)*, 199 F.3d 616 (2d. Cir. 1999)).  The relief requested herein is consistent with and furthers the purpose of the Bankruptcy Code. Therefore, the Court has additional authority under section 105(a) of the Bankruptcy Code to enter the proposed order directing the joint administration of these Chapter 15 Cases.

B.      **Joint Administration Will Provide Greater Ease of Administration**

14.     The Petitions and the Verified Petition establish that joint administration of these Chapter 15 Cases is warranted because (a) the Foreign Debtors' financial affairs and business operations are closely related, (b) each Foreign Debtor is party to one of the PKPU Proceedings, which will be effectively jointly administered in Indonesia for procedural purposes, and (c) the joint administration of the Chapter 15 Cases will ease the administrative burden on this Court and parties in interest.

15.     The joint administration of the Chapter 15 Cases will permit the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the Foreign Debtors' respective estates and other parties in interest.  Entering an order directing joint administration of the Chapter 15 Cases will avoid the need for duplicative notices, opinions,

7

motions, applications, and orders, thereby saving time and expense that otherwise would be required to administer individual cases. Joint administration also will enable parties in each of the Chapter 15 Cases to receive notice of the various matters pending before the Court in all of these Chapter 15 Cases. Joint administration will further simplify supervision of the administrative aspects of the Chapter 15 Cases by the Office of the United States Trustee—a task that would pose unnecessary burdens absent joint administration.

C.     **No Party in Interest Will Be Prejudiced By Virtue of the Relief Requested**

16.    The rights of the respective creditors of the Foreign Debtors will not be adversely affected by the proposed joint administration of the Chapter 15 Cases because the rights of each creditor against the respective estates will be preserved. The Motion seeks neither substantive consolidation of the Foreign Debtors' estates, nor modification of the relative rights and remedies of creditors against any of the individual Foreign Debtors. Thus, the substantive rights of parties in interest will not be prejudiced or otherwise negatively affected by the entry of an order directing the procedural joint administration of the Chapter 15 Cases.

17.    For these reasons, the Foreign Debtors submit that the relief requested herein is in the best interest of the Foreign Debtors, their estates, creditors, and other parties in interest, and, therefore, should be granted.

18.    As such, the Foreign Representative respectfully requests that the caption of each of the Chapter 15 Cases be modified to reflect their joint administration as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PT DELTA MERLIN DUNIA TEXTILE, *et al.*,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-_____<br><br>(Jointly Administered) |

---

[1] The Foreign Debtors in these chapter 15 cases are the following entities: (i) PT Delta Merlin Dunia Textile, whose address is Jl Solo - Sragen Km 14, Desa Pulosari, Kec Kebakkramat, Karanganyar, Central Java, (ii) PT Delta Dunia Tekstil, whose address is Jl Raya Solo - Sragen KM 10.8, Desa Kaling, Kec Tasikmadu, Karanganyar, Central Java, (iii) PT Dunia Setia Sandang Asli Tekstil, whose address is Jl Raya Palur Km 7.1, Desa Dagen, Kec Jaten, Karanganyar, Central Java, (iv) PT Delta Merlin Sandang Tekstil, whose address is Jl Raya Timur Km 10, Kel Bumiaji, Kec Gondang, Sragen, Central Java, (v) PT Delta Dunia Sandang Tekstil, whose address is Jl Raya Semarang - Demak Km 14, Desa Tambakroto, Kec Sayung, Demak, Central Java, (vi) PT Perusahaan Dagang dan Perindustrian Damai, whose address is Jl Simongan No 100, Kel Ngemplak Simongan, Kec Semarang Barat, Semarang, Central Java, and (vii) Mr. Sumitro, whose address is Tegalharjo, RT.004/RW.004, Kelurahan Tegalharjo, Kecamatan Jebres, Kota Surakarta, Jawa Tengah, Indonesia.

19. The Foreign Representative also requests that the Court direct that the following statement be entered on the docket of each of the Chapter 15 Cases to reflect their joint administration:

> An order has been entered in this case directing the joint administration of the chapter 15 cases of In re PT Delta Merlin Dunia Textile; In re PT Delta Dunia Tekstil; In re PT Delta Merlin Sandang Tekstil; In re PT Delta Dunia Sandang Tekstil; PT Dunia Setia Sandang Asli Tekstil; In re PT Perusahaan Dagang dan Perindustrian Damai; and In re Sumitro. The docket in the chapter 15 case of In re PT Delta Merlin Dunia Textile, Case No. 19-[_____ (___)] should be consulted for all matters affecting this case.

**NO PRIOR REQUEST**

20. No prior request for the relief sought in this Motion has been made to this or any other court.

**NOTICE**

21. Notice of this Motion either by electronic mail, facsimile, or overnight mail to: (a) the Office of the United States Trustee, (b) all parties authorized to administer foreign proceedings

9

of the Foreign Debtors, (c) all parties to any litigation in which any of the Foreign Debtors is a party and that is pending in the United States as of the commencement of these Chapter 15 Cases, and (d) all known parties against whom provisional relief is sought as set forth in the statements of Foreign Representative required by Federal Rule of Bankruptcy Procedure 1007(a)(4)(B), attached to the Petitions. Due to the nature of the relief requested herein, the Foreign Representative submits that no other or further notice is required.

## **CONCLUSION**

WHEREFORE, the Foreign Representative respectfully requests that the Court enter the order, substantially in the form annexed hereto as **Exhibit A**, ordering the joint administration of these Chapter 15 Cases and granting such other and further relief it deems necessary and appropriate.

Dated: New York, New York
October 8, 2019

>Respectfully submitted,
>GIBSON, DUNN & CRUTCHER LLP
>
>/s/ *Matthew J. Williams*
>Matthew J. Williams
>Mitchell A. Karlan
>Alan Moskowitz
>Dylan S. Cassidy
>200 Park Avenue
>New York, NY 10166
>(212) 351-4000 (Tel)
>(212) 351-4035 (Fax)
>
>*Counsel to the Foreign Representative*

## **EXHIBIT A**

| | |
|---|---|
| In re:<br><br>PT DELTA MERLIN DUNIA TEXTILE,<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-_____ |
| In re:<br><br>PT DELTA DUNIA TEKSTIL,<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-_____ |
| In re:<br><br>PT DELTA MERLIN SANDANG TEKSTIL,<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-_____ |
| In re:<br><br>PT DELTA DUNIA SANDANG TEKSTIL,<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-_____ |
| In re:<br><br>PT DUNIA SETIA SANDANG ASLI TEKSTIL,<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-_____ |

1

| | |
|---|---|
| In re:<br><br>PT PERUSAHAAN DAGANG DAN PERINDUSTRIAN DAMAI,<br><br>           Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-_____ |
| In re:<br><br>SUMITRO,<br><br>           Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-_____ |

**ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 15 CASES**

Upon consideration of the motion by the Foreign Representative in the above-captioned chapter 15 cases seeking entry of an order, pursuant to section 105(a) of the Bankruptcy Code and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, for the joint administration of the above-captioned Chapter 15 Cases for procedural purposes only (the "***Motion***");[1] and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, section 1501 of the Bankruptcy Code and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated as of January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 1, 2012) (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157)(b)(2)(P); and venue of this proceeding being proper before the Court pursuant to 28 U.S.C.

---

[1] All capitalized terms not otherwise defined in this order shall have the meanings ascribed to them in the Motion.

2

§ 1410; and due and proper notice of the Motion having been provided, and no other or further notice being necessary; and the Court having reviewed and considered the Motion and the Verified Petition; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the relief requested in the Motion being in the best interest of the Foreign Debtors' estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The Chapter 15 Cases hereby are consolidated for procedural purposes only and shall be jointly administered by the Court.

3. Pleadings in these Chapter 15 Cases shall be required to bear a caption substantially in the following form:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| PT DELTA MERLIN DUNIA TEXTILE, *et al.*,[1] | Case No. 19-_____ |
| Debtors in a Foreign Proceeding. | (Jointly Administered) |

---

[1] The Foreign Debtors in these chapter 15 cases are the following entities: (i) PT Delta Merlin Dunia Textile, whose address is Jl Solo - Sragen Km 14, Desa Pulosari, Kec Kebakkramat, Karanganyar, Central Java, (ii) PT Delta Dunia Tekstil, whose address is Jl Raya Solo - Sragen KM 10.8, Desa Kaling, Kec Tasikmadu, Karanganyar, Central Java, (iii) PT Dunia Setia Sandang Asli Tekstil, whose address is Jl Raya Palur Km 7.1, Desa Dagen, Kec Jaten, Karanganyar, Central Java, (iv) PT Delta Merlin Sandang Tekstil, whose address is Jl Raya Timur Km 10, Kel Bumiaji, Kec Gondang, Sragen, Central Java, (v) PT Delta Dunia Sandang Tekstil, whose address is Jl Raya Semarang - Demak Km 14, Desa Tambakroto, Kec Sayung, Demak, Central Java, (vi) PT Perusahaan Dagang dan Perindustrian Damai, whose address is Jl Simongan No 100, Kel Ngemplak Simongan, Kec Semarang Barat, Semarang, Central Java, and (vii) Mr. Sumitro, whose address is Tegalharjo, RT.004/RW.004, Kelurahan Tegalharjo, Kecamatan Jebres, Kota Surakarta, Jawa Tengah, Indonesia.

3

4. The consolidated caption satisfies the requirements of section 342(c) of the Bankruptcy Code in all respects.

5. A docket entry shall be made by the Clerk of the Court in each of the above-captioned cases substantially as follows:

An order has been entered in this case directing the joint administration of the chapter 15 cases of In re PT Delta Merlin Dunia Textile; In re PT Delta Dunia Tekstil; In re PT Delta Merlin Sandang Tekstil; In re PT Delta Dunia Sandang Tekstil; In re PT Dunia Setia Sandang Asli Tekstil; In re PT Perusahaan Dagang dan Perindustrian Damai; and In re Sumitro. The docket in the chapter 15 case of In re PT Delta Merlin Dunia Textile, Case No. 19-[_____ (___)] should be consulted for all matters affecting this case.

6. The Foreign Representative is authorized to (i) utilize a combined service list for the Foreign Debtors' jointly administered cases and (ii) send combined notices to creditors of the Foreign Debtors' estates and other parties in interest as applicable.

7. The Foreign Representative is authorized and empowered to take any actions as may be necessary and appropriate to implement and effectuate the terms of this order.

8. Nothing contained in this Order shall be construed as directing or otherwise effecting a substantive consolidation of the bankruptcy cases of the Foreign Debtors.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this order.

Dated: New York, New York
_____, 2019

_____
UNITED STATES BANKRUPTCY JUDGE