**GIBSON, DUNN & CRUTCHER LLP**
Matthew J. Williams
Mitchell A. Karlan
Alan Moskowitz
Dylan S. Cassidy
200 Park Avenue
New York, NY 10166
(212) 351-4000 (Tel)
(212) 351-4035 (Fax)

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| PT DELTA MERLIN DUNIA TEXTILE, *et al.*,[1] | Case No. 19-_____ |
| Debtors in a Foreign Proceeding. | (Joint Administration Requested) |

**MOTION FOR ENTRY OF AN ORDER SCHEDULING A HEARING ON CHAPTER 15 PETITIONS FOR RECOGNITION AND SPECIFYING <u>FORM AND MANNER OF SERVICE OF NOTICE</u>**

Geoffrey David Simms, in his capacity as the duly authorized foreign representative (the "***Foreign Representative***") of PT Delta Merlin Dunia Textile and its affiliated debtors in a foreign proceeding (collectively, the "***Foreign Debtors***") in connection with their foreign proceedings pending in the Semarang Commercial Court, pursuant to Law No. 37 of 2004 regarding

---

[1] The Foreign Debtors in these chapter 15 cases are the following entities: (i) PT Delta Merlin Dunia Textile, whose address is Jl Solo - Sragen Km 14, Desa Pulosari, Kec Kebakkramat, Karanganyar, Central Java, (ii) PT Delta Dunia Tekstil, whose address is Jl Raya Solo - Sragen KM 10.8, Desa Kaling, Kec Tasikmadu, Karanganyar, Central Java, (iii) PT Dunia Setia Sandang Asli Tekstil, whose address is Jl Raya Palur Km 7.1, Desa Dagen, Kec Jaten, Karanganyar, Central Java, (iv) PT Delta Merlin Sandang Tekstil, whose address is Jl Raya Timur Km 10, Kel Bumiaji, Kec Gondang, Sragen, Central Java, (v) PT Delta Dunia Sandang Tekstil, whose address is Jl Raya Semarang - Demak Km 14, Desa Tambakroto, Kec Sayung, Demak, Central Java, (vi) PT Perusahaan Dagang dan Perindustrian Damai, whose address is Jl Simongan No 100, Kel Ngemplak Simongan, Kec Semarang Barat, Semarang, Central Java, and (vii) Mr. Sumitro, whose address is Tegalharjo, RT.004/RW.004, Kelurahan Tegalharjo, Kecamatan Jebres, Kota Surakarta, Jawa Tengah, Indonesia.

1

Bankruptcy and Suspension of Debt Payment Obligations (collectively, the "***PKPU Proceedings***"), by and through his undersigned counsel, respectfully submits this motion (the "***Motion***") for entry of an order (i) scheduling a hearing on the relief sought in the *Chapter 15 Petition for Recognition of a Foreign Proceeding* (the "***Chapter 11 Petitions***") filed in each of the Foreign Debtors' chapter 15 cases (collectively, the "***Chapter 15 Cases***") and the *Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding* (the "***Verified Petition***," and together with the Chapter 15 Petitions, the "***Petitions***"), each filed contemporaneously herewith, (ii) setting the deadline by which any responses or objections to the Petitions must be received, and (iii) specifying the form and manner of service of notice thereof. In support of the Motion, the Court is respectfully referred to the Petitions and the supporting declarations, which are being filed contemporaneously herewith and are incorporated by reference. In further support of the Motion, the Foreign Representative respectfully states as follows:

## JURISDICTION AND VENUE

1. This case has been properly commenced under section 1504 of the Bankruptcy Code by the filing of the Petitions requesting recognition of the PKPU Proceedings under section 1515 of the Bankruptcy Code.

2. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, section 1501 of the Bankruptcy Code, and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated as of January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 1, 2012) (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is proper in this District pursuant to 28 U.S.C. § 1410.

3. The statutory predicates for the relief requested herein are sections 1514 and 1515 of the Bankruptcy Code and Rules 1007(a)(4), 2002(m), 2002(p), 2002(q) and 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

4. The Foreign Representative respectfully refers the Court to the Verified Petition, which contains the relevant facts and circumstances, including a description of the Foreign Debtors' business, corporate and capital structures, and the circumstances leading up to the commencement of these Chapter 15 Cases in relation to the PKPU Proceedings.

## RELIEF REQUESTED

5. The Foreign Representative respectfully requests the entry of an order (the "***Notice Order***"), substantially in the form attached hereto as **Exhibit A**, (i) scheduling the date for the hearing to consider the relief sought in the Petitions (the "***Recognition Hearing***") for **November 5, 2019 at 10:00 a.m. (prevailing eastern time)**, or as soon thereafter as possible, (ii) setting the deadline by which any responses or objections to the Petitions must be received (the "***Objection Deadline***"), (iii) approving the form of the notice of the chapter 15 cases, the relief sought in the Petitions, the Objection Deadline and the Recognition Hearing (the "***Notice***") that is attached as **Exhibit 1** to the Notice Order, and (iv) approving the manner of service of the Notice described herein.

## BASIS FOR RELIEF

**A.  The Scheduling of the Proposed Recognition Hearing Complies with the Bankruptcy Code and Rules**

6. Section 1517(c) of the Bankruptcy Code provides that a petition for recognition of a foreign proceeding "shall be decided upon at the earliest possible time." 11 U.S.C. § 1517(c). Bankruptcy Rule 2002(q)(1) provides that the parties identified therein "and such

3

other entities as the Court may direct" must be given at least 21-days' notice of the hearing on the petition for recognition of a foreign proceeding. Fed. R. Bankr. P. 2002(q)(1). Here, the Foreign Representative respectfully requests that the Court schedule the Recognition Hearing on or before **November 5, 2019 at 10:00 a.m. (prevailing eastern time)**, or as soon as possible thereafter.

**B.    The Proposed Notice Procedures Comply with the Bankruptcy Code and Rules**

7.    Bankruptcy Rule 2002(q)(1) provides that:

> . . . the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under § 1519 of the Code, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct, [shall be given] notice by mail of the hearing on the petition for recognition of a foreign proceeding. . . .

8.    Bankruptcy Rule 2002(q), however, does not specify the form and manner in which notice must be given. Pursuant to Bankruptcy Rules 2002(m) and 9007, when notice is to be given under the Bankruptcy Rules, the presiding court may designate the form and manner in which such notice shall be given.

9.    Pursuant to Bankruptcy Rule 2002(q), the Foreign Representative proposes to serve the Notice and the Verified Petition (together, the "*Notice Documents*") by email or first class mail, within three (3) business days of entry of the order approving the relief sought in this Motion, to: (a) the United States Trustee for the Southern District of New York, (b) the Foreign Debtors, (c) the parties authorized to administer the PKPU Proceedings as set forth in the Petitions, (d) all parties to any litigation in which any of the Foreign Debtors is a party and that is pending in the United States as of the commencement of these Chapter 15 Cases, (e) all known parties against whom provisional relief is sought as set forth in the statements of Foreign

4

Representative required by Federal Rule of Bankruptcy Procedure 1007(a)(4)(B), attached to the Petitions, and (f) all parties that have filed a notice of appearance in these Chapter 15 Cases (collectively, the "***Notice Parties***").[2]

10. The Notice will notify the Notice Parties of the commencement of the Foreign Debtors' Chapter 15 Cases, the relief sought in the Petitions, the Objection Deadline and the procedures for filing a response or objection to the Petitions. The Notice will also provide the electronic case filing ("***ECF***") website maintained by the federal judiciary and the website of the Foreign Debtors' claims and noticing agent where interested parties may view all pleadings, and a contact person from whom any interested party may obtain copies of the pleadings.

11. Because some of the Notice Parties may have foreign addresses, Bankruptcy Rule 2002(p) may be applicable. Bankruptcy Rule 2002(p) provides that the Office of the United States Trustee, a party in interest, or this Court may determine that supplemental notice is appropriate to ensure that parties with foreign addresses receive sufficient notice in a bankruptcy case. The Foreign Representative submits that the proposed form of notice procedures outlined herein provides sufficient notice and ample opportunity for any Notice Parties with foreign addresses to participate in these Chapter 15 Cases.

12. The Foreign Representative submits that the form and manner of service of the Notice Documents requested herein constitutes adequate and sufficient notice of these Chapter 15 Cases, the relief sought in the Petitions, the Objection Deadline and the Recognition Hearing. The Foreign Representative will also provide the Notice Parties with notice of all other pleadings filed in these Chapter 15 Cases in accordance with the Bankruptcy Code and

---

[2] If any party files a notice of appearance in these Chapter 15 Cases, the Foreign Representative will serve the Notice and any subsequent notices upon that party within three (3) business days of the filing of the notice of appearance, if such documents have not already been served on such party (or its counsel).

Bankruptcy Rules.

13.     Accordingly, the Foreign Representative respectfully requests that this Court approve the form and manner of service of the Notice Documents for the Notice Parties.

**C.      Section 1514(c) is Not Applicable to This Case**

14.     Section 1514(c) provides that "[w]hen a notification of commencement of a case is to be given to foreign creditors, such notification shall (1) indicate the time period for filing proofs of claim and specify the place for filing such proofs of claim; [and] (2) indicate whether secured creditors need to file proofs of claim . . . ." 11 U.S.C. § 1514(c).   Given that these are ancillary cases under chapter 15 and creditors will not be filing proofs of claim in the chapter 15 case, the Foreign Representative respectfully submits that section 1514 is inapplicable here. As explained in Collier on Bankruptcy, that section is the "last in a series of sections dealing with the international aspects of cases under chapters *other than chapter 15* that began with section 1511." 8 Collier on Bankruptcy ¶ 1514.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (emphasis added).   To the extent section 1514(c) applies, the Foreign Representative respectfully requests that the requirements contained therein be waived.

**NO PRIOR REQUEST**

15.     No prior request for the relief sought in this Motion has been made to this or any other court.

**NOTICE**

16.     Notice of this Motion has been provided to (a) the Office of the United States Trustee, (b) the Foreign Debtors, (c) the parties authorized to administer the PKPU Proceedings as set forth in the Petition, (d) all parties to any litigation in which any of the Foreign Debtors is a party and that is pending in the United States as of the commencement of these Chapter 15

6

Cases, and (e) all known parties against whom provisional relief is sought as set forth in the statements of Foreign Representative required by Federal Rule of Bankruptcy Procedure 1007(a)(4)(B), attached to the Petitions. The Foreign Representative submits that no other or further notice of this Motion is necessary or required.

## CONCLUSION

WHEREFORE, the Foreign Representative respectfully requests that this Court enter an order substantially in the form annexed hereto as **Exhibit A** (a) setting the date for the Recognition Hearing, (b) approving the form and manner of the Notices enter the Notice Order granting the relief requested herein; and (c) grant such other and further relief as the Court deems necessary and appropriate.

Dated:   New York, New York
         October 8, 2019

                Respectfully submitted,

                **GIBSON, DUNN & CRUTCHER LLP**

                /s/ *Matthew J. Williams*
                Matthew J. Williams
                Mitchell A. Karlan
                Alan Moskowitz
                Dylan S. Cassidy
                200 Park Avenue
                New York, NY 10166
                (212) 351-4000 (Tel)
                (212) 351-4035 (Fax)

                *Counsel to the Foreign Representative*

## **EXHIBIT A**

**Notice Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> PT DELTA MERLIN DUNIA TEXTILE, *et al.*,[1] <br><br><br> Debtors in a Foreign Proceeding. | Chapter 15 <br><br> Case No. 19-_____ <br><br> (Joint Administration Requested) |

**ORDER SCHEDULING HEARING ON CHAPTER 15 PETITION AND**
**SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE**

Upon consideration of the motion (the "***Motion***")[2] of Geoffrey David Simms, in his capacity as Foreign Representative of the Foreign Debtors in respect of the PKPU Proceedings, requesting entry of an order (i) setting the date for the hearing to consider the relief sought in the Petitions (the "***Recognition Hearing***"), (ii) setting the objection deadline by which any responses or objections to the Petition must be received (the "***Objection Deadline***"), (iii) approving the form of the notice of the Chapter 15 Cases, the relief sought in the Petitions, the Objection Deadline and the Recognition Hearing that is attached hereto as **Exhibit 1** (the "***Notice***"), and (iv) approving the manner of service of the Notice described herein; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, section 1501 of the Bankruptcy Code and the Amended

---

[1] The Foreign Debtors in these chapter 15 cases are the following entities: (i) PT Delta Merlin Dunia Textile, whose address is Jl Solo - Sragen Km 14, Desa Pulosari, Kec Kebakkramat, Karanganyar, Central Java, (ii) PT Delta Dunia Tekstil, whose address is Jl Raya Solo - Sragen KM 10.8, Desa Kaling, Kec Tasikmadu, Karanganyar, Central Java, (iii) PT Dunia Setia Sandang Asli Tekstil, whose address is Jl Raya Palur Km 7.1, Desa Dagen, Kec Jaten, Karanganyar, Central Java, (iv) PT Delta Merlin Sandang Tekstil, whose address is Jl Raya Timur Km 10, Kel Bumiaji, Kec Gondang, Sragen, Central Java, (v) PT Delta Dunia Sandang Tekstil, whose address is Jl Raya Semarang - Demak Km 14, Desa Tambakroto, Kec Sayung, Demak, Central Java, (vi) PT Perusahaan Dagang dan Perindustrian Damai, whose address is Jl Simongan No 100, Kel Ngemplak Simongan, Kec Semarang Barat, Semarang, Central Java, and (vii) Mr. Sumitro, whose address is Tegalharjo, RT.004/RW.004, Kelurahan Tegalharjo, Kecamatan Jebres, Kota Surakarta, Jawa Tengah, Indonesia.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1

Standing Order of Reference from the United States District Court for the Southern District of New York dated as of January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title* 11, 12 Misc. 00032 (S.D.N.Y. Feb. 1, 2012) (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and venue of this proceeding being proper before the Court pursuant to 28 U.S.C. § 1410; and due and proper notice of the Motion having been provided, and no other or further notice being necessary; and the Court having reviewed and considered the Motion and the Petitions (together with the supporting declarations); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the relief requested in the Motion being in the best interest of the Foreign Debtors' estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The Recognition Hearing, to consider the relief sought in the Petitions, shall be held before this Court in Room [___] of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on [_____] at [_____] (Eastern Time).

3. Responses or objections to the Petitions and the relief requested therein (each, a "*Response*") must comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York and shall be made in writing and set forth the basis therefor with specificity and the nature and extent of the respondent's claims against the Foreign Debtors. Such Responses must be filed

2

electronically with the Court on the Court's electronic case filing system in accordance with and except as provided in General Order M-399 and the Court's Procedures for the Filing, Signing and Verification of Documents by Electronic Means (copies of each of which may be viewed on the Court's website at http://www.nysb.uscourts.gov) and otherwise, on a compact disc (CD), preferably in Portable Document Format (PDF), Word or any other Windows-based word processing format, which CD shall be sent to the Office of the Clerk of the Court, One Bowling Green, New York, New York 10004-1408. A hard copy of any Response shall be sent to the Chambers of the Honorable [_____] Bankruptcy Judge, and served upon counsel for the Foreign Representative, Gibson, Dunn & Crutcher, 200 Park Avenue, New York, New York 10166 (Attention: Matthew J. Williams, Esq., Alan Moskowitz, Esq., and Dylan S. Cassidy, Esq.) so as to be actually received on or before [_____].

4. The form of Notice attached hereto as **Exhibit 1** is hereby approved.

5. Prior to serving the Notice or causing it to be served, the Foreign Representative may insert any missing dates and other information, correct any typographical errors, conform the provisions thereof to the provisions of this Order and make such other and further non-material, non-substantive changes as the Foreign Representative deems necessary or appropriate.

6. Copies of the Notice Documents shall be served by email or first class mail upon (a) the United States Trustee for the Southern District of New York, (b) the Foreign Debtors, (c) the parties authorized to administer the PKPU Proceedings as set forth in the Petition, (d) all parties to any litigation in which any of the Foreign Debtors is a party and that is pending in the United States as of the commencement of these Chapter 15 Cases, (e) all known parties against whom provisional relief is sought as set forth in the statements of Foreign Representative required by Federal Rule of Bankruptcy Procedure 1007(a)(4)(B), attached to the Petitions, and

3

(f) all parties that have filed a notice of appearance in these Chapter 15 Cases, on or before three (3) business days following the entry of this Order.

7. In the event any party files a notice of appearance in these Chapter 15 Cases subsequent to the Foreign Representative's initial service of the Notice Documents as provided for in this Order, the Foreign Representative will serve, or cause to be served on such party, the Notice Documents and any subsequent notices upon that party within three (3) business days of the filing of the notice of appearance, if such documents have not already been served on such party (or its counsel).

8. The notice requirements set forth in section 1514(c) of the Bankruptcy Code are inapplicable in the context of these Chapter 15 Cases or, to the extent applicable, are hereby waived.

9. Subsequent notices shall be served in the form and manner set forth in this Order or as otherwise required by the Bankruptcy Code and Bankruptcy Rules.

10. Service of the Notice Documents in accordance with this Order is hereby approved as adequate and sufficient notice and service on all interested parties. Notice provided in accordance with this Order satisfies the requirements of the Bankruptcy Code and the Bankruptcy Rules, including Bankruptcy Rules 2002(p) and (q). No other or further notice is required.

11. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:   New York, New York
         [_____]

_____
UNITED STATES BANKRUPTCY JUDGE

5

**<u>Exhibit 1 to Notice</u>**

**Order Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PT DELTA MERLIN DUNIA TEXTILE, *et al.*,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-_____<br><br>(Joint Administration Requested) |

**NOTICE OF FILING AND HEARING ON PETITIONS UNDER CHAPTER 15 OF THE UNITED STATES BANKRUPTCY CODE**

**PLEASE TAKE NOTICE** that on October 8, 2019, Geoffrey David Simms, in his capacity as the duly authorized foreign representative (the "***Foreign Representative***") of PT Delta Merlin Dunia Textile and its affiliated debtors in a foreign proceeding (collectively, the "***Foreign Debtors***") in connection with their foreign proceedings pending in the Commercial Court of Semarang, Indonesia, pursuant to Law No. 37 of 2004 regarding Bankruptcy and Suspension of Debt Payment Obligations (collectively, the "***PKPU Proceedings***"), filed the *Chapter 15 Petition for Recognition of a Foreign Proceeding* (the "***Chapter 15 Petitions***") in each of the Foreign Debtors' chapter 15 cases (collectively, the "***Chapter 15 Cases***") and the *Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding* [Dkt. No. [_]] (the "***Verified Petitions***," and together with the Chapter 15 Petitions, the "***Petition***") pursuant to chapter 15 of title 11 of the United States Code (the "***Bankruptcy Code***"), with the United States Bankruptcy Court for the Southern District of New York (the "***Court***").

**PLEASE TAKE FURTHER NOTICE** that the Foreign Representative seeks entry of an order (a) finding that (i) the Foreign Debtors are eligible to be "debtors" under chapter 15 of the Bankruptcy Code, (ii) the PKPU Proceedings are "foreign main proceedings" within the meaning of section 1502 of the Bankruptcy Code, (iii) the Foreign Representative satisfies the requirements of a "foreign representative" under section 101(24) of the Bankruptcy Code and (iv) the Petitions were properly filed and meet the requirements of section 1515 of the Bankruptcy Code, (b) granting recognition of the PKPU Proceedings as foreign main

---

[1] The Foreign Debtors in these chapter 15 cases are the following entities: (i) PT Delta Merlin Dunia Textile, whose address is Jl Solo - Sragen Km 14, Desa Pulosari, Kec Kebakkramat, Karanganyar, Central Java, (ii) PT Delta Dunia Tekstil, whose address is Jl Raya Solo - Sragen KM 10.8, Desa Kaling, Kec Tasikmadu, Karanganyar, Central Java, (iii) PT Dunia Setia Sandang Asli Tekstil, whose address is Jl Raya Palur Km 7.1, Desa Dagen, Kec Jaten, Karanganyar, Central Java, (iv) PT Delta Merlin Sandang Tekstil, whose address is Jl Raya Timur Km 10, Kel Bumiaji, Kec Gondang, Sragen, Central Java, (v) PT Delta Dunia Sandang Tekstil, whose address is Jl Raya Semarang - Demak Km 14, Desa Tambakroto, Kec Sayung, Demak, Central Java, (vi) PT Perusahaan Dagang dan Perindustrian Damai, whose address is Jl Simongan No 100, Kel Ngemplak Simongan, Kec Semarang Barat, Semarang, Central Java, and (vii) Mr. Sumitro, whose address is Tegalharjo, RT.004/RW.004, Kelurahan Tegalharjo, Kecamatan Jebres, Kota Surakarta, Jawa Tengah, Indonesia.

1

proceedings under sections 1517 and 1520 of the Bankruptcy Code, and (c) granting certain additional relief pursuant to section 1521 on a final basis.

**PLEASE TAKE FURTHER NOTICE** that the Court has scheduled a hearing (the "*Recognition Hearing*") to consider the relief requested in the Petition for **[_____]  on [_____]** in Room [__] of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that any party in interest wishing to submit a response or objection to the Petition or the relief requested therein (each a "*Response*") must do so in writing and in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, setting forth the basis therefor with specificity and the nature and extent of the respondent's claims against the Foreign Debtors. Such Responses must be filed electronically with the Court on the Court's electronic case filing system in accordance with and except as provided in General Order M-399 and the Court's Procedures for the Filing, Signing and Verification of Documents by Electronic Means (copies of each of which may be viewed on the Court's website at http://www.nysb.uscourts.gov) and otherwise, on a compact disc (CD), preferably in Portable Document Format (PDF), Word or any other Windows-based word processing format, which CD shall be sent to the Office of the Clerk of the Court, One Bowling Green, New York, New York 10004-1408. A hard copy of any Response shall be sent to the Chambers of the Honorable [_____] Bankruptcy Judge, and served upon counsel for the Foreign Representative, Gibson, Dunn & Crutcher, 200 Park Avenue, New York, New York 10166 (Attention: Matthew J. Williams, Esq., Alan Moskowitz, Esq., and Dylan S. Cassidy, Esq.) so as to be actually received on or before [_____].

**PLEASE TAKE FURTHER NOTICE** that all parties in interest opposed to the Petitions or the relief requested therein must appear at the Recognition Hearing at the time and place set forth above.

**PLEASE TAKE FURTHER NOTICE** that if no Response is timely filed and served as provided above, the Court may grant the relief requested in the Petitions without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that the Recognition Hearing may be adjourned from time to time without further notice other than an announcement in open court, or a notice of adjournment filed with the Court, of the adjourned date or dates at the hearing or any other further adjourned hearing.

Copies of the Petitions and all documents filed in the Chapter 15 Cases are available to parties in interest on the Court's Electronic Case Filing System, which can be accessed from the Court's website at http://www.nysb.uscourts.gov (a PACER login and password are required to retrieve a document) or upon written request to the Foreign Representative's counsel (including by facsimile or e-mail) addressed to:

2

**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10105
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

Attn:  Matthew J. Williams (mjwilliams@gibsondunn.com)
         Alan Moskowitz (amoskowitz@gibsondunn.com)
         Dylan S. Cassidy (dcassidy@gibsondunn.com)

Dated: New York, New York
         [_____], 2019

**GIBSON, DUNN & CRUTCHER LLP**

/s/ _____
Matthew J. Williams
Mitchell A. Karlan
Alan Moskowitz
Dylan S. Cassidy
200 Park Avenue
New York, NY 10166
(212) 351-4000 (Tel)
(212) 351-4035 (Fax)

*Counsel to the Foreign Representative*

3