**GIBSON, DUNN & CRUTCHER LLP**
Matthew J. Williams
Mitchell A. Karlan
Alan Moskowitz
Dylan S. Cassidy
200 Park Avenue
New York, NY 10166
(212) 351-4000 (Tel)
(212) 351-4035 (Fax)

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| PT DELTA MERLIN DUNIA TEXTILE, *et al.*,[1] | Case No. 19-_____ |
| Debtors in a Foreign Proceeding. | (Joint Administration Requested) |

## EMERGENCY MOTION FOR PROVISIONAL RELIEF

Geoffrey David Simms, in his capacity as the duly authorized foreign representative (the

"***Foreign Representative***") of PT Delta Merlin Dunia Textile and its affiliated debtors in a foreign

proceeding (collectively, the "***Foreign Debtors***") in connection with their proceedings (the "***PKPU***

***Proceedings***") pending in the Semarang Commercial Court (the "***Indonesian Court***"), pursuant to

Law No. 37 of 2004 regarding Bankruptcy and Suspension of Debt Payment Obligations Law No.

37 of 2004 on Bankruptcy and Suspension of Debt Payment Obligations (the "***Indonesian***

---

[1] The Foreign Debtors in these chapter 15 cases are the following entities: (i) PT Delta Merlin Dunia Textile, whose address is Jl Solo - Sragen Km 14, Desa Pulosari, Kec Kebakkramat, Karanganyar, Central Java, (ii) PT Delta Dunia Tekstil, whose address is Jl Raya Solo - Sragen KM 10.8, Desa Kaling, Kec Tasikmadu, Karanganyar, Central Java, (iii) PT Dunia Setia Sandang Asli Tekstil, whose address is Jl Raya Palur Km 7.1, Desa Dagen, Kec Jaten, Karanganyar, Central Java, (iv) PT Delta Merlin Sandang Tekstil, whose address is Jl Raya Timur Km 10, Kel Bumiaji, Kec Gondang, Sragen, Central Java, (v) PT Delta Dunia Sandang Tekstil, whose address is Jl Raya Semarang - Demak Km 14, Desa Tambakroto, Kec Sayung, Demak, Central Java, (vi) PT Perusahaan Dagang dan Perindustrian Damai, whose address is Jl Simongan No 100, Kel Ngemplak Simongan, Kec Semarang Barat, Semarang, Central Java, and (vii) Mr. Sumitro, whose address is Tegalharjo, RT.004/RW.004, Kelurahan Tegalharjo, Kecamatan Jebres, Kota Surakarta, Jawa Tengah, Indonesia.

*Insolvency Law*"), by and through his undersigned counsel, respectfully submits this motion (the "***Emergency Motion***"), seeking entry of an order under section 1519 of title 11 of the United States Code (the "***Bankruptcy Code***") granting the provisional relief requested in this Emergency Motion in aid of the PKPU Proceedings and such other and further relief as the Court finds appropriate under the circumstances.   In support of the Emergency Motion, the Foreign Representative incorporates by reference (a) the *Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding* (the "***Verified Petition***"), (b) the *Declaration of the Foreign Representative In Support of Verified Chapter 15 and Motion for Provisional Relief* (the "***Simms Declaration***"), and (c) the *Declaration of Gregorius Petrus Aji Wijaya in Support of Verified Chapter 15 Petition and Motion for Provisional Relief* (the "***Wijaya Declaration***"), which are being filed contemporaneously herewith and are incorporated by reference.   In further support of this Emergency Motion, the Foreign Representative respectfully states as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, section 1501 of the Bankruptcy Code, and the *Amended Standing Order of Reference to Bankruptcy Judges of the District Court for the Southern District of New York*, dated January 31, 2012 (Preska, C.J.).   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).   Venue is proper in this District pursuant to 28 U.S.C. § 1410.

2.     The statutory predicates for the relief requested in this Emergency Motion are sections 105(a), 306, 362, 365, 1510, 1519, 1521, and 1522 of the Bankruptcy Code and Rule 65 of the Federal Rules of Civil Procedure as required by section 1519(e) of the Bankruptcy Code.

## BACKGROUND

### I.    Case Background

3.    On September 11, 2019, PT Shine Golden Bridge ("***PT SGB***"), a creditor of the Foreign Debtors, filed an involuntary application (the "***Duniatex Group PKPU Application***") to commence a PKPU proceeding against the members of the Duniatex Group in the Indonesian Court (the "***Duniatex Group PKPU***").  Simms Declaration ¶ 27.  The Duniatex Group PKPU is registered under no. 22/Pdt.Sus-PKPU/2019/PN Niaga smg.  Wijaya Declaration ¶ 30.

4.    On September 25, 2019, Mr. Sumitro, the beneficial owner and controlling shareholder of the Duniatex Group, filed a voluntary application (the "***Sumitro PKPU Application***") to commence an individual PKPU proceeding in the Indonesian Court (the "***Sumitro PKPU***").  Simms Declaration ¶ 29.  The Sumitro PKPU is a stand-alone PKPU case, registered under No.25/Pdt.Sus-PKPU/2019/PN Niaga Smg.  Wijaya Declaration ¶ 30.

5.    On September 30, 2019, the Indonesian Court issued (i) an order granting the Duniatex Group PKPU Application (the "***Duniatex Group PKPU Order***") and (ii) an order granting the Sumitro PKPU Application (the "***Sumitro PKPU Order***," and together with the Duniatex Group PKPU Order, the "***PKPU Orders***").  The PKPU Orders provide a 45-day moratorium on payments (which can be extended for cause), during which the Foreign Debtors are required to prepare a restructuring plan and seek agreement with its creditors.  The Duniatex Group continues to operate in the ordinary course of business under the protection of that moratorium. *Id.* ¶ 33.

6.    On the date hereof (the "***Petition Date***"), the Foreign Representative filed an Official Form 401 (Chapter 15 Petition for Recognition of a Foreign Proceeding) (the "***Petition***") on behalf of each of the Foreign Debtors commencing these chapter 15 cases (the "***Chapter 15***

*Cases*").  Simms Declaration ¶ 40.

7.     For additional background, the Foreign Representative respectfully refers the Court to the Petition and Verified Petition, which contain additional relevant facts regarding the circumstances leading up to the commencement of the PKPU Proceedings and these Chapter 15 Cases.

## II.     Need for Provisional Relief

8.     Pursuant to that certain indenture, dated March 12, 2019 (the "*Indenture*"), DMDT issued US$300,000,000 of senior notes due 2024 (the "*Notes*"), which notes are listed on the Singapore Exchange Securities Trading Limited.  *Id.* ¶ 14.  The Indenture is governed by New York Law and in the Indenture, DMDT consented to jurisdiction in New York in connection with any suit.  *Id.* ¶ 43.

9.     To ensure that the Foreign Debtors' reorganization is not jeopardized by, and to prevent the Foreign Debtors from suffering irreparable harm as a result of, any action or lawsuit or potential action or lawsuit in New York against DMDT, any member of the Duniatex Group or Mr. Sumitro in connection with the Indenture or the Notes (the "*Potential U.S. Action*"), injunctive and provisional relief is urgently needed, pending a determination by this Court regarding whether the PKPU Proceedings are entitled to recognition as foreign main proceedings (the "*Recognition Order*").  Any Potential U.S. Action will impede the Foreign Debtors' ability to implement their restructuring by draining their limited resources and diverting the attention of their management. These problems will only be exacerbated, and the Foreign Debtors' restructuring further threatened, if the Foreign Debtors are required to engage in extremely expensive and time-consuming discovery as a result of a Potential U.S. Action.  *Id.* ¶ 54.  A stay of any Potential U.S. Action is essential to maintain the status quo pending the Recognition Order.  If the Foreign Debtors' restructuring efforts fail due to lawsuits or potential lawsuits instituted in New York, then

the Foreign Debtors will be forced into liquidation, to the detriment of all of their creditors.  *Id.* ¶ 55.

## RELIEF REQUESTED

8.      The Foreign Representative seeks the entry of an order substantially in the form attached hereto as **Exhibit A** (the "***Proposed Order***"), granting the following provisional relief under section 1519(a) of the Bankruptcy Code (collectively, the "***Provisional Relief***") effective immediately upon entry of the Proposed Order:

a) Applying section 362 of the Bankruptcy Code to the Foreign Debtors and the property of the Foreign Debtors within the territorial jurisdiction of the United States in these Chapter 15 Cases and including, without limitation, staying all persons and entities from: (i) executing against the Foreign Debtors' assets, (ii) taking any act to obtain possession of, or exercise control over, the Foreign Debtors' assets, or to collect, assess or recover a claim against the Foreign Debtors; (iii) commencing or continuing any legal proceeding (including, without limitation, any judicial, quasi-judicial, administrative or regulatory proceeding, arbitration, or bankruptcy) or action against the Foreign Debtors; (iv) taking any action to enforce any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Foreign Debtors; and (v) commencing or continuing any legal proceeding or action to create, perfect, or enforce any lien, setoff, or other claim against the Foreign Debtors except as authorized by the Foreign Debtor in writing;

b) Entrusting the administration or realization of all or part of the Foreign Debtors' assets located in the United States to the Foreign Representative;

c) Suspending the right of any person or entity other than the Foreign Representative to transfer, encumber, relinquish or otherwise dispose of any assets of the Foreign Debtors located in the United States; and

d) Granting the Foreign Representative the rights and protections to which he is entitled under chapter 15 of the Bankruptcy Code, including, without limitation, the protections limiting the jurisdiction of the United States Courts over the Foreign Representative in accordance with sections 306 and 1510 of the Bankruptcy Code.

## BASIS FOR RELIEF REQUESTED

9.      Section 1519(a) of the Bankruptcy Code permits the bankruptcy court to grant provisional relief in a chapter 15 case if such relief is "urgently needed to protect the assets of the

debtor or the interest of the creditors." The Foreign Representative seeks entry of an interim order, in aid of the PKPU Proceedings, making section 362 of the Bankruptcy Code applicable in these Chapter 15 Cases, and staying any Potential U.S. Actions against the Foreign Debtors, on a provisional basis pending entry of the Recognition Order.

10.     The Provisional Relief is urgently needed to prevent the Foreign Debtors from suffering irreparable harm. Specifically, there is a risk that the Foreign Debtors' creditors may attempt to commence an enforcement action against the Foreign Debtors thereby potentially threatening the Foreign Debtors' restructuring efforts. Any Potential U.S. Action will cause the Foreign Debtors to incur substantial ongoing expenses to the detriment of the Foreign Debtors' creditors and will disrupt Duniatex Group's management which will in turn delay, frustrate and derail the implementation of the Debtors' restructuring plans. *Id.* ¶ 53.

11.     To protect against these risks, the Foreign Representative has commenced these Chapter 15 Cases and, by this Emergency Motion, is seeking the Provisional Relief, including the application of section 362 of the Bankruptcy Code immediately. Because section 362 of the Bankruptcy Code is only automatically applicable in chapter 15 upon the Court's entry of the Recognition Order, it was necessary to file this Emergency Motion seeking, on a provisional basis, in accordance with section 1519 of the Bankruptcy Code, an order immediately applying section 362 of the Bankruptcy Code.

12.     The relief sought herein is consistent with, and in furtherance of, the PKPU Proceedings. *See In re Artimm*, 278 B.R. 832, 837 (Bankr. C.D. Cal. 2002) (holding that it was appropriate to stay litigation in the United States because "one of the principal functions of a domestic court in an 11 U.S.C. § 304 case is to assist in the efficient administration of the foreign proceeding by preventing domestic creditors from pursuing or executing on assets in the U.S.").

I.     **The Provisional Relief is Necessary Under the Circumstances**

13.     Injunctive and provisional relief is urgently needed to ensure that no Potential U.S. Action is commenced which action will impede the Foreign Debtors' ability to implement their restructuring by draining their limited resources and diverting the attention of their management.

14.     As noted above, upon recognition of a proceeding as a foreign main proceeding, foreign debtors are granted the benefit of the relief conferred by section 1520(a) of the Bankruptcy Code, including, among other things, the automatic stay under section 362 of the Bankruptcy Code. *See* 11 U.S.C. § 1520(a)(1).  Absent provisional relief, however, there is no stay automatically applicable under the Bankruptcy Code during the period between filing the Petition and entry of the Recognition Order.  Therefore, the interim relief is necessary to protect the Foreign Debtors by staying the commencement or continuation of actions by creditors against the Foreign Debtors and their assets prior to the entry of the Recognition Order.  This includes applying section 362 of the Bankruptcy Code to these Chapter 15 Cases.

15.     The success of the Foreign Debtors' efforts to negotiate a comprehensive restructuring will depend in large part on cooperation from multiple creditor constituencies across many jurisdictions.  To be in the best position to achieve the restructuring contemplated by the PKPU Proceedings, the Foreign Debtors must maintain operations, have a stable platform to continue negotiating with each of these creditors, and avoid having creditors commence any Potential U.S. Action that will be costly and divert management's attention.  Accordingly, the Provisional Relief is necessary.

II.     **The Provisional Relief is Authorized by the Bankruptcy Code**

16.     Section 1519(a)(3) of the Bankruptcy Code authorizes the Court to grant, on a provisional basis, any relief available pursuant to section 1521(a)(7) where the relief is urgently needed to protect the assets of the debtor or the interests of the creditors.  11 U.S.C. § 1519(a)(3).

As noted above, section 1521(a)(7) provides that the Court may grant a foreign representative any relief available to a trustee, subject to certain exceptions not relevant here.  11 U.S.C. § 1521(a)(7). The automatic stay of section 362 is an essential feature of the Bankruptcy Code that clearly falls within this provision.  In addition, section 105(a) of the Bankruptcy Code further allows the Court to "issue any order . . . necessary or appropriate to carry out the provisions of [title 11]."  11 U.S.C. § 105(a).  As noted above, the Provisional Relief is urgently needed to ensure that the Foreign Debtors' reorganization efforts are not jeopardized by any lawsuit or potential lawsuit in the U.S.

III.    **The Provisional Relief is Necessary to Prevent Irreparable Harm and is Consistent With the Public Interest**

17.    Relief pursuant to section 1519 of the Bankruptcy Code is available where the foreign representative can satisfy the standard for injunctive relief.  *See* 11 U.S.C. § 1519(e).  In the Second Circuit, in order to justify injunctive relief, "the moving party must demonstrate that it is likely to suffer irreparable harm in the absence of the requested relief" and "either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief."  *Tinnerello & Sons, Inc. v. Town of Stonington*, 141 F.3d 46, 51-52 (2d Cir. 1998).  The Foreign Representative submits that, as demonstrated below, this standard is satisfied here, and, therefore, the Foreign Debtors are entitled to the requested Provisional Relief pursuant to section 1519 of the Bankruptcy Code.

A.    **The Foreign Debtors Will Suffer Irreparable Harm Absent Provisional Relief**

18.    Courts have held consistently that "the premature piecing out of property involved in a foreign liquidation proceeding constitutes irreparable injury."  *In re Rubin*, 160 B.R. 269, 283 (Bankr. S.D.N.Y. 1993) (quoting *In re Lines*, 81 B.R. 267, 270 (Bankr. S.D.N.Y. 1988)).

19.    As noted above, immediate injunctive and provisional relief is urgently needed to

ensure that the Foreign Debtors' reorganization is not jeopardized by any Potential U.S. Action. The Foreign Debtors' ability to implement its restructuring will be threatened if the Foreign Debtors are required to engage in extremely expensive and time-consuming worldwide jurisdictional discovery.

20.       Unless the Provisional Relief is granted, the Foreign Debtors face the risk that creditors may commence enforcement actions against the Foreign Debtors in the United States which actions could cause significant delay and disruption to the Foreign Debtors' PKPU Proceedings.  The relief requested herein is necessary to protect against these risks.  The purpose of chapter 15 is to provide such protection by, among other things, ensuring that all of a debtor's creditors are enjoined from taking action against the debtors and their assets, thereby preventing some creditors from getting an unfair advantage over others. *See* 11 U.S.C. § 1501.

21.       The Provisional Relief requested herein is necessary on an immediate basis to protect against potential disruption to business operations, and interference with reorganization efforts that would result from Foreign Debtors' liquidity constraints and the exercise of remedies by creditors pending entry of the Recognition Order.  Absent this relief, the Foreign Debtors and their creditors may suffer irreparable harm.

22.       Further, the restructuring contemplated by the PKPU Proceedings is for the benefit of all creditors and parties in interest, and requires that the claims resolution and payment process be centralized in a single forum--here the Indonesian Court--and that inconsistent individual remedies that may exist in other jurisdictions such as the United States be prevented so that the value of the Foreign Debtors' estates can be maximized.

23.       The Provisional Relief also includes a request that the Court entrust the administration or realization of all or part of the Foreign Debtors' assets located within the United

9

States to the Foreign Representative.  Upon recognition of the PKPU Proceedings, the Court may

entrust assets to the foreign representative or another person.  *See* 11 U.S.C. § 1521(a)(5).

24.     Further upon recognition, unless the Court orders otherwise, the Foreign

Representative is automatically empowered to operate the Foreign Debtors' "business and exercise

the rights and powers of a trustee under and to the extent provided by sections 363 and 552."  11

U.S.C. § 1520(a)(3).  Section 1519(a)(2) expressly authorizes the Court to entrust the

administration and realization of the Foreign Debtors' assets on a provisional basis, and, thus, the

Foreign Representative requests this relief to ensure the fair, efficient and centralized

administration of the Foreign Debtors' estates.

> **B.    There is a Substantial Likelihood of Recognition of the PKPU Proceedings as
> Foreign Main Proceedings and that the Provisional Relief Will be Granted on
> a Final Basis**

25.     There is a substantial likelihood of recognition by this Court of the PKPU

Proceedings as foreign main proceedings.  As set forth in greater detail in the Verified Petition,

the PKPU Proceedings are "foreign main proceedings" and Geoffrey David Simms is a "foreign

representative" as those terms are defined in the Bankruptcy Code.  In addition, the Chapter 15

Cases were duly and properly commenced by filing the Petition and Verified Petition and

accompanied by all fees, documents, and information required by the Bankruptcy Code and the

Bankruptcy Rules.  Accordingly, it is likely that this Court will recognize the PKPU Proceeding

as foreign main proceedings.

26.     Additionally, there is a compelling case for approval of the Provisional Relief

requested herein.  Upon recognition of the PKPU Proceedings as foreign main proceedings, section

362 of the Bankruptcy Code will automatically apply in these Chapter 15 Cases pursuant to section

1520(a)(1) of the Bankruptcy Code.  *See* 11 U.S.C. § 1520(a)(1).

27.     Accordingly, for the reasons set forth above, it is likely that the Foreign Debtors

will receive final approval of all of the Provisional Relief.

### C.   The Balance of Harms and the Public Interest Weigh in Favor of an Injunction

28.     Some courts "have applied the traditional preliminary injunction standard as modified to fit the bankruptcy context." *In re Soundview Elite Ltd.*, 543 B.R. 78, 118-19 (Bankr. S.D.N.Y. 2016) (quoting *Calpine Corp. v. Nevada Power Co.*, 354 B.R. 45, 409 (Bankr. S.D.N.Y. 2006)).  The factors these courts have used are: "(1) whether there is a likelihood of successful reorganization; (2) whether there is an imminent irreparable harm to the estate in the absence of an injunction; (3) whether the balance of harms tips in favor of the moving party; and (4) whether the public interest weighs in favor of an injunction." *Id.*

29.     In chapter 15, when considering the first factor, courts ask whether there is a likelihood of recognition rather than reorganization. *See In re Qimonda AG*, 2009 WL 2210771, at *5 (Bankr. E.D. Va. July 16, 2009) ("The issue upon which [the petitioner must prevail for an injunction to issue is whether an order of recognition will be entered.").  Accordingly, this Emergency Motion has already demonstrated that factors (1) and (2) are satisfied.

30.     With respect to the third factor, the balance of harms tips heavily in favor of the Foreign Representative.  As described above, if the Provisional Relief is not granted, the success of the PKPU Proceedings would be threatened.  Additionally, the application of the Provisional Relief is necessary to preserve the Foreign Debtors' assets during the initial stages of the PKPU Proceedings.  *See In re Innua Canada Ltd.*, 2009 WL 1025088, at *4 (Bankr. D. N.J. Mar. 25, 2009) (finding that granting provisional relief "will actually serve to benefit the estates' creditors by allowing for an orderly administration of the [f]oreign [d]ebtors' financial affairs under the [foreign proceeding]").  By contrast, application of the Provisional Relief pending disposition of the Petition and Verified Petition imposes little to no harm on creditors.  The Provisional Relief is only temporary pending the Court's decision on whether to grant recognition of the PKPU

11

Proceedings and parties in interest will have an opportunity to object to the Verified Petition. Additionally, the Provisional Relief would simply be providing the Foreign Debtors essentially the same relief that was already afforded under Indonesian Insolvency Law, pursuant to which a moratorium on creditor enforcement actions is in place during the pendency of the PKPU proceedings.

31.     The final factor, the public interest, also weighs in favor of granting the Provisional Relief.  The Provisional Relief both promotes the public policies behind chapter 15 and serves the public interest more generally as the commencement of the Potential U.S. Action would jeopardize the Foreign Debtors' restructuring efforts in the PKPU Proceedings and cause harm to the Foreign Debtors' creditors.

32.     Courts regularly recognize the need to provide similar provisional relief in chapter 15 proceedings.  *See, e.g.*, *In re EuropaCorp. S.A.*, Cas No. 19-11587 (Bankr. S.D.N.Y. May 23, 2019) [Docket No. 14]; *In re Daebo Int'l Shipping Co.*, Case No. 15-10616 (Bankr. S.D.N.Y. Mar. 19, 2015) [Docket No. 21]; *Essar Steel Algoma Inc.*, Case No. 15-12271 (Bankr. D. Del. Nov. 10, 2015) [Docket No. 30]; *In re OAS S.A.*, Case No. 15-10937 (Bankr. S.D.N.Y. April 30, 2015) [Docket No. 33].

33.     Based on the foregoing, and the facts stated in the Simms Declaration and the Wijaya Declaration, the Foreign Representative respectfully requests that the Court grant the relief requested herein.

## **NO PRIOR REQUEST**

34.     No previous request for the relief requested herein has been made to this or any other court.

## **NOTICE**

35.     Notice of this Motion has been provided to: (a) the Office of the United States

Trustee for the Southern District of New York, (b) the Foreign Debtors, (c) the parties authorized to administer the PKPU Proceedings as set forth in the Petition, (d) all parties to any litigation in which any of the Foreign Debtors is a party and that is pending in the United States as of the commencement of these Chapter 15 Cases, and (e) all known parties against whom provisional relief is sought as set forth in the statements of Foreign Representative required by Federal Rule of Bankruptcy Procedure 1007(a)(4)(B), attached to the Petitions.  The Foreign Representative submits that no other or further notice of this Motion is necessary or required.

### WAIVER OF FEDERAL RULE OF CIVIL PROCEDURE 65(c)

36.     Bankruptcy Rule 7065 expressly provides that "a temporary restraining order or preliminary injunction may be issued on application of a debtor, trustee, or debtor in possession without compliance with Rule 65(c)."  To the extent Rule 65 of the Federal Rules of Civil Procedure is applicable, the Foreign Representative believes that the security requirements imposed by Rule 65(c) are unwarranted under the circumstances and, accordingly, respectfully requests a waiver of such requirements pursuant to Bankruptcy Rule 7065.

## **CONCLUSION**

WHEREFORE, the Foreign Representative respectfully requests that this Court (a) enter the proposed order attached to this Emergency Motion as **Exhibit A**, granting the Provisional Relief and (b) grant such other and further relief as this Court determines is fair and appropriate under the circumstances.

Dated: New York, New York
      October 8, 2019

                  Respectfully submitted,

                  GIBSON, DUNN & CRUTCHER LLP

                  */s/ Matthew J. Williams*
                  Matthew J. Williams
                  Mitchell A. Karlan
                  Alan Moskowitz
                  Dylan S. Cassidy
                  200 Park Avenue
                  New York, NY 10166
                  (212) 351-4000 (Tel)
                  (212) 351-4035 (Fax)

                  *Counsel to the Foreign Representative*

## Exhibit A

**Proposed Order Granting Provisional Relief**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| PT DELTA MERLIN DUNIA TEXTILE, *et al.*,[1] | Case No. 19-_____ |
| Debtors in a Foreign Proceeding. | (Joint Administration Requested) |

<u>**ORDER GRANTING PROVISIONAL RELIEF**</u>

Upon consideration of (i) the *Emergency Motion for Provisional Relief* (the "***Emergency Motion***")[2] filed by Geoffrey David Simms, in his capacity as the duly authorized Foreign Representative of the Foreign Debtors, in connection with the PKPU Proceedings, and the (ii) *Verified Petition Under Chapter 15 Recognition of a Foreign Main Proceeding* (the "***Verified Petition***") and all documents submitted in support of the Verified Petition (collectively, the "***Provisional Relief Documents***"), including, the *Declaration of Foreign Representative in Support of Verified Chapter 15 Petition* (the "***Simms Declaration***") and the *Declaration of Gregorius Petrus Aji Wijaya in Support of the Verified Petition under Chapter 15 for Recognition of a Foreign Main Proceeding* (the "***Wijaya Declaration***"), and upon consideration of the statements of counsel with respect to the Emergency Motion at a hearing before the Court (the "***Hearing***"); and appropriate and timely notice of the filing of the Emergency Motion and the

---

[1]    The Foreign Debtors in these chapter 15 cases are the following entities: (i) PT Delta Merlin Dunia Textile, whose address is Jl Solo - Sragen Km 14, Desa Pulosari, Kec Kebakkramat, Karanganyar, Central Java, (ii) PT Delta Dunia Tekstil, whose address is Jl Raya Solo - Sragen KM 10.8, Desa Kaling, Kec Tasikmadu, Karanganyar, Central Java, (iii) PT Dunia Setia Sandang Asli Tekstil, whose address is Jl Raya Palur Km 7.1, Desa Dagen, Kec Jaten, Karanganyar, Central Java, (iv) PT Delta Merlin Sandang Tekstil, whose address is Jl Raya Timur Km 10, Kel Bumiaji, Kec Gondang, Sragen, Central Java, (v) PT Delta Dunia Sandang Tekstil, whose address is Jl Raya Semarang - Demak Km 14, Desa Tambakroto, Kec Sayung, Demak, Central Java, (vi) PT Perusahaan Dagang dan Perindustrian Damai, whose address is Jl Simongan No 100, Kel Ngemplak Simongan, Kec Semarang Barat, Semarang, Central Java, and (vii) Mr. Sumitro, whose address is Tegalharjo, RT.004/RW.004, Kelurahan Tegalharjo, Kecamatan Jebres, Kota Surakarta, Jawa Tengah, Indonesia.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Emergency Motion.

Hearing having been given; and no other or further notice being necessary or required; and the Court having determined that the legal and factual bases set forth in the Emergency Motion and all other pleadings and proceedings in this case establish just cause to grant the relief ordered herein, and after due deliberation therefore, and for the reasons stated on the record,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

A.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, section 1501 of the Bankruptcy Code, and the *Amended Standing Order of Reference to Bankruptcy Judges of the District Court for the Southern District of New York*, dated January 31, 2012 (Preska, C.J.).

B.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

C.      Venue is proper in this District pursuant to 28 U.S.C. § 1410.

D.      These Chapter 15 Cases have been properly commenced by a duly appointed foreign representative.

E.      This Court has the authority to grant the Provisional Relief requested by the Emergency Motion pursuant to 11 U.S.C. §§ 105(a), 306, 362, 1510, 1519, 1521, and 1522.

F.      The Provisional Relief is urgently needed to protect the assets of the Foreign Debtors and the interests of their creditors as required by 11 U.S.C. § 1519(a).

G.      The interests of the Foreign Debtors' creditors and other interested entities, including the Foreign Debtors, are sufficiently protected in the Court's grant of the Provisional Relief, as required by 11 U.S.C. § 1522(a).

H.      The Provisional Relief is warranted under 11 U.S.C. § 1519(e).

2

I.      The Foreign Representative has demonstrated a substantial likelihood that the PKPU Proceedings are entitled to recognition as foreign main proceedings and that the Provisional Relief will be granted on a final basis upon such recognition as foreign main proceedings.

J.      Irreparable harm will result to the Foreign Debtors, their creditors, and their estates if the Provisional Relief is not granted on an expedited basis. Pending the chapter 15 Recognition Hearing, the Provisional Relief is required to ensure the fair, efficient, and centralized administration of the Foreign Debtors' assets and prevent individual creditors and other persons and entities from depleting or impairing the assets of the Foreign Debtors to the detriment of their creditor body as a whole.

K.      Granting the Provisional Relief will preserve the *status quo* and not result in significant harm to nonmoving parties. Any harm that conceivably could result to nonmoving parties by granting the Provisional Relief is less than the irreparable harm that would result to the Foreign Debtors and their creditors if the Provisional Relief is not granted.

L.      Granting the Provisional Relief will serve the public interest in that, among other things, the Provisional Relief is necessary to realize the intent and objectives of chapter 15 in this case pursuant to 11 U.S.C. §1501(a).

M.      The Foreign Representative and the Foreign Debtors are entitled to the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1.      The Provisional Relief is GRANTED effective immediately on an interim basis as set forth below pending entry of an order regarding the recognition of the PKPU Proceedings as foreign main proceedings.

2.      Pending disposition of the Petition and Verified Petition and the request for the

3

recognition of the PKPU Proceedings as foreign main proceedings, pursuant to sections 1519(a) and 1521(a) of the Bankruptcy Code, section 362 of the Bankruptcy Code is applicable to the Foreign Debtors and the property of the Foreign Debtors within the territorial jurisdiction of the United States in these Chapter 15 Cases and, including, without limitation, no person or entity may: (a) execute against the Foreign Debtors' assets, (b) take any action to obtain possession of, or exercise control over, the Foreign Debtors' assets, or to collect, assess, or recover a claim against the Foreign Debtors, (c) commence or continue any legal proceeding (including, without limitation, any judicial, quasi-judicial, administrative or regulatory proceeding, arbitration or bankruptcy) or action against the Foreign Debtors; (d) take any act to enforce any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order, or arbitration award against the Foreign Debtors; or (e) commence or continue any legal proceeding or action to create, perfect, or enforce any lien, setoff, or other claim against the Foreign Debtors; *provided, however*, in each case, that such injunction shall be effective solely within the territorial jurisdiction of the United States.

3.      While this Order is in effect, the Foreign Representative and Foreign Debtors shall be entitled to the full protections and rights enumerated under sections 1519(a)(1)-(3) of the Bankruptcy Code, including, without limitation, any relief referenced in paragraphs (3), (4), or (7) of section 1521(a) of the Bankruptcy Code.

4.      The Foreign Representative is entrusted with the administration and realization of all of the Foreign Debtors' assets located in the United States and is established as the exclusive authority to administer the Foreign Debtors' assets and affairs in the United States.

5.      The right and power to transfer, encumber, relinquish or otherwise dispose of any assets of the Foreign Debtors located in the United States is prohibited, except by the Foreign

Representative.

6.      The Foreign Representative is hereby granted on an interim basis, the rights, powers, protections, privileges, and immunities of a trustee in a bankruptcy in the United States during the Provisional Relief period available pursuant to section 1519(a) of the Bankruptcy Code. No action taken during such period by the Foreign Representative, or his agents, representatives, advisors, or counsel, in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of or in connection with the PKPU Proceedings, this Order, these Chapter 15 Cases, any adversary proceeding, or any further proceeding commenced herewith shall be deemed to constitute a waiver of the immunity afforded such person under sections 306 or 1510 of the Bankruptcy Code.

7.      Due to the nature of the relief requested, no security is required under Rule 65(c) of the Federal Rules of Civil Procedure, as made applicable in these Chapter 15 Cases by Rule 7065 of the Federal Rules of Bankruptcy Procedure, if applicable, or otherwise.

8.      Copies of this Order shall be served via email, first class mail, or overnight courier on (a) the United States Trustee for the Southern District of New York, (b) the Foreign Debtors, (c) the parties authorized to administer the PKPU Proceedings as set forth in the Petition, (d) all parties to any litigation in which any of the Foreign Debtors is a party and that is pending in the United States as of the commencement of these Chapter 15 Cases, (e) all known parties against whom provisional relief is sought as set forth in the statements of Foreign Representative required by Federal Rule of Bankruptcy Procedure 1007(a)(4)(B), attached to the Petitions, and (f) all parties that have filed a notice of appearance in these Chapter 15 Cases. The above-described service of this Order shall constitute due, adequate, and sufficient service and notice, and no other or further service or notice shall be required.

9.      This Court shall retain jurisdiction with respect to any matters, claims, rights, or

disputes arising from or related to the Emergency Motion or the implementation of this Order.

Dated: New York, New York
             _____, 2019

                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE