**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York

Case number (*If known*): _____ Chapter 15

☐ Check if this is an
amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding    **12/15**

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| | | |
|---|---|---|
| 1. | **Debtor's name** | PT DELTA MERLIN DUNIA TEXTILE |

| | |
|---|---|
| 2. | **Debtor's unique identifier** |

**For non-individual debtors:**

☐ Federal Employer Identification Number (EIN)  ___ ___ – ___ ___ ___ ___ ___ ___ ___

☐ Other _____ . Describe identifier _____ .

**For individual debtors:**

☐ Social Security number:  xxx – xx– ____ ____ ____ ____

☐ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ____ ____ ____ ____

☐ Other _____ . Describe identifier _____ .

| | | |
|---|---|---|
| 3. | **Name of foreign representative(s)** | GEOFFREY DAVID SIMMS |
| 4. | **Foreign proceeding in which appointment of the foreign representative(s) occurred** | PKPU Proceeding pending before the Semarang Commercial Court in Indonesia |

| | | |
|---|---|---|
| 5. | **Nature of the foreign proceeding** | *Check one:* |

☑ Foreign main proceeding
☐ Foreign nonmain proceeding
☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

| | |
|---|---|
| 6. | **Evidence of the foreign proceeding** |

☐ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☑ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.
English translated certified copy of the PKPU order; Certified PKPU Order;
Corporate authorization appointing foreign representative.

| | |
|---|---|
| 7. | **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?** |

☑ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☐ Yes

| Debtor | PT DELTA MERLIN DUNIA TEXTILE | Case number (*if known*)_____ |
|---|---|---|
| | Name | |

**8.  Others entitled to notice**

Attach a list containing the names and addresses of:

(i)   all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)  all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

**9.  Addresses**

**Country where the debtor has the center of its main interests:**

Republic of Indonesia

**Debtor's registered office:**

Jl Solo - Sragen Km 14, Desa Pulosari,
<span>Number        Street</span>

Kec Kebakkramat,
<span>P.O. Box</span>

Karanganyar,Central Java
<span>City        State/Province/Region    ZIP/Postal Code</span>

Indonesia
<span>Country</span>

**Individual debtor's habitual residence:**

_____
<span>Number        Street</span>

_____
<span>P.O. Box</span>

_____
<span>City        State/Province/Region    ZIP/Postal Code</span>

_____
<span>Country</span>

**Address of foreign representative(s):**

88@Kasablanka Office Tower A, 22 Floor
<span>Number        Street</span>

Jl Casablanca Raya Kav. 88
<span>P.O. Box</span>

Jakarta                                          12870
<span>City        State/Province/Region    ZIP/Postal Code</span>

Indonesia
<span>Country</span>

**10.  Debtor's website** (URL)

_____

**11.  Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

   ☑ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

   ❑ Partnership

   ❑ Other.  Specify: _____

☐ Individual

| | |
|---|---|
| **12. Why is venue proper in *this district*?** | *Check one:*<br>☑ Debtor's principal place of business or principal assets in the United States are in this district.<br>☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:<br><br>☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because: |
| **13. Signature of foreign representative(s)** | I request relief in accordance with chapter 15 of title 11, United States Code.<br><br>I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.<br><br>I have examined the information in this petition and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct. |

✗ _____      Geoffrey David Simms
Signature of foreign representative      Printed name

Executed on   10/08/2019
     MM / DD / YYYY

✗ _____
Signature of foreign representative      Printed name

Executed on _____
     MM / DD / YYYY

| | |
|---|---|
| **14. Signature of attorney** | ✗ _____   Date   10/08/2019<br>Signature of Attorney for foreign representative     MM / DD / YYYY |

Matthew J. Williams
Printed name
Gibson, Dunn & Cructcher LLP
Firm name
200 Park Avenue
Number    Street
New York          NY      10166
City          State      ZIP Code

212-351-4000          MJWilliams@gibsondunn.com
Contact phone          Email address

3019106          NY
Bar number          State

**<u>Attachment 1</u>**

**Item 6: Certified Copy of Decision Commencing Foreign Proceeding and Evidence of Appointment of Foreign Representative**

**<u>Certified Copy of Order Commencing Foreign Proceeding</u>**



# PENGADILAN NEGERI / NIAGA
## SEMARANG

**PUTUSAN**

No 22/Pdt.Sus-PKPU/2019/PN Smg

Antara

PENGGUGAT : PT. SHINE GOLDEN BRIDGE

Terhadap

TERMOHON : PT. DELTA MERLIN DUNIA TEXTILE, dkk

Tanggal Putus : 30 SEPTEMBER 2019

# P U T U S A N

## Nomor 22/Pdt.Sus-PKPU/2019/PN Smg

## DEMI KEADILAN BERDASARKAN KETUHANAN YANG MAHA ESA

Pengadilan Niaga pada Pengadilan Negeri Semarang yang memeriksa dan memutus perkara permohonan Penundaan Kewajiban Pembayaran Utang pada tingkat pertama telah menjatuhkan putusan yang diajukan oleh:

**PT. SHINE GOLDEN BRIDGE,** *(dahulu)* berkedudukan di Gresik, beralamat di Jl. Pertamina Nomor 78, Desa Sumberame, Kec. Wringinanom, Kab. Gresik, *sekarang* berkedudukan di Mojokerto, beralamat di Dusun Bangsri RT.001 RW.003 Kembangsri Ngoro, Kab. Mojokerto, Jawa Timur-Indonesia, Indonesia yang dalam hal ini diwakili oleh: **YONG INDRO SETYO,** Alamat Prambanan lidah kulon BD-17, RT 001, RW 008, Surabaya, Jabatan Direktur **PT. SHINE GOLDEN BRIDGE,** Bertindak untuk dan atas nama Direksi Perseroan selaku dan dalam jabatannya;

Dalam hal ini memberikan kuasa kepada :

1. **HARIYANTO, S.H., M.Hum., 2. PURWANTO, S.H., 3. ENDANG ERNIAWATI, S.H.** Kesemuanya adalah Para Advokat pada **Kantor Advokat, Konsultan Hukum, Kurator & Pengurus *"HARIYANTO & PARTNERS"*** Jl. Tidar 28.II, Telp. (031) 5323374, Fax (031) 5328372 Surabaya, berdasarkan Surat Kuasa Khusus tanggal 20 Agustus 2019 yang terdaftar di Kepaniteraan Pengadilan Negeri Semarang tanggal 11 September 2019, yang bertindak untuk dan atas nama serta kepentingan hukum dari **PT SHINE GOLDEN BRIDGE**;

Untuk selanjutnya disebut sebagai **"Pemohon PKPU"**.

Dengan ini Pemohon PKPU mengajukan Permohonan Penundaan Kewajiban Pembayaran Utang (**"Permohonan PKPU"**) ;

## Terhadap:

1. **PT DELTA MERLIN DUNIA TEXTILE,** suatu perseroan terbatas yang didirikan berdasarkan hukum negara Republik Indonesia, beralamat di Jl. Solo – Sragen KM.14, Desa Pulosari, Kecamatan

Kebakkramat, Kabupaten Karanganyar, Provinsi Jawa Tengah, Indonesia (selanjutnya disebut **"Termohon PKPU I"**);

2. PT **DELTA DUNIA TEKSTIL**, suatu perseroan terbatas yang didirikan berdasarkan hukum negara Republik Indonesia, beralamat di Jl. Raya Solo – Sragen KM. 10,8, Desa Kaling, Kecamatan Tasikmadu, Kabupaten Karanganyar, Provinsi Jawa Tengah, Indonesia (selanjutnya disebut **"Termohon PKPU II"**);

3. PT **DELTA MERLIN SANDANG TEKSTIL**, suatu perseroan terbatas yang didirikan berdasarkan hukum negara Republik Indonesia, beralamat di Jl. Raya Timur KM. 10, Desa Bumiaji, Kecamatan Gondang, Kabupaten Sragen, Provinsi Jawa Tengah, Indonesia (selanjutnya disebut **"Termohon PKPU III"**);

4. PT **DELTA DUNIA SANDANG TEKSTIL**, suatu perseroan terbatas yang didirikan berdasarkan hukum negara Republik Indonesia, beralamat di Jl. Raya Semarang – Demak KM 14 RT.05/RW.02, Desa Tambakroto, Kecamatan Sayung, Kabupaten Demak, Provinsi Jawa Tengah, Indonesia (selanjutnya disebut **"Termohon PKPU IV"**);

5. PT **DUNIA SETIA SANDANG ASLI TEKSTIL**, suatu perseroan terbatas yang didirikan berdasarkan hukum negara Republik Indonesia, beralamat di Jl. Raya Palur KM 7,1 Desa Dagen, Kecamatan Jaten, Kabupaten Karanganyar, Provinsi Jawa Tengah, Indonesia (selanjutnya disebut **"Termohon PKPU V"**); dan

6. PT **PERUSAHAAN DAGANG DAN PERINDUSTRIAN DAMAI**, suatu perseroan terbatas yang didirikan berdasarkan hukum negara Republik Indonesia, beralamat di Jl. Simongan No.100, Kelurahan Ngemplak Simongan, Kecamatan Semarang Barat, Kota Semarang, Provinsi Jawa Tengah, Indonesia (selanjutnya disebut **"Termohon PKPU VI"**);

Yang dalam hal ini semuanya memilih domisili hukum di kantor kuasanya bernama: **GP Aji Wijaya, S.H., Hardiansyah, S.H., M.H., dan Pradana Snehabandhana P., S.H., LL.M.,** seluruhnya merupakan Advokat dan Konsultan Hukum pada Kantor Hukum Aji Wijaya & Co., beralamat di Gedung Cyber 2, Lantai 31, Jalan HR Rasuna Said, Blok X-5 No. 13, Jakarta Selatan 12950, berdasarkan Surat Kuasa Khusus masing-masing tanggal 16

September 2019, yang terdaftar di dalam register hukum kepaniteraan Pengadilan Negeri Semarang, tanggal 20 September 2019;

Untuk selanjutnya secara bersama-sama disebut sebagai **"Para Termohon PKPU"**.

Pengadilan Niaga tersebut;

Setelah membaca berkas perkara;

Setelah mendengar kedua belah pihak yang berperkara;

### TENTANG DUDUK PERKARA

Menimbang, bahwa Pemohon PKPU dengan Surat Permohonannya tanggal 10 September 2019 telah mengajukan Permohonan PKPU terhadap Para Termohon PKPU sebagaimana permohonan Pemohon yang didaftarkan dan dicatat di Kepaniteraan Pengadilan Niaga pada Pengadilan Negeri Semarang, dalam Register Nomor 22/Pdt.Sus-PKPU/2019/PN Smg, tanggal 11 September 2019 sebagai berikut :

I.  **ALASAN PENGAJUAN PERMOHONAN PKPU SERTA HUBUNGAN HUKUM ANTARA PEMOHON PKPU DAN TERMOHON PKPU I** *(LEGAL STANDING PEMOHON)*

1.  Bahwa di antara Pemohon PKPU dengan Termohon PKPU I **telah terjadi hubungan hukum**, dimana Termohon PKPU I telah mengajukan pemesanan barang berupa kardus **"Box 365 + Layer"** (selanjutnya disebut **"Barang Yang Dipesan"**) kepada Pemohon PKPU berdasarkan:

    a.  *Purchase Order* (Surat Pemesanan) No. PO1/SGB-DMDT/V/100K tertanggal 21 Juni 2018, dimana Termohon PKPU I memesan **"Box 365 + Layer"** kepada Pemohon PKPU sebanyak 100.000 (seratus ribu) buah dengan harga per buahnya sebesar Rp. 12.000 (selanjutnya disebut **"PO 1"**); dan

    b.  *Purchase Order* (Surat Pemesanan) No. PO2/SGB-DMDT/VI/50K tertanggal 28 Juni 2018, dimana Termohon PKPU I memesan **"Box 365 + Layer"** kepada Pemohon PKPU sebanyak 41.490 (empat puluh satu ribu empat ratus sembilan puluh) buah dengan harga per buahnya sebesar Rp. 12.000 (selanjutnya disebut **"PO 2"**).

2.  Bahwa Pemohon PKPU telah mengirimkan seluruh Barang Yang Dipesan kepada Termohon PKPU I sebagaimana dibuktikan berdasarkan dokumen-

dokumen surat jalan berikut ini (selanjutnya secara bersama-sama disebut sebagai "**Dokumen Pengiriman**"):

| No. | No. Surat Jalan | Tanggal | Jumlah Barang | Nilai (Rp.) |
|---|---|---|---|---|
| a. | Pengiriman "Box 365 + Layer" berdasarkan PO 1 | | | |
| 1. | SJ/SGB/14/01/0034 | 3 Juli 2018 | 7340 | 88.080.000 |
| 2. | SJ/SGB/14/01/0035 | 3 Juli 2018 | 7005 | 84.060.000 |
| 3. | SJ/SGB/14/01/0044 | 3 Juli 2018 | 7320 | 87.840.000 |
| 4. | SJ/SGB/14/01/0045 | 3 Juli 2018 | 7640 | 91.680.000 |
| 5. | SJ/SGB/14/01/0046 | 3 Juli 2018 | 8770 | 105.240.000 |
| 6. | SJ/SGB/14/01/0047 | 3 Juli 2018 | 7350 | 88.200.000 |
| 7. | SJ/SGB/14/01/0056 | 9 Juli 2018 | 7820 | 93.840.000 |
| 8. | SJ/SGB/14/01/0057 | 9 Juli 2018 | 7010 | 84.120.000 |
| 9. | SJ/SGB/14/01/0058 | 9 Juli 2018 | 8970 | 107.640.000 |
| 10. | SJ/SGB/14/01/0059 | 9 Juli 2018 | 7850 | 94.200.000 |
| 11. | SJ/SGB/14/01/0072 | 10 Juli 2018 | 7840 | 94.080.000 |
| 12. | SJ/SGB/14/01/0073 | 12 Juli 2018 | 7995 | 95.940.000 |
| 13. | SJ/SGB/14/01/0074 | 12 Juli 2018 | 7120 | 85.440.000 |
| b. | Pengiriman "Box 365 + Layer" berdasarkan PO 2 | | | |
| 14. | SJ/SGB/14/01/0081 | 16 Juli 2018 | 6980 | 83.760.000 |
| 15. | SJ/SGB/14/01/0082 | 18 Juli 2018 | 7120 | 85.440.000 |
| 16. | SJ/SGB/14/01/0083 | 20 Juli 2018 | 6520 | 78.240.000 |
| 17. | SJ/SGB/14/01/0084 | 25 Agustus 2018 | 7230 | 86.760.000 |
| 18. | SJ/SGB/14/01/0085 | 25 Agustus 2018 | 6720 | 80.640.000 |
| 19. | SJ/SGB/14/01/0086 | 25 Agustus 2018 | 6890 | 82.680.000 |
| | **Total** | | **141.490** | **1.697.880.000** |

3.   Bahwa berkenaan dengan telah dikirimnya seluruh Barang Yang Dipesan kepada Termohon PKPU I berdasarkan Dokumen Pengiriman tersebut di atas, maka sesuai dengan syarat dan ketentuan yang diatur di dalam PO 1 dan PO 2, **TELAH TIMBUL HAK BAGI PEMOHON PKPU UNTUK**

MEMPEROLEH PEMBAYARAN ATAS BARANG YANG DIPESAN DARI TERMOHON PKPU I BERUPA PEMBAYARAN SEJUMLAH UANG SENILAI Rp.1.697.880.000 (satu miliar enam ratus sembilan puluh tujuh juta delapan ratus delapan puluh ribu Rupiah) (selanjutnya disebut "Tagihan").

4   Bahwa untuk memperoleh hak-hak yang dimilikinya atas Tagihan, Pemohon PKPU telah mengirimkan sejumlah invoice kepada Termohon PKPU I untuk menagih pembayaran atas Barang Yang Dipesan tersebut, yaitu berdasarkan dokumen-dokumen tagihan berikut ini:

| No. | Invoice No. | Tanggal Invoice | Tanggal Diterima | Jatuh Tempo | Nilai (Rp.) |
|---|---|---|---|---|---|
| a. | Berdasarkan PO 1 | | | | |
| 1. | INV"SJ/SGB/14/01/0034 | 05-07-2018 | 09-07-2018 | 08-08-2018 | 88.080.000 |
| 2. | INV"SJ/SGB/14/01/0035 | 05-07-2018 | 09-07-2018 | 08-08-2018 | 84.060.000 |
| 3. | INV"SJ/SGB/14/01/0044 | 05-07-2018 | 09-07-2018 | 08-08-2018 | 87.840.000 |
| 4. | INV"SJ/SGB/14/01/0045 | 05-07-2018 | 09-07-2018 | 08-08-2018 | 91.680.000 |
| 5. | INV"SJ/SGB/14/01/0046 | 05-07-2018 | 09-07-2018 | 08-08-2018 | 105.240.000 |
| 6. | INV"SJ/SGB/14/01/0047 | 05-07-2018 | 09-07-2018 | 08-08-2018 | 88.200.000 |
| 7. | INV"SJ/SGB/14/01/0056 | 11-07-2018 | 17-07-2018 | 16-08-2018 | 93.840.000 |
| 8. | INV"SJ/SGB/14/01/0057 | 11-07-2018 | 17-07-2018 | 16-08-2018 | 84.120.000 |
| 9. | INV"SJ/SGB/14/01/0058 | 11-07-2018 | 17-07-2018 | 16-08-2018 | 107.640.000 |
| 10. | INV"SJ/SGB/14/01/0059 | 11-07-2018 | 17-07-2018 | 16-08-2018 | 94.200.000 |
| 11. | INV"SJ/SGB/14/01/0072 | 13-07-2018 | 18-07- | 17-08- | |

| | | 2018 | 2018 | 2018 | 94.080.000 |
|---|---|---|---|---|---|
| 12. | INV"SJ/SGB/14/01/0073 | 16-07-2018 | 23-07-2018 | 22-08-2018 | 95.940.000 |
| 13. | INV"SJ/SGB/14/01/0074 | 16-07-2018 | 23-07-2018 | 22-08-2018 | 85.440.000 |
| **b.** | **Berdasarkan PO 2** | | | | |
| 14. | INV"SJ/SGB/14/01/0081 | 20-07-2018 | 26-07-2018 | 25-08-2018 | 83.760.000 |
| 15. | INV"SJ/SGB/14/01/0082 | 20-07-2018 | 26-07-2018 | 25-08-2018 | 85.440.000 |
| 16. | INV"SJ/SGB/14/01/0083 | 23-07-2018 | 30-07-2018 | 29-08-2018 | 78.240.000 |
| 17. | INV"SJ/SGB/14/01/0084 | 26-07-2018 | 04-08-2018 | 03-09-2018 | 86.760.000 |
| 18. | INV"SJ/SGB/14/01/0085 | 26-07-2018 | 04-08-2018 | 03-09-2018 | 80.640.000 |
| 19. | INV"SJ/SGB/14/01/0086 | 26-07-2018 | 04-08-2018 | 03-09-2018 | 82.680.000 |
| **Total** | | | | | **1.697.880.000** |

**Keterangan Tabel:**

(i) invoice-invoice yang diuraikan pada tabel di atas yang dimulai dari angka nomor 1 sampai dengan angka nomor 19 selanjutnya secara bersama-sama akan disebut sebagai **"Invoice-Invoice"** dan secara sendiri-sendiri akan disebut sebagai **"Invoice"**;

(ii) Tanggal-tanggal yang diuraikan pada kolom "Invoice Diterima" merupakan tanggal-tanggal dimana Termohon PKPU I menyatakan telah menerima masing-masing Invoice dari Pemohon PKPU secara lengkap, dan untuk selanjutnya dalam Permohonan PKPU ini akan disebut sebagai **"Tanggal Diterimanya Invoice"**.

(iii). Tanggal-tanggal yang diuraikan pada kolom "Jatuh Tempo" merupakan batas akhir pembayaran masing-masing Invoice yang harus dilakukan oleh Termohon PKPU I, yang merupakan 30 (tiga puluh) hari sejak

masing-masing Tanggal Diterimanya Invoice sebagaimana diatur di dalam masing-masing Invoice, selanjutnya disebut sebagai "**Tanggal Jatuh Tempo**".

5. Merupakan fakta hukum yang tidak terbantahkan bahwa seluruh Invoice atas masing-masing Tagihan benar-benar telah diterima oleh Termohon PKPU I pada Tanggal Diterimanya Invoice yang dibuktikan dengan adanya tanda/cap/stempel penerimaan disertai tanggal yang dibubuhkan oleh Termohon PKPU I pada masing-masing Invoice tersebut.

6. Bahwa:

   a. Barang Yang Dipesan telah seluruhnya dikirimkan kepada Termohon PKPU I; dan

   b. Invoice-Invoice juga telah dikirimkan serta diterima dengan baik oleh Termohon PKPU I;

   namun faktanya sampai dengan lewatnya Tanggal Jatuh Tempo dari masing-masing Invoice, bahkan sampai dengan diajukannya Permohonan PKPU ini, **TERMOHON PKPU I TIDAK PERNAH MEMBAYAR DAN/ATAU MELUNASI TAGIHAN, BAIK SEBAGIAN ATAUPUN SELURUHNYA, KEPADA PEMOHON PKPU**. Karenanya **Termohon PKPU I telah terbukti secara sah dan meyakinkan telah lalai dan ingkar janji** dalam melaksanakan kewajibannya untuk membayar Tagihan kepada Pemohon PKPU sesuai dengan Tanggal Jatuh Tempo dari masing-masing Invoice.

7. Bahwa pada tanggal 12 Desember 2018, Pemohon PKPU dengan Termohon PKPU I telah mengadakan pertemuan untuk membahas penyelesaian Tagihan Pemohon PKPU yang tertunggak yang ternyata juga dihadiri oleh Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI sebagaimana dituangkan dalam Notulen Rapat tertanggal 12 Desember 2018 (selanjutnya disebut "**Notulen Rapat**") yang pada pokoknya telah terungkap fakta-fakta hukum sebagai berikut:

   a. Bahwa Termohon PKPU I memiliki utang kepada Pemohon PKPU, karena belum membayar Invoice-Invoice atas pembelian Barang Yang Dipesan yang nilainya mencapai **Rp.1.697.880.000 (satu miliar enam ratus sembilan puluh tujuh juta delapan ratus delapan puluh ribu Rupiah)**.

   b. Bahwa ternyata Barang Yang Dipesan tidak hanya dipergunakan dan/atau dimanfaatkan dan/atau dinikmati manfaatnya oleh Termohon PKPU I, tetapi juga oleh Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI. Karenanya, Termohon

PKPU I merasa berkeberatan apabila harus membayar seluruh nilai Tagihan berdasarkan Invoice-Invoice Pemohon PKPU secara sendirian, sehingga Termohon PKPU I juga meminta Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI untuk bersama-sama ikut menanggung pembayaran utang tersebut;

c. Para Termohon PKPU sedang mengalami kesulitan keuangan/*cash flow*, karenanya Para Termohon PKPU memohon kelonggaran waktu kepada Pemohon PKPU agar pelaksanaan kewajiban pembayaran invoice kepada Pemohon PKPU dapat ditunda;

8. Berdasarkan fakta-fakta hukum sebagaimana dimaksud di dalam butir angka 7 di atas, diantara Pemohon PKPU dan Para Termohon PKPU telah tercapai kesepakatan yang juga dituangkan di dalam Notulen Rapat tersebut, yaitu sebagai berikut:

a. **Termohon PKPU I telah berjanji akan membayar lunas Tagihan kepada Pemohon PKPU pada tanggal 30 April 2019, dimana pembayaran tersebut dijamin penuh secara tanggung renteng oleh Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI;**

b. Dalam waktu maksimal 30 hari sejak tanggal Notulen Rapat, Para pihak akan membuat suatu perjanjian penyelesaian utang untuk mengimplementasikan hasil rapat tersebut.

9. Sebagai tindak lanjut atas hasil pertemuan berdasarkan Notulen Rapat tersebut di atas, pada tanggal 21 Januari 2019, Termohon PKPU I dengan Pemohon PKPU telah menandatangani Perjanjian Penyelesaian dan Pengakuan Utang ("**Perjanjian Penyelesaian dan Pengakuan Utang**"), yang pada pokoknya menyepakati tentang:

a. **Termohon PKPU I mengaku berutang dan menegaskan telah lalai dalam melaksanakan kewajiban pembayaran utang kepada Pemohon PKPU sebesar Rp.1.697.880.000 (satu miliar enam ratus sembilan puluh tujuh juta delapan ratus delapan puluh ribu Rupiah);**

b. **Seluruh nilai terutang yang timbul berdasarkan Perjanjian Penyelesaian dan Pengakuan Utang wajib dilunasi oleh Termohon PKPU I selambat-lambatnya pada tanggal 30 April 2019 ("Tanggal Jatuh Tempo Perpanjangan");**

c. Seluruh nilai terutang yang timbul berdasarkan Perjanjian Penyelesaian dan Pengakuan Utang **dijamin penuh oleh Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI.**

10. Bahwa pada kenyataannya sampai dengan lewatnya Tanggal Jatuh Tempo Perpanjangan, Termohon PKPU I belum juga membayar Tagihan, baik sebagian maupun seluruhnya, kepada Pemohon PKPU. Karenanya, **Termohon PKPU I sekali lagi telah terbukti secara sah dan meyakinkan telah lalai dan ingkar janji** dalam melaksanakan kewajibannya untuk membayar Tagihan sesuai dengan Tanggal Jatuh Tempo Perpanjangan.

11. Berdasarkan fakta-fakta hukum yang telah kami uraikan di atas dengan merujuk kepada Penjelasan Pasal 2 ayat (1) alinea ketiga UU Kepailitan, dapat dipahami dengan sangat mudah dan sederhana bahwa demi hukum Tagihan yang dimiliki oleh Pemohon PKPU kepada Termohon PKPU I **TELAH JATUH WAKTU DAN DAPAT DITAGIH SERTA WAJIB DIBAYAR OLEH TERMOHON PKPU KEPADA PEMOHON PKPU SEJAK TANGGAL JATUH TEMPO PERPANJANGAN SEBAGAIMANA DIURAIKAN DI ATAS ("Utang Yang Telah Jatuh Waktu dan Dapat Ditagih").**

Penjelasan Pasal 2 ayat (1) alinea ketiga UU Kepailitan:

*"Yang dimaksud dengan "utang yang telah jatuh waktu dan dapat ditagih" adalah kewajiban untuk membayar utang yang telah jatuh waktu, baik karena telah diperjanjikan, karena percepatan waktu penagihannya sebagaimana diperjanjikan, karena pengenaan sanksi atau denda oleh instansi yang berwenang, maupun karena putusan pengadilan, arbiter, atau majelis arbitrase."*

12. Berdasarkan fakta-fakta hukum yang telah kami uraikan di atas dengan merujuk kepada Penjelasan Pasal 2 ayat (1) alinea ketiga UU Kepailitan, dapat dipahami dengan sangat mudah dan sederhana bahwa demi hukum Tagihan yang dimiliki oleh Pemohon PKPU kepada Termohon PKPU I **TELAH JATUH WAKTU DAN DAPAT DITAGIH SERTA WAJIB DIBAYAR OLEH TERMOHON PKPU KEPADA PEMOHON PKPU SEJAK TANGGAL JATUH TEMPO PERPANJANGAN SEBAGAIMANA DIURAIKAN DI ATAS ("Utang Yang Telah Jatuh Waktu dan Dapat Ditagih").**

13. Bahwa sehubungan dengan Utang Yang Telah Jatuh Waktu dan Dapat Ditagih yang tidak juga dibayar oleh Termohon PKPU I, Pemohon PKPU sesungguhnya telah melakukan segala upaya dan dengan berbagai macam

cara untuk menegur, mengingatkan, menagih dan/atau meminta Termohon PKPU I untuk segera memenuhi kewajibannya untuk melakukan pembayaran atas Utang Yang Telah Jatuh Waktu dan Dapat Ditagih kepada Pemohon PKPU, diantaranya:

a. Pemohon PKPU mengirimkan:

1) Surat Peringatan Pembayaran kepada Termohon PKPU I, Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI pada tanggal 10 Juni 2019; dan

2) Surat Peringatan Kedua untuk Membayar Utang pada tanggal 24 Juni 2019 kepada Termohon PKPU I, Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI;

yang pada intinya Pemohon PKPU menegur dan mengingatkan Termohon PKPU I (juga kepada kepada Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI) untuk membayar Utang Yang Telah Jatuh Waktu dan Dapat Ditagih kepada Pemohon PKPU.

b. Pemohon PKPU menunjuk kuasa hukum untuk mengirimkan:

1) Somasi kepada Termohon PKPU I, Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI pada tanggal 22 Juli 2019; dan

2) Somasi kedua kepada Termohon PKPU I, Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI pada tanggal 29 Juli 2019;

yang pada intinya Pemohon PKPU menyatakan bahwa Termohon PKPU I telah melakukan *wanprestasi*/cidera janji dan karenanya mensomir/memberikan peringatan keras kepada Termohon PKPU I (juga kepada kepada Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI) untuk segera membayar Utang Yang Telah Jatuh Waktu dan Dapat Ditagih kepada Pemohon PKPU.

selanjutnya secara bersama-sama disebut **"Surat Teguran dan Somasi"**.

14. Bahwa walaupun Surat Teguran dan Somasi telah Pemohon PKPU kirimkan kepada Termohon PKPU I, **TERMOHON PKPU I MASIH JUGA LALAI SERTA TIDAK JUGA MEMENUHI KEWAJIBANNYA UNTUK MEMBAYAR UTANG YANG TELAH JATUH WAKTU DAN DAPAT DITAGIH TERSEBUT**

sesuai tenggat waktu pembayaran yang diberikan sebagaimana disampaikan di dalam masing-masing Surat Teguran dan Somasi tersebut.

15. Bahwa tindakan Termohon PKPU I yang tidak juga melaksanakan kewajibannya untuk melunasi utangnya kepada Pemohon PKPU adalah secara nyata merupakan tindakan kelalaian, dan atas kelalaiannya tersebut, **TERMOHON PKPU I TERBUKTI SECARA SAH MEMILIKI UTANG YANG TELAH JATUH WAKTU DAN DAPAT DITAGIH KEPADA PEMOHON PKPU DAN TERMOHON PKPU I DEMI HUKUM WAJIB MEMBAYAR UTANG YANG TELAH JATUH WAKTU DAN DAPAT DITAGIH TERSEBUT SEBESAR Rp.1.697.880.000 (SATU MILIAR ENAM RATUS SEMBILAN PULUH TUJUH JUTA DELAPAN RATUS DELAPAN PULUH RIBU RUPIAH) KEPADA PEMOHON PKPU.**

16. Bahwa dengan mendasarkan pada uraian di atas, merupakan fakta hukum yang jelas dan nyata bahwa benar telah ada hubungan hukum antara Pemohon PKPU dengan Termohon PKPU I berdasarkan PO 1 dan PO 2, dan Pemohon PKPU secara nyata memiliki piutang/tagihan kepada Termohon PKPU I berupa Utang Yang Telah Jatuh Waktu dan Dapat Ditagih tersebut. Oleh karenanya, telah terbukti bahwa **PEMOHON PKPU MERUPAKAN KREDITOR DARI TERMOHON PKPU** sebagaimana diatur dalam ketentuan Pasal 1 angka 2 UU Kepailitan yang berbunyi:

*"Kreditor adalah orang yang mempunyai piutang karena perjanjian atau Undang-Undang yang dapat ditagih di muka pengadilan".*

Oleh karena Pemohon PKPU **MEMILIKI KAPASITAS HUKUM (*LEGAL STANDING*) SEBAGAI KREDITOR YANG SAH UNTUK MENGAJUKAN PERMOHONAN PKPU *A QUO*** terhadap Termohon PKPU, maka sudah selayaknya agar Majelis Hakim Pemeriksa Perkara menerima dan mengabulkan Permohonan PKPU *a quo.*

II. **HUBUNGAN HUKUM ANTARA PEMOHON PKPU DENGAN TERMOHON PKPU II, TERMOHON PKPU III, TERMOHON PKPU IV, TERMOHON PKPU V, TERMOHON PKPU V DAN TERMOHON PKPU VI ;**

17. Terkait dengan kelalaian Termohon PKPU I dalam melaksanakan kewajibannya melunasi pembayaran Utang Yang Telah Jatuh Waktu Dan Dapat Ditagih tersebut kepada Pemohon PKPU, terdapat fakta hukum dimana Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI secara tanggung renteng/tanggung menanggung ikut menjamin pelunasan Utang Yang Telah

Jatuh Waktu Dan Dapat Ditagih oleh Termohon PKPU I kepada Pemohon PKPU, sebagaimana dibuktikan dengan telah ditandatanganinya perjanjian-perjanjian berikut:

a. Perjanjian Pemberian Jaminan Perusahaan (*Corporate Guarantee*) tertanggal 21 Januari 2019 yang dibuat dan ditandatangani oleh dan antara Pemohon PKPU dengan Termohon PKPU II;

b. Perjanjian Pemberian Jaminan Perusahaan (*Corporate Guarantee*) tertanggal 21 Januari 2019 yang dibuat dan ditandatangani oleh dan antara Pemohon PKPU dengan Termohon PKPU III;

c. Perjanjian Pemberian Jaminan Perusahaan (*Corporate Guarantee*) tertanggal 21 Januari 2019 yang dibuat dan ditandatangani oleh dan antara Pemohon PKPU dengan Termohon PKPU IV;

d. Perjanjian Pemberian Jaminan Perusahaan (*Corporate Guarantee*) tertanggal 21 Januari 2019 yang dibuat dan ditandatangani oleh dan antara Pemohon PKPU dengan Termohon PKPU V; dan

e. Perjanjian Pemberian Jaminan Perusahaan (*Corporate Guarantee*) tertanggal 21 Januari 2019 yang dibuat dan ditandatangani oleh dan antara Pemohon PKPU dengan Termohon PKPU VI;

(selanjutnya disebut "**Perjanjian-Perjanjian Jaminan Perusahaan**") yang merupakan perjanjian ikutan (*accesoir*) dari Perjanjian Penyelesaian dan Pengakuan Utang.

18. Perjanjian-Perjanjian Jaminan Perusahaan pada pokoknya mengatur hal-hal sebagai berikut:

a. **Termohon PKPU II, begitu Juga Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI menjamin dan mengikatkan diri untuk memberikan jaminan berupa Jaminan Perusahaan (*Corporate Guarantee*) kepada Pemohon PKPU**, dimana dalam hal Termohon PKPU I lalai/wanprestasi dalam melaksanakan kewajiban pembayaran atas utangnya berdasarkan Perjanjian Penyelesaian dan Pengakuan utang maka **Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI secara tidak dapat ditarik kembali dan tanpa syarat wajib membayar sepenuhnya seluruh kewajiban Termohon PKPU I berdasarkan Perjanjian Penyelesaian dan Pengakuan utang kepada Pemohon PKPU.**

b. **Masing-masing Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI setuju** melepaskan semua dan setiap hak untuk meminta kepada Termohon PKPU I supaya harta bendanya disita dan digunakan lebih dulu untuk melunasi utangnya kepada Pemohon PKPU. Serta melepaskan hak-hak yang membebaskan kewajiban Penjamin sebagaimana diatur dalam ketentuan Pasal 1430, 1831, 1833, 1837, 1843 dan Pasal 1847 sampai dengan Pasal 1850 Kitab Undang-Undang Hukum Perdata.

c. Masing-masing **Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI setuju menjadi pihak yang berkewajiban utama** untuk melakukan pembayaran sepenuhnya atas kerugian yang diderita Pemohon PKPU sebagai akibat kelalaian Termohon PKPU I dalam melakukan pembayaran utang-utangnya kepada Pemohon PKPU berdasarkan Perjanjian Penyelesaian dan Pengakuan Utang.

19. Bahwa berdasarkan uraian tersebut di atas jelas terbukti bahwa Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI masing-masing telah mengikatkan diri dengan memberikan Jaminan Perusahaan kepada Pemohon PKPU. Oleh karena itu berdasarkan Pasal 1820 Kitab Undang-Undang Hukum Perdata ("**KUHPerdata**"), Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI masing-masing bertanggung jawab untuk membayar Utang Yang Telah Jatuh Waktu Dan Dapat Ditagih kepada Pemohon PKPU, apabila Termohon PKPU I sendiri tidak memenuhinya.

Pasal 1820 KUHPerdata mengatur:

*"Penanggungan adalah suatu perjanjian dengan mana seorang pihak ketiga, guna kepentingan si berpiutang, mengikatkan diri untuk memenuhi perikatan si berutang manakala orang itu sendiri tidak memenuhinya."*

20. Selanjutnya Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI masing-masing TELAH MELEPASKAN HAK-HAK ISTIMEWANYA selaku penjamin sebagaimana diatur dalam ketentuan Pasal 1430, 1831, 1833, 1837, 1843 dan Pasal 1847 sampai dengan Pasal 1850 KUHPerdata yang diatur secara tegas dalam Perjanjian-Perjanjian Jaminan Perusahaan.

21. Bahwa dengan telah dilepaskannya hak-hak istimewa Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI selaku penjamin, maka berdasarkan ketentuan Pasal 1832 KUHPerdata, Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI tidak dapat menuntut agar seluruh aset Termohon PKPU I habis terjual terlebih dahulu untuk melunasi utang Termohon PKPU I kepada Pemohon PKPU sebelum Pemohon PKPU menuntut pertanggungjawaban dari Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI. Dengan kata lain Pemohon PKPU dapat langsung meminta pertanggungjawaban dari Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI, di mana Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI wajib bertanggung jawab atas seluruh utang Termohon PKPU I kepada Pemohon PKPU yang telah jatuh waktu dan dapat ditagih.

Pasal 1832 KUHPerdata mengatur:

"Si penanggung tidak dapat menuntut supaya benda-benda si berutang lebih dulu disita dan dijual untuk melunasi utangnya:

1. **apabila ia telah melepaskan hak istimewanya untuk menuntut supaya benda-benda si berutang lebih dahulu disita dan dijual;**

2. apabila ia telah mengikatkan dirinya bersama-sama dengan si berutang utama secara tanggung-menanggung; dalam hal mana akibat-akibat perikatannya diatur menurut asas-asas yang ditetapkan untuk utang tanggung-menanggung;

3. jika si berutang dapat mengajukan suatu tangkisan yang hanya mengenai dirinya sendiri secara pribadi;

4. jika si berutang berada dalam keadaan pailit;

5. dalam hal penanggugan yang diperintahkan oleh Hakim."

22. Sebagaimana telah diuraikan pada Bab angka Romawi I di atas, merupakan fakta hukum bahwa Termohon PKPU I belum melaksanakan kewajibannya dalam melunasi pembayaran Utang Yang Telah Jatuh Waktu Dan Dapat Ditagih kepada Pemohon PKPU karenanya Pemohon PKPU telah juga mengirimkan Surat Teguran dan Somasi kepada Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI selaku penjamin dari Termohon PKPU I untuk memberikan

peringatan dan melakukan penagihan agar mereka segera melunasi Utang Yang Telah Jatuh Waktu Dan Dapat Ditagih.

23. Namun demikian **Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI dalam kedudukannya selaku penjamin atas utang-utang Termohon PKPU I belum juga melunasi Utang Yang Telah Jatuh Waktu Dan Dapat Ditagih kepada Pemohon PKPU** sampai dengan diajukannya Permohonan PKPU *a quo.*

24. Berdasarkan uraian di atas, telah terbukti secara tegas bahwa terdapat hubungan hukum antara masing-masing Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI (selaku penjamin utang Termohon PKPU I) dengan Pemohon PKPU sehubungan dengan Utang Yang Telah Jatuh Waktu Dan Dapat Ditagih.

Berdasarkan uraian di atas, terdapat fakta hukum bahwa Pemohon PKPU berkedudukan dan merupakan Kreditor dari masing-masing Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI sebagaimana ditentukan dalam ketentuan Pasal 1 angka 2 UU Kepailitan, yang berbunyi:

*"Kreditor adalah orang yang mempunyai piutang karena perjanjian atau Undang-Undang yang dapat ditagih di muka pengadilan".*

Karenanya, Pemohon PKPU **MEMILIKI KAPASITAS HUKUM (*LEGAL STANDING*) SEBAGAI KREDITOR YANG SAH UNTUK MENGAJUKAN PERMOHONAN PKPU *A QUO*** terhadap Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI, maka sudah selayaknya agar Majelis Hakim Pemeriksa Perkara menerima dan mengabulkan Permohonan PKPU *a quo.*

III. **PERMOHONAN PKPU A QUO TELAH MEMENUHI SYARAT-SYARAT PENGAJUAN PERMOHONAN PKPU YANG DIATUR DALAM KETENTUAN PASAL 222 AYAT (1) DAN AYAT (3) UU KEPAILITAN**

25. Bahwa, Pasal 222 ayat (1) UU Kepailitan menyatakan:

*"Penundaan Kewajiban Pembayaran Utang diajukan oleh Debitor yang mempunyai lebih dari 1 (satu) Kreditor atau oleh Kreditor."*

26. Selanjutnya, Pasal 222 ayat (3) UU Kepailitan mengatur bahwa:

*"Kreditor yang memperkirakan bahwa Debitor tidak dapat melanjutkan membayar utangnya yang sudah jatuh waktu dan dapat ditagih, dapat*

*memohon agar kepada Debitor diberi penundaan kewajiban pembayaran utang, untuk memungkinkan Debitor mengajukan rencana perdamaian yang meliputi tawaran pembayaran sebagian atau seluruh utang kepada Kreditornya."*

27. Berdasarkan ketentuan-ketentuan tersebut di atas, maka syarat-syarat untuk mengajukan Permohonan PKPU adalah sebagai berikut:

a. Adanya utang yang telah jatuh tempo dan dapat ditagih dari debitor (*in casu* Termohon PKPU I, Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI) kepada kreditor (*in casu* Pemohon PKPU).

b. Debitor (*in casu* Termohon PKPU I, Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI) memiliki lebih dari 1 (satu) kreditor; dan

c. Kreditor (*in casu* Pemohon PKPU) memperkirakan bahwa debitor (*in casu* Termohon PKPU I, Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI) tidak mampu membayar utang yang telah jatuh tempo dan dapat ditagih tersebut.

**Adapun syarat-syarat tersebut di atas telah dipenuhi oleh Pemohon PKPU,** yaitu sebagaimana diuraikan di bawah ini:

A. **TERMOHON PKPU I, TERMOHON PKPU II, TERMOHON PKPU III, TERMOHON PKPU IV, TERMOHON PKPU V DAN TERMOHON PKPU VI ADALAH DEBITOR DARI PEMOHON PKPU YANG MEMILIKI UTANG YANG TELAH JATUH WAKTU DAN DAPAT DITAGIH**

28. Sebagaimana telah diuraikan secara menyeluruh pada paragraf butir angka 1 sampai dengan paragraf butir angka 24 di atas, merupakan fakta hukum bahwa **TERMOHON PKPU I BEGITU JUGA TERMOHON PKPU II, TERMOHON PKPU III, TERMOHON PKPU IV, TERMOHON PKPU V DAN TERMOHON PKPU VI ADALAH DEBITOR DARI PEMOHON PKPU** sebagaimana dinyatakan dalam ketentuan Pasal 1 angka 3 UU Kepailitan yang berbunyi:

*"Debitor adalah orang yang mempunyai utang karena perjanjian atau Undang-Undang yang pelunasannya dapat ditagih di muka pengadilan."*

29. Bahwa fakta hukum dimana **Termohon PKPU I begitu juga Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI merupakan debitor dari Pemohon PKPU**

sebagaimana dimaksud di atas dapat dibuktikan secara sederhana, yaitu berdasarkan:

a. Termohon PKPU I merupakan debitor dari Pemohon PKPU dibuktikan berdasarkan adanya **Tagihan yang tertuang di dalam Invoice-Invoice yang timbul dari hubungan hukum antara Pemohon PKPU dengan Termohon PKPU berdasarkan PO 1 dan PO 2,** yang karenanya mengakibatkan Termohon PKPU memiliki kewajiban untuk membayar Utang Yang Telah Jatuh Waktu Dan Dapat Ditagih kepada Pemohon PKPU. Hal ini sudah diuraikan oleh Pemohon PKPU pada paragraf butir angka 1 sampai dengan paragraph butir angka 16 di atas.

b. Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI merupakan debitor dari Pemohon PKPU dibuktikan berdasarkan adanya penjaminan yang diberikan oleh Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI berdasarkan Perjanjian-Perjanjian Jaminan Perusahaan yang menyebabkan Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI secara tanggung renteng/tanggung menanggung menjadi pihak yang berkewajiban utama untuk membayar Utang Yang Telah Jatuh Waktu Dan Dapat Ditagih kepada Pemohon PKPU. Hal ini juga sudah Pemohon PKPU uraikan pada paragraf butir angka 17 sampai dengan paragraph butir angka 24 di atas.

30. Selain daripada itu, penjelasan yang telah disampaikan pada paragraf butir angka 1 sampai dengan paragraf butir angka 24 di atas juga memberikan kesimpulan mengenai adanya fakta hukum lainnya, yaitu bahwa **Para Termohon PKPU juga memiliki kewajiban utang yang telah jatuh waktu dan dapat ditagih kepada Pemohon PKPU** sebagaimana dipersyaratkan dalam ketentuan Pasal 222 ayat (3) UU Kepailitan yang berbunyi:

*Kreditor yang memperkirakan bahwa Debitor tidak dapat melanjutkan membayar* **utangnya yang sudah jatuh waktu dan dapat ditagih, dapat** *memohon agar kepada Debitor diberi penundaan kewajiban pembayaran utang, untuk memungkinkan Debitor mengajukan rencana perdamaian yang meliputi tawaran pembayaran sebagian atau seluruh utang kepada Kreditornya."*

31. Fakta hukum bahwa Termohon PKPU I memiliki kewajiban utang kepada Pemohon PKPU yang telah jatuh waktu dan dapat ditagih dapat dibuktikan

juga secara sederhana yaitu bahwa Tagihan sebesar **Rp.1.697.880.000 (satu miliar enam ratus sembilan puluh tujuh juta delapan ratus delapan puluh ribu Rupiah)** yang timbul berdasarkan Invoice-Invoice *jo.* Perjanjian Penyelesaian dan Pengakuan Utang, seluruhnya telah jatuh waktu dan dapat ditagih, karena tanggal jatuh temponya, yaitu 30 April 2019, sudah terlewati.

32.   Sedangkan fakta hukum bahwa Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI sebagai penjamin memiliki kewajiban utang kepada Pemohon PKPU yang telah jatuh waktu dan dapat ditagih dapat dibuktikan juga secara sederhana yaitu bahwa pembayaran atas Tagihan oleh Termohon PKPU I kepada Pemohon PKPU, yang dijamin oleh Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI berdasarkan Perjanjian-Perjanjian Jaminan Perusahaan, telah jatuh waktu sejak tanggal 30 April 2019, karenanya secara serta merta Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI pada tanggal 30 April 2019 secara tanggung renteng/tanggung menanggung menjadi pihak yang berkewajiban utama untuk membayar Utang Yang Telah Jatuh Waktu Dan Dapat Ditagih kepada Pemohon PKPU.

DENGAN DEMIKIAN, TELAH JELAS DAN TERANG BAHWA TERMOHON PKPU I, TERMOHON PKPU II, TERMOHON PKPU III, TERMOHON PKPU IV, TERMOHON PKPU V DAN TERMOHON PKPU VI MERUPAKAN DEBITOR DARI PEMOHON PKPU DAN TERMOHON PKPU I, TERMOHON PKPU II, TERMOHON PKPU III, TERMOHON PKPU IV, TERMOHON PKPU V DAN TERMOHON PKPU VI MEMILIKI UTANG YANG TELAH JATUH WAKTU KEPADA PEMOHON PKPU DAN DAPAT DITAGIH.

B.   **PARA TERMOHON PKPU MEMILIKI LEBIH DARI 1 (SATU) KREDITOR**

33.   Bahwa, ketentuan Pasal 222 ayat (1) UU Kepailitan mengatur mengenai syarat permohonan PKPU harus terdapat lebih dari 1 (satu) kreditor, sebagaimana ketentuan tersebut berbunyi:

*"Penundaan Kewajiban Pembayaran Utang diajukan oleh Debitor yang mempunyai lebih dari 1 (satu) Kreditor atau oleh Kreditor".*

34.   Dengan demikian, guna terpenuhinya syarat pengajuan PKPU sebagaimana diatur dalam ketentuan Pasal 222 ayat (1) UU Kepailitan tersebut di atas, maka dengan ini **PEMOHON PKPU DAPAT MEMBUKTIKAN ADANYA**

**KREDITOR LAIN DARI PARA TERMOHON PKPU SELAIN PEMOHON PKPU**, yaitu:

a. Kreditor lain dari Termohon PKPU I:

**CV. CAHAYA ASIA**, suatu badan usaha yang beralamat di Jl. Dr. Wahidin SH, RT.02/RW.08, Desa Kembangan, Kecamatan Kebonmas, Kabupaten Gresik, Jawa Timur, Indonesia.

Berdasarkan keterangan yang Pemohon PKPU peroleh dari CV. Cahaya Asia, terdapat fakta hukum yang berbasis kepada dokumen bahwa **Termohon PKPU I juga memiliki utang kepada CV. Cahaya Asia (in casu Kreditor Lain Termohon PKPU I) sebesar Rp.603.432.000 (enam ratus tiga juta empat ratus tiga puluh dua ribu Rupiah) ("Tagihan Kreditor Lain Termohon PKPU I")** yang timbul berdasarkan *Purchase Order* (Surat Pemesanan) No.PO/CVCA-DMDT/I/50K tertanggal 27 Mei 2019, dimana Termohon PKPU I memesan "Box 610 + Layer" kepada Pemohon PKPU sebanyak 52.020 (lima puluh dua ribu dua puluh) buah dengan harga per buahnya sebesar Rp.11.600 (sebelas ribu enam ratus Rupiah);

b. Kreditor lain dari Termohon PKPU II:

**CV. CAHAYA ASIA**, suatu badan usaha yang beralamat di Jl. Dr. Wahidin SH, RT.02/RW.08, Desa Kembangan, Kecamatan Kebonmas, Kabupaten Gresik, Jawa Timur, Indonesia.

Berdasarkan keterangan yang Pemohon PKPU peroleh dari CV. Cahaya Asia, terdapat fakta hukum yang berbasis kepada dokumen bahwa **Termohon PKPU II juga memiliki utang kepada CV. Cahaya Asia (in casu Kreditor Lain Termohon PKPU II) sebesar Rp.617.352.000 (enam ratus tujuh belas juta tiga ratus lima puluh dua ribu Rupiah) ("Tagihan Kreditor Lain Termohon PKPU II")** yang timbul berdasarkan *Purchase Order* (Surat Pemesanan) No.PO/CVCA-DDT/I/50K tertanggal 15 Mei 2019, dimana Termohon PKPU II memesan "Box 610 + Layer" kepada Pemohon PKPU sebanyak 53.220 (lima puluh tiga ribu dua ratus dua puluh) buah dengan harga per buahnya sebesar Rp.11.600 (sebelas ribu enam ratus Rupiah);

c. Kreditor lain dari Termohon PKPU III:

**CV. CAHAYA ASIA**, suatu badan usaha yang beralamat di Jl. Dr. Wahidin SH, RT.02/RW.08, Desa Kembangan, Kecamatan Kebonmas, Kabupaten Gresik, Jawa Timur, Indonesia.

Berdasarkan keterangan yang Pemohon PKPU peroleh dari CV. Cahaya Asia, terdapat fakta hukum yang berbasis kepada dokumen bahwa **Termohon PKPU III juga memiliki utang kepada CV. Cahaya Asia** (*in casu* **Kreditor Lain Termohon PKPU III) sebesar Rp.588.734.800 (lima ratus delapan puluh delapan juta tujuh ratus tiga puluh empat ribu delapan ratus Rupiah) ("Tagihan Kreditor Lain Termohon PKPU III")** yang timbul berdasarkan *Purchase Order* (Surat Pemesanan) No.PO/CVCA-DMST/I/50K tertanggal 16 Mei 2019, dimana Termohon PKPU III memesan "Box 610 + Layer" kepada Pemohon PKPU sebanyak 50.753 (lima puluh ribu tujuh ratus lima puluh tiga) buah dengan harga per buahnya sebesar Rp.11.600 (sebelas ribu enam ratus Rupiah);

d. Kreditor lain dari Termohon PKPU IV:

**CV. CAHAYA ASIA**, suatu badan usaha yang beralamat di Jl. Dr. Wahidin SH, RT.02/RW.08, Desa Kembangan, Kecamatan Kebonmas, Kabupaten Gresik, Jawa Timur, Indonesia.

Berdasarkan keterangan yang Pemohon PKPU peroleh dari CV. Cahaya Asia, terdapat fakta hukum yang berbasis kepada dokumen bahwa **Termohon PKPU IV juga memiliki utang kepada CV. Cahaya Asia** (*in casu* **Kreditor Lain Termohon PKPU IV) sebesar Rp.592.992.000 (lima ratus sembilan puluh dua juta sembilan ratus sembilan puluh dua ribu Rupiah) ("Tagihan Kreditor Lain Termohon PKPU IV")** yang timbul berdasarkan *Purchase Order* (Surat Pemesanan) No.PO/CVCA-DDST/I/50K tertanggal 17 Mei 2019, dimana Termohon PKPU IV memesan "Box 610 + Layer" kepada Pemohon PKPU sebanyak 51.120 (lima puluh satu ribu seratus dua puluh) buah dengan harga per buahnya sebesar Rp.11.600 (sebelas ribu enam ratus Rupiah);

e. Kreditor lain dari Termohon PKPU V:

**CV. CAHAYA ASIA**, suatu badan usaha yang beralamat di Jl. Dr. Wahidin SH, RT.02/RW.08, Desa Kembangan, Kecamatan Kebonmas, Kabupaten Gresik, Jawa Timur, Indonesia.

Berdasarkan keterangan yang Pemohon PKPU peroleh dari CV. Cahaya Asia, terdapat fakta hukum yang berbasis kepada dokumen bahwa **Termohon PKPU V juga memiliki utang kepada CV. Cahaya Asia** (*in casu* **Kreditor Lain Termohon PKPU V**) sebesar **Rp.584.872.000 (lima ratus delapan puluh empat juta delapan ratus tujuh puluh dua ribu Rupiah)** ("**Tagihan Kreditor Lain Termohon PKPU V**") yang timbul berdasarkan *Purchase Order* (Surat Pemesanan) No.PO/CVCA-DSSA/I/50K tertanggal 23 Mei 2019, dimana Termohon PKPU V memesan "Box 610 + Layer" kepada Pemohon PKPU sebanyak 50.420 (lima puluh ribu empat ratus dua puluh) buah dengan harga per buahnya sebesar Rp.11.600 (sebelas ribu enam ratus Rupiah);

f.    Kreditor lain dari Termohon PKPU VI:

**CV. CAHAYA ASIA**, suatu badan usaha yang beralamat di Jl. Dr. Wahidin SH, RT.02/RW.08, Desa Kembangan, Kecamatan Kebonmas, Kabupaten Gresik, Jawa Timur, Indonesia.

Berdasarkan keterangan yang Pemohon PKPU peroleh dari CV. Cahaya Asia, terdapat fakta hukum yang berbasis kepada dokumen bahwa **Termohon PKPU VI juga memiliki utang kepada CV. Cahaya Asia** (*in casu* **Kreditor Lain Termohon PKPU VI**) sebesar **Rp.617.236.000 (enam ratus tujuh belas juta dua ratus tiga puluh enam ribu Rupiah)** ("**Tagihan Kreditor Lain Termohon PKPU VI**") yang timbul berdasarkan *Purchase Order* (Surat Pemesanan) No.PO/CVCA-DAMAITEX/I/50K tertanggal 22 Mei 2019, dimana Termohon PKPU VI memesan "Box 610 + Layer" kepada Pemohon PKPU sebanyak 53.210 (lima puluh tiga ribu dua ratus sepuluh) buah dengan harga per buahnya sebesar Rp.11.600 (sebelas ribu enam ratus Rupiah);

status dari tagihan-tagihan para kreditur lain sebagaimana dimaksud di atas seluruhnya masih belum dibayarkan oleh masing-masing Para Termohon PKPU sampai dengan diajukannya Permohonan PKPU *a quo* ini.

35. Bahwa, berdasarkan uraian mengenai fakta yang disertai dengan bukti sebagaimana dimaksud di atas, maka **telah terbukti secara sah dan sederhana bahwa Termohon PKPU memiliki lebih dari 1 (satu) kreditor, sehingga Permohonan PKPU yang diajukan terhadap Termohon PKPU**

telah memenuhi syarat sebagaimana dimaksud dalam ketentuan Pasal 222 ayat (1) UU Kepailitan.

c. **PEMOHON PKPU MEMPERKIRAKAN BAHWA PARA TERMOHON PKPU TIDAK DAPAT MELANJUTKAN MEMBAYAR UTANG YANG TELAH JATUH WAKTU DAN DAPAT DITAGIH TERSEBUT**

36. Bahwa Permohonan PKPU *a quo* diajukan oleh Pemohon PKPU berdasarkan adanya fakta bahwa Para Termohon PKPU mempunyai Utang Yang Telah Jatuh Waktu Dan Dapat Ditagih kepada Pemohon PKPU sebagaimana telah diuraikan secara terperinci di atas.

37. Bahwa, berdasarkan pertemuan pada tanggal 12 Desember 2018 yang dibuktikan dengan adanya Notulen Rapat, diperoleh keterangan bahwa memang Para Termohon PKPU sedang dalam keadaan kesulitan keuangan/*cash flow*, hal mana didukung pula oleh pemberitaan di media massa secara terus menerus yang dimulai sejak bulan Juli 2019, yang antara lain memberitakan bahwa Para Termohon PKPU memiliki utang kepada sejumlah kreditur bank yang nilainya hampir mencapai Rp.20 triliun dan saat ini beberapa Termohon PKPU mengalami kegagalan untuk membayar utang-utang tersebut.

38. Selain itu, Pemohon PKPU telah dapat membuktikan bahwa Para Termohon PKPU telah terbukti secara sederhana tidak melakukan pembayaran terhadap Utang Yang Telah Jatuh Waktu Dan Dapat Ditagih, yang belum dibayarkan sejak 30 April 2019 dan bahkan sampai dengan tanggal dimana Permohonan PKPU *a quo* ini diajukan, padahal **PEMOHON PKPU TELAH SECARA PATUT MENEGUR DAN/ATAU MEMBERIKAN PERINGATAN KERAS KEPADA PARA TERMOHON PKPU UNTUK MEMBAYAR KEWAJIBAN UTANG YANG TELAH JATUH WAKTU DAN DAPAT DITAGIH TERSEBUT LEBIH DARI 1 (SATU) KALI,** sebagaimana telah diuraikan di atas.

39. Bahwa terhitung sejak Surat Teguran dan Somasi yang dikirimkan oleh Pemohon PKPU kepada Para Termohon PKPU sampai dengan diajukannya Permohonan PKPU *a quo* ini, Pemohon PKPU tidak pernah menerima respon, balasan dan/atau penjelasan apapun dari Para Termohon PKPU sebagai bentuk itikad baik yang sangat mendasar, yang setidaknya dapat memberikan informasi mengenai kemampuan dan/atau kesanggupan dari Para Termohon PKPU untuk memenuhi kewajiban pembayaran atas Utang Yang Telah Jatuh Waktu Dan Dapat Ditagih kepada Pemohon PKPU.

40. Dengan demikian, adalah **NYATA dan TERBUKTI** bahwa unsur debitor tidak dapat melanjutkan membayar atas Utang Yang Telah Jatuh Waktu dan Dapat Ditagih sebagaimana dipersyaratkan dalam ketentuan Pasal 222 ayat (3) UU Kepailitan untuk dapat diajukannya Permohonan PKPU oleh Pemohon PKPU selaku kreditor yang sah dari Para Termohon PKPU **TELAH TERPENUHI.**

41. Dengan demikian, merupakan fakta hukum bahwa Para Termohon PKPU tidak pernah melakukan pembayaran atas Utang Yang Telah Jatuh Waktu Dan Dapat Ditagih tersebut meskipun telah dilakukan penagihan dan peringatan serta peneguran oleh Pemohon PKPU, oleh karenanya **MAKA TELAH CUKUP ALASAN BAGI PEMOHON PKPU UNTUK MENGAJUKAN PERMOHONAN PKPU *A QUO* KEPADA PARA TERMOHON PKPU DAN CUKUP BERALASAN PULA UNTUK MENYATAKAN BAHWA PARA TERMOHON PKPU TIDAK MAMPU MELAKUKAN PELUNASAN ATAUPUN PEMBAYARAN ATAS UTANG YANG TELAH JATUH WAKTU DAN DAPAT DITAGIH TERSEBUT.**

42. Uraian tersebut di atas juga telah sejalan dengan ketentuan Pasal 222 ayat (3) UU Kepailitan yang berbunyi:

*"Kreditor yang memperkirakan bahwa Debitor tidak dapat melanjutkan membayar utangnya yang sudah jatuh waktu dan dapat ditagih, dapat memohon agar kepada Debitor diberi penundaan kewajiban pembayaran utang, untuk memungkinkan Debitor mengajukan rencana perdamaian yang meliputi tawaran pembayaran sebagian atau seluruh utang kepada Kreditornya."*

IV. **PERMOHONAN PKPU *A QUO* DAPAT DIBUKTIKAN SECARA SEDERHANA SESUAI DENGAN KETENTUAN PASAL 8 AYAT (4) UU KEPAILITAN**

43. Bahwa berdasarkan uraian fakta-fakta di atas dan bukti-bukti yang disampaikan oleh Pemohon PKPU, maka demi hukum telah **TERBUKTI SECARA SEDERHANA** bahwa:

a. Terpenuhinya unsur **ADANYA HUBUNGAN HUKUM YANG SAH ANTARA PEMOHON PKPU SELAKU KREDITOR DENGAN PARA TERMOHON PKPU SELAKU DEBITOR, SEBAGAIMANA DAPAT DIBUKTIKAN DENGAN PERJANJIAN PENYELESAIAN DAN PENGAKUAN UTANG, SERTA PERJANJIAN-PERJANJIAN JAMINAN PERUSAHAAN;**

b. Terpenuhinya unsur **ADANYA UTANG PARA TERMOHON PKPU YANG TELAH JATUH TEMPO DAN HARUS DIBAYAR** (*DUE AND PAYABLE*) **KEPADA PEMOHON PKPU SEBESAR Rp.1.697.880.000 (SATU MILIAR ENAM RATUS SEMBILAN PULUH TUJUH JUTA DELAPAN RATUS DELAPAN PULUH RIBU RUPIAH), BERDASARKAN: (I) PERJANJIAN PENYELESAIAN DAN PENGAKUAN UTANG; DAN (II) PERJANJIAN-PERJANJIAN JAMINAN PERUSAHAAN;**

c. Terpenuhinya unsur **PARA TERMOHON PKPU MEMILIKI LEBIH DARI 1 (SATU) KREDITOR, YAKNI PT SHINE GOLDEN BRIDGE** (*IN CASU* **PEMOHON PKPU) DAN CV Cahaya Asia** (*IN CASU* **KREDITOR LAIN PARA TERMOHON PKPU).**

44. Berdasarkan uraian tersebut di atas, maka **TELAH DAPAT DIBUKTIKAN SECARA SEDERHANA PERMOHONAN PKPU** *A QUO* sebagaimana diamanatkan dalam ketentuan Pasal 8 ayat (4) UU Kepailitan yang menyatakan:

*"Permohonan pernyataan pailit **harus dikabulkan apabila terdapat fakta atau keadaan yang terbukti secara sederhana** bahwa persyaratan untuk dinyatakan pailit sebagaimana dimaksud dalam Pasal 2 ayat (1) telah dipenuhi."*

Lebih lanjut, Penjelasan Pasal 8 ayat (4) UU Kepailitan menerangkan mengenai "fakta atau keadaan yang terbukti secara sederhana" sebagai berikut:

*"Yang dimaksud dengan "fakta atau keadaan yang terbukti secara sederhana" adalah adanya fakta dua atau lebih kreditor dan fakta utang-utang yang telah jatuh waktu dan tidak dibayar. <u>Sedangkan perbedaan besarnya jumlah utang yang didalilkan oleh Pemohon dan Termohon tidak menghalangi dijatuhkannya putusan pernyataan Pailit.</u>"*

Bahwa dengan kata lain, yang dimaksud terbukti secara sederhana adalah <u>KREDITOR DAPAT MEMBUKTIKAN BAHWA DEBITOR BERUTANG KEPADANYA, DAN UTANG TERSEBUT BELUM DIBAYARKAN OLEH DEBITOR KEPADANYA DAN TELAH JATUH WAKTU SERTA DAPAT DITAGIH, KEMUDIAN PEMOHON PKPU DAPAT MEMBUKTIKAN BAHWA PARA TERMOHON PKPU MEMPUNYAI KREDITOR LAIN SELAIN DIRINYA.</u>

46. Disamping itu perlu juga kiranya menjadi pertimbangan Yang Mulia Majelis Hakim atas doktrin dan yurisprudensi tetap dalam perkara kepailitan dan/atau PKPU yaitu sebagai berikut:

a. Kartini Muljadi dalam buku Gunawan Widjaja berjudul "Pedoman Menangani Perkara Kepailitan" (Jakarta, PT. Raja Grafindo Persada, 2004) pada halaman 141 menyatakan bahwa *"yang dimaksud dengan pembuktian sederhana adalah pembuktian sederhana mengenai: 1) eksistensi dari suatu utang Debitor yang dimohonkan kepailitan, yang telah jatuh tempo; dan 2) eksistensi dari dua atau lebih kreditor dari Debitor yang dimohonkan kepailitan".*

b. Putusan Pengadilan Niaga No.35/Pailit/2002/PN.Niaga.Jkt.Pst. *juncto.* Putusan Mahkamah Agung Republik Indonesia No.02 K/N/2003.

   Dalam perkara tersebut, Debitor tidak membayar biaya pemesanan hotel dan makanan pada waktu yang telah diperjanjikan. Walaupun terhadap kewajiban Debitor ini, Debitor telah mengajukan usulan untuk membayar secara mengangsur, namun Termohon tetap dipailitkan karena telah terbukti secara sederhana memiliki utang yang telah jatuh Waktu dan dapat ditagih.

c. Putusan Mahkamah Agung Republik Indonesia No.02 K/N/2003, dimana hakim yang memutus perkara dalam pertimbangannya menyatakan:

   *"Termohon Kasasi adalah debitur yang mempunyai 2 kreditur (Pemohon Kasasi dan PT. Bank Lippo, Tbk.) serta tidak membayar lunas sedikitnya satu utang (utang kepada Pemohon Kasasi) yang telah jatuh tempo dan dapat ditagih sehingga Permohonan Pailit yang diajukan oleh Pemohon Kasasi **harus dikabulkan."***

## V. PERMOHONAN PKPU A QUO BERDASAR HUKUM UNTUK DIKABULKAN

Dari uraian tersebut di atas jelas bahwa Permohonan PKPU *a quo* telah memenuhi persyaratan permohonan Penundaan Kewajiban Pembayaran Utang (PKPU) sebagaimana diatur dalam UU Kepailitan.

48. Bahwa oleh karena itu berdasarkan Pasal 225 ayat (3) UU Kepailitan *juncto.* Lampiran I Surat Edaran Mahkamah Agung Republik Indonesia Nomor 2 Tahun 2016 tentang Peningkatan Efisiensi dan Transparansi Penanganan Perkara Kepailitan dan Penundaan Kewajiban Pembayaran Utang di Pengadilan ("**SEMA No.2/2016**"), Pengadilan Niaga dalam jangka waktu

paling lambat 20 (dua puluh) hari kerja sejak tanggal didaftarkannya Permohonan PKPU ini, harus mengabulkan penundaan kewajiban pembayaran utang sementara dan harus menunjuk seorang Hakim Pengawas dari Hakim-Hakim Niaga di Pengadilan Niaga pada Pengadilan Negeri Jakarta Pusat serta mengangkat 1 (satu) atau lebih pengurus yang bersama dengan Debitor mengurus harta Debitor, sebagaimana ketentuan tersebut berbunyi:

### Pasal 225 ayat (3) UU Kepailitan:

*"Dalam hal permohonan diajukan oleh Kreditor, Pengadilan dalam waktu paling lambat 20 (dua puluh) hari sejak tanggal didaftarkannya surat permohonan, **harus mengabulkan** permohonan penundaan kewajiban pembayaran utang sementara dan harus menunjuk Hakim Pengawas dari hakim pengadilan serta mengangkat 1 (satu) atau lebih pengurus yang bersama dengan Debitor mengurus harta Debitor."*

### SEMA No.2/2016:

*"(Jangka Waktu Penetapan PKPU Sementara) 20 hari kerja sejak tanggal didaftarkannya surat permohonan (paling lambat) - yang diajukan oleh kreditur."*

49. Bahwa Permohonan PKPU *a quo* telah sesuai dengan UU Kepailitan yang mengatur dan juga Pemohon PKPU dapat membuktikan adanya beberapa perkara yang sama yang telah diputus oleh Pengadilan Niaga pada Pengadilan Negeri Jakarta Pusat khususnya terhadap permohonan PKPU terhadap debitor dan guarantornya yang telah melepaskan hak-hak istimewanya, sebagaimana dapat dibuktikan dengan putusan-putusan sebagai berikut:

a. Putusan No. 62/Pdt.Sus-PKPU/2018/PN.Niaga.Jkt.Pst tanggal 22 Juni 2018;

b. Putusan No. 63/Pdt.Sus/PKPU/2018/PN.Niaga.Jkt.Pst tanggal 22 Juni 2018.

50. Majelis Hakim pemeriksa perkara yang kami hormati, bahwa dengan dapat dibuktikannya persyaratan permohonan Penundaan Kewajiban Pembayaran Utang (PKPU) sebagaimana diatur dalam UU Kepailitan telah terpenuhi, **MAKA DEMI HUKUM PERMOHONAN PKPU *A QUO* SUDAH SEPATUTNYA DAN SELAYAKNYA UNTUK DIKABULKAN.**

### VI.   PENUNJUKAN HAKIM PENGAWAS DAN TIM PENGURUS

51. Bahwa dengan dapat dikabulkannya Permohonan PKPU *a quo* secara sederhana maka dengan ini Pemohon PKPU memohon kepada Majelis Hakim yang memeriksa perkara *a quo* untuk dapat menunjuk Hakim Pengawas dari hakim Pengadilan Niaga pada Pengadilan Negeri Semarang yang bertugas untuk mengawasi jalannya proses PKPU *a quo*.

52. Selain itu, Pemohon PKPU juga memohon kepada Majelis Hakim yang memeriksa perkara *a quo* untuk dapat menunjuk dan mengangkat:

a. Saudara **HAMONANGAN SYAHDAN HUTABARAT, S.H.**, berkantor di SHAL Legal Counsellors, yang sekarang beralamat di Sovereign Plaza Lantai 20 Unit C, Jl. TB. Simatupang, Kavling 36, Jakarta Selatan, 12430, Kurator dan Pengurus yang terdaftar di Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia Nomor AHU-203.AH.04.03-2017 tertanggal 6 November 2017;

b. Saudara **ALFIN SULAIMAN, S.H., M.H.**, berkantor di Sulaiman & Herling Attorneys at Law, dengan alamat di Menara Bank Danamoan, Lt.12, Zona F suite 1201, Jl. Prof. Dr. Satrio Kav.EIV No.6, Mega Kuningan, Jakarta Selatan, Kurator dan Pengurus yang terdaftar di Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia Nomor AHU.AH.04.03-86 tertanggal 4 April 2016;

c. Saudara **JANUARDO SULUNG P. SIHOMBING, S.H., M.H., M.A., BKP.**, berkantor di Simanungkalit Sihombing & Rekan, dengan alamat di Gedung Manggala Wanabhakti, Blok IV, Lantai 3, Suite 332, Wing B, Jl. Jend. Gatot Subroto No.6, Senayan, Jakarta Pusat 10270, Kurator dan Pengurus yang terdaftar di Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia Nomor AHU-AH.04.03-224 tertanggal 18 November 2016; dan

d. Saudari **NILA ASRIYANTI, S.H.**, berkantor di SYAHRIAL RIDHO & PARTNERS, dengan alamat di Ruko Plaza Ciputat Mas Blok B/AA, Jalan Ir. H. Juanda No. 5A, Jakarta Selatan – 15412, Kurator dan Pengurus yang terdaftar di Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia Nomor AHU.AH.04.03-48 tanggal 22 Maret 2017;

Sebagai Tim Pengurus dalam proses PKPU *a quo* yang berdasarkan keterangannya sendiri berhak menjabat baik sebagai Pengurus dalam proses PKPU maupun sebagai Kurator dalam proses kepailitan, dan tidak ada benturan kepentingan jika diangkat sebagai Pengurus dalam perkara

PKPU *a quo*, serta tidak sedang menangani 3 (tiga) perkara kepailitan maupun PKPU pada saat ini.

Berdasarkan uraian-uraian tersebut di atas, kiranya cukup alasan bagi Majelis Hakim Pengadilan Niaga pada Pengadilan Negeri Semarang yang menangani perkara *a quo* untuk memeriksa, mengadili serta memberikan putusan sebagai berikut:

1. Mengabulkan Permohonan Penundaan Kewajiban Pembayaran Utang (PKPU) yang diajukan oleh Pemohon PKPU terhadap:

   a. **PT DELTA MERLIN DUNIA TEXTILE**/Termohon PKPU I;

   b. **PT DELTA DUNIA TEKSTIL**/Termohon PKPU II;

   c. **PT DELTA MERLIN SANDANG TEKSTIL**/Termohon PKPU III;

   d. **PT DELTA DUNIA SANDANG TEKSTIL**/Termohon PKPU IV;

   e. **PT DUNIA SETIA SANDANG ASLI TEKSTIL**/Termohon PKPU V; dan

   f. **PT PERUSAHAAN DAGANG DAN PERINDUSTRIAN DAMAI**/Termohon PKPU VI;

   dan menyatakan:

   a. **PT DELTA MERLIN DUNIA TEXTILE**/Termohon PKPU I;

   b. **PT DELTA DUNIA TEKSTIL**/Termohon PKPU II;

   c. **PT DELTA MERLIN SANDANG TEKSTIL**/Termohon PKPU III;

   d. **PT DELTA DUNIA SANDANG TEKSTIL**/Termohon PKPU IV;

   e. **PT DUNIA SETIA SANDANG ASLI TEKSTIL**/Termohon PKPU V; dan

   f. **PT PERUSAHAAN DAGANG DAN PERINDUSTRIAN DAMAI**/Termohon PKPU VI;

   berada dalam Penundaan Kewajiban Pembayaran Utang;

2. Menetapkan Penundaan Kewajiban Pembayaran Utang (PKPU) Sementara terhadap

   a. **PT DELTA MERLIN DUNIA TEXTILE**/Termohon PKPU I;

   b. **PT DELTA DUNIA TEKSTIL**/Termohon PKPU II;

   c. **PT DELTA MERLIN SANDANG TEKSTIL**/Termohon PKPU III;

   d. **PT DELTA DUNIA SANDANG TEKSTIL**/Termohon PKPU IV;

   e. **PT DUNIA SETIA SANDANG ASLI TEKSTIL**/Termohon PKPU V; dan

   f. **PT PERUSAHAAN DAGANG DAN PERINDUSTRIAN DAMAI**/Termohon PKPU VI;

   untuk jangka waktu paling lama 45 (empat puluh lima) hari sejak dikeluarkannya putusan ini;

3.  Menunjuk dan mengangkat Hakim Pengawas dari Hakim-Hakim Pengadilan Niaga pada Pengadilan Negeri Semarang untuk mengawasi proses Penundaan Kewajiban Pembayaran Utang (PKPU) terhadap:

a. **PT DELTA MERLIN DUNIA TEXTILE**/Termohon PKPU I;

b. **PT DELTA DUNIA TEKSTIL**/Termohon PKPU II;

c. **PT DELTA MERLIN SANDANG TEKSTIL**/Termohon PKPU III;

d. **PT DELTA DUNIA SANDANG TEKSTIL**/Termohon PKPU IV;

e. **PT DUNIA SETIA SANDANG ASLI TEKSTIL**/Termohon PKPU V; dan

f. **PT PERUSAHAAN DAGANG DAN PERINDUSTRIAN DAMAI**/Termohon PKPU VI;

4.  Menunjuk dan mengangkat:

a. Saudara **HAMONANGAN SYAHDAN HUTABARAT, S.H.**, berkantor di SHAL Legal Counsellors, yang sekarang beralamat di Sovereign Plaza Lantai 20 Unit C, Jl. TB. Simatupang, Kavling 36, Jakarta Selatan, 12430, Kurator dan Pengurus yang terdaftar di Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia Nomor AHU-203.AH.04.03-2017 tertanggal 6 November 2017;

b. Saudara **ALFIN SULAIMAN, S.H., M.H.**, berkantor di Sulaiman & Herling Attorneys at Law, dengan alamat di Menara Bank Danamaon, Lt.12, Zona F suite 1201, Jl. Prof. Dr. Satrio Kav.EIV No.6, Mega Kuningan, Jakarta Selatan, Kurator dan Pengurus yang terdaftar di Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia Nomor AHU.AH.04.03-86 tertanggal 4 April 2016;

c. Saudara **JANUARDO SULUNG P. SIHOMBING, S.H., M.H., M.A., BKP.**, berkantor di Simanungkalit Sihombing & Rekan, dengan alamat di Gedung Manggala Wanabhakti, Blok IV, Lantai 3, Suite 332, Wing B, Jl. Jend. Gatot Subroto No.6, Senayan, Jakarta Pusat 10270, Kurator dan Pengurus yang terdaftar di Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia Nomor AHU-AH.04.03-224 tertanggal 18 November 2016; dan

d. Saudari **NILA ASRIYANTI, S.H.**, berkantor di SYAHRIAL RIDHO & PARTNERS, dengan alamat di Ruko Plaza Ciputat Mas Blok B/AA, Jalan Ir. H. Juanda No. 5A, Jakarta Selatan – 15412, Kurator dan Pengurus yang terdaftar di Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia Nomor AHU.AH.04.03-48 tanggal 22 Maret 2017;

Sebagai Tim Pengurus dalam proses Penundaan Kewajiban Pembayaran Utang (PKPU) *a quo*, dan sebagai Tim Kurator apabila:

a. **PT DELTA MERLIN DUNIA TEXTILE**/Termohon PKPU I;

b. **PT DELTA DUNIA TEKSTIL**/Termohon PKPU II;

c. **PT DELTA MERLIN SANDANG TEKSTIL**/Termohon PKPU III;

d. **PT DELTA DUNIA SANDANG TEKSTIL**/Termohon PKPU IV;

e. **PT DUNIA SETIA SANDANG ASLI TEKSTIL**/Termohon PKPU V; dan

f. **PT PERUSAHAAN DAGANG DAN PERINDUSTRIAN DAMAI**/Termohon PKPU VI;

dalam perkara Penundaan Kewajiban Pembayaran Utang (PKPU) *a quo* dinyatakan Pailit;

5.    Membebankan seluruh biaya pengadilan kepada:

a. **PT DELTA MERLIN DUNIA TEXTILE**/Termohon PKPU I;

b. **PT DELTA DUNIA TEKSTIL**/Termohon PKPU II;

c. **PT DELTA MERLIN SANDANG TEKSTIL**/Termohon PKPU III;

d. **PT DELTA DUNIA SANDANG TEKSTIL**/Termohon PKPU IV;

e. **PT DUNIA SETIA SANDANG ASLI TEKSTIL**/Termohon PKPU V; dan

f. **PT PERUSAHAAN DAGANG DAN PERINDUSTRIAN DAMAI**/Termohon PKPU VI;

Atau apabila Majelis Hakim Yang Terhormat pada Pengadilan Niaga pada Pengadilan Negeri Semarang yang memeriksa dan memutus perkara ini mempunyai pertimbangan lain, mohon dapat diberikan putusan yang seadil-adilnya (*ex aequo et bono*).

Menimbang, bahwa pada hari persidangan yang telah ditetapkan telah datang menghadap di persidangan Pemohon PKPU dan Para Termohon PKPU masing-masing hadir Kuasa Hukumnya sebagaimana tersebut di atas;

Menimbang, bahwa permohonan pernyataan PKPU dari Pemohon dibacakan dalam persidangan yang selanjutnya Pemohon PKPU menyatakan tetap pada dalil - dalil permohonannya;

Menimbang, bahwa atas Permohonan PKPU tersebut, Para Termohon PKPU mengajukan Jawaban tanggal 20 September 2019 sebagai berikut:

**PARA TERMOHON PKPU MENGALAMI TANTANGAN LIKUIDITAS YANG BESAR YANG DIAKIBATKAN PERANG DAGANG ANTARA AMERIKA DAN CINA YANG MERUGIKAN PASAR TEKSTIL INDONESIA DAN BERIMBAS DENGAN PENURUNAN MARJIN PARA TERMOHON PKPU SECARA SIGNIFIKAN**

1.  Bahwa pada mulanya kesulitan keuangan Para Termohon PKPU muncul akibat salah satu entitas, yaitu PT Delta Dunia Sandang Textile (DDST) (*in casu* Termohon PKPU IV) gagal menunaikan kewajibannya membayar bunga senilai USD13,4 juta atas pinjaman sindikasi dari 14 bank senilai total 260 juta dollar AS pada 10 Juli 2019. Bahwa penyebab gagal bayar PT Delta Dunia Sandang Textile (*in casu* Termohon PKPU IV) disebabkan oleh perang dagang antara Amerika dan China yang berimbas dengan penurunan marjin.

2.  Bahwa pada Juli 2019, marjin lini penenunan (weaving) Para Termohon PKPU melalui PT Delta Merlin Dunia Textile (DMDT) (*in casu* Termohon PKPU I) menurun pada awal tahun 2019. Pada kuartal 1/2019 marjin DMDT sebesar 15,3 persen pada kuartal 1/2019. Nilai ini turun dibandingkan marjin yang diperoleh pada akhir 2018 sebesar 18,2 persen.

3.  Perang dagang bukan sumber utama kesulitan likuiditas Para Termohon PKPU, biaya produksi yang besar dibandingkan kompetitor juga jadi salah satu penyebab. Kompetitor Duniatex Group misalnya PT Sri Rezeki Isman Tbk (SRIL, anggota indeks Kompas100) alias Sritex justru mencatat peningkatan marjin pada periode yang sama. Dari 15,6 persen pada akhir 2018, menjadi 17,9 persen pada kuartal 1/2019.

4.  PT Delta Merlin Dunia Textile (*in casu* Termohon PKPU I) membayar benang (yarn) lebih tinggi dibandingkan Sritex. Dimana, pada 2018 DMDT membeli benang dengan harga Rp 37.112 per kilogram. Sedangkan harga beli benang Sritex senilai Rp 35.231 per kilogram. Harga beli benang PT Delta Merlin Dunia Textile (*in casu* Termohon PKPU I) juga cenderung meningkat, pada 2016 senilai Rp 33.922 per kilogram, dan senilai Rp 36.451 per kilogram. Di lain sisi, harga jual kain dari PT Delta Merlin Dunia Textile (*in casu* Termohon PKPU I) sejak 2016 justru terus merosot hingga kuartal 1/2019.

    Di lini pemintalan (spinning) ada tiga perusahaan yaitu PT Delta Merlin Sandang Tekstil (DMST) (*in casu* Termohon PKPU III), PT Delta Dunia Textile (DDT (*in casu* Termohon PKPU II), dan PT Delta Dunia Sandang Textile (DDST) (*in casu* Termohon PKPU IV). Di lini penenunan ada PT Delta Merlin Dunia Textile (DMDT) (*in casu* Termohon PKPU I), sedangkan di tahap pewarnaan (dyeing and finishing) akhir ada PT Dunia Setia Sandang Asli Textile (DSSAT) (*in casu* Termohon PKPU V) dan PT Perusahaan Dagang Dan Perindustrian Damai (Damaitex) (*in casu* Termohon PKPU VI).

6.  Bahwa oleh karena lini produksinya terintegrasi, ketika bisnis usaha di ujung (dyeing dan finishing) tertekan, di atas (spinning) akan berimbas. Atas dasar kejadian-kejadian atau keadaan-keadaan tersebut menyebabkan melemahnya likuiditas keuangan Para Termohon PKPU, yang berakibat pada ketidakmampuan Para Termohon PKPU pada kondisi saat ini untuk membayar utangnya yang telah jatuh waktu kepada para kreditornya **termasuk kepada Pemohon PKPU dan CV Cahaya Asia** yang ikut membantu menjalankan operasi kegiatan usaha dari Para Termohon PKPU.

**BERDASARKAN PERJANJIAN PEMBERIAN JAMINAN PERUSAHAAN (*CORPORATE GUARANTEE*), TERMOHON PKPU II, TERMOHON PKPU III, TERMOHON PKPU IV, TERMOHON PKPU V, DAN TERMOHON PKPU IV SECARA HUKUM MERUPAKAN DEBITOR DARI PEMOHON PKPU**

7.  Bahwa Para Termohon PKPU menyadari, dengan kekayaan yang dimiliki oleh Para Termohon PKPU saat ini, tidak dimungkinkan dan belum memiliki kemampuan untuk membayar dan melakukan penyelesaian atas kewajiban pembayaran seluruh utang-utangnya yang sudah jatuh waktu dan dapat ditagih kepada Pemohon PKPU dan CV Cahaya Asia. Sehingga, Para Termohon PKPU tidak dapat menghindari adanya Permohonan PKPU yang diajukan oleh Pemohon PKPU, yang menurut Undang-Undang No. 37 Tahun 2004 tentang Kepailitan dan Penundaan Kewajiban Pembayaran Utang ("**UUK**") memang dimungkinkan.

8.  Bahwa terhadap PT. Shine Golden Bridge (*in casu* Pemohon PKPU), Para Termohon PKPU sangat menyayangkan dengan adanya Permohonan PKPU *a quo*, karena Termohon PKPU I pun sebelum adanya Permohonan PKPU *a quo*, telah melakukan mengadakan pertemuan-pertemuan untuk menyelesaikan utangnya yang telah jatuh waktu dan dapat ditagih sebesar Rp1.697.880.000 yang timbul atas pemesanan barang berupa kardus "Box 365 + Layer" berdasarkan *Purchase Order* (Surat Pemesanan) No.PO1/SGB-DMDT/V/100K tertanggal 21 Juni 2018, dan *Purchase Order* (Surat Pemesanan) No.PO2/SGB-DMDT/VI/50K tertanggal 28 Juni 2018.

9.  Bahwa sehubungan dengan penyelesaian utang terhadap Pemohon PKPU tersebut, Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI pun secara sukarela telah bersedia menjamin dan mengikatkan diri untuk secara tanggung renteng/tanggung menanggung ikut menjamin pelunasan utang Termohon PKPU I kepada PT Shine Golden Bridge (in casu Pemohon PKPU) manakala Termohon PKPU I lalai dalam melaksakan pembayaran utangnya, dengan

memberikan jaminan berupa Jaminan Perusahaan (*Corporate Guarantee*) kepada Pemohon PKPU sebagaimana dengan telah ditandatanganinya perjanjian-perjanjian berikut:

a. Perjanjian Pemberian Jaminan Perusahaan (Corporate Guarantee) tertanggal 21 Januari 2019 yang dibuat dan ditandatangani oleh dan antara Pemohon PKPU dengan Termohon PKPU II;

b. Perjanjian Pemberian Jaminan Perusahaan (Corporate Guarantee) tertanggal 21 Januari 2019 yang dibuat dan ditandatangani oleh dan antara Pemohon PKPU dengan Termohon PKPU III;

c. Perjanjian Pemberian Jaminan Perusahaan (Corporate Guarantee) tertanggal 21 Januari 2019 yang dibuat dan ditandatangani oleh dan antara Pemohon PKPU dengan Termohon PKPU IV;

d. Perjanjian Pemberian Jaminan Perusahaan (Corporate Guarantee) tertanggal 21 Januari 2019 yang dibuat dan ditandatangani oleh dan antara Pemohon PKPU dengan Termohon PKPU V; dan

e. Perjanjian Pemberian Jaminan Perusahaan (Corporate Guarantee) tertanggal 21 Januari 2019 yang dibuat dan ditandatangani oleh dan antara Pemohon PKPU dengan Termohon PKPU VI;

10. Hal ini menunjukan bahwa Para Termohon PKPU dan jajaran Direksi terus berkomitmen untuk memenuhi seluruh kewajibannya kepada kreditor supplier termasuk kepada PT Shine Golden Bridge (*in casu* Pemohon PKPU).

**MERUPAKAN FAKTA HUKUM BAHWA PARA TERMOHON PKPU MEMILIKI UTANG KEPADA PARA KREDITOR, UTANG-UTANG MANA JUGA TELAH JATUH WAKTU DAN DAPAT DITAGIH**

11. Bahwa dalam menjalankan roda usahanya tersebut, baik Termohon PKPU I, Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V, dan Termohon PKPU VI telah memperoleh dukungan pembiayaan dari berbagai kreditor baik PT Shine Golden Bridge (*in casu* Pemohon PKPU) dan CV. Cahaya Asia yang merupakan kreditor supplier dan juga kreditor Bank sebagaimana berikut:

**PT DELTA MERLIN DUNIA TEXTILE (IN CASU TERMOHON PKPU I)**

| Nama Kreditor atau Fasilitas | Mata Uang | Tunggakan per 31 Agustus 2019 (Mata Uang Asli) | Tunggakan per 31 Agustus 2019 (Ekuivalen Rupiah) |
|---|---|---|---|
| Bank BNI Syariah, PT | IDR | 280,902,552,086 | |

|  |  |  | 280,902,552,086 |
|---|---|---|---|
| Bank BRI Syariah, PT | IDR | 294,406,489,834 | 294,406,489,834 |
| Bank Muamalat Tbk, PT | IDR | 124,900,000,000 | 124,900,000,000 |
| BNP Paribas, Singapore Branch Fasilitas Sindikasi yang disusun oleh Standard Chartered Bank dan BNP Paribas | IDR | 175,190,000,000 | 175,190,000,000 |
| Obligasi Senior US$300 juta Disusun BNP Paribas dan Standard Chartered Bank | USD | 78,875,000 | 1,143,687,500,000 |
|  | USD | 300,000,000 | 4,350,000,000,000 |
| **Subtotal** |  |  |  |
|  |  |  | **6,369,086,541,920** |

## PT DELTA DUNIA TEKSTIL (IN CASU TERMOHON PKPU II)

| Nama Kreditor atau Fasilitas | Mata Uang | Tunggakan per 31 Agustus 2019 (Mata Uang Asli) | Tunggakan per 31 Agustus 2019 (Ekuivalen Rupiah) |
|---|---|---|---|
| Bank Mandiri (Persero) Tbk, PT | IDR | 500,000,000,000 | 500,000,000,000 |
| Bank Mandiri (Persero) Tbk, PT | USD | 3,886,086 | 56,348,240,185 |
| Bank Mega Tbk, PT | IDR | 200,048,000,000 | 200,048,000,000 |
| Bank MNC Internasional Tbk., PT | IDR | 50,000,000,000 | 50,000,000,000 |
| Bank Rakyat Indonesia (Persero) Tbk, PT | IDR | 741,796,000,000 | 741,796,000,000 |
| Bank Rakyat Indonesia (Persero) Tbk, PT | USD | 2,223,043 | 32,234,126,110 |
| Bank Shinhan Indonesia, PT | IDR | 249,606,557,612 | 249,606,557,612 |
| Fasilitas A Sindikasi yang disusun oleh BNP Paribas | USD | 82,360,000 | 1,194,220,000,000 |
| Fasilitas B Sindikasi yang disusun oleh BNP Paribas | USD | 50,000,000 | 725,000,000,000 |
| Lembaga Pembiayaan Ekspor Indonesia | IDR | 1,133,102,959,881 | 1,133,102,959,881 |
| Standard Chartered Bank, Indonesia Branch | USD | 1,948,689 | 28,255,989,920 |
| **Subtotal** |  |  | **4,910,611,873,708** |

## PT DELTA MERLIN SANDANG TEKSTIL (IN CASU TERMOHON PKPU III)

| Nama Kreditor atau Fasilitas | Mata Uang | Tunggakan per 31 Agustus 2019 (Mata Uang Asli) | Tunggakan per 31 Agustus 2019 (Ekuivalen Rupiah) |
|---|---|---|---|

| | | | |
|---|---|---|---|
| Bank BRI Syariah, PT | IDR | 122,331,318,370 | 122,331,318,370 |
| Bank CIMB Niaga Tbk, PT | IDR | 70,000,000,000 | 70,000,000,000 |
| Bank Danamon Indonesia Tbk, PT | IDR | 11,750,000,000 | 11,750,000,000 |
| Bank Mandiri (Persero) Tbk, PT | IDR | 1,064,500,000,000 | 1,064,500,000,000 |
| Bank Mandiri (Persero) Tbk, PT | USD | 3,935,401 | 57,063,321,025 |
| Bank MNC Internasional Tbk., PT | IDR | 240,000,000,000 | 240,000,000,000 |
| Bank Permata Tbk, PT | IDR | 28,360,000,000 | 28,360,000,000 |
| Fasilitas Sindikasi Berjangka yang disusun oleh PT Bank Permata Tbk | USD | 12,000,000 | 174,000,000,000 |
| Lembaga Pembiayaan Ekspor Indonesia | IDR | 1,472,975,000,000 | 1,472,975,000,000 |
| Standard Chartered Bank, Indonesia Branch | IDR | 25,750,000,000 | 25,750,000,000 |
| Standard Chartered Bank, Indonesia Branch | USD | 3,284,108 | 47,619,567,740 |
| **Subtotal** | | | **3,314,349,207,135** |

## PT DELTA DUNIA SANDANG TEKSTIL (IN CASU TERMOHON PKPU IV)

| Nama Kreditor atau Fasilitas | Mata Uang | Tunggakan per 31 Agustus 2019 (Mata Uang Asli) | Tunggakan per 31 Agustus 2019 (Ekuivalen Rupiah) |
|---|---|---|---|
| Bank BNP Paribas Indonesia, PT | IDR | 66,039,000,000 | 66,039,000,000 |
| Bank HSBC Indonesia, PT | IDR | 18,850,000,000 | 18,850,000,000 |
| Bank HSBC Indonesia, PT | USD | 1,625,184 | 23,565,168,000 |
| Bank Maybank Indonesia, PT | IDR | 20,770,000,000 | 20,770,000,000 |
| Bank Maybank Indonesia, PT | USD | 1,916,047 | 27,782,676,135 |
| Bank MNC Internasional Tbk., PT | USD | 128,269 | 1,859,896,150 |
| Bank Nationalnobu Tbk, PT | IDR | 88,552,063,461 | 88,552,063,461 |
| Bank Negara Indonesia (Persero) Tbk, PT | IDR | 169,315,100,000 | 169,315,100,000 |
| Bank Permata Tbk, PT | IDR | 12,610,000,000 | 12,610,000,000 |

| | | | |
|---|---|---|---|
| Bank QNB Indonesia Tbk, PT | USD | 10,000,000 | 145,000,000,000 |
| Bank Syariah Mandiri, PT | IDR | 10,623,400,000 | 10,623,400,000 |
| Standard Chartered Bank, Indonesia Branch | USD | 5,116,566 | 74,190,199,750 |
| Tranche A Sindikasi yang disusun oleh BNP Paribas dan HSBC | USD | 102,600,000 | 1,487,699,999,997 |
| Tranche B Sindikasi yang disusun oleh BNP Paribas dan HSBC | USD | 60,000,000 | 870,000,000,000 |
| **Subtotal** | | | **3,016,857,503,493** |

## PT DUNIA SETIA SANDANG ASLI TEKSTIL (IN CASU TERMOHON PKPU V)

| Nama Kreditor atau Fasilitas | Mata Uang | Tunggakan per 31 Agustus 2019 (Mata Uang Asli) | Tunggakan per 31 Agustus 2019 (Ekuivalen Rupiah) |
|---|---|---|---|
| Bank BRI Syariah, PT | IDR | 45,704,744,917 | 45,704,744,917 |
| Bank CIMB Niaga Tbk, PT | IDR | 73,505,600,000 | 73,505,600,000 |
| Bank Danamon Indonesia Tbk, PT | IDR | 240,229,400,000 | 240,229,400,000 |
| Bank Harda Internasional Tbk, PT | IDR | 55,742,600,413 | 55,742,600,413 |
| Bank Maspion Indonesia Tbk, PT | IDR | 46,058,788,516 | 46,058,788,516 |
| Bank Mega Syariah, PT | IDR | 124,282,228,015 | 124,282,228,015 |
| Bank Multiarta Sentosa, PT | IDR | 183,732,674,177 | 183,732,674,177 |
| Bank Rakyat Indonesia (Persero) Tbk, PT | IDR | 670,833,000,000 | 670,833,000,000 |
| Bank Shinhan Indonesia, PT | IDR | 184,603,320,746 | 184,603,320,746 |
| Bank Syariah Mandiri, PT | IDR | 339,710,000,000 | 339,710,000,000 |
| **Subtotal** | | | **1,964,402,356,784** |

## PT PERUSAHAAN DAGANG DAN PERINDUSTRIAN DAMAI (IN CASU TERMOHON PKPU VI)

| | Mata | Tunggakan per 31 | Tunggakan per 31 |
|---|---|---|---|

| Nama Kreditor atau Fasilitas | Uang | Agustus 2019 (Mata Uang Asli) | Agustus 2019 (Ekuivalen Rupiah) |
|---|---|---|---|
| Bank Mandiri (Persero) Tbk, PT | IDR | 97,000,000,000 | 97,000,000,000 |
| **Subtotal** | | | 97,000,000,000 |

12. Bahwa atas utang-utang Para Termohon PKPU tersebut di atas, telah jatuh waktu dan dapat ditagih, dan karenanya pula Para Termohon PKPU telah mendapatkan surat-surat peringatan dari para kreditornya (khususnya kreditor perbankan) dan/atau surat permintaan percepatan pembayaran atas kelalaian (*default*) Para Termohon PKPU dalam menjalankan kewajiban pembayaran utangnya, serta yaitu:

a. Surat Bank BNP Paribas kepada PT Delta Merlin Dunia Textile (*in casu* Termohon PKPU I) perihal Pemberitahuan Cidera Janji dan Akselerasi, tanggal 13 September 2019;

b. Surat Bank BNP Paribas kepada PT Delta Merlin Dunia Textile (*in casu* Termohon PKPU I) perihal Pemberitahuan Mengenai Penetapan Pengakhiran Awal, tanggal 16 September 2019;

c. Surat ING Bank N.V. kepada PT Delta Merlin Dunia Textile (*in casu* Termohon PKPU I) perihal Pemberitahuan Cidera Janji dan Somasi, tanggal 16 September 2019;

d. Surat Bank Permata kepada PT Delta Merlin Sandang Tekstil (*in casu* Termohon PKPU III) perihal Pemberitahuan Kondisi Cidera Janji PT PT Delta Merlin Sandang Tekstil atas Kewajiban Pembayaran Pokok 31 Juli 2019, tanggal 1 Agustus 2019;

e. Surat Bank HSBC kepada PT Delta Dunia Sandang Tekstil (*in casu* Termohon PKPU IV) perihal Pemberitahuan Penentuan Tanggal Pengakhiran Lebih Awal atas Terjadinya Peristiwa Cidera Janji Kegagalan Pembayaran, tanggal 15 Juli 2019;

f. Surat Bank QNB kepada PT Delta Dunia Sandang Tekstil (*in casu* Termohon PKPU IV) perihal Surat Peringatan Ketiga, tanggal 26 Juli 2019;

g. Surat Shinhan Bank kepada PT Dunia Setia Sandang Asli Tekstil (*in casu* Temohon PKPU V) perihal Surat Peringatan – 2 (Kedua), tanggal 30 Agustus 2019.

13. Bahwa selain itu pada tanggal 12 September 2019 Termohon PKPU I juga telah menyampaikan ketidakmampuan membayar bunga atas obligasi yang diterbitkan Termohon PKPU I dalam keterbukaan informasi yang disampaikan kepada otoritas bursa Singapore Stock Exchange (SGX) untuk membayarkan bunga atas obligasi senilai USD300 juta dengan bunga 8,63% yang jatuh waktu pada 12 September 2019.

## TERMOHON PKPU MERUPAKAN PERUSAHAAN YANG *GOING CONCERN* DAN BERKEINGINAN UNTUK MENYELESAIKAN UTANG-UTANGNYA MELALUI RESTRUKTURISASI UTANG

14. Bahwa sampai dengan diajukannya Permohonan PKPU *a quo*, Termohon PKPU masih menjalankan kegiatan usahanya (*going concern*) dan secara sukarela telah melakukan pembicaraan secara intensif dengan *lender* atau para kreditor Para Termohon PKPU serta masih berlangsung sehubungan dengan restrukturisasi atas utang-utang Para Termohon PKPU yang telah jatuh waktu dan dapat ditagih, dengan mengajukan proposal restrukturisasi terutama kepada kreditor atas utang-utang bank, hal mana tersebut dapat dibuktikan:

a. PT Delta Merlin Dunia Textile (*in casu* Termohon PKPU I) pada tanggal 30 Juli 2019, telah berhasil merestrukturisasi fasilitas pembiayaan Musyarakah sebesar Rp150.000.000.000 dengan Bank BRI Syariah, dan selanjutnya pada pada tanggal 27 Agustus 2019 PT Delta Merlin Dunia Textile (*in casu* Termohon PKPU I) juga telah berhasil merestrukturisasi hutang dengan Perjanjian Fasilitas Modal Kerja sebesar USD13.000.000, dengan BNP Paribas Singapore;

b. PT Delta Dunia Tekstil (*in casu* Termohon PKPU II) pada tanggal 30 Agustus 2019, juga telah berhasil merestrukturisasi utang Fasilitas Kredit Modal Kerja Eskpor I sebesar Rp699.200.000.000 dan Fasilitas Kredit Investasi sebesar Rp422.836.275.200 dengan Indonesia Eximbank;

c. PT Delta Merlin Sandang Tekstil (*in casu* Termohon PKPU III) telah dapat merestrukturisasi utang Fasilitas Pembiayaan KIE I sebesar Rp530.000.000.000 dengan Indonesia Eximbank, pada tanggal 30 Agustus 2019;

d. PT Delta Dunia Sandang Tekstil (*in casu* Termohon PKPU IV) telah berhasil merestrukturisasi fasilitas pembiayaan kredit sebesar Rp88.644.963.461 dengan Nobu National Bank;

e. PT Dunia Setia Sandang Asli Tekstil (*in casu* Termohon PKPU V) telah berhasil merestrukturisasi Fasilitas Pembiayaan I, II, III, dan IV sebesar Rp125.000.000.000 dengan Bank Mega Syariah pada tanggal 18 Juli 2019.

15. Hal ini menunjukan bahwa Para Termohon PKPU terus berkomitmen untuk memenuhi seluruh kewajibannya kepada semua pemangku kepentingan. Kelangsungan hidup bisnis (*going concern*) dari Para Termohon PKPU adalah sebuah faktor pendorong untuk terus berupaya mencari cara agar dapat memenuhi seluruh kewajiban pembayaran utang walaupun dengan kondisi laju industri yang sedang menurun drastis.

16. Bahwa sampai dengan Para Termohon PKPU diajukan Permohonan PKPU *a quo* pun, Para Termohon PKPU masih terus berupaya untuk bernegosiasi dengan para kreditor bank untuk kembali melakukan restrukturisasi pembayaran utang, dimana PT Delta Dunia Tekstil (*in casu* Termohon PKPU II) dan PT Dunia Setia Sandang Asli Tekstil (*in casu* Termohon PKPU V) telah berhasil menyelesaikan restrukturisasi utang sebesar Rp249.000.000.000 dan Rp184.000.000.000 pada tanggal 18 September 2019, dengan PT Bank Shinhan Indonesia.

17. Bahwa kelangsungan hidup bisnis (*going concern*) dari Para Termohon PKPU adalah sebuah faktor pendorong untuk terus berupaya mencari cara agar dapat memenuhi seluruh kewajiban pembayaran utang walaupun dengan kondisi laju industri yang sedang menurun drastis. Karenanya Para Termohon PKPU berkeyakinan dapat mencapai kesepakatan dengan para kreditor dan diharapkan restrukturisasi dengan para kreditor Para Termohon PKPU dapat tercapai perdamaian. Hal ini adalah sebuah kepastian bahwa Para Termohon PKPU betul-betul berkomitmen untuk memenuhi seluruh kewajiban pembayaran utang serta kelangsungan bisnis di masa depan.

**PARA TERMOHON PKPU MENGAMBIL KEPUTUSAN YANG SANGAT SULIT ANTARA MEMBAYAR UTANG YANG TELAH JATUH WAKTU DAN DAPAT DITAGIH ATAU MENJAGA SERTA MEMPERTAHANKAN *GOING CONCERN* PERUSAHAAN**

18. Bahwa Para Termohon PKPU menunda membayar utang yang telah jatuh waktu dan dapat ditagih kepada para kreditor sesungguhnya karena ada kepentingan yang lebih besar yaitu menjaga dan mempertahankan operasi perusahaan untuk berjalan agar 45.000 karyawan yang bekerja dan menggantungkan hidupnya di perusahaan di perusahaan Para Termohon

PKPU **tetap dapat bekerja dan menerima upah**. Kelangsungan usaha (*going concern*) dari Para Termohon PKPU juga diutamakan untuk tetap dapat memenuhi komitmen pada pembeli (*customer*) dari Para Termohon PKPU, guna menghindari ganti kerugian yang lebih besar.

19. Bahwa jikalau pun Para Termohon PKPU harus melakukan pembayaran kepada para kreditornya atas utang yang telah jatuh waktu dan dapat ditagih, maka haruslah dilakukan kepada semua kreditor. Hal tersebut tentunya sangatlah tidaklah dimungkinkan dengan kekayaan yang dimiliki oleh Para Termohon PKPU saat ini, dan karenanya harus mengambil keputusan yang sangat sulit.

20. Bahwa sejak Para Termohon PKPU berdiri, perusahaan, direksi maupun pemegang saham sangatlah berkomitmen dalam memenuhi setiap janji, baik kepada kreditor perbankan maupun kepada kreditor supplier, yang terbukti bahwa Para Termohon PKPU mampu membangun dan membesarkan perusahaan serta mengembangkan pabrik sehingga menjadi kelompok usaha tekstil terbesar di Solo, dan memberikan kontribusi dalam pembangunan ekonomi regional dan sektoral.

**HARAPAN PARA TERMOHON PKPU BAHWA PERMOHONAN PKPU DAPAT MENDUKUNG PERUSAHAAN DAN MENJADI MOMENTUM BAGI PARA TERMOHON PKPU UNTUK MENUNJUKKAN ITIKAD BAIKNYA DALAM MELAKUKAN RESTRUKTURISASI UTANG**

21. Bahwa Permohonan PKPU *a quo* sesungguhnya menjadi momentum dan peluang bagi Para Termohon PKPU untuk menyelesaikan kewajibannya kepada para kreditor melalui mekanisme Permohonan Penundaan Kewajiban Utang (PKPU) di Pengadilan Niaga, agar memberikan kepastian hukum. Hal ini adalah sejalan dengan apa yang telah ditempuh Para Termohon PKPU, dan membuktikan bahwa Para Termohon PKPU pada dasarnya beritikad baik dan sangat berkeinginan untuk mencapai perdamaian untuk menyelesaikan seluruh utangnya dengan cara restrukturisasi kepada seluruh para kreditor Para Termohon PKPU, tidak terkecuali kepada Pemohon PKPU dan CV Cahaya Asia.

22. Para Termohon PKPU berharap bahwa Permohonan PKPU ini justru bisa membuktikan komitmen dan kemampuan perusahaan untuk menormalkan kondisi finansial dan operational Para Termohon PKPU.

23. Bahwa kemampuan Para Termohon PKPU untuk bertahan dalam menghadapi tantangan sejak tahun 2017 merupakan hasil dukungan

mayoritas supplier, kreditor, dan karyawan, yang selama dua tahun terakhir Para Termohon PKPU terus menjaga komitmen dan kualitas kerja kepada seluruh bank, supplier, karyawan, dan seluruh pemangku kepentingan (*stakeholders*).

24.  Atas dasar tersebut Para Termohon PKPU yakin dapat menyelesaikan permasalahan keuangan perusahaan, termasuk menyelesaikan utang-utangnya yang sudah jatuh waktu dan dapat ditagih kepada seluruh kreditor bank dan supplier Para Termohon PKPU, tidak terkecuali Pemohon PKPU dan CV Cahaya Asia jika diberikan waktu dan kesempatan untuk melakukan restrukturisasi dalam perkara *a quo*.

25.  Bahwa Para Termohon PKPU akan senantiasa memastikan keberlangsungan usaha dengan menjaga kepercayaan para pemegang saham dan pemangku kepentingan lainnya serta menjaga struktur modal yang optimal dengan mempertimbangkan kebutuhan modal masa depan dan efsiensi modal Perseroan, proftabilitas, proyeksi arus kas operasi, proyeksi belanja modal dan proyeksi peluang investasi yang strategis.

26.  Karenanya Para Termohon PKPU berkeyakinan dapat mencapai kesepakatan dengan para kreditor dan diharapkan restrukturisasi dengan para kreditor Para Termohon PKPU dapat tercapai perdamaian. Hal ini adalah sebuah kepastian bahwa Termohon PKPU memiliki komitmen yang tinggi dan itegritas untuk menyelesaikan seluruh kewajiban pembayaran utang serta kelangsungan bisnis di masa depan.

27.  Bahwa berdasarkan uraian di atas, Para Termohon PKPU dengan itikad baik bersungguh-sungguh untuk menyelesaikan utang-utangnya kepada para kreditor, karenanya segera setelah Pengadilan Niaga pada Pengadilan Negeri Semarang memberikan putusan PKPU Sementara, Para Termohon PKPU akan menyampaikan Rancangan Rencana Perdamaian kepada seluruh kreditor Termohon PKPU sesuai dengan tata cara dimaksud dalam Bab III UUK.

28.  Bahwa berdasarkan seluruh uraian dalam Jawaban ini, Para Termohon PKPU memohon kepada Yang Terhormat Majelis Hakim agar tetap mengkedepankan prinsip/asas keadilan dan kelangsungan usaha sebagaimana diamanatkan oleh UUK.

**PENUNJUKAN DAN PENGANGKATAN PENGURUS SEBAGAI TIM PENGURUS DALAM PROSES PKPU DALAM HAL PARA TERMOHON PKPU DALAM STATUS PKPU**

29. Bahwa berdasarkan Permohonan PKPU *a quo*, Pemohon PKPU telah menunjuk 4 (empat) calon Pengurus sebagai Tim Pengurus dalam proses PKPU Para Termohon PKPU. Berdasarkan hal tersebut, Para Termohon PKPU tidak berkeberatan jika Majelis Hakim yang terhormat menunjuk dan mengangkat Pengurus tersebut, selama terbukti tidak ada benturan kepentingan jika diangkat sebagai Tim Pengurus dalam perkara PKPU *a quo*, serta tidak sedang menangani 3 (tiga) perkara kepailitan maupun PKPU pada saat ini, yaitu:

a. Saudara HAMONANGAN SYAHDAN HUTABARAT, S.H., berkantor di SHAL Legal Counsellors, yang sekarang beralamat di Sovereign Plaza Lantai 20 Unit C, Jl. TB. Simatupang, Kavling 36, Jakarta Selatan, 12430, Kurator dan Pengurus yang terdaftar di Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia Nomor AHU-203.AH.04.03-2017 tertanggal 6 November 2017;

b. Saudara JANUARDO SULUNG P. SIHOMBING, S.H., M.H., M.A., BKP., berkantor di Simanungkalit Sihombing & Rekan, dengan alamat di Gedung Manggala Wanabhakti, Blok IV, Lantai 3, Suite 332, Wing B, Jl. Jend. Gatot Subroto No.6, Senayan, Jakarta Pusat 10270, Kurator dan Pengurus yang terdaftar di Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia Nomor AHU-AH.04.03-224 tertanggal 18 November 2016;

c. Saudara ALFIN SULAIMAN, S.H., M.H., berkantor di Sulaiman & Herling Attorneys at Law, dengan alamat di Menara Bank Danamaon, Lt.12, Zona F suite 1201, Jl. Prof. Dr. Satrio Kav.EIV No.6, Mega Kuningan, Jakarta Selatan, Kurator dan Pengurus yang terdaftar di Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia Nomor AHU.AH.04.03-86 tertanggal 4 April 2016; dan

d. Saudari NILA ASRIYANTI, S.H., berkantor di SYAHRIAL RIDHO & PARTNERS, dengan alamat di Ruko Plaza Ciputat Mas Blok B/AA, Jalan Ir. Juanda No.5A, Jakarta Selatan - 15412, Kurator dan Pengurus yang terdaftar di Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia Nomor AHU.AH.04.03-48 tanggal 22 Maret 2017.

Berdasarkan hal-hal sebagaimana diuraikan diatas, mohon kiranya Yang Terhormat Majelis Hakim Pengadilan Niaga pada Pengadilan Negeri Semarang yang memeriksa dan memutus perkara *a quo* untuk dapat mengadili serta

memberikan putusan yang seadil-adilnya (*ex aequo et bono*) menurut ketentuan perundang-undangan yang berlaku.

Menimbang, bahwa untuk membuktikan dalil-dalil permohonannya, Pemohon PKPU telah mengajukan bukti-bukti fotokopi surat sebagai berikut:

1.  Bukti P-1    **Kartu Tanda Penduduk NIK: 357819180179 0002** atas nama **YONG INDRO SETYO** selaku Direktur PT. SHINE GOLDEN BRIDGE;

2.  Bukti P-2    **Akta Pendirian Perseroan Terbatas PT. SHINE GOLDEN BRIDGE No. 01 tanggal 03 Mei 2016** yang dibuat oleh dan dihadapan Geys Bahasuan, S.H., M.Kn., Notaris di Gresik;

3.  Bukti P-3    **Surat Keputusan dari Menteri Hukum Dan Hak Asasi Manusia Republik Indonesia Nomor: AHU-022608.AH.01.01.TAHUN 2016** ta **Perjanjian Pemberian Jaminan Perusahaan *(Corporate Guarantee)*** tanggal 21 Januari 2019 antara PT. SHINE GOLDEN BRIDGE dengan PT. DELTA DUNIA SANDANG TEKSTIL;nggal 04 Mei 2006 tentang Pengesahan Pendirian Badan Hukum Perseroan Terbatas PT. SHINE GOLDEN BRIDGE;

4.  Bukti P-4    **Surat Lampiran Keputusan dari Menteri Hukum Dan Hak Asasi Manusia Republik Indonesia Nomor: AHU-022608.AH. 01.01.TAHUN 2016** tanggal 04 Mei 2006 tentang Pengesahan Pendirian Badan Hukum Perseroan Terbatas PT. SHINE GOLDEN BRIDGE;

5.  Bukti P-5    **Tanda Daftar Perusahaan Perseroan Terbatas (PT) Nomor: 13.02.1.46.03061** tanggal 25 Mei 2016;

6.  Bukti P-6    **Notulen Rapat tanggal 12 Desember 2018** bertempat di Meeting Room, Head Office PT. Delta Merlin Dunia Textile, Jl. Raya Palur KM 7.1 Palur, Karanganyar, Jawa Tengah;

7.  Bukti P-7    **Perjanjian Penyelesaian dan Pengakuan Utang** tanggal 21 Januari 2019 antara PT. SHINE GOLDEN BRIDGE dengan PT. DELTA MERLIN DUNIA TEXTILE;

8.  Bukti P-8    **Perjanjian Pemberian Jaminan Perusahaan *(Corporate Guarantee)*** tanggal 21 Januari 2019 antara PT. SHINE GOLDEN BRIDGE dengan PT. DELTA MERLIN SANDANG TEKSTIL;

9.   Bukti P-9   **Perjanjian Pemberian Jaminan Perusahaan** *(Corporate Guarantee)* tanggal 21 Januari 2019 antara PT. SHINE GOLDEN BRIDGE dengan PT. DELTA DUNIA SANDANG TEKSTIL;

10.   Bukti P-10   **Perjanjian Pemberian Jaminan Perusahaan** *(Corporate Guarantee)* tanggal 21 Januari 2019 antara PT. SHINE GOLDEN BRIDGE dengan PT. DELTA DUNIA TEKSTIL;

11.   Bukti P-11   **Perjanjian Pemberian Jaminan Perusahaan** *(Corporate Guarantee)* tanggal 21 Januari 2019 antara PT. SHINE GOLDEN BRIDGE dengan PT. DUNIA SETIA SANDANG ASLI TEKSTIL;

12.   Bukti P-12   **Perjanjian Pemberian Jaminan Perusahaan** *(Corporate Guarantee)* tanggal 21 Januari 2019 antara PT. SHINE GOLDEN BRIDGE dengan PT. PERUSAHAAN DAGANG DAN PERINDUSTRIAN DAMAI;

13.   Bukti P-13   **Surat Peringatan Untuk Membayar Utang** tanggal 10 Juni 2019 yang dikirimkan oleh PT. SHINE GOLDEN BRIDGE;

14.   Bukti P-14   **Surat Peringatan Kedua Untuk Membayar Utang** tanggal 24 Juni 2019 yang dikirimkan oleh PT. SHINE GOLDEN BRIDGE;

15.   Bukti P-15   **Surat Somasi tanggal 22 Juli 2019** dari Kuasa Hukum HARIYANTO & PARTNERS;

16.   Bukti P-16   **Surat Somasi Kedua tanggal 29 Juli 2019** dari Kuasa Hukum HARIYANTO & PARTNERS;

17.   Bukti P-17   **Surat Bukti Pendaftaran Kurator dan Pengurus Nomor: AHU-203.AH.04.03-2017 tertanggal 06 November 2017** atas nama HAMONANGAN SYAHDAN HUTABARAT, S.H.;

18.   Bukti P-18   **Surat Bukti Pendaftaran Kurator dan Pengurus Nomor: AHU.AH.04.03-86 tertanggal 04 April 2016** atas nama ALFIN SULAIMAN, S.H., M.H.;

19.   Bukti P-19   **Surat Bukti Pendaftaran Kurator dan Pengurus Nomor: AHU-AH.04.03-224 tertanggal 18 November 2016** atas nama JANUARDO SULUNG P. SIHOMBING, S.H., M.H., M.A., BKP.;

20.   Bukti P-20   **Surat Bukti Pendaftaran Kurator dan Pengurus Nomor: AHU.AH.04.03-48 tanggal 22 Maret 2017** atas nama NILA ASRIYANTI, S.H.;

21. Bukti P-21 **Akta Pernyataan Keputusan Pemegang Saham PT. SHINE GOLDEN BRIDGE No. 10 tanggal 13 September 2019** yang dibuat oleh dan dihadapan YUYUN RENAWATI, S.H., M.Kn. Notaris di Kabupaten Mojokerto;

22. Bukti P-22 **Surat Nomor: AHU-AH.01.03-0331669 tanggal 16 September 2019,** Perihal: Penerimaan Pemberitahuan Data Perseroan PT. SHINE GOLDEN BRIDGE dari Kementerian Hukum Dan Hak Asasi Manusia Republik Indonesia Direktorat Jenderal Administrasi Hukum Umum;

23. Bukti P-23 **Surat Keputusan dari Menteri Hukum Dan Hak Asasi Manusia Republik Indonesia Nomor: AHU-0069880.AH.01.02.TAHUN 2019** tanggal 16 September 2019 tentang Persetujuan Perubahan Anggaran Dasar Perseroan Terbatas PT. SHINE GOLDEN BRIDGE;

24. Bukti P-24 **Surat Lampiran Keputusan dari Menteri Hukum Dan Hak Asasi Manusia Republik Indonesia Nomor: 0069880.AH.01.02.TAHUN 2019** tanggal 16 September 2019 tentang Persetujuan Perubahan Anggaran Dasar Perseroan Terbatas PT. SHINE GOLDEN BRIDGE;

25. Bukti P-25 **Izin Prinsip Penanaman Modal Asing Nomor: 844/1/IP/PMA/2016** tanggal 29 Maret 2016 atas nama Perusahaan PT. SHINE GOLDEN BRIDGE;

26. Bukti P-26 **NPWP: 76.151.098.1-642.000** Atas nama PT. SHINE GOLDEN BRIDGE;

27. Bukti P-27 **Surat Keterangan Domisili Nomor: 100/276/416-311.16/2017** tanggal 13 September 2017 atas nama Perusahaan PT. SHINE GOLDEN BRIDGE;

28. Bukti P-28 **Surat Keterangan Domisili Nomor: 100/321/416-311.16/2018** tanggal 13 September 2018 atas nama Perusahaan PT. SHINE GOLDEN BRIDGE;

29. Bukti P-29 **Surat Keterangan Domisili Nomor: 100/356/416-311.16/2019** tanggal 13 September 2019 atas nama Perusahaan PT. SHINE GOLDEN BRIDGE;

30. Bukti P-30 ***Purchase Order*** **(Surat Pemesanan) No. PO1/SGB-DMDT/V/100K** tertanggal 21 Juni 2018;

31. Bukti P-31 **_Purchase Order_** (Surat Pemesanan) No. **PO2/SGB-DMDT/VI/50K** tertanggal 28 Juni 2018;

32. Bukti P-32 **Delivery Order No. SJ/SGB/14/01/0034** tanggal 03 Juli 2018 dengan tujuan PT. DELTA MERLIN DUNIA TEXTILE;

33. Bukti P-33 **Delivery Order No. SJ/SGB/14/01/0035** tanggal 03 Juli 2018 dengan tujuan PT. DELTA MERLIN DUNIA TEXTILE;

34. Bukti P-34 **Delivery Order No. SJ/SGB/14/01/0044** tanggal 03 Juli 2018 dengan tujuan PT. DELTA MERLIN DUNIA TEXTILE;

35. Bukti P-35 **Delivery Order No. SJ/SGB/14/01/0045** tanggal 03 Juli 2018 dengan tujuan PT. DELTA MERLIN DUNIA TEXTILE;

36. Bukti P-36 **Delivery Order No. SJ/SGB/14/01/0046** tanggal 03 Juli 2018 dengan tujuan PT. DELTA MERLIN DUNIA TEXTILE;

37. Bukti P-37 **Delivery Order No. SJ/SGB/14/01/0047** tanggal 03 Juli 2018 dengan tujuan PT. DELTA MERLIN DUNIA TEXTILE;

38. Bukti P-38 **Delivery Order No. SJ/SGB/14/01/0056** tanggal 09 Juli 2018 dengan tujuan PT. DELTA MERLIN DUNIA TEXTILE;

39. Bukti P-39 **Delivery Order No. SJ/SGB/14/01/0057** tanggal 09 Juli 2018 dengan tujuan PT. DELTA MERLIN DUNIA TEXTILE;

40. Bukti P-40 **Delivery Order No. SJ/SGB/14/01/0058** tanggal 09 Juli 2018 dengan tujuan PT. DELTA MERLIN DUNIA TEXTILE;

41. Bukti P-41 **Delivery Order No. SJ/SGB/14/01/0059** tanggal 09 Juli 2018 dengan tujuan PT. DELTA MERLIN DUNIA TEXTILE;

42. Bukti P-42 **Delivery Order No. SJ/SGB/14/01/0072** tanggal 10 Juli 2018 dengan tujuan PT. DELTA MERLIN DUNIA TEXTILE;

43. Bukti P-43 **Delivery Order No. SJ/SGB/14/01/0073** tanggal 12 Juli 2018 dengan tujuan PT. DELTA MERLIN DUNIA TEXTILE;

44. Bukti P-44 **Delivery Order No. SJ/SGB/14/01/0074** tanggal 12 Juli 2018 dengan tujuan PT. DELTA MERLIN DUNIA TEXTILE;

45. Bukti P-45 **Delivery Order No. SJ/SGB/14/01/0081** tanggal 16 Juli 2018 dengan tujuan PT. DELTA MERLIN DUNIA TEXTILE;

46. Bukti P-46 **Delivery Order No. SJ/SGB/14/01/0082** tanggal 18 Juli 2018 dengan tujuan PT. DELTA MERLIN DUNIA TEXTILE;

47.  Bukti P-47  **Delivery Order No. SJ/SGB/14/01/0083** tanggal 20 Juli 2018 dengan tujuan PT. DELTA MERLIN DUNIA TEXTILE;

48.  Bukti P-48  **Delivery Order No. SJ/SGB/14/01/0084** tanggal 25 Agustus 2018 dengan tujuan PT. DELTA MERLIN DUNIA TEXTILE;

49.  Bukti P-49  **Delivery Order No. SJ/SGB/14/01/0085** tanggal 25 Agustus 2018 dengan tujuan PT. DELTA MERLIN DUNIA TEXTILE;

50.  Bukti P-50  **Delivery Order No. SJ/SGB/14/01/0086** tanggal 25 Agustus 2018 dengan tujuan PT. DELTA MERLIN DUNIA TEXTILE;

51.  Bukti P-51  **Invoice No. INV"SJ/SGB/14/01/0034** tanggal 05-07-2018 sebesar Rp. 88.080.000,- (delapan puluh delapan juta delapan puluh ribu rupiah);

52.  Bukti P-52  **Invoice No. INV"SJ/SGB/14/01/0035** tanggal 05-07-2018 sebesar Rp. 84.060.000,- (delapan puluh empat juta enam puluh ribu rupiah);

53.  Bukti P-53  **Invoice No. INV"SJ/SGB/14/01/0044** tanggal 05-07-2018 sebesar Rp. 87.840.000,- (delapan puluh tujuh juta delapan ratus empat puluh ribu rupiah);

54.  Bukti P-54  **Invoice No. INV"SJ/SGB/14/01/0045** tanggal 05-07-2018 sebesar Rp. 91.680.000,- (sembilan puluh satu juta enam ratus delapan puluh ribu rupiah);

55.  Bukti P-55  **Invoice No. INV"SJ/SGB/14/01/0046** tanggal 05-07-2018 sebesar Rp. 105.240.000,- (seratus lima juta dua ratus empat puluh ribu rupiah);

56.  Bukti P-56  **Invoice No. INV"SJ/SGB/14/01/0047** tanggal 05-07-2018 sebesar Rp. 88.200.000,- (delapan puluh delapan juta dua ratus ribu rupiah);

57.  Bukti P-57  **Invoice No. INV"SJ/SGB/14/01/0056** tanggal 11-07-2018 sebesar Rp. 93.840.000,- (sembilan puluh tiga juta delapan ratus empat puluh ribu rupiah);

58.  Bukti P-58  **Invoice No. INV"SJ/SGB/14/01/0057** tanggal 11-07-2018 sebesar Rp. 84.120.000,- (delapan puluh empat juta seratus dua puluh ribu rupiah);

59. Bukti P-59 **Invoice No. INV"SJ/SGB/14/01/0058** tanggal 11-07-2018 sebesar Rp. 107.640.000,- (seratus tujuh juta enam ratus empat puluh ribu rupiah);

60. Bukti P-60 **Invoice No. INV"SJ/SGB/14/01/0059** tanggal 11-07-2018 sebesar Rp. 94.200.000,- (sembilan puluh empat juta dua ratus ribu rupiah);

61. Bukti P-61 **Invoice No. INV"SJ/SGB/14/01/0072** tanggal 13-07-2018 sebesar Rp. 94.080.000,- (sembilan puluh empat juta delapan puluh ribu rupiah);

62. Bukti P-62 **Invoice No. INV"SJ/SGB/14/01/0073** tanggal 16-07-2018 sebesar Rp. 95.940.000,- (sembilan puluh lima juta sembilan ratus empat puluh ribu rupiah);

63. Bukti P-63 **Invoice No. INV"SJ/SGB/14/01/0074** tanggal 16-07-2018 sebesar Rp. 85.440.000,- (delapan puluh lima juta empat ratus empat puluh ribu rupiah);

64. Bukti P-64 **Invoice No. INV"SJ/SGB/14/01/0081** tanggal 20-07-2018 sebesar Rp. 83.760.000,- (delapan puluh tiga juta tujuh ratus enam puluh ribu rupiah);

65. Bukti P-65 **Invoice No. INV"SJ/SGB/14/01/0082** tanggal 20-07-2018 sebesar Rp. 85.440.000,- (delapan puluh lima juta empat ratus empat puluh ribu rupiah);

66. Bukti P-66 **Invoice No. INV"SJ/SGB/14/01/0083** tanggal 23-07-2018 sebesar Rp. 78.240.000,- (tujuh puluh delapan ribu dua empat puluh ribu rupiah);

67. Bukti P-67 **Invoice No. INV"SJ/SGB/14/01/0084** tanggal 26-07-2018 sebesar Rp. 86.760.000,- (delapan puluh enam juta tujuh ratus enam puluh ribu rupiah);

68. Bukti P-68 **Invoice No. INV"SJ/SGB/14/01/0085** tanggal 26-07-2018 sebesar Rp. 80.640.000,- (delapan puluh juta enam ratus empat puluh ribu rupiah);

69. Bukti P-69 **Invoice No. INV"SJ/SGB/14/01/0086** tanggal 26-07-2018 sebesar Rp. 82.680.000,- (delapan puluh dua juta enam ratus delapan puluh ribu rupiah);

Menimbang, bahwa fotokopi bukti-bukti surat tersebut telah diteliti dan dicocokkan sesuai dengan aslinya dan semuanya bermeterai cukup;

Menimbang, bahwa disamping bukti surat tersebut, Kuasa Pemohon PKPU yang juga sebagai Kuasa Hukum Kreditor Lain :CV. CAHAYA ASIA, berkedudukan di Gresik, beralamat di Jl. Dr. Wahidin Sudirohusodo Rt.02 Rw.08, Desa Kembangan Kecamatan Kebomas, Kabupaten Gresik yang dalam hal ini diwakili oleh NUR Kolis, sebagai Direktur, sebagaimana Akta No. 13 Tentang Perseroan Komanditer CV. CAHAYA ASIA, berdasarkan Surat Kuasa Khusus tanggal 16 September 2019 dan telah didaftarkan di Kepaniteraan Hukum Pengadilan Negeri Semarang tanggal 20 September 2019, mengajukan bukti-bukti fotokopi surat sebagai berikut:

1. Bukti KL-1 **Kartu Tanda Penduduk NIK: 351514010470 0004** atas nama **NUR KOLIS** selaku Direktur CV. CAHAYA ASIA;

2. Bukti KL-2 **Akta No. 13 tentang Perseroan Komanditer CV. CAHAYA ASIA tanggal 12 April 2016,** yang dibuat oleh dan dihadapan KAMILIAH BAHASUAN, S.H. Notaris di Gresik dan telah didaftarkan di Kepaniteraan Pengadilan Negeri Gresik No. 243/BH/CV/2016/PN.Gs tanggal 16 Mei 2016;

3. Bukti KL-3 **NPWP: 76.089.407.1-612.000** Atas nama CV. CAHAYA ASIA

4. Bukti KL-4 **Surat Keterangan Domisili Usaha Nomor: 311/437.102.7/2016** tanggal 05 April 2016;

5. Bukti KL-5 **Tanda Daftar Perusahaan Persekutuan Komanditer (CV) Nomor: 13.02.3.47.05949** tanggal 23 Mei 2016;

6. Bukti KL-6 **Surat Izin Usaha Perdagangan Mikro Nomor: 142/437.74/PMk/2016** tanggal 23 Mei 2016;

7. Bukti KL-7 *Surat Order Pembelian* No. **PO/CVCA-DMDT/I/50K** tertanggal 27 Mei 2019;

8. Bukti KL-8 **Surat Jalan No. 01/19/004** tanggal 10 Juni 2019 yang ditujukan kepada TERMOHON PKPU I (PT. DELTA MERLIN DUNIA TEXTILE);

9. Bukti KL-9 **Invoice No. INV/01/19/004** tanggal 10 Juni 2019 yang ditujukan kepada TERMOHON PKPU I (PT. DELTA MERLIN DUNIA TEXTILE);

10. Bukti KL-10 *Surat Order Pembelian* No. **PO/CVCA-DDT/I/50K** tertanggal 15 Mei 2019;

11. Bukti KL-11 **Surat Jalan No. 01/19/002** tanggal 25 Mei 2019 yang ditujukan kepada TERMOHON PKPU II (PT. DELTA DUNIA TEKSTIL);

*Halaman 49 dari 70 Putusan PKPU Nomor 22/Pdt.Sus-PKPU/2019/PN Smg*

12. Bukti KL-12 **Invoice No. INV/01/19/002** tanggal 25 Mei 2019 yang ditujukan kepada TERMOHON PKPU II (PT. DELTA DUNIA TEKSTIL);

13. Bukti KL-13 *Surat Order Pembelian* **No. PO/CVCA-DMST/I/50K** tertanggal 16 Mei 2019;

14. Bukti KL-14 **Surat Jalan No. 01/19/006** tanggal 28 Mei 2019 yang ditujukan kepada TERMOHON PKPU III (PT. DELTA MERLIN SANDANG TEKSTIL);

15. Bukti KL-15 **Invoice No. INV/01/19/006** tanggal 28 Mei 2019 yang ditujukan kepada TERMOHON PKPU III (PT. DELTA MERLIN SANDANG TEKSTIL);

16. Bukti KL-16 *Surat Order Pembelian* **No. PO/CVCA-DDST/I/50K** tertanggal 17 Mei 2019;

17. Bukti KL-17 **Surat Jalan No. 01/19/007** tanggal 29 Mei 2019 yang ditujukan kepada TERMOHON PKPU IV (PT. DELTA DUNIA SANDANG TEKSTIL);

18. Bukti KL-18 **Invoice No. INV/01/19/007** tanggal 29 Mei 2019 yang ditujukan kepada TERMOHON PKPU IV (PT. DELTA DUNIA SANDANG TEKSTIL);

19. Bukti KL-19 *Surat Order Pembelian* **No. PO/CVCA-DSSA/I/50K** tertanggal 23 Mei 2019;

20. Bukti KL-20 **Surat Jalan No. 01/19/011** tanggal 11 Juni 2019 yang ditujukan kepada TERMOHON PKPU V (PT. DUNIA SETIA SANDANG ASLI TEKSTIL);

21. Bukti KL-21 **Invoice No. INV/01/19/011** tanggal 11 Juni 2019 yang ditujukan kepada TERMOHON PKPU V (PT. DUNIA SETIA SANDANG ASLI TEKSTIL);

22. Bukti KL-22 *Surat Order Pembelian* **No. PO/CVCA-DAMAITEX/I/50K** tertanggal 22 Mei 2019;

23. Bukti KL-23 **Surat Jalan No. 01/19/012** tanggal 11 Juni 2019 yang ditujukan kepada TERMOHON PKPU VI (PT. PERUSAHAAN DAGANG DAN PERINDUSTRIAN DAMAI);

24. Bukti KL-24 **Invoice No. INV/01/19/012** tanggal 11 Juni 2019 yang ditujukan kepada TERMOHON PKPU VI (PT. PERUSAHAAN DAGANG DAN PERINDUSTRIAN DAMAI);

Menimbang, bahwa fotokopi bukti-bukti surat tersebut telah diteliti dan dicocokkan sesuai dengan aslinya dan semuanya bermaterai cukup;

Menimbang, bahwa untuk meneguhkan dalil jawabannya Para Termohon PKPU, telah mengajukan bukti-bukti fotokopi surat sebagai berikut: :

1. Bukti T1-1a   Akta No. 91 tanggal 25 September 1995 perihal Akta Pendirian Perseroan Terbatas **PT Delta Merlin Dunia Textile** yang dibuat dihadapan Tjondro Santoso, SH. notaris di Surakarta.

2. Bukti T1-1b   Akta No. 107 tanggal 25 Nopember 1996 perihal Perubahan **PT Delta Merlin Dunia Textile** yang dibuat di hadapan Tjondro Santoso, SH. notaris di Surakarta.

3. Bukti T1-1c   Surat Keputusan Menteri Kehakiman Republik Indonesia No. 02-112.HT.01.01.Th.97 perihal Pengesahan Akta Pendirian Perseroan Terbatas **PT Delta Merlin Dunia Textile** di tetapkan pada tanggal 8 Januari 1997.

4. Bukti T1-2a   Akta No. 74 tanggal 26 Nopember 2007 perihal Pernyataan Keputusan Rapat, **PT Delta Merlin Dunia Textile**, yang dibuat dihadapan Pujiastuti Pangestu SH., notaris di Karanganyar.

5. Bukti T1-2b   Surat Keputusan Menteri Hukum dan Hak Asasi Manusia Republik Indonesia No. AHU-04478.AH.01.02.Tahun 2008 perihal Persetujuan Akta Perubahan Anggaran Dasar Perseroan **PT Delta Merlin Dunia Textile**, di tetapkan pada tanggal 29 Januari 2008.

6. Bukti T1-3a   Akta No. 03 tanggal 02 Agustus 2018 . perihal Pernyataan Keputusan Rapat, **PT Delta Merlin Dunia Textile**, yang dibuat dihadapan Pujiastuti Pangestu SH., notaris di Karanganyar.

7. Bukti T1-3b   Surat Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia No. AHU-AH.01.03-0228686 perihal Penerimaan Pemberitahuan Perubahan Data Perseroan **PT Delta Merlin Dunia Textile**, di tetapkan pada tanggal 3 Agustus 2018.

8. Bukti T1-4   Surat Pemberitahuan Cidera Janji dan Somasi dari ING Bank N. V tertanggal 16 September 2019;

9. Bukti T1-5   Surat Pemberitahuan Cidera Janji dan Akselerasi dari Bank BNP Paribas tertanggal 13 September 2019;

10. Bukti T1-6   Surat   Pemberitahuan   Mengenai   Penetapan   Tanggal Pengakhiran Awal dari Bank BNP Paribas tertanggal 16 September 2019;

11. Bukti T1-7   Perjanjian Penyelesaian Dan Pengakuan Utang antara PT Shine Golden Bridge dengan PT Delta Merlin Dunia Textile tanggal 21 Januari 2019

12. Bukti T1-8a   Invoice No: INV"SJ/SGB/14/01/0034 tertanggal 05 Juli 2018 dari PT Shine Golden Bridge;

13. Bukti T1-8b   Invoice No: INV"SJ/SGB/14/01/0035 tertanggal 05 Juli 2018 dari PT Shine Golden Bridge;

14. Bukti T1-8c   Invoice No: INV"SJ/SGB/14/01/0044 tertanggal 05 Juli 2018 dari PT Shine Golden Bridge

15. Bukti T1-8d   Invoice No: INV"SJ/SGB/14/01/0045 tertanggal 05 Juli 2018 dari PT Shine Golden Bridge;

16. Bukti T1-8e   Invoice No: INV"SJ/SGB/14/01/0046 tertanggal 05 Juli 2018 dari PT Shine Golden Bridge;

17. Bukti T1-8f   Invoice No: INV"SJ/SGB/14/01/0047 tertanggal 05 Juli 2018 dari PT Shine Golden Bridge;

18. Bukti T1-8g   Invoice No: INV"SJ/SGB/14/01/0056 tertanggal 11 Juli 2018 dari PT Shine Golden Bridge;

19. Bukti T1-8h   Invoice No: INV"SJ/SGB/14/01/0057 tertanggal 11 Juli 2018 dari PT Shine Golden Bridge;

20. Bukti T1-8i   Invoice No: INV"SJ/SGB/14/01/0058 tertanggal 11 Juli 2018 dari PT Shine Golden Bridge;

21. Bukti T1-8j   Invoice No: INV"SJ/SGB/14/01/0059 tertanggal 11 Juli 2018 dari PT Shine Golden Bridge;

22. Bukti T1-8k   Invoice No: INV"SJ/SGB/14/01/0072 tertanggal 13 Juli 2018 dari PT Shine Golden Bridge;

23. Bukti T1-8l   Invoice No: INV"SJ/SGB/14/01/0073 tertanggal 16 Juli 2018 dari PT Shine Golden Bridge;

24. Bukti T1-8m   Invoice No: INV"SJ/SGB/14/01/0074 tertanggal 16 Juli 2018 dari PT Shine Golden Bridge;

25. Bukti T1-8n  Invoice No: INV"SJ/SGB/14/01/0081 tertanggal 20 Juli 2018 dari PT Shine Golden Bridge;

26. Bukti T1-8o  Invoice No: INV"SJ/SGB/14/01/0082 tertanggal 20 Juli 2018 dari PT Shine Golden Bridge;

27. Bukti T1-8p  Invoice No: INV"SJ/SGB/14/01/0083 tertanggal 23 Juli 2018 dari PT Shine Golden Bridge

28. Bukti T1-8q  Invoice No: INV"SJ/SGB/14/01/0084 tertanggal 26 Juli 2018 dari PT Shine Golden Bridge;

29. Bukti T1-8r  Invoice No: INV"SJ/SGB/14/01/0085 tertanggal 26 Juli 2018 dari PT Shine Golden Bridge;

30. Bukti T1-8s  Invoice No: INV"SJ/SGB/14/01/0086 tertanggal 26 Juli 2018 dari PT Shine Golden Bridge;

31. Bukti T1-9  Invoice No: INV/01/19/004 tertanggal 10 Juni 2019 dari Cahaya Asia;

32. Bukti T1-10  Surat Peringatan Untuk Membayar Utang dari PT Shine Golden Bridge tertanggal 10 Juni 2019;

33. Bukti T1-11  Surat Peringatan Kedua Untuk Membayar Utang dari PT Shine Golden Bridge tertanggal 24 Juni 2019;

34. Bukti T1-12  Surat Somasi dari Kuasa Hukum PT Shine Golden Bridge tertanggal 22 Juli 2019;

35. Bukti T1-13  Surat Somasi Kedua dari Kuasa Hukum PT Shine Golden Bridge tertanggal 29 Juli 2019;

36. Bukti T2-1a  Akta No. 8 tanggal 14 Januari 2003 perihal Akta Pendirian Perseroan Terbatas., **PT Delta Dunia Tekstil**, yang dibuat dihadapan Pujiastuti Pangestu SH., notaris di Karanganyar

37. Bukti T2-1b  Surat Keputusan Menteri Kehakiman Republik Indonesia No. C-04467 HT.01.01.TH.2003 perihal Pengesahan Akta Pendirian Perseroan Terbatas **PT Delta Dunia Tekstil**, di tetapkan pada tanggal 5 maret 2003.

38. Bukti T2-2a  Akta No. 05 tanggal 06 Februari 2008 perihal Pernyataan Keputusan Rapat, **PT Delta Dunia Tekstil**, yang dibuat dihadapan Pujiastuti Pangestu SH., notaris di Karanganyar.

39. Bukti T2-2b  Surat Keputusan Kementerian Hukum dan Hak Asasi Manusia No. AHU-09042.AH.01.02.Tahun 2008 tentang Persetujuan

Akta Perubahan Anggaran Dasar Perseroan di tetapkan pada tanggal 25 Februari 2008;

40. Bukti T2-3a   Akta No. 26 tanggal 22 Januari 2018   perihal Pernyataan Keputusan rapat, **PT Delta Dunia Tekstil**, yang dibuat dihadapan Pujiastuti Pangestu SH., notaris di Karanganyar;

41. Bukti T2-3b   Surat Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia No. AHU-AH.01.03-0041436 perihal Penerimaan Pemberitahuan Perubahan Anggaran Dasar **PT Delta Dunia Tekstil**, di tetapkan pada tanggal 29 Januari 2018.

42. Bukti T2-3c   Surat Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia No. AHU-AH.01.03-0041437 perihal Penerimaan Pemberitahuan Perubahan Data Perseroan **PT Delta Dunia Tekstil,** di tetapkan pada tanggal 29 Januari 2018.

43. Bukti T2-4   Perjanjian Pemberian Jaminan Perusahaan *(Corporate Guarantee)* antara PT Shine Golden Bridge dengan PT Delta Dunia Tekstil tanggal 21 Januari 2019.

44. Bukti T2-5   Surat Nomor 283/BSI-REM/HO-SP/VIII/2019 Perihal Surat Peringatan – 2 (Kedua) PT Bank Shinhan Indonesia tertanggal 30 Agustus 2019;

45. Bukti T2-6   Invoice No: INV/01/19/002 tertanggal 25 Mei 2019 dari Cahaya Asia;

46. Bukti T3-1a   Akta No. 43 tanggal 30 Mei 2001 perihal Akta Pendirian Perseroan Terbatas **PT Delta Merlin Sandang Tekstil** yang dibuat dihadapan Pujiastuti Pangestu SH., notaris di Karanganyar.

47. Bukti T3-1b   Surat Keputusan Menteri Kehakiman Republik Indonesia No. C-03945 HT.01.01.TH.2001 perihal Pengesahan Akta Pendirian Perseroan Terbatas **PT Delta Merlin Sandang Tekstil** , di tetapkan pada tanggal 27 Juli 2001.

48. Bukti T3-2a   Akta No. 28 tanggal 12 Mei 2008 perihal Peryataan Keputusan Rapat **PT Delta Merlin Sandang Tekstil** yang dibuat dihadapan Pujiastuti Pangestu SH., notaris di Karanganyar.

49. Bukti T3-2b   Surat Keputusan Kementerian Hukum dan Hak Asasi Manusia No. AHU-45795.AH.01.02.Tahun 2008 tentang Persetujuan

Akta Perubahan Anggaran Dasar Perseroan di tetapkan pada tanggal 29 Juli 2008.

50. Bukti T3-3a  Akta No. 04 tanggal 1 Nopember 2017 perihal Peryataan Keputusan Rapat **PT Delta Merlin Sandang Tekstil** yang dibuat dihadapan Pujiastuti Pangestu SH., notaris di Karanganyar.

51. Bukti T3-3b  Surat Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia No. AHU-AH.01.03-0189887 perihal Penerimaan Pemberitahuan Perubahan Anggaran Dasar **PT Delta Merlin Sandang Tekstil** , di tetapkan pada tanggal 11 November 2017.

52. Bukti T3-3c  Surat Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia No. AHU-AH.01.03-0189888 perihal Penerimaan Pemberitahuan Perubahan Data Perseroan **PT Delta Merlin Sandang Tekstil,** di tetapkan pada tanggal 11 November 2017.

53. Bukti T3-4  Perjanjian Pemberian Jaminan Perusahaan *(Corporate Guarantee)* antara PT Shine Golden Bridge dengan PT Delta Merlin Sandang Tekstil.

54. Bukti T3-5  Surat Nomor Ref. 0127/SK/WB/CB3/AS/08/2019 Perihal Pemberitahuan Kondisi Cidera Janji PT Delta Merlin Sandang Tekstil Atas Kewajiban Pembayaran Pokok 31 Juli 2019 dari Permata Bank tertanggal 1 Agustus 2019;

55. Bukti T3-6  Invoice No: INV/01/19/006 tertanggal 28 Mei 2019 dari Cahaya Asia;

56. Bukti T4-1a  Akta No. 9 tanggal 14 Januari 2003 perihal Akta Pendirian Perseroan Terbatas.,, **PT Delta Dunia Sandang Tekstil**, yang dibuat dihadapan Pujiastuti Pangestu SH., notaris di Karanganyar.

57. Bukti T4-1b  Surat Keputusan Menteri Kehakiman Republik Indonesia No. C-04348 HT.01.01.TH.2003 perihal Pengesahan Akta Pendirian Perseroan Terbatas **PT Delta Dunia Sandang Tekstil**, di tetapkan pada tanggal 28 Februari 2003.

58. Bukti T4-2a  Akta No. 59 tanggal 26 Desember 2008 perihal Pernyataan Keputusan Rapat **PT Delta Dunia Sandang Tekstil**, yang

dibuat dihadapan Pujiastuti Pangestu SH., notaris di Karanganyar.

59. Bukti T4-2b   Surat Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia No. AHU-12235.AH.01.02.Tahun 2009 perihal Persetujuan Akta Perubahan Anggaran Dasar Perseroan **PT Delta Dunia Sandang Tekstil**, di tetapkan pada tanggal 13 April 2009.

60. Bukti T4-3a   Akta No. 07 tanggal 04 Nopember 2017 perihal Pernyataan Keputusan Rapat **PT Delta Dunia Sandang Tekstil**, yang dibuat dihadapan Pujiastuti Pangestu SH., notaris di Karanganyar.

61. Bukti T4-3b   Surat Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia No. AHU-AH.01.03-0194284 perihal Penerimaan Pemberitahuan Perubahan Anggaran Dasar **PT Delta Dunia Sandang Tekstil**, di tetapkan pada tanggal 24 November 2017.

62. Bukti T4-3c   Surat Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia No. AHU-AH.01.03-0194285 perihal Penerimaan Pemberitahuan Perubahan Data Perseroan **PT Delta Dunia Sandang Tekstil**, di tetapkan pada tanggal 24 November 2017.

63. Bukti T4-4   Perjanjian Pemberian Jaminan Perusahaan *(Corporate Guarantee)* antara PT Shine Golden Bridge dengan PT Delta Dunia Sandang Tekstil.

64. Bukti T4-5   Surat Perihal Konfirmasi Transaksi dengan Nomor Referensi FWD 182499878 dan Perubahannya dengan Nomor Referensi 191909936 (**"Konfirmasi Transaksi"**) dan Pemberitahuan Kegagalan Pembayaran tanggal 11 Juli 2019 dari PT Bank HSBC Indonesia Tertanggal 15 Juli 2019;

65. Bukti T4-6   Surat Nomor 074/QNB/-CMB/VII/19 Perihal Surat Peringatan Ketiga dari PT Bank QNB Indonesia Tbk tertanggal 26 Juli 2019;

66. Bukti T4-7   Invoice No: INV/01/19/007 tertanggal 29 Mei 2019 dari Cahaya Asia;

67. Bukti T5-1a   Akta No. 6 tanggal 3 September 1998 perihal Pendirian Perseroan Terbatas, **PT Dunia Setia Sandang Asli Tekstil**,

yang dibuat dihadapan Pujiastuti Pangestu SH., notaris di Karanganyar.

68.   Bukti T5-1b   Surat Keputusan Menteri Kehakiman Republik Indonesia No. C-12155 HT.01.01.Th.99 perihal Pengesahan Akta Pendirian Perseroan Terbatas **PT Dunia Setia Sandang Asli Tekstil** di tetapkan pada tanggal 1 Juli 1999.

69.   Bukti T5-1c   Data Akta Pendirian Perseroan;

70.   Bukti T5-2a   Akta No. 63 tanggal 25 Juni 2008 perihal Pernyataan Keputusan Rapat, **PT Dunia Setia Sandang Asli Tekstil**, yang dibuat dihadapan Pujiastuti Pangestu SH., notaris di Karanganyar.

71.   Bukti T5-2b   Surat Keputusan Menteri Hukum dan Hak Asasi Manusia Republik Indonesia No. AHU-46071.AH.01.02.Tahun 2008 perihal Persetujuan Akta Perubahan Anggaran Dasar Perseroan **PT Dunia Setia Sandang Asli Tekstil** di tetapkan pada tanggal tanggal 29 Juli 2008.

72.   Bukti T5-3a   Akta No. 06 tanggal 04 Nopember 2017 perihal Pernyataan Keputusan Rapat, **PT Dunia Setia Sandang Asli Tekstil**, yang dibuat dihadapan Pujiastuti Pangestu SH., notaris di Karanganyar.

73.   Bukti T5-3b   Surat Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia No. AHU-AH.01.03-0188203 perihal Penerimaan Pemberitahuan Perubahan Anggaran Dasar **PT Dunia Setia Sandang Asli Tekstil** di tetapkan pada tanggal 07 November 2017.

74.   Bukti T5-3c   Surat Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia No. AHU-AH.01.03-0188204 perihal Penerimaan Pemberitahuan Perubahan Data Perseroan **PT Dunia Setia Sandang Asli Tekstil** di tetapkan pada tanggal 07 November 2017

75.   Bukti T5-4   Perjanjian Pemberian Jaminan Perusahaan *(Corporate Guarantee)* antara PT Shine Golden Bridge dengan PT Dunia Setia Sandang Asli Tekstil.

76. Bukti T5-5    Surat Nomor 284/BSI-REM/HO-SP/VIII/2019 Perihal Surat Peringatan – 2 (Kedua) PT Bank Shinhan Indonesia tertanggal 30 Agustus 2019

77. Bukti T5-6    Invoice No: INV/01/19/011 tertanggal 11 Juni 2019 dari Cahaya Asia ;

78. Bukti T6-1a    Akta No. 09 tanggal 03 April 2008 perihal Penetapan Keputusan Rapat, **PT Perusahaan Dagang dan Perindustrian Damai**, yang dibuat dihadapan Roekiyanto SH., notaris di Semarang.

79. Bukti T6-1b    Surat Keputusan Menteri Hukum dan Hak Asasi Manusia Republik Indonesia No. AHU-09032.AH.01.02.Tahun 2009 perihal Persetujuan Akta Perubahan Anggaran Dasar Perseroan **PT Perusahaan Dagang dan Perindustrian Damai**, di tetapkan pada tanggal 24 Maret 2009;

80. Bukti T6-2a    Akta No. 01 tanggal 01 Nopember 2017 perihal Pernyataan Keputusan Rapat, **PT Perusahaan Dagang dan Perindustrian Damai**, yang dibuat dihadapan Pujiastuti Pangestu SH., notaris di Karanganyar.

81. Bukti T6-2b    Surat Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia No. AHU-AH.01.03-0194943 perihal Penerimaan Pemberitahuan Perubahan Anggaran Dasar **PT Perusahaan Dagang dan Perindustrian Damai**, di tetapkan pada tanggal 27 November 2017.

82. Bukti T6-2c    Surat Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia No. AHU-AH.01.03-0194944 perihal Penerimaan Pemberitahuan Perubahan Data Perseroan **PT Perusahaan Dagang dan Perindustrian Damai**, di tetapkan pada tanggal 27 November 2017.

83. Bukti T6-3    Perjanjian Pemberian Jaminan Perusahaan *(Corporate Guarantee)* antara PT Shine Golden Bridge dengan PT Perusahaan Dagang dan Perindustrian Damai.

84. Bukti T6-4    Invoice No: INV/01/19/012 tertanggal 11 Juni 2019 dari Cahaya Asia;

Menimbang, bahwa fotokopi bukti-bukti surat tersebut telah diteliti dan dicocokkan sesuai dengan aslinya dan semuanya bermaterai cukup;

*Halaman 58 dari 70 Putusan PKPU Nomor 22/Pdt.Sus-PKPU/2019/PN Smg*

Menimbang, bahwa selanjutnya, Pemohon dan Para Termohon telah mengajukan kesimpulan masing-masing tanggal 26 September 2019;

Menimbang, bahwa untuk mempersingkat uraian putusan ini, maka segala sesuatu yang tercantum dalam berita acara persidangan perkara ini, diambil alih dan dianggap sebagai bagian yang tak terpisahkan dari rangkaian pertimbangan putusan ini ;

Menimbang, bahwa baik Pemohon PKPU maupun Para Termohon PKPU menyatakan tidak mengajukan sesuatu lagi dan mohon putusan ;

### TENTANG PERTIMBANGAN HUKUM

Menimbang, bahwa maksud dan tujuan dari Permohonan Penundaan Kewajiban Pembayaran Utang (PKPU) yang diajukan oleh Pemohon adalah sebagaimana diuraikan di atas;

Menimbang, bahwa pasal 222 ayat (1) Undang-Undang Nomor 37 Tahun 2004 tentang Kepailitan dan Penundaan Kewajiban Pembayaran Utang (PKPU), menyatakan bahwa Penundaan Kewajiban Pembayaran Utang dapat diajukan oleh Debitor atau Kreditor dan sesuai dengan pasal 1 angka 11 Undang-undang Nomor 37 Tahun 2004 tentang Kepailitan dan Penundaan Kewajiban Pembayaran Utang (PKPU) bahwa Debitor atau Kreditor bisa perorangan atau Badan Hukum ;

Menimbang, bahwa Pasal 225 ayat (3) Undang-Undang Nomor 37 Tahun 2004 tentang Kepailitan dan Penundaan Kewajiban Pembayaran Utang (PKPU), pada pokoknya menyebutkan bahwa Permohonan PKPU yang diajukan oleh Kreditor maka Pengadilan dalam waktu paling lama 20 (dua puluh hari) sejak didaftarkannya Surat Permohonan, harus mengabulkan permohonan PKPU sementara dan menunjuk Hakim Pengawas serta mengangkat 1 (satu) atau lebih Pengurus yang bersama Debitor akan mengurus harta Debitor;

Menimbang, bahwa Permohonan PKPU diajukan oleh Pemohon sebagai Badan Hukum yang pada pokoknya agar Pengadilan Niaga pada Pengadilan Negeri Semarang memutuskan untuk memberikan PKPU kepada Para Termohon PKPU dengan mendalilkan bahwa Para Termohon PKPU ( Badan Hukum dan perorangan) mempunyai utang kepada Pemohon PKPU yang sudah jatuh waktu dan dapat ditagih serta mempunyai kreditor lain;

Menimbang, bahwa atas permohonan Pemohon diatas, Para Termohon telah memberikan jawaban yang  pada pokoknya menyatakan bahwa Para Termohon PKPU dengan itikad baik bersungguh-sungguh akan menyelesaikan utang-utangnya kepada para kreditor, karenanya **segera setelah Pengadilan**

**Niaga pada Pengadilan Negeri Semarang memberikan putusan PKPU Sementara**, Para Termohon PKPU akan menyampaikan Rancangan Rencana Perdamaian kepada seluruh kreditor Termohon PKPU sesuai dengan tata cara dimaksud dalam Bab III UUK ;

Menimbang, bahwa dari jawaban tersebut dapat disimpulkan bahwa **Para Termohon PKPU tidak berkeberatan dan dapat menerima** dalil permohonan PKPU dari Pemohon PKPU, demikian pula tentang penunjukan dan pengangkatan Tim Pengurus, Para Termohon PKPU juga tidak keberatan (pada angka 29 Jawaban Para Termohon);

Menimbang, bahwa meskipun terhadap permohonan PKPU yang diajukan oleh Pemohon, Para Termohon tidak berkeberatan dan dapat menerima dalil permohonan PKPU dari Pemohon PKPU, Majelis tetap akan mempertimbangkan apakah permohonan PKPU tersebut dapat dikabulkan atau tidak;

Menimbang, bahwa selanjutnya Majelis Hakim akan mempertimbangkan syarat-syarat formal dan syarat materiil Permohonan Pemohon;

Menimbang, bahwa permohonan PKPU Pemohon diajukan dan ditanda tangani oleh **YONG INDRO SETYO**, Direktur **PT. SHINE GOLDEN BRIDGE**, dan kuasa hukumnya Para Advokat pada **Kantor Advokat, Konsultan Hukum, Kurator & Pengurus "HARIYANTO & PARTNERS"** Jl. Tidar 28.II, Telp. (031) 5323374, Fax (031) 5328372 Surabaya, baik bersama-sama atau sendiri-sendiri, berdasarkan Surat Kuasa Khusus tanggal 20 Agustus 2019;

Menimbang, bahwa **YONG INDRO SETYO,** Alamat      Prambanan Lidah Kulon BD-17, RT 001, RW 008, Surabaya, Jabatan Direktur **PT. SHINE GOLDEN BRIDGE,** Berdasarkan, **Akta Pendirian Perseroan Terbatas PT. SHINE GOLDEN BRIDGE No. 01 tanggal 3 Mei 2016** yang dibuat oleh dan dihadapan Geys Bahasuan, S.H., M.Kn., Notaris di Gresik dan **Keputusan Menteri Hukum Dan Hak Asasi Manusia Republik Indonesia Nomor: AHU-0022608.AH.01.01.Tahun 2016** Tentang Pengesahan Pendirian Badan Hukum Perseroan terbatas **PT Shine Golden Bridge** tanggal 4 Mei 2016 – Bertindak untuk dan atas nama Direksi Perseroan selaku dan dalam jabatannya, sehingga berhak mewakili perseroan didalam dan diluar Pengadilan ( Bukti P-1 s/d. P-5);

Menimbang, bahwa dari berita acara sumpah para kuasa hukumnya, ternyata para kuasa hukumnya adalah Advokat yang telah mengangkat sumpah sebagaimana ditentukan dalam Pasal 4 UNDANG-UNDANG No.18 Tahun 2003 tentang Advokat, sehingga permohonan a quo telah memenuhi ketentuan Pasal 224 ayat (1) Undang-Undang Nomor 37 Tahun 2004 tentang Kepailitan dan

Penundaan Kewajiban Pembayaran Utang yaitu : Permohonan PKPU harus diajukan kepada Pengadilan yang daerah hukumnya meliputi daerah tempat kedudukan hukum debitur, dengan di tanda tangani oleh Pemohon dan Advokatnya;

Menimbang, bahwa selanjutnya akan dipertimbangkan apakah permohonan yang diajukan kepada Para Termohon secara formal dapat dibenarkan;

Menimbang, bahwa Para Termohon PKPU adalah Badan Hukum sebagaimana ternyata pada **Bukti T1 -1a s.d T1 – 1c,** untuk Termohon PKPU I **(PT Delta Merlin Dunia Textile), Bukti T2 – 1a s.d   T2 – 3c,** untuk Termohon PKPU II **(PT Delta Dunia Tekstil), Bukti  T3 – 1a s.d   T3 – 3c,** untuk Termohon PKPU III **(PT Delta Merlin Sandang Tekstil), Bukti  T4 – 1a s.d   T4 – 3c,** untuk Termohon PKPU IV**(PT Delta Dunia Sandang Tekstil),  Bukti  T5 – 1a s.d  T5 – 3c,** untuk Termohon PKPU V**(PT Dunia Setia Sandang Asli Tekstil),  Bukti  T6 – 1a s.d   T6 – 2c,** untuk Termohon PKPU VI **(PT Perusahaan Dagang dan Perindustrian Damai),** sehingga permohonan terhadap Para Termohon PKPU secara formal dapat dibenarkan;

Menimbang, bahwa berdasarkan pertimbangan tersebut di atas cukup alasan bagi Majelis Hakim untuk menyatakan bahwa permohonan PKPU yang diajukan oleh Pemohon telah memenuhi syarat formal yang ditentukan undang-undang;

Menimbang, bahwa selanjutnya akan dipertimbangkan apakah syarat materiil permohonan PKPU yang diajukan oleh Pemohon telah terpenuhi;

Menimbang, bahwa untuk membuktikan dalil-dalil permohonannya, Pemohon telah mengajukan surat-surat bukti bertanda P-1 sampai dengan P-69 dan surat bukti kreditor lain KL-1 sampai dengan KL-24;

Menimbang, bahwa untuk membuktikan dalil-dalil jawabannya, Para Termohon telah mengajukan surat bukti bertanda **T1-1a** sampai dengan **T6-4;**

Menimbang, bahwa berdasarkan ketentuan Pasal 222 ayat 1 dan 3 Undang Nomor 37 Tahun 2004 tentang Kepailitan dan Penundaan Kewajiban Pembayaran Utang disebutkan bahwa : " *Penundaan Kewajiban Pembayaran utang diajukan oleh Debitor  yang mempunyai lebih dari 1 (satu) kreditor atau oleh kreditor* " Dan *Kreditor yang memperkirakan bahwa Debitor tidak dapat melanjutkan membayar utangnya yang sudah jatuh waktu dan dapat ditagih, dapat memohon agar kepada Debitor di beri penundaan kewajiban pembayaran utang,*

*untuk memungkinkan debitor mengajukan rencana perdamaian yang meliputi tawaran pembayaran sebagian atau seluruh utang kepada kreditornya;*

Menimbang, bahwa meskipun ketentuan Pasal 222 ayat 1 Undang-Undang diatas tidak disyaratkan secara tegas bahwa apabila PKPU diajukan oleh kreditor harus dipenuhi syarat bahwa debitor harus memiliki lebih dari satu kreditor seperti halnya apabila PKPU tersebut diajukan oleh Debitor, namun secara tersirat harus dianggap bahwa syarat debitor harus mempunyai lebih dari satu kreditor harus dipenuhi pula apabila PKPU diajukan oleh Kreditor;

Menimbang, bahwa berdasarkan ketentuan Pasal 222 ayat 1 dan 3 Undang-undang Kepailitan dan Penundaan Kewajiban Pembayaran Utang diatas selanjutkan akan dipertimbangkan apakah permohonan PKPU Pemohon memenuhi syarat-syarat yang ditentukan yaitu :

1. Debitor memiliki lebih dari satu Kreditor;

2. Kreditor memperkirakan bahwa Debitor tidak akan dapat melanjutkan membayar utang-utangnya yang telah jatuh waktu dan dapat ditagih;

**Ad.1. Debitor memiliki lebih dari satu Kreditor;**

Menimbang, bahwa yang dimaksud dengan Kreditor menurut Pasal 1 angka (2) Undang-Undang Nomor 37 tahun 2004, adalah orang yang mempunyai piutang karena perjanjian atau undang-undang yang pelunasannya dapat ditagih dimuka pengadilan;

Menimbang, bahwa kemudian yang dimaksud dengan Debitor menurut Pasal 1 angka (3) Undang-Undang Nomor 37 tahun 2004, adalah orang yang mempunyai utang karena perjanjian atau undang-undang, yang pelunasannya dapat ditagih dimuka pengadilan;

Menimbang, bahwa selanjutnya Pemohon PKPU dalam Permohonan PKPU ini adalah **PT. SHINE GOLDEN BRIDGE**, yang mendalilkan bahwa Para Termohon PKPU memiliki utang kepada Pemohon PKPU sebagai berikut:

1. Bahwa Termohon PKPU I dengan Pemohon PKPU telah menandatangani Perjanjian Penyelesaian dan Pengakuan Utang tanggal 21 Januari 2019 ("**Perjanjian Penyelesaian dan Pengakuan Utang**"), yang pada pokoknya menyepakati tentang:

   a. Termohon PKPU I mengaku berutang dan menegaskan telah lalai dalam melaksanakan kewajiban pembayaran utang kepada Pemohon PKPU **sebesar Rp.1.697.880.000 (satu miliar enam ratus sembilan puluh tujuh juta delapan ratus delapan puluh ribu Rupiah);**

b. Seluruh nilai terutang yang timbul berdasarkan Perjanjian Penyelesaian dan Pengakuan Utang wajib dilunasi oleh Termohon PKPU I selambat-lambatnya pada tanggal **30 April 2019** ("Tanggal Jatuh Tempo Perpanjangan");

c. Seluruh nilai terutang yang timbul berdasarkan Perjanjian Penyelesaian dan Pengakuan Utang dijamin penuh oleh Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI.

Sebagaimana ternyata pada Bukti P-6 dan P-7 ;

2. Bahwa atas hutang yang telah jatuh tempo tersebut, Pemohon PKPU telah melakukan:

a. Surat Peringatan Pembayaran kepada Termohon PKPU I, Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI pada tanggal 10 Juni 2019, (bukti P-13) ; dan

b. Surat Peringatan Kedua untuk Membayar Utang pada tanggal 24 Juni 2019 kepada Termohon PKPU I, Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI, (bukti P-14);

c. Somasi kepada Termohon PKPU I, Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI pada tanggal 22 Juli 2019, (bukti P-15); dan

d. Somasi kedua kepada Termohon PKPU I, Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI pada tanggal 29 Juli 2019, (bukti P-16);

Menimbang, bahwa dengan bukti-bukti surat sebagaimana diajukan oleh Pemohon tersebut diatas, diperoleh fakta bahwa utang Termohon PKPU I **adalah sebesar Rp. 1.697.880.000 (satu miliar enam ratus sembilan puluh tujuh juta delapan ratus delapan puluh ribu Rupiah),** kepada Pemohon PKPU yang telah jatuh waktu pada tanggal 30 April 2019 dan dapat ditagih;

Menimbang, bahwa terkait utang Termohon PKPU I kepada Pemohon PKPU yang telah jatuh waktu dan dapat ditagih di atas, terdapat hubungan hukum dimana Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI yaitu secara tanggung renteng/tanggung menanggung ikut menjamin pelunasan utang Termohon PKPU I kepada Pemohon PKPU, sebagaimana telah ditandatanganinya perjanjian-perjanjian berikut:

d. Perjanjian Pemberian Jaminan Perusahaan (*Corporate Guarantee*) tertanggal 21 Januari 2019 yang dibuat dan ditandatangani oleh dan antara Pemohon PKPU dengan Termohon PKPU II, (bukti P-8);

e. Perjanjian Pemberian Jaminan Perusahaan (*Corporate Guarantee*) tertanggal 21 Januari 2019 yang dibuat dan ditandatangani oleh dan antara Pemohon PKPU dengan Termohon PKPU III, (bukti P-9);

f. Perjanjian Pemberian Jaminan Perusahaan (*Corporate Guarantee*) tertanggal 21 Januari 2019 yang dibuat dan ditandatangani oleh dan antara Pemohon PKPU dengan Termohon PKPU IV, (bukti P-10);

g. Perjanjian Pemberian Jaminan Perusahaan (*Corporate Guarantee*) tertanggal 21 Januari 2019 yang dibuat dan ditandatangani oleh dan antara Pemohon PKPU dengan Termohon PKPU V, (bukti P-11); dan

h. Perjanjian Pemberian Jaminan Perusahaan (*Corporate Guarantee*) tertanggal 21 Januari 2019 yang dibuat dan ditandatangani oleh dan antara Pemohon PKPU dengan Termohon PKPU VI, (bukti P-12);

Menimbang, bahwa berdasarkan bukti-bukti diatas dan dihubungkan dengan ketentuan Pasal 1820 KUHPerdata yang menyatakan " *Penanggungan ialah suatu persetujuan di mana pihak ketiga, demi kepentingan kreditur, mengikatkan diri untuk memenuhi perikatan debitur, bila debitur itu tidak memenuhi perikatannya.*"

Menimbang, bahwa sebagaimana Bukti P-8 sampai dengan Bukti P-12, telah ternyata Termohon PKPU I, Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI, selaku penjamin telah melepaskan hak-hak istimewanya sebagaimana diatur dalam Pasal 1430, Pasal 1831, Pasal 1833, Pasal 1837, Pasal 1843 dan Pasal 1847 sampai dengan Pasal 1850 KUHPerdata, dengan demikian Termohon PKPU I, Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI, mempunyai utang kepada Pemohon PKPU;

Menimbang, bahwa berdasarkan perjanjian diatas, Pemohon PKPU telah juga mengirimkan Surat Teguran dan Somasi kepada Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI selaku penjamin dari Termohon PKPU I untuk memberikan peringatan dan melakukan penagihan agar mereka segera melunasi utang Termohon PKPU I yang telah jatuh waktu dan dapat ditagih tersebut, namun demikian **Termohon PKPU II, Termohon PKPU III, Termohon PKPU IV, Termohon PKPU V dan Termohon PKPU VI dalam kedudukannya selaku penjamin atas utang-utang**

**Termohon PKPU I belum juga melunasi Utang Yang Telah Jatuh Waktu Dan Dapat Ditagih kepada Pemohon PKPU** sampai dengan diajukannya Permohonan PKPU ini;

Menimbang, bahwa terhadap dalil serta bukti yang diajukan oleh Pemohon PKPU diatas, Para Termohon pada pokoknya tidak keberatan dan membenarkannya, dengan demikian Para Termohon mempunyai utang kepada Pemohon sebagaimana tersebut diatas ;

Menimbang, bahwa disamping kepada Pemohon, Para Termohon juga memiliki utang kepada kreditor lainnya **CV. CAHAYA ASIA**, suatu badan usaha yang beralamat di Jl. Dr. Wahidin SH, RT.02/RW.08, Desa Kembangan, Kecamatan Kebonmas, Kabupaten Gresik, Jawa Timur, Indonesia ( bukti KL-1 sampai dengan KL-6), dengan rincian sebagai berikut:

a. Termohon PKPU I : sebesar Rp.603.432.000 (enam ratus tiga juta empat ratus tiga puluh dua ribu Rupiah), bukti KL-7 sampai dengan KL-9 ;

b. Termohon PKPU II, sebesar Rp.617.352.000 (enam ratus tujuh belas juta tiga ratus lima puluh dua ribu Rupiah) ), bukti KL-10 sampai dengan KL-12 ;

c. Termohon PKPU III, sebesar Rp.588.734.800 (lima ratus delapan puluh delapan juta tujuh ratus tiga puluh empat ribu delapan ratus Rupiah) ), bukti KL-13 sampai dengan KL-15;

d. Termohon PKPU IV, sebesar Rp.592.992.000 (lima ratus sembilan puluh dua juta sembilan ratus sembilan puluh dua ribu Rupiah) ), bukti KL-16 sampai dengan KL-18;

e. Termohon PKPU V, sebesar Rp.584.872.000 (lima ratus delapan puluh empat juta delapan ratus tujuh puluh dua ribu Rupiah) ), bukti KL-19 sampai dengan KL-21;

f. Termohon PKPU VI, sebesar Rp.617.236.000 (enam ratus tujuh belas juta dua ratus tiga puluh enam ribu Rupiah) ), bukti KL-22 sampai dengan KL-24s;

Menimbang, bahwa terhadap dalil serta bukti Kreditor Lain **CV. CAHAYA ASIA** diatas, Para Termohon tidak keberatan dan membenarkannya, dengan demikian Para Termohon juga mempunyai utang kepada Kreditor Lain **CV. CAHAYA ASIA** sebagaimana tersebut diatas;

Menimbang, bahwa berdasarkan pertimbangan diatas, syarat Debitor memiliki lebih dari satu kreditor telah terpenuhi dalam permohonan a quo;

**Ad.2. Kreditor memperkirakan Debitor tidak dapat melanjutkan membayar utangnya yang sudah jatuh waktu dan dapat ditagih;**

Menimbang, bahwa walaupun Pemohon PKPU sebagai kreditor telah menyampaikan Peringatan maupun Somasi kepada Para Termohon PKPU sebagai debitor untuk melunasi utang-utangnya kepada Pemohon PKPU karena telah jatuh waktu sebagaimana telah dipertimbangkan di atas, telah ternyata Para Termohon PKPU tidak atau belum juga melunasi / membayar utang-utangnya kepada Pemohon, demikian juga utang Para Termohon kepada kreditor lain, yaitu **CV. CAHAYA ASIA** ;

Menimbang, bahwa dengan pertimbangan atas bukti-bukti surat dan tidak dibantah oleh Para Termohon PKPU, maka syarat Kreditor memperkirakan Debitor tidak dapat melanjutkan membayar utangnya yang sudah jatuh waktu dan dapat ditagih telah memenuhi syarat-syarat sebagaimana ditentukan oleh Undang-undang;

Menimbang, bahwa berdasarkan uraian pertimbangan hukum di atas, Majelis Hakim berpendapat permohonan PKPU dari Pemohon telah memenuhi ketentuan Pasal 222 ayat 1 dan 3 Undang-Undang Nomor 37 Tahun 2004 tentang Kepailitan dan PKPU, sehingga berdasarkan ketentuan Pasal 225 ayat (3) dan ayat (4) Undang-Undang Nomor 37 Tahun 2004 tentang Kepailitan dan PKPU permohonan Pemohon harus dikabulkan untuk paling lama 45 (empat puluh lima) hari terhitung sejak putusan PKPU Sementara ini ditetapkan, dengan ketentuan waktu dan tempat sebagaimana disebutkan dalam amar putusan di bawah ini;

Menimbang, bahwa dengan dikabulkannya PKPU Sementara, maka berdasarkan ketentuan Pasal 225 ayat 3 Undang-Undang Nomor 37 Tahun 2004 tentang Kepailitan dan PKPU Majelis Hakim harus menunjuk Hakim Pengawas yang berasal dari Hakim Niaga pada Pengadilan Negeri Semarang yang akan disebutkan dalam amar putusan dibawah ini dan mengangkat 1 (satu) atau lebih Pengurus yang bersama sama dengan debitor akan mengurus harta debitor;

Menimbang, bahwa dalam permohonan PKPU ini Pemohon mohon ditunjuk

1. Saudara **HAMONANGAN SYAHDAN HUTABARAT, S.H.**, berkantor di SHAL Legal Counsellors, yang sekarang beralamat di Sovereign Plaza Lantai 20 Unit C, Jl. TB. Simatupang, Kavling 36, Jakarta Selatan, 12430, Kurator dan Pengurus yang terdaftar di Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia Nomor AHU-203.AH.04.03-2017 tertanggal 6 November 2017, Bukti P-17;

2. Saudara **ALFIN SULAIMAN, S.H., M.H.,** berkantor di Sulaiman & Herling Attorneys at Law, dengan alamat di Menara Bank Danamaon, Lt.12, Zona F

suite 1201, Jl. Prof. Dr. Satrio Kav.EIV No.6, Mega Kuningan, Jakarta Selatan, Kurator dan Pengurus yang terdaftar di Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia Nomor AHU.AH.04.03-86 tertanggal 4 April 2016, Bukti P-18;

3. Saudara **JANUARDO SULUNG P. SIHOMBING, S.H., M.H., M.A., BKP.**, berkantor di Simanungkalit Sihombing & Rekan, dengan alamat di Gedung Manggala Wanabhakti, Blok IV, Lantai 3, Suite 332, Wing B, Jl. Jend. Gatot Subroto No.6, Senayan, Jakarta Pusat 10270, Kurator dan Pengurus yang terdaftar di Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia Nomor AHU-AH.04.03-224 tertanggal 18 November 2016 , Bukti P-19; dan

4. Saudari **NILA ASRIYANTI, S.H.,** berkantor di SYAHRIAL RIDHO & PARTNERS, dengan alamat di Ruko Plaza Ciputat Mas Blok B/AA, Jalan Ir. H. Juanda No. 5A, Jakarta Selatan – 15412, Kurator dan Pengurus yang terdaftar di Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia Nomor AHU.AH.04.03-48 tanggal 22 Maret 2017, Bukti P-20;

Sebagai **Tim Pengurus** dalam Penundaan Kewajiban Pembayaran Utang (PKPU) ini sebagaimana dalam Surat Pernyataan Kesediaan Sebagai Pengurus masing-masing tertanggal 18 September 2019 (Bukti P-70, P-71, P-73) dan tanggal 12 September 2019 (P-72) ;

Menimbang, bahwa menurut penilaian Majelis Hakim, Para Pengurus yang dimohonkan tersebut tidak mempunyai benturan kepentingan dengan Pemohon dan Para Termohon PKPU, independen dan tidak sedang menangani perkara Kepailitan dan PKPU lebih dari 3 (tiga) perkara, sehingga dapat dikabulkan;

Menimbang, bahwa terhadap biaya PKPU dan imbalan jasa Pengurus akan ditetapkan kemudian berdasarkan pedoman yang ditetapkan oleh Peraturan Menteri Hukum dan HAM RI Nomor 1 Tahun 2013 tanggal 11 Januari 2013 setelah Pengurus selesai menjalankan tugasnya;

Menimbang, bahwa mengenai biaya perkara ditangguhkan setelah proses PKPU tetap berakhir ;

Memperhatikan Pasal 222 ayat (1) dan (3), Pasal 224 ayat (1) dan (3), Pasal 225 ayat (3) dan (4) Undang-undang Nomor 37 Tahun 2004 tentang Kepailitan dan Penundaan Kewajiban Pembayaran Utang serta peraturan Perundang-undangan lain yang bersangkutan ;

**MENGADILI:**

1.  Mengabulkan Permohonan Penundaan Kewajiban Pembayaran Utang (PKPU) yang diajukan oleh Pemohon PKPU untuk seluruhnya;

2.  Menyatakan Para Termohon PKPU, yaitu :

    2.1. **PT DELTA MERLIN DUNIA TEXTILE**, suatu perseroan terbatas yang didirikan berdasarkan hukum negara Republik Indonesia, beralamat di Jl. Solo – Sragen KM.14, Desa Pulosari, Kecamatan Kebakkramat, Kabupaten Karanganyar, Provinsi Jawa Tengah, Indonesia;

    2.2. **PT DELTA DUNIA TEKSTIL**, suatu perseroan terbatas yang didirikan berdasarkan hukum negara Republik Indonesia, beralamat di Jl. Raya Solo – Sragen KM. 10,8, Desa Kaling, Kecamatan Tasikmadu, Kabupaten Karanganyar, Provinsi Jawa Tengah, Indonesia;

    2.3. **PT DELTA MERLIN SANDANG TEKSTIL**, suatu perseroan terbatas yang didirikan berdasarkan hukum negara Republik Indonesia, beralamat di Jl. Raya Timur KM. 10, Desa Bumiaji, Kecamatan Gondang, Kabupaten Sragen, Provinsi Jawa Tengah, Indonesia;

    2.4. **PT DELTA DUNIA SANDANG TEKSTIL**, suatu perseroan terbatas yang didirikan berdasarkan hukum negara Republik Indonesia, beralamat di Jl. Raya Semarang – Demak KM 14 RT.05/RW.02, Desa Tambakroto, Kecamatan Sayung, Kabupaten Demak, Provinsi Jawa Tengah, Indonesia;

    2.5. **PT DUNIA SETIA SANDANG ASLI TEKSTIL**, suatu perseroan terbatas yang didirikan berdasarkan hukum negara Republik Indonesia, beralamat di Jl. Raya Palur KM 7,1 Desa Dagen, Kecamatan Jaten, Kabupaten Karanganyar, Provinsi Jawa Tengah, Indonesia; dan

    2.6. **PT PERUSAHAAN DAGANG DAN PERINDUSTRIAN DAMAI**, suatu perseroan terbatas yang didirikan berdasarkan hukum negara Republik Indonesia, beralamat di Jl. Simongan No.100, Kelurahan Ngemplak Simongan, Kecamatan Semarang Barat, Kota Semarang, Provinsi Jawa Tengah, Indonesia;

    berada dalam keadaan Penundaan Kewajiban Pembayaran Utang (PKPU) Sementara dengan segala akibat hukumnya selama jangka waktu paling lama 45 (empat puluh lima) hari terhitung sejak tanggal diucapkannya putusan perkara Permohonan PKPU *a quo*;

3.  Menunjuk **Pudjo Hunggul HW, S.H.,M.H.**, Hakim Niaga pada Pengadilan Negeri Semarang untuk mengawasi proses PKPU Para Termohon PKPU;

4.    Menunjuk serta mengangkat :

    4.1.  **HAMONANGAN SYAHDAN HUTABARAT, S.H.**, berkantor di SHAL Legal Counsellors, yang sekarang beralamat di Sovereign Plaza Lantai 20 Unit C, Jl. TB. Simatupang, Kavling 36, Jakarta Selatan, 12430, Kurator dan Pengurus yang terdaftar di Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia Nomor AHU-203.AH.04.03-2017 tertanggal 6 November 2017;

    4.2.  **ALFIN SULAIMAN, S.H., M.H.,** berkantor di Sulaiman & Herling Attorneys at Law, dengan alamat di Menara Bank Danamaon, Lt.12, Zona F suite 1201, Jl. Prof. Dr. Satrio Kav.EIV No.6, Mega Kuningan, Jakarta Selatan, Kurator dan Pengurus yang terdaftar di Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia Nomor AHU.AH.04.03-86 tertanggal 4 April 2016;

    4.3.  **JANUARDO SULUNG P. SIHOMBING, S.H., M.H., M.A., BKP.,** berkantor di Simanungkalit Sihombing & Rekan, dengan alamat di Gedung Manggala Wanabhakti, Blok IV, Lantai 3, Suite 332, Wing B, Jl. Jend. Gatot Subroto No.6, Senayan, Jakarta Pusat 10270, Kurator dan Pengurus yang terdaftar di Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia Nomor AHU-AH.04.03-224 tertanggal 18 November 2016; dan

    4.4.  **NILA ASRIYANTI, S.H.,** berkantor di SYAHRIAL RIDHO & PARTNERS, dengan alamat di Ruko Plaza Ciputat Mas Blok B/AA, Jalan Ir. H. Juanda No. 5A, Jakarta Selatan – 15412, Kurator dan Pengurus yang terdaftar di Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia Nomor AHU.AH.04.03-48 tanggal 22 Maret 2017;

Sebagai Tim Pengurus dalam proses Penundaan Kewajiban Pembayaran Utang (PKPU) Para Termohon PKPU dan/atau selaku Kurator dalam hal Para Termohon PKPU tersebut dinyatakan Pailit;

5.    Menetapkan sidang musyawarah Majelis Hakim pada hari **Kamis, tanggal 14 November 2019,** bertempat di Pengadilan Niaga pada Pengadilan Negeri Semarang, Jalan Siliwangi (Krapyak) No. 512 Semarang. 50148 Jawa Tengah;

6.    Memerintahkan Tim Pengurus untuk memanggil Pemohon Penundaan Kewajiban Pembayaran Utang dan para Kreditor yang dikenal dalam surat tercatat agar datang pada sidang yang telah ditetapkan diatas;

7. Menetapkan biaya pengurusan dan imbalan jasa bagi Para Pengurus akan ditetapkan kemudian setelah masa Penundaan Kewajiban Pembayaran Utang (PKPU) berakhir sesuai ketentuan hukum yang berlaku;

8. Menangguhkan biaya perkara sampai proses PKPU tetap berakhir;

Demikian diputuskan dalam sidang permusyawaratan Majelis Hakim Pengadilan Niaga pada Pengadilan Negeri Semarang pada hari Jumat, tanggal 27 September 2019 oleh kami, **Muhamad Yusuf, S.H.,M.H,** sebagai Hakim Ketua**, Wismonoto, S.H., dan Aloysius Priharnoto Bayuaji, S.H.,M.H,** masing-masing sebagai Hakim Anggota, yang ditunjuk berdasarkan Surat Penetapan Ketua Pengadilan Niaga pada Pengadilan Negeri Semarang Nomor 22/Pdt.Sus-PKPU/2019/PN Smg tanggal 11 September 2019, putusan tersebut pada hari **Senin tanggal 30 September 2019**, diucapkan dalam persidangan terbuka untuk umum oleh Majelis di atas, dibantu **Heru Sungkowo, S.H.,** Panitera Pengganti dan dihadiri oleh **Kuasa Hukum Pemohon PKPU** serta **Kuasa Hukum Para Termohon PKPU**.

**Hakim Anggota,**                                    **Hakim Ketua,**

**TTD.**                                                **TTD.**

**Wismonoto, S.H.**                          **Muhamad Yusuf, S.H.,M.H.**

**TTD.**

**Aloysius Priharnoto Bayuaji, S.H.,M.H.**

**Panitera Pengganti,**

**TTD.**

**Heru Sungkowo, S.H.**

Biaya Putusan:

- Meterai          Rp. 6.000,00
- Redaksi         Rp.10.000,00
  Jumlah          Rp.16.000,00

Catatan Panitera:

Pada hari ini, Kamis, tanggal 3 Oktober 2019, Salinan Resmi Putusan Nomor 22/Pdt.Sus-PKPU/2019/PN Smg sesuai dengan aslinya dikeluarkan secara kedinasan diberikan kepada Tim Pengurus ;



Panitera,

R. Joko Purnomo, S.H.
**NIP. 19651024  198603 1 003**

Biaya Turunan putusan :

- Meterai              Rp.   6.000.-
- Leges               Rp.  10.000.-
- Penyerahan turunan  Rp.   3.500.-
       Jumlah         Rp.  19.000.-

**English Translation of Order Commencing Foreign Proceeding**

**[Official Translation]**

# D E C R E E

## Number 22/Pdt.Sus-PKPU/2019/PN.Smg

**FOR THE SAKE OF JUSTICE IN THE NAME OF THE ONE AND ONLY ALMIGHTY GOD**

The Commercial Court at the District Court of Semarang examining and determining the case of the Suspension of the Obligation for Debt Payment at the first instance has issued the judgment in the matter filed by:

**PT SHINE GOLDEN BRIDGE,** (*formerly*) having its domicile in Gresik, of Jl. Pertamina Number 78, Village Sumberame, District Winginanom, Regency of Gresik, ***currently*** having its domicile in Mojokerto, of Dusun Bangsri RT. 001 RW. 003 Kebangsri Ngoro, Regency of Mojokerto, East Java – Indonesia, in this matter duly represented by: **YONG INDRO SETYO,** Address Prambanan Lidah kulon BD-17, RT 001, RW 008, Surabaya, In his Capacity as Director of **PT.SHINE GOLDEN BRIDGE,** duly acting for and on behalf of the Board of Directors of the Company as and in his aforesaid capacity;

In this matter duly authorizing:

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

Page 1 of 173

**[Official Translation]**

1. **HARIYANTO, S.H., M.Hum., 2. PURWANTO, S.H., 3. ENDANG ERNIAWATI, S.H.** All of whom are the Advocates or Attorneys-at-Law at THE **LAW OFFICE OF ADVOCATE, LEGAL COUNSULTANT, CURATOR & RECEIVER "*HARIYANTO & PARTNERS*"** of Jl. Tidar 28.II, Tel. (031) 532 3374, Fax (031) 532 8372, Surabaya, as the Attorneys-at-Law by virtue of Special Power of Attorney dated 20 August 2019 and registered with the Clerk Office of the District Court of Semarang on the date of 11 September 2019 and therefore, duly acting for and on behalf of as well as for the legal interest of **PT SHINE GOLDEN BRIDGE;**

Hereinafter referred to as "**the Petitioner for the Suspension of the Obligation for Debt Payment (SODP)**".

The Petitioner for the Suspension of the Obligation for Debt Payment shall hereby file the Petition for the Suspension of the Obligation for Debt Payment ("**SODP (Insolvency Petition)**");

**Versus:**

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 2 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

1. **PT DELTA MERLIN DUNIA TEXTILE,** Limited Liability Company duly established and organized under the laws of the Republic of Indonesia, having its address at Jl. Solo – Sragen KM.14, Village Pulosari, District Kebakkramat, Regency of Karanganyar, Central Java Province, Indonesia (hereinafter referred to as "**the Respondent I of SODP (Insolvency Petition)**");

2. **PT DELTA DUNIA TEKSTIL,** Limited Liability Company duly established and organized under the laws of the Republic of Indonesia, having its address at Jl. Solo – Sragen KM. 10.8, Village Kaling, District Tasikmadu, Regency of Karanganyar, Central Java Province, Indonesia (hereinafter referred to as "**the Respondent II of SODP (Insolvency Petition)**");

3. **PT DELTA MERLIN SANDANG TEKSTIL,** Limited Liability Company duly established and organized under the laws of the Republic of Indonesia, having its address at Jl. Raya Timur KM.10, Village Bumiaji, District Gondang, Regency of Sragen, Central Java Province, Indonesia (hereinafter referred to

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 3 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

as **"the Respondent III of SODP (Insolvency Petition)"**);

4.   **PT DELTA DUNIA SANDANG TEKSTIL,** Limited Liability Company duly established and organized under the laws of the Republic of Indonesia, having its address at Jl. Raya Semarang – Demak KM 14 RT.05/RW.02, Village Tambakroto, District Sayung, Regency of Demak, Central Java Province, Indonesia (hereinafter referred to as **"the Respondent IV of SODP (Insolvency Petition)"**);

5.   **PT DUNIA SETIA SANDANG ASLI TEKSTIL,** Limited Liability Company duly established and organized under the laws of the Republic of Indonesia, having its address at Jl. Raya Palur KM 7.1, Village Dagen, District Jaten, Regency of Karanganyar, Central Java Province, Indonesia (hereinafter referred to as **"the Respondent V of SODP (Insolvency Petition)"**); and

6.   **PT PERUSAHAAN DAGANG DAN PERINDUSTRIAN DAMAI,** Limited Liability Company duly established and organized under the laws of the Republic of

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 4 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

Indonesia, having its address at Jl. Simongan No. 10014, Sub District Ngemplak Simongan, District Semarang Barat, City of Semarang, Central Java Province, Indonesia (hereinafter referred to as "**the Respondent VI of SODP (Insolvency Petition)**");

Who have in this matter elected their legal domicile at the office of their attorneys-at-law: **GP Aji Wijaya, S.H., Hardiansyah, S.H., M.H.,** and **Pradana Snehabandhana P., S.H., LL.M.,** all of whom are the Advocates and Legal Counsel at the Law Office of Aji Wijaya & Co., of Gedung Cyber 2, 31st Floor, Jalan HR Rasuna Said, Blok X-5 No. 13, Jakarta Selatan 12950, by virtue of Special Power of Attorney each dated 16 September 2019, registered in the legal register of the Clerk Office of the District Court of Semarang, dated 20 September 2019;

Hereinafter jointly referred to as "**the Respondents of SODP (Insolvency Petition)**".

The said Commercial Court;

After reading the case dossiers;

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 5 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

After having heard both parties in litigation;

## REGARDING THE FACTS OF THE CASE

Considering, that the Petitioner of SODP (Insolvency Petition) in his Petition dated 10 September 2019 has filed the Petition for SODP (Insolvency Petition) against the Respondents of SODP (Insolvency Petition) as contained in the Petition of the Petitioner which was registered and recorded with the Clerk Office of the Commercial Court at the District Court of Semarang, under Register Number 22/Pdt.Sus-PKPU/2019/PN Smg, on the date of 11 September 2019 as follows:

I. ███████████████████████████████████

███████████████████████████████████

██████████████████████ *(LEGAL STANDING PEMOHON)*

1. That between the Petitioner for SODP (Insolvency Petition) and the Respondent I of SODP (Insolvency Petition), **there has been legal relationship,** whereas the Respondent I of SODP (Insolvency Petition) has placed purchase orders for goods in form cardboard boxes **"Box 365 + Layer"** (hereinafter referred to as **"Ordered Goods"**) to the Petitioner for SODP (Insolvency Petition) on the basis of:

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 6 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

    a. Purchase Order No. PO1/SGB-DMDT/V/100K dated 21 June 2018, whereas the Respondent I of SODP (Insolvency Petition) has ordered ""**Box 365 + Layer**"" to the Petitioner for SODP (Insolvency Petition) for 100,000 (one hundred thousand) pieces at the price of IDR 12,000 per piece (hereinafter referred to as "**PO 1**"); and

    b. Purchase Order No. PO2/SGB-DMDT/VI/50K dated 28 June 2018, whereas the Respondent I of SODP (Insolvency Petition) has ordered ""**Box 365 + Layer**"" to the Petitioner for SODP (Insolvency Petition) for 41,490 (forty one thousand four hundred and ninety) pieces at the price of IDR 12,000 per piece (hereinafter referred to as "**PO 1**").

2.   That the Petitioner for SODP (Insolvency Petition) has delivered all the Ordered Goods to the Respondent I of SODP (Insolvency Petition) as proven by the following delivery orders (hereinafter collectively referred to "**Shipment Documents**"):

| No | Delivery Order Number | Date | Quantity of Goods | Value (IDR) |
|---|---|---|---|---|
| a. | Shipment of "BXL365" in accordance with PO 1 | | | |

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

| 1. | SJ/SGB/14/01/0034 | 3 July 2018 | 7340 | 88,080,000 |
|---|---|---|---|---|
| 2. | SJ/SGB/14/01/0035 | 3 July 2018 | 7005 | 84,060,000 |
| 3. | SJ/SGB/14/01/0044 | 3 July 2018 | 7320 | 87,840,000 |
| 4. | SJ/SGB/14/01/0045 | 3 July 2018 | 7640 | 91,680,000 |
| 5. | SJ/SGB/14/01/0046 | 3 July 2018 | 8770 | 105,240,000 |
| 6. | SJ/SGB/14/01/0047 | 3 July 2018 | 7350 | 88,200,000 |
| 7. | SJ/SGB/14/01/0056 | 9 July 2018 | 7820 | 93,840,000 |
| 8. | SJ/SGB/14/01/0057 | 9 July 2018 | 7010 | 84,120,000 |
| 9. | SJ/SGB/14/01/0058 | 9 July 2018 | 8970 | 107,640,000 |
| 10. | SJ/SGB/14/01/0059 | 9 July 2018 | 7850 | 94,200,000 |
| 11. | SJ/SGB/14/01/0072 | 10 July 2018 | 7840 | 94,080,000 |
| 12. | SJ/SGB/14/01/0073 | 12 | 7995 | 95,940,000 |

**Jakarta, 7 October 2019**

I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

| | | July 2018 | | |
|---|---|---|---|---|
| 13. | SJ/SGB/14/01/0074 | 12 July 2018 | 7120 | 85,440,000 |
| b. | Shipment of "BXL365" in accordance with PO 2 | | | |
| 14. | SJ/SGB/14/01/0081 | 16 July 2018 | 6980 | 83,760,000 |
| 15. | SJ/SGB/14/01/0082 | 18 July 2018 | 7120 | 85,440,000 |
| 16. | SJ/SGB/14/01/0083 | 20 July 2018 | 6520 | 78,240,000 |
| 17. | SJ/SGB/14/01/0084 | 25 August 2018 | 7230 | 86,760,000 |
| 18. | SJ/SGB/14/01/0085 | 25 August 2018 | 6720 | 80,640,000 |
| 19. | SJ/SGB/14/01/0086 | 25 August 2018 | 6890 | 82,680,000 |

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

| Total | 141,490 | 1,697,880,000 |
|---|---|---|

3. That with respect to with the delivery and shipment of all the Ordered Goods to the Respondent I of SODP (Insolvency Petition) on the basis of Shipment Documents mentioned above, then in accordance with the terms and conditions as set out in PO 1 and PO 2, **the Petitioner for SODP (Insolvency Petition) HAS INURED THE BENEFIT AND RIGHT TO RECEIVE PAYMENT FOR THE GOODS ORDERED FROM THE RESPONDENT I OF SODP (INSOLVENCY PETITION) IN FORM OF PAYMENT AT THE SUM OF IDR 1,697,880,000.- (one billion six hundred and ninety seven million eight hundred and eighty thousand Indonesian Rupiah)** (hereinafter referred to **"Invoices"**).

4. That in order to obtain its right over the Invoices, the Petitioner for SODP (Insolvency Petition) has sent a number of invoices to the Respondent I of SODP (Insolvency Petition) in order to collect the payment for such Ordered Goods, which are on the basis of the following invoices:

| No | Invoice Number | Invoice Date | Receipt Date | Maturity Date | Value (IDR) |
|---|---|---|---|---|---|

---

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*
Uki Ukanto

**[Official Translation]**

| a. | Pursuant to PO 1 | | | | |
|---|---|---|---|---|---|
| 1. | INV"SJ/SGB/14/01/0034 | 05-07-2018 | 09-07-2018 | 08-08-2018 | 88,080,000 |
| 2. | INV"SJ/SGB/14/01/0035 | 05-07-2018 | 09-07-2018 | 08-08-2018 | 84,060,000 |
| 3. | INV"SJ/SGB/14/01/0044 | 05-07-2018 | 09-07-2018 | 08-08-2018 | 87,840,000 |
| 4. | INV"SJ/SGB/14/01/0045 | 05-07-2018 | 09-07-2018 | 08-08-2018 | 91,680,000 |
| 5. | INV"SJ/SGB/14/01/0046 | 05-07-2018 | 09-07-2018 | 08-08-2018 | 105,240,000 |
| 6. | INV"SJ/SGB/14/01/0047 | 05-07-2018 | 09-07-2018 | 08-08-2018 | 88,200,000 |
| 7. | INV"SJ/SGB/14/01/0056 | 11-07-2018 | 17-07-2018 | 16-08-2018 | 93,840,000 |
| 8. | INV"SJ/SGB/14/01/0057 | 11-07-2018 | 17-07-2018 | 16-08-2018 | 84,120,000 |
| 9. | INV"SJ/SGB/14/01/0058 | 11-07-2018 | 17-07-2018 | 16-08-2018 | 107,640,000 |
| 10. | INV"SJ/SGB/14/01/0059 | 11-07-2018 | 17-07-2018 | 16-08-2018 | 94,200,000 |
| 11. | INV"SJ/SGB/14/01/0072 | 13-07-2018 | 18-07-2018 | 17-08-2018 | 94,080,000 |
| 12. | INV"SJ/SGB/14/01/ | 16-07- | 23-07- | 22-08- | 95,940,000 |

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of
Jakarta No. 2238/2004, certify that the above is true and accurate English
translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

|      |                        |              |              |              |               |
| ---- | ---------------------- | ------------ | ------------ | ------------ | ------------- |
|      | 0073                   | 2018         | 2018         | 2018         |               |
| 13.  | INV"SJ/SGB/14/01/ 0074 | 16-07- 2018  | 23-07- 2018  | 22-08- 2018  | 85,440,000    |
| b.   | Pursuant to PO 2       |              |              |              |               |
| 14.  | INV"SJ/SGB/14/01/ 0081 | 20-07- 2018  | 26-07- 2018  | 25-08- 2018  | 83,760,000    |
| 15.  | INV"SJ/SGB/14/01/ 0082 | 20-07- 2018  | 26-07- 2018  | 25-08- 2018  | 85,440,000    |
| 16.  | INV"SJ/SGB/14/01/ 0083 | 23-07- 2018  | 30-07- 2018  | 29-08- 2018  | 78,240,000    |
| 17.  | INV"SJ/SGB/14/01/ 0084 | 26-07- 2018  | 04-08- 2018  | 03-09- 2018  | 86,760,000    |
| 18.  | INV"SJ/SGB/14/01/ 0085 | 26-07- 2018  | 04-08- 2018  | 03-09- 2018  | 80,640,000    |
| 19.  | INV"SJ/SGB/14/01/ 0086 | 26-07- 2018  | 04-08- 2018  | 03-09- 2018  | 82,680,000    |
|      | **Total**              |              |              |              | **1,697,880,000** |

Notes on Table:

(i) The invoices as described in the table above
    starting with number 1 to number 19 hereinafter
    collectively referred to as **"Invoices"** and
    individually referred to as **"Invoice"**;

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of
Jakarta No. 2238/2004, certify that the above is true and accurate English
translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*
Uki Ukanto

**[Official Translation]**

> (ii) The dates as described in the column "Receipt Date" are the dates on which the Respondent I of SODP (Insolvency Petition) stated that it had received each of the Invoices from the Petitioner for SODP (Insolvency Petition) completely and under this the Petition for SODP (Insolvency Petition) hereinafter referred to as **"Receipt Date of Invoice"**;
>
> (iii) The dates as described in the column "Maturity Date" are the final dates of payment for each of the Invoices that the Respondent I of SODP (Insolvency Petition) should have made, which is 30 (thirty) days as from the Receipt Date of Invoice as set out in each Invoice, hereinafter referred to as **"Maturity Date"**;

5.   That it is indisputable legal fact that all the Invoices for each of the Billings or Invoices has actually been received by the Respondent I of SODP (Insolvency Petition) on the Receipt Date of Invoice which is proven by the stamp/mark/seal of receipt along with the dates written by the Respondent I of SODP (Insolvency Petition) on each of such Invoices.

6.    That:

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of
Jakarta No. 2238/2004, certify that the above is true and accurate English
translation of its Indonesian original.
Page 13 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

a.    the Ordered Goods have all been delivered to the Respondent I of SODP (Insolvency Petition); and

b.    The Invoices have also been sent as well as accepted in good condition by the Respondent I of SODP (Insolvency Petition);

However, the fact is that after the lapse of Maturity Date of each of the Invoices, and even until the filing of this the Petition for SODP (Insolvency Petition), **THE RESPONDENT I OF SODP (INSOLVENCY PETITION) HAS NEVER MADE ANY PAYMENT FOR AND/OR FULLY PAYS THE INVOICES, EITHER IN PART OR IN WHOLE, TO THE PETITIONER OF SODP (INSOLVENCY PETITION).** Therefore, **the Respondent I of SODP (Insolvency Petition) beyond reasonable doubt is found having committed negligence and default** for failing to perform its obligations to fully pay the Invoices to the Petitioner for SODP (Insolvency Petition) in accordance with Maturity Date under each of the Invoices.

7.    That on the date of 12 December 2018, the Petitioner for SODP (Insolvency Petition) and the Respondent I of SODP (Insolvency Petition) held a meeting in order to discuss the settlement of Invoices of the Petitioner for SODP (Insolvency Petition) which are

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 14 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

overdue and such meeting was attended by the Respondent I of SODP (Insolvency Petition), the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition), as entered into in Minutes of Meeting dated 12 December 2018 (hereinafter referred to **"Minutes of Meeting"**) at which the legal facts are primarily disclosed as follows:

a.    That the Respondent I of SODP (Insolvency Petition) owes the Petitioner for SODP (Insolvency Petition) since it has not paid the Invoices for the purchase of the Ordered Goods at the sum of **IDR 1,697,880,000.- (one billion six hundred and ninety seven million eight hundred and eighty thousand Indonesian Rupiah)**;

b.    That it proves true and correct that the Ordered Goods are used and/or utilized and/or enjoyed by the Respondent I of SODP (Insolvency Petition) for its benefits, but also by the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 15 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition). Therefore, the Respondent I of SODP (Insolvency Petition) objects if it has to pay all such Invoices of the Petitioner for SODP (Insolvency Petition) itself, and as such, the Respondent I of SODP (Insolvency Petition) has also requested the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition) to jointly bear the payment for such debts;

c.  The Respondents of SODP (Insolvency Petition) are currently suffering from financial difficulty/cash flow and therefore, the Respondents of SODP (Insolvency Petition) are asking for time leniency to the Petitioner for SODP (Insolvency Petition) to delay the performance of their payment obligations for the Invoices to the Petitioner for SODP (Insolvency Petition).

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

8.   That on the basis of the legal facts as referred to in point 7 above, there is an agreement between the Petitioner for SODP (Insolvency Petition) and the Respondents of SODP (Insolvency Petition) which was entered into in such Minutes of Meeting, as follows:

a.   **The Respondent I of SODP (Insolvency Petition) has promised to fully pay the Invoices to the Petitioner for SODP (Insolvency Petition) by 30 April 2019 whereas such full payment was, both jointly and severally, fully guaranteed by the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition);**

b.   Within a maximum of 30 days as from the date of Minutes of Meeting, the Parties will enter into and execute an agreement for the settlement of indebtedness in order to implement such meeting results.

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 17 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

9.     That as a follow-up action of the results of the meeting on the basis of the aforementioned Minutes of Meeting, on 21 January 2019, the Respondent I of SODP (Insolvency Petition) and the Petitioner for SODP (Insolvency Petition) signed Agreement for the Settlement and Acknowledgement of Indebtedness (**"Agreement for the Settlement and Acknowledgement of Indebtedness"**) under which is primarily agreed upon the following:

a.     **That the Respondent I of SODP (Insolvency Petition) acknowledges its indebtedness and represents that it has been negligent for failing to perform its obligations to pay its debt to the Petitioner for SODP (Insolvency Petition) for the sum of IDR 1,697,880,000.- (one billion six hundred and ninety seven million eight hundred and eighty thousand Indonesian Rupiah);**

b.     **All the sum of the debts arising under Agreement for the Settlement and Acknowledgement of Indebtedness shall be fully paid by the Respondent I of SODP (Insolvency Petition) not**

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 18 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

later than 30 April 2019 ("Extended Maturity Date");

c.   All the sum of the debts arising under Agreement for the Settlement and Acknowledgement of Indebtedness shall be fully guaranteed by **the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition).**

10.   That on the contrary, the fact is that after the lapse of the Extended Maturity Date, the Respondent I of SODP (Insolvency Petition) fails to pay such Invoices, either in whole or in part, to the Petitioner for SODP (Insolvency Petition). Therefore, the Respondent I of SODP (Insolvency Petition) **beyond reasonable doubt is once again found having committed negligence and default** for failing to perform its obligations to fully pay the Invoices to the Petitioner for SODP (Insolvency Petition) in accordance with the Extended Maturity Date.

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

11.   On the basis of the legal facts we have presented above by referring to the Elucidation of Article 2 paragraph (1) of the third section of Bankruptcy Law, it can be simply and summarily understood that as a matter of law, the Invoices that the Petitioner for SODP (Insolvency Petition) has against the Respondent I of SODP (Insolvency Petition), **ARE MATURED AND COLLECTIBLE AS WELL AS SHALL BE PAYABLE BY THE RESPONDENT OF SODP (INSOLVENCY PETITION) TO THE PETITIONER OF SODP (INSOLVENCY PETITION) AS FROM THE EXTENDED MATURITY DATE AS SET FORTH HEREINABOVE ("Debts Which Are Due, Matured, and Payable").**

Elucidation of Article 2 paragraph (1) of the third section of Bankruptcy Law:

"*The term "Debts Which Are Due, Matured, and Payable" shall mean the obligation to pay debts which have matured, whether or not it is mutually agreed, due to expedited time (acceleration) for payment or collection as mutually agreed, due to imposition of a sanction or penalty by the competent authority, regulatory body, or agency, or due to the decision of any court of justice, an arbitrator or panel of arbitrators.*"

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 20 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

12. On the basis of the legal facts we have presented above by referring to the Elucidation of Article 2 paragraph (1) the third section of Bankruptcy Law, it can be easily and simply and summarily understood that as a matter of law, the Invoices that the Petitioner for SODP (Insolvency Petition) has against the Respondent I of SODP (Insolvency Petition) ARE **MATURED AND PAYABLE BY THE RESPONDENTS OF SODP (INSOLVENCY PETITION) TO THE PETITIONER OF SODP (INSOLVENCY PETITION) AS FROM THE EXTENDED MATURITY DATE AS SET FORTH HEREINABOVE ("DEBTS WHICH ARE DUE, MATURED, AND PAYABLE").**

13. That in connection with Debts Which Are Due, Matured, and Payable which have not been paid the Respondent I of SODP (Insolvency Petition), the Petitioner for SODP (Insolvency Petition) has actually made various efforts and tried so many ways to reprimand, remind, demand, and/or send legal notice the Respondent I of SODP (Insolvency Petition) to immediately fulfill its obligation to make the payments for Debts Which Are Due, Matured, and Payable to the Petitioner for SODP (Insolvency Petition), including among others:

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 21 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

a.    The Petitioner for SODP (Insolvency Petition) has sent:

1)    Warning Letter of Payment to the Respondent I of SODP (Insolvency Petition), the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition) on 10 June 2019; and

2)    2nd Warning Letter to Demand Debt Payment on 24 June 2019 to the Respondent I of SODP (Insolvency Petition), the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition);

Under which the Petitioner for SODP (Insolvency Petition) primarily reprimanded and reminded the Respondent I of SODP (Insolvency Petition) (also

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 22 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition)) to pay Debts Which Are Due, Matured, and Payable to the Petitioner for SODP (Insolvency Petition).

b. The Petitioner for SODP (Insolvency Petition) has appointed its Attorney at Law who has sent:

1) Legal Notice or *Somasi* to the Respondent I of SODP (Insolvency Petition), the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition) on 22 July 2019; and

2) The second Legal Notice or *Somasi* to the Respondent I of SODP (Insolvency Petition), the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 23 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

(Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition) to on 29 July 2019;

Under which the Petitioner for SODP (Insolvency Petition) primarily declared and stated that the Respondent I of SODP (Insolvency Petition) has committed default and therefore, the Petitioner for SODP (Insolvency Petition) made the complaint/gave stern warning to the Respondent I of SODP (Insolvency Petition) (also the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition)) to immediately pay Debts Which Are Due, Matured, and Payable to the Petitioner for SODP (Insolvency Petition).

Hereinafter collectively referred to as **"Warning Letters and Legal Notices or *Somasi*."**

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 24 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

14. That although the Petitioner for SODP (Insolvency Petition) has sent Warning Letters and Legal Notices or *Somasi* to the Respondents of SODP (Insolvency Petition), THE RESPONDENT I OF SODP (INSOLVENCY PETITION) IS STILL NEGLIGENT AS WELL AS FAILS TO PERFORM ITS OBLIGATIONS TO PAY THE DEBTS THAT ARE MATURED AND PAYABLE in accordance with the maturity or time limit of payment given as set forth in each of such Warning Letters and Legal Notices or *Somasi*.

15. That the act by the Respondent I of SODP (Insolvency Petition) who fails to perform its obligations to fully repay its debt to the Petitioner for SODP (Insolvency Petition) is definitely an act of negligence and for such negligence, **THE RESPONDENT I OF SODP (INSOLVENCY PETITION) IS BEYOND REASONABLE DOUBT FOUND HAVING DEBTS THAT ARE MATURED AND PAYABLE TO THE PETITIONER OF SODP (INSOLVENCY PETITION) AND THEREFORE, THE RESPONDENT I OF SODP (INSOLVENCY PETITION) SHALL BY LAW BE OBLIGED TO PAY THE DEBTS THAT ARE MATURED AND PAYABLE AT THE SUM OF IDR 1,697,880,000.- (ONE BILLION SIX HUNDRED AND NINETY SEVEN MILLION EIGHT HUNDRED AND EIGHTY THOUSAND INDONESIAN RUPIAH) TO THE PETITIONER OF SODP (INSOLVENCY PETITION).**

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 25 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

16.  That on the basis of the above, it is a clear and obvious legal fact as well as it is true and correct that there is legal relationship between the Petitioner for SODP (Insolvency Petition) and the Respondent I of SODP (Insolvency Petition) on the basis of PO 1 and PO 2, and the Petitioner for SODP (Insolvency Petition) actually has receivables/invoices to the Respondents of SODP (Insolvency Petition) in form of such Debts Which Are Due, Matured, and Payable. Therefore, it is proven that **THE PETITIONER OF SODP (INSOLVENCY PETITION) IS THE CREDITOR OF THE RESPONDENTS OF SODP (INSOLVENCY PETITION)** as provided for under the provisions of Article 1 number 2 of Bankruptcy Law which establishes:

"*Creditor shall mean any person who has receivables under an agreement or a law which is collectible or payable before the court*".

Therefore, since <u>**THE PETITIONER OF SODP (INSOLVENCY PETITION) HAS THE LEGAL CAPACITY (LEGAL STANDING) AS LEGAL CREDITOR TO FILE THE APPLICATION OF SODP (INSOLVENCY PETITION) *A QUO***</u> against the Respondents of SODP (Insolvency Petition), then it is equitable for

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 26 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

the Panel of Judges Examining and Adjudicating to accept, sustain, and grant the Petition for SODP (Insolvency Petition) *a quo.*.

## II. THE LEGAL RELATIONSHIP OF THE PETITIONER OF SODP AND THE RESPONDENT II, THE RESPONDENT III, THE RESPONDENT IV, THE RESPONDENT V, AND THE RESPONDENT VI, OF SODP (INSOLVENCY PETITION);

17.  Related to the negligence of the Respondent I of SODP (Insolvency Petition) in performing its obligations to fully pay such Debts Which Are Due, Matured, and Payable to the Petitioner for SODP (Insolvency Petition), there is a legal fact that the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition) shall, both jointly and severally, also bear and guarantee the full repayment of Debts Which Are Due, Matured, and Payable by the Respondent I of SODP (Insolvency Petition) to the Petitioner for SODP (Insolvency Petition), as proven by the signing and execution of the following agreements:

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 27 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

a.  Agreement for the Granting of Corporate Guarantee dated 21 January 2019 duly executed and signed by and between the Petitioner for SODP (Insolvency Petition) and the Respondent II of SODP (Insolvency Petition);

b.  Agreement for the Granting of Corporate Guarantee dated 21 January 2019 duly executed and signed by and between the Petitioner for SODP (Insolvency Petition) and the Respondent III of SODP (Insolvency Petition);

c.  Agreement for the Granting of Corporate Guarantee dated 21 January 2019 duly executed and signed by and between the Petitioner for SODP (Insolvency Petition) and the Respondent IV of SODP (Insolvency Petition);

d.  Agreement for the Granting of Corporate Guarantee dated 21 January 2019 duly executed and signed by and between the Petitioner for SODP (Insolvency Petition) and the Respondent V of SODP (Insolvency Petition);

e.  Agreement for the Granting of Corporate Guarantee dated 21 January 2019 duly executed

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

and signed by and between the Petitioner for SODP (Insolvency Petition) and the Respondent VI of SODP (Insolvency Petition);

(hereinafter referred to as **"Agreements for the Granting of Corporate Guarantee"**) which constitute the accessory agreements (*accesoir*) for the performance of Agreement for the Settlement and Acknowledgement of Indebtedness.

18. Agreements for the Granting of Corporate Guarantee shall primarily govern the following matters:

   a. **The Respondent II of SODP (Insolvency Petition), as well as the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition) make warranty and legally bind themselves to provide Corporate Guarantee to the Petitioner for SODP (Insolvency Petition),** whereas in the event that the Respondent I of SODP (Insolvency Petition) is negligent/commits default for failing to perform its obligation for debt repayment under Agreement for the Settlement and Acknowledgement

**Jakarta, 7 October 2019**

I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Ukanto*

Uki Ukanto

**[Official Translation]**

of Indebtedness, then **the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition) shall irrevocably and unconditionally fully pay all the obligations of the Respondent I of SODP (Insolvency Petition) under Agreement for the Settlement and Acknowledgement of Indebtedness to the Petitioner for SODP (Insolvency Petition);**

b.   **Each of the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition) agrees to waive any and all their rights to demand the Respondent I of SODP (Insolvency Petition) that all of its assets be foreclosed and used first to repay its debts to the Petitioner for SODP (Insolvency Petition).** In addition, they agree to waive their privileges/rights for releasing and

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of
Jakarta No. 2238/2004, certify that the above is true and accurate English
translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

holding   harmless   the   Guarantor   from   its
obligations   as   referred   to   in   Article   1430,
Article   1831,   Article   1833,   Article   1837,
Article   1843,   and   Article   1847   until   Article
1850 of the Indonesian Civil Code;

c.   **Each of the Respondent II of SODP (Insolvency
Petition),   the   Respondent   III   of   SODP
(Insolvency Petition), the Respondent IV of SODP
(Insolvency Petition), the Respondent V of SODP
(Insolvency Petition), and the Respondent VI of
SODP (Insolvency Petition) agrees to become the
most senior or main obligors** that have to fully
pay all the losses or damages suffered by the
Petitioner for SODP (Insolvency Petition) due to
the   negligence   of   the   Respondent   I   of   SODP
(Insolvency   Petition)   for   failing   to   pay   its
debts to the Petitioner for SODP (Insolvency
Petition) under Agreement for the Settlement and
Acknowledgement of Indebtedness;

19.   That on the basis of the above premises, it is
indisputably proven that each of the Respondent II of
SODP   (Insolvency   Petition),   the   Respondent   III   of
SODP (Insolvency Petition), the Respondent IV of SODP

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of
Jakarta No. 2238/2004, certify that the above is true and accurate English
translation of its Indonesian original.
Page 31 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

(Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition) has legally bind themselves to provide the Corporate Guarantee to the Petitioner for SODP (Insolvency Petition). Therefore, under Article 1820 of the Indonesian Civil Code ("**the Indonesian Civil Code**"), each of the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition) shall be held liable to pay Debts Which Are Due, Matured, and Payable to the Petitioner for SODP (Insolvency Petition) if the Respondent I of SODP (Insolvency Petition) itself fails to do so.

Article 1820 of the Indonesian Civil Code provides that:

"*The provision of a guarantee is an agreement under which a third party agrees, **for the benefit of creditor** to legally bind himself to fulfill the obligations of the debtor, if the debtor himself fails to fulfill such obligations.*"

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 32 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

20. Furthermore, each of THE RESPONDENT II OF SODP (INSOLVENCY PETITION), THE RESPONDENT III OF SODP (INSOLVENCY PETITION), THE RESPONDENT IV OF SODP (INSOLVENCY PETITION), THE RESPONDENT V OF SODP (INSOLVENCY PETITION), AND THE RESPONDENT VI OF SODP (INSOLVENCY PETITION) HAS WAIVED THEIR PRIVILEGES as the guarantors as referred to in Article 1430, Article 1831, Article 1833, Article 1837, Article 1843, and Article 1847 until Article 1850 of the Indonesian Civil Code which have been expressly regulated under the Agreements for the Granting of Corporate Guarantee.

21. That as the privileges each of the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition) as the guarantors have been waived, then pursuant to Article 1832 of the Indonesian Civil Code, the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 33 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

(Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition) may no longer demand that all assets of the Respondent I of SODP (Insolvency Petition) shall be first foreclosed or sold in order to repay the debts of the Respondent I of SODP (Insolvency Petition) to the Petitioner for SODP (Insolvency Petition) before the Petitioner for SODP (Insolvency Petition) seeks for the liability of the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition). In other words, the Petitioner for SODP (Insolvency Petition) may directly ask for the liability of the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition), whereas the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 34 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

(Insolvency Petition) shall be held liable for all debts of the Respondent I of SODP (Insolvency Petition) to the Petitioner for SODP (Insolvency Petition) that are matured and payable.

Article 1832 the Indonesian Civil Code governs that"

"*The guarantor may not demand that the debtor shall be foreclosed or dispossessed of his assets in advance in the following circumstances in order to fully pay his debts*:

1.  ***if he has waived or relinquished his rights or privileges to demand that the assets of the debtor shall be first seized, dispossessed, or foreclosed***;

2.  *if he, has severally bound himself to the principal debtor; in which case the consequences of the same contract shall be regulated in accordance with the basic principles which have been established with respect to several liability debts*;

3.  *if the debtor may submit a demurrer/objection (tangkisan) which is only relevant to him personally*;

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of
Jakarta No. 2238/2004, certify that the above is true and accurate English
translation of its Indonesian original.
Page 35 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

4.    *if the debtor becomes bankrupt or insolvent;*

5.    *in the case of a guarantee ordered by the judge or court.*

22.    As described in Chapter I above, it is the legal fact that the Respondent I of SODP (Insolvency Petition) has not performed its obligation to fully pay Debts Which Are Due, Matured, and Payable to the Petitioner for SODP (Insolvency Petition) as the Petitioner for SODP (Insolvency Petition) has also sent Warning Letters and Legal Notices or *Somasi* to the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition) as the guarantors of the Respondent I of SODP (Insolvency Petition) in order to give warning and to make collection so they immediately fully repay Debts Which Are Due, Matured, and Payable.

23.    However, **the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency**

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

**Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition) in their capacity as the guarantors for the debts of the Respondent I of SODP (Insolvency Petition) have not fully repaid Debts Which Are Due, Matured, and Payable to the Petitioner for SODP (Insolvency Petition)** until the filing of the Petition for SODP (Insolvency Petition) *a quo*.

24. That based on the explanation above, it is indisputably proven that there is a legal relationship among each of the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition) (as the guarantors for the debts of the Respondent I of SODP (Insolvency Petition)) with the Petitioner for SODP (Insolvency Petition) in connection with the Debts Which Are Due, Matured, and Payable.

Based on the explanation above, there is a legal fact that the Petitioner for SODP (Insolvency Petition) has the legal standing and is the Creditor of each of

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition) as contemplated under the provisions of Article 1 number 2 of Bankruptcy Law, which provides:

"*Creditor shall mean a person who has receivables under an agreement or a law that are payable and collectible before the court.*"

Therefore, **THE PETITONER OF SODP (INSOLVENCY PETITION) HAS THE LEGAL CAPACITY (LEGAL STANDING) AS LEGAL CREDITOR TO FILE THE PETITION OF SODP (INSOLVENCY PETITION) A *QUO*** against THE RESPONDENT II OF SODP (INSOLVENCY PETITION), THE RESPONDENT III OF SODP (INSOLVENCY PETITION), THE RESPONDENT IV OF SODP (INSOLVENCY PETITION), THE RESPONDENT V OF SODP (INSOLVENCY PETITION), AND THE RESPONDENT VI OF SODP (INSOLVENCY PETITION), and therefore, it is reasonable and equitable for the Panel of Judges Examining and Adjudicating to accept, sustain, and grant the Petition for SODP (Insolvency Petition) *a quo*

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 38 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

III. **THE INSOLVENCY PETITION OR THE PETITION FOR SUSPENSION OF THE OBLIGATION FOR DEBT PAYMENT (SODP) HAS FULFILLED THE REQUIREMENTS FOR THE FILING OF THE PETITION FOR THE SUSPENSION OF OBLIGATION FOR DEBT PAYMENT (SODP) AS REGULATED UNDER ARTICLE 222 PARAGRAPH (1) AND PARAGRAPH (3) OF BANKRUPTCY LAW.**

25. That Article 222 paragraph (1) of Bankruptcy Law provides that:

   *"Suspension of obligation for payment of debt submitted by the Debtor who has more than 1 (one) Creditor or by the Creditor".*

26. That furthermore, Article 222 paragraph (3) of Bankruptcy Law regulates that:

   *"Creditors estimating that the Debtors are unable to continue paying those debts which have been matured and payable, may request that they can suspend paying their debts,* in order to enable them to present a composition plan or settlement plan that includes an offer to pay their debts, either in whole or in part, to their Creditors."

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

27. Based on the aforementioned provisions, then the requirements to file the Petition for SODP (Insolvency Petition) shall be as follows:

   a. There are debts that become matured and payable of the debtors (*in casu* the Respondent I of SODP (Insolvency Petition), the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition)) to the Creditor (*in casu* the Petitioner for SODP (Insolvency Petition));

   b. The debtors (*in casu* the Respondent I of SODP (Insolvency Petition), the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition)) have more than 1 (one) creditor;

   c. The Creditor (*in casu* the Petitioner for SODP (Insolvency Petition)) estimates that the

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

debtors (*in casu* the Respondent I of SODP (Insolvency Petition), the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition)) are unable to pay debts that are matured and payable;

**The requirements mentioned above have been fulfilled by the Petitioner for SODP (Insolvency Petition)** which are described as follows:

A.  **THE RESPONDENT I OF SODP (INSOLVENCY PETITION), THE RESPONDENT II OF SODP (INSOLVENCY PETITION), THE RESPONDENT III OF SODP (INSOLVENCY PETITION), THE RESPONDENT IV OF SODP (INSOLVENCY PETITION), THE RESPONDENT V OF SODP (INSOLVENCY PETITION), AND THE RESPONDENT VI OF SODP (INSOLVENCY PETITION), ARE ALL THE DEBTORS OF THE PETIIONER OF SODP (INSOLVENCY PETITION) WHO HAVE DEBTS THAT ARE MATURED AND PAYABLE.**

28.  That as explained comprehensively in paragraph number 1 to paragraph number 24 above, it is a legal fact that **THE RESPONDENT I OF SODP (INSOLVENCY PETITION),**

**Jakarta, 5 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

**THE RESPONDENT II OF SODP (INSOLVENCY PETITION), THE RESPONDENT III OF SODP (INSOLVENCY PETITION), THE RESPONDENT IV OF SODP (INSOLVENCY PETITION), THE RESPONDENT V OF SODP (INSOLVENCY PETITION), AND THE RESPONDENT VI OF SODP (INSOLVENCY PETITION), ARE ALL THE DEBTORS OF THE PETITIONER OF SODP (INSOLVENCY PETITION),** as stated in the provisions of Article 1 paragraph (3) of Bankruptcy Law which states:

*"Debtor shall mean a person who has indebtedness for which it may be demanded to pay before the court."*

29.  That the legal fact whereas **the Respondent I of SODP (Insolvency Petition), the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition) are the debtors of the Petitioner for SODP (Insolvency Petition),** as referred to hereinabove, may be simply and summarily proven on the basis of:

a.  The Respondent I of SODP (Insolvency Petition) who is the debtor of the Petitioner for SODP (Insolvency Petition) is proven on the basis of

**Jakarta, 5 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004



Uki Ukanto

**[Official Translation]**

the payable amounts in accordance with the Invoices that have arisen due to the legal relationship between the Petitioner for SODP (Insolvency Petition) and the Respondents of SODP (Insolvency Petition) on the basis of PO 1 and PO 2, and therefore, it has made the Respondents of SODP (Insolvency Petition) have the obligation to pay Debts Which Are Due, Matured, and Payable to the Petitioner for SODP (Insolvency Petition). It has been explained by the Petitioner for SODP (Insolvency Petition) in paragraph number 1 to paragraph number 16 above.

b.    The Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition) who are the debtors of the Petitioner for SODP (Insolvency Petition) are proven by on the basis of the guarantees provided by the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 43 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition) under the Agreements for the Granting of Corporate Guarantee that make the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition), both jointly and severally, be liable as the main obligors to pay Debts Which Are Due, Matured, and Payable to the Petitioner for SODP (Insolvency Petition). Such matter has been explained by the Petitioner for SODP (Insolvency Petition) under paragraph number 17 to paragraph number 24 above.

30. In addition to that, the explanation given under paragraph number 1 to paragraph number 24 above also provides the conclusion regarding other legal fact, which is that **the Respondents of SODP (Insolvency Petition) also have the obligations to pay Debts Which Are Due, Matured, and Payable to the Petitioner for SODP (Insolvency Petition)** as contemplated under Article 222 paragraph (3) of Bankruptcy Law which regulates that:

**Jakarta, 7 October 2019**

I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

> "*Creditors estimating that the Debtors are unable to continue paying* **those debts which have been matured and payable, may request that they may suspend paying their debts,** *in order to enable them to present a composition or settlement plan that includes an offer to pay their debts, either in whole or in part, to their Creditors.*"

31. The legal fact that the Respondent I of SODP (Insolvency Petition) has the obligation of debt payment to the Petitioner for SODP (Insolvency Petition) for Debts Which Are Due, Matured, and Payable can also be simply and summarily proven by the amount of Payable at the sum of **IDR 1,697,880,000.- (one billion six hundred and ninety seven million eight hundred and eighty thousand Indonesian Rupiah)** arising on the basis of the invoices in conjunction with the Agreement for the Settlement and Acknowledgement of Indebtedness, all of which become matured and payable, due to their maturity date, which is 30 April 2019, has lapsed.

32. As the legal fact that the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 45 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Ukuukanto*
Uki Ukanto

**[Official Translation]**

(Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition) as the guarantors have the obligation of the debt payment to the Petitioner for SODP (Insolvency Petition) Which Are Due, Matured, and Payable can also be simply and summarily proven by the fact that the payment for the Amount Payable by the Respondent I of SODP (Insolvency Petition) to the Petitioner for SODP (Insolvency Petition), which is guaranteed by the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition) under the Agreements for the Granting of Corporate Guarantee, have been mature since the date of 30 April 2019, and therefore, the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition) shall automatically and instantaneously be liable as the main obligors to fully repay by 30 April 2019, either

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 46 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

jointly or severally, for the Debts Which Are Due, Matured, and Payable to the Petitioner for SODP (Insolvency Petition).

**THEREFORE, IT IS CLEAR AND OBVIOUS THAT <u>THE RESPONDENT I OF SODP (INSOLVENCY PETITION), THE RESPONDENT II OF SODP (INSOLVENCY PETITION), THE RESPONDENT III OF SODP (INSOLVENCY PETITION), THE RESPONDENT IV OF SODP (INSOLVENCY PETITION), THE RESPONDENT V OF SODP (INSOLVENCY PETITION), AND THE RESPONDENT VI OF SODP (INSOLVENCY PETITION) ARE ALL THE DEBTORS OF THE PETITIONER OF SODP (INSOLVENCY PETITION) AND THE RESPONDENT I OF SODP (INSOLVENCY PETITION), THE RESPONDENT II OF SODP (INSOLVENCY PETITION), THE RESPONDENT III OF SODP (INSOLVENCY PETITION), THE RESPONDENT IV OF SODP (INSOLVENCY PETITION), THE RESPONDENT V OF SODP (INSOLVENCY PETITION), AND THE RESPONDENT VI OF SODP (INSOLVENCY PETITION) HAVE DEBTS THAT ARE MATURED AND PAYABLE TO THE PETITIONER OF SODP (INSOLVENCY PETITION).</u>**

B.   **THE RESPONDENTS OF SODP (INSOLVENCY PETITION) HAVE MORE THAN 1 (ONE) CREDITOR**

33.   That the provisions of Article 222 paragraph (1) of Bankruptcy Law regulate the requirements of the

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 47 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

petition for SODP (Insolvency Petition) that shall have more than 1 (one) creditor, as contemplated thereunder as follows:

*"The suspension of obligation for payment of debt shall be filed by the Debtor who has more than 1 (one) Creditor or by the Creditor".*

34. Therefore, in order to comply with the requirement for the filing of SODP (Insolvency Petition) as set out in Article 222 paragraph (1) of Bankruptcy Law above, then THE PETITIONER OF SODP (INSOLVENCY PETITION) MAY PROVE THAT THERE ARE OTHER CREDITORS OF THE RESPONDENTS OF SODP (INSOLVENCY PETITION), namely:

a. Other Creditor of the Respondent I of SODP (Insolvency Petition):

**CV. CAHAYA ASIA,** a business entity having its address at Jl. Dr. Wahidin SH, RT.02/RW.08, Village Kembangan, District Kebonmas, Regency of Gresik, East Java, Indonesia.

Based on the information the Petitioner for SODP (Insolvency Petition) received from CV. CAHAYA ASIA, there is a legal fact that based on the

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

documents available that **the Respondent I of SODP (Insolvency Petition) also owes CV. CAHAYA ASIA (*in casu* Other Creditor of the Respondent I of SODP (Insolvency Petition)) for the sum of IDR 603,432,000 (six hundred and three million four hundred and thirty two thousand Indonesian Rupiah) ("Invoice of Other Creditor of the Respondent I of SODP (Insolvency Petition)")** which arises on the basis of Purchase Order No. PO/CVCA-DMDT/I/50K dated 27 May 2019, whereas the Respondent I of SODP (Insolvency Petition) placed an order for "Box 610 + Layer" to the Petitioner for SODP (Insolvency Petition) as many as 52,020 (fifty thousand twenty) cardboard boxes, each at the price of IDR 11,600 (eleven thousand six hundred Indonesian Rupiah);

b.    Other Creditor of the Respondent II of SODP (Insolvency Petition):

**CV. CAHAYA ASIA,** a business entity having its address at Jl. Dr. Wahidin SH, RT.02/RW.08, Village Kembangan, District Kebonmas, Regency of Gresik, East Java, Indonesia.

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 49 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

Based on the information the Petitioner for SODP (Insolvency Petition) received from CV. CAHAYA ASIA, there is a legal fact that based on the documents available that **the Respondent II of SODP (Insolvency Petition) also owes CV. CAHAYA ASIA (*in casu* Other Creditor of the Respondent II of SODP (Insolvency Petition)) for the sum of IDR 617,352,000 (six hundred and seventeen million three hundred and fifty two thousand Indonesian Rupiah) ("Invoice of Other Creditor of the Respondent II of SODP (Insolvency Petition)")** which arises on the basis of Purchase Order No. PO/CVCA-DDT/I/50K dated 15 May 2019, whereas the Respondent II of SODP (Insolvency Petition) placed an order for "Box 610 + Layer" to the Petitioner for SODP (Insolvency Petition) as many as 53,220 (fifty three thousand two hundred and twenty) cardboard boxes, each at the price of IDR 11,600 (eleven thousand six hundred Indonesian Rupiah);

c.    Other Creditor of the Respondent III of SODP (Insolvency Petition):

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

**CV. CAHAYA ASIA**, a business entity having its address at Jl. Dr. Wahidin SH, RT.02/RW.08, Village Kembangan, District Kebonmas, Regency of Gresik, East Java, Indonesia.

Based on the information the Petitioner for SODP (Insolvency Petition) received from CV. CAHAYA ASIA, there is a legal fact that based on the documents available that **the Respondent III of SODP (Insolvency Petition) also owes CV. CAHAYA ASIA (*in casu* Other Creditor of the Respondent III of SODP (Insolvency Petition)) for the sum of IDR 588,734,800 (five hundred and eighty eight million seven hundred and thirty four thousand eight hundred Indonesian Rupiah) ("Invoice of Other Creditor of the Respondent III of SODP (Insolvency Petition)"**) which arises on the basis of Purchase Order No. PO/CVCA-DMST/I/50K dated 16 May 2019, whereas the Respondent III of SODP (Insolvency Petition) placed an order for "Box 610 + Layer" to the Petitioner for SODP (Insolvency Petition) as many as 50,753 (fifty thousand seven hundred and fifty three) cardboard boxes, each at the price

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

of IDR 11,600 (eleven thousand six hundred Indonesian Rupiah);

d.    Other Creditor of the Respondent IV of SODP (Insolvency Petition):

**CV. CAHAYA ASIA**, a business entity having its address at Jl. Dr. Wahidin SH, RT.02/RW.08, Village Kembangan, District Kebonmas, Regency of Gresik, East Java, Indonesia.

Based on the information the Petitioner for SODP (Insolvency Petition) received from CV. CAHAYA ASIA, there is a legal fact that based on the documents available that **the Respondent IV of SODP (Insolvency Petition) also owes CV. CAHAYA ASIA (*in casu* Other Creditor of the Respondent IV of SODP (Insolvency Petition)) for the sum of IDR 592,992,000 (five hundred and ninety two million nine hundred and ninety two thousand Indonesian Rupiah) ("Invoice of Other Creditor of the Respondent IV of SODP (Insolvency Petition)")** which arises on the basis of Purchase Order No. PO/CVCA-DDST/I/50K dated 17 May 2019, whereas the Respondent IV of SODP (Insolvency Petition) placed an order for "Box

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

610 + Layer" to the Petitioner for SODP (Insolvency Petition) as many as 51,120 (fifty one thousand one hundred and twenty) cardboard boxes, each at the price of IDR 11,600 (eleven thousand six hundred Indonesian Rupiah);

e.    Other Creditor of the Respondent V of SODP (Insolvency Petition):

**CV. CAHAYA ASIA**, a business entity having its address at Jl. Dr. Wahidin SH, RT.02/RW.08, Village Kembangan, District Kebonmas, Regency of Gresik, East Java, Indonesia.

Based on the information the Petitioner for SODP (Insolvency Petition) received from CV. CAHAYA ASIA, there is a legal fact that based on the documents available that **the Respondent V of SODP (Insolvency Petition) also owes CV. CAHAYA ASIA (*in casu* Other Creditor of the Respondent V of SODP (Insolvency Petition)) for the sum of IDR 584,872,000 (five hundred and eighty four million eight hundred and seventy two thousand Indonesian Rupiah) ("Invoice of Other Creditor of the Respondent V of SODP (Insolvency Petition)")** which arises on the basis of

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

Purchase Order No. PO/CVCA-DDSA/I/50K dated 23 May 2019, whereas the Respondent V of SODP (Insolvency Petition) placed an order for "Box 610 + Layer" to the Petitioner for SODP (Insolvency Petition) as many as 50,420 (fifty thousand four hundred and twenty) cardboard boxes, each at the price of IDR 11,600 (eleven thousand six hundred Indonesian Rupiah);

f.    Other Creditor of the Respondent VI of SODP (Insolvency Petition):

**CV. CAHAYA ASIA**, a business entity having its address at Jl. Dr. Wahidin SH, RT.02/RW.08, Village Kembangan, District Kebonmas, Regency of Gresik, East Java, Indonesia.

Based on the information the Petitioner for SODP (Insolvency Petition) received from CV. CAHAYA ASIA, there is a legal fact that based on the documents available that **the Respondent VI of SODP (Insolvency Petition) also owes CV. CAHAYA ASIA (*in casu* Other Creditor of the Respondent VI of SODP (Insolvency Petition)) for the sum of IDR 617,236,000 (six hundred and seventeen million two hundred and thirty six thousand**

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

**Indonesian Rupiah) ("Invoice of Other Creditor of the Respondent VI of SODP (Insolvency Petition)")** which arises on the basis of Purchase Order No. PO/CVCA-DAMAITEX/I/50K dated 22 May 2019, whereas the Respondent VI of SODP (Insolvency Petition) placed an order for "Box 610 + Layer" to the Petitioner for SODP (Insolvency Petition) as many as 53,210 (fifty three thousand two hundred and ten) cardboard boxes, each at the price of IDR 11,600 (eleven thousand six hundred Indonesian Rupiah);

The status of such other creditors' invoices as referred to in the above paragraphs are all unpaid by each of the Respondents of SODP (Insolvency Petition) until the filing of this Petition for SODP (Insolvency Petition) *a quo*.

35. That on the basis of the explanation on the facts above coupled with the exhibits or evidences presented above, then **it is simply and summarily and clearly found beyond reasonable doubt that each of the Respondents of SODP (Insolvency Petition) has more than 1 (one) creditor, and therefore the Petition for SODP (Insolvency Petition) filed by the**

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

[Official Translation]

Respondents of SODP (Insolvency Petition) has met the requirements as referred to in the provisions of Article 222 paragraph (1) of Bankruptcy Law.

C.   **THE PETITIONER OF SODP (INSOLVENCY PETITION) ESTIMATES THAT THE RESPONDENTS OF SODP (INSOLVENCY PETITION) ARE UNABLE TO CONTINUE PAYING THEIR DEBTS THAT ARE MATURED AND PAYABLE.**

36.   That the Petition for SODP (Insolvency Petition) *a quo* filed by the Petitioner for SODP (Insolvency Petition) shall be based on the fact that the Respondents of SODP (Insolvency Petition) have Debts Which Are Due, Matured, and Payable to the Petitioner for SODP (Insolvency Petition) as described in details above.

37.   That based on the meeting held on the date of 12 December 2018 which is proven by the Minutes of Meeting, it is found that the Respondents of SODP (Insolvency Petition) are currently suffering from financial difficulty/cash flow and it is supported by the news published in the mass media which have been published continuously since the month of July of 2019, which informed, among others, that the Respondents of SODP (Insolvency Petition) owe and

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

Page 56 of 173

2f92661d374f189f

**[Official Translation]**

have debts to a number of creditor banks amounting up to IDR 20 trillion and currently, a number of the Respondents of SODP (Insolvency Petition) are failed to settle or committed default for their debt payments.

38. In addition, the Petitioner for SODP (Insolvency Petition) is able to prove that the Respondents of SODP (Insolvency Petition) are simply and summarily found having failed to pay Debts Which Are Due, Matured, and Payable, which are not paid from 30 April 2019 and even until the date of filing of this the Petition for SODP (Insolvency Petition) *a quo*, as on the contrary **THE PETIIIONER OF SODP (INSOLVENCY PETITION) HAS REPRIMANDED AND/OR GIVEN STERN WARNING TO ALL THE RESPONDENTS OF SODP (INSOLVENCY PETITION) WHICH IS MATURED AND PAYABLE MORE THAN 1 (ONCE),** as explained above.

39. That as from the dates on which Warning Letters and Legal Notices or *Somasi* are sent by the Petitioner for SODP (Insolvency Petition) to the Respondents of SODP (Insolvency Petition) until the filing of the Petition for SODP (Insolvency Petition) *a quo*, the Petitioner for SODP (Insolvency Petition) has never

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

received any response, reply and/or clarification from the Respondents of SODP (Insolvency Petition) as a fundamental form of good faith, who at least can provide information on the ability and/or capacity of the Respondents of SODP (Insolvency Petition) to fully perform their payment obligation over Debts Which Are Due, Matured, and Payable to the Petitioner for SODP (Insolvency Petition).

40. Therefore, it is **CLEAR AND OBVIOUS** that the element that the debtor can no longer pay Debts Which Are Due, Matured, and Payable as required under the provisions of Article 222 paragraph (3) of Bankruptcy Law as the prerequisite for the filing of the Petition for SODP (Insolvency Petition) by the Petitioner for SODP (Insolvency Petition) as the legal creditor of the Respondent I of SODP (Insolvency Petition) **HAS BEEN FULFILLED.**

41. Therefore, it is a legal fact that the Respondents of SODP (Insolvency Petition) has never made any payment for such Debts Which Are Due, Matured, and Payable even though the Petitioner for SODP (Insolvency Petition) has sought to make collection and warning as well as reprimand, and therefore, **IT IS WELL**

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

**FOUNDED FOR THE PETITIONER OF SODP (INSOLVENCY PETITION) TO FILE THIS PETITION FOR SODP (Insolvency Petition) A *QUO* TO THE RESPONDENTS OF SODP (INSOLVENCY PETITION) AND IT IS ALSO WELL FOUNDED TO DECLARE AND RULE THAT THE RESPONDENTS OF SODP (INSOLVENCY PETITION) ARE UNABLE TO MAKE FULL PAYMENT OR SETTLEMENT FOR THE DEBTS THAT ARE MATURED AND PAYABLE.**

42. That the explanation above is in line with the provisions of Article 222 paragraph (3) of Bankruptcy Law which establishes:

   *"Creditors estimating that the Debtors are unable to continue paying those debts which have been matured and payable, may request that they can suspend paying their debts, in order to enable them to present a composition or settlement plan that includes an offer to pay their debts, either in whole or in part, to their Creditors".*

IV. **THE INSOLVENCY PETITION OR THE PETITION FOR THE SUSPENSION OF OBLIGATION FOR DEBT PAYMENT (SODP) A *QUO* CAN BE SIMPLY AND SUMMARILY PROVEN IN ACCORDANCE WITH THE PROVISIONS OF ARTICLE 8 PARAGRAPH (4) OF BANKRUPTCY**

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

43.  That between on the basis of the explanation of the facts and evidence as presented by the Petitioner for SODP (Insolvency Petition) above, and a matter of law, **IT IS SIMPLY AND SUMMARILY PROVEN** that:

a.  It is fulfilled the element that **THERE IS A LEGAL RELATIONSHIP BETWEEN THE PETITIONER OF SODP (INSOLVENCY PETITION) AS THE CREDITOR AND THE RESPONDENTS OF SODP (INSOLVENCY PETITION), AS PROVEN BY THE AGREEMENT FOR THE SETTLEMENT AND ACKNOWLEDGEMENT OF INDEBTEDNESS, AS WELL AS THE AGREEMENTS FOR GRANTING OF CORPORATE GUARANTEE;**

b.  It is fulfilled the element that **THERE ARE DEBTS OF THE RESPONDENTS OF SODP (INSOLVENCY PETITION) TO THE PETITIONER OF SODP (INSOLVENCY PETITION) FOR THE SUM OF IDR 1,697,880,000.- (ONE BILLION SIX HUNDRED AND NINETY SEVEN MILLION EIGHT HUNDRED AND EIGHTY THOUSAND INDONESIAN RUPIAH), IN ACCORDANCE WITH: (I) THE AGREEMENT FOR THE SETTLEMENT AND ACKNOWLEDGEMENT OF INDEBTEDNESS; AND (II) THE AGREEMENTS FOR GRANTING OF CORPORATE GUARANTEE;**

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 60 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

c.   It is fulfilled the element that **THE RESPONDENTS OF SODP (INSOLVENCY PETITION) HAVE MORE THAN 1 (ONE) CREDITOR, WHICH IS PT SHINE GOLDEN BRIDGE (*IN CASU* THE PETITIONER OF THE SUSPENSION OF THE OBLIGATION FOR DEBT) AND CV CAHAYA ASIA (*IN CASU* OTHER CREDITOR OF THE RESPONDENTS OF SODP (INSOLVENCY PETITION))**;

44.   Based on the explanation above, that **THE PETITION FOR THE SUSPENSION OF THE OBLIGATION FOR DEBT *A QUO* IS WELL FOUNDED AS WELL AS SIMPLY AND SUMMARILY PROVEN** as mandated under the provisions of Article 8 paragraph (4) of Bankruptcy Law which regulates that:

"*The petition for declaration of bankruptcy **shall be granted and sustained if there are facts or circumstances simply and summarily proving** that the conditions for a declaration of bankruptcy as referred to in Article 2 paragraph (1) have been me*".

Furthermore, the Elucidation of Article 8 paragraph (4) of Bankruptcy Law clarifies about "the facts or circumstances simply and summarily proving" as follows:

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 61 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

"*The term "facts or circumstances simply and summarily proving" shall mean the fact that there are two or more creditors and there is indebtedness that has become matured and payable but it remains outstanding or unpaid. <u>Meanwhile, the discrepancies in the value of the indebtedness as argued by the bankruptcy petitioner and the bankruptcy respondent shall not prevent the issuance for the court decision on bankruptcy declaration</u>.*"

45.    That in other words, the term simply and summarily proven means that <u>THE CREDITOR IS ABLE TO PROVE THAT THE DEBTOR WHO OWES AND SUCH DEBT IS NOT PAID BY THE DEBTOR TO THE CREDITOR YET AND IT IS MATURED AS WELL PAYABLE, THEN THE PETITIONER OF SODP (INSOLVENCY PETITION) CAN PROVE THAT RESPONDENTS OF SODP (INSOLVENCY PETITION) HAVE OTHER CREDITORS APART FROM HIM</u>.

46.    In addition, it is necessary and expedient that the Honorable the Panel of Judges Examining and Adjudicating consider the doctrine and permanent jurisprudence in bankruptcy case and/or SODP (Insolvency Petition) as follows:

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 62 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

a.   Kartini Muljadi in Gunawan Widjaja's book title "Guidelines for Handling Bankruptcy Case" (Jakarta, PT. Raja Grafindo Persada, 2004) on page 141, it states that "the term *simple and summary evidencing shall mean simple and summary evidencing regarding: 1) the existence of an indebtedness of Debtor against which is petitioned or sought for bankruptcy, which has become matured and payable; and the existence of two or more creditors of such Debtor against which is petitioned or sought for bankruptcy*".

b.   Ruling of the Commercial Court No. 35/Pailit/2002/PN.Niaga.Jkt.Pst in conjunction with Ruling of the Supreme Court of the Republic of Indonesia No. 02 K/N/2003.

In such case, the Debtor fails to pay the hotel reservation costs and meals at the time as mutually agreed. Even though, with respect to such Debtor's obligation, the Debtor has proposed to fully settle such payment in installments. Yet, the Respondent is petitioned and sought to be declared bankrupt since it is

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004
Uki Ukanto

**[Official Translation]**

simply and summarily proven that it has Debts Which Are Due, Matured, and Payable.

c.     Ruling of the Supreme Court of the Republic of Indonesia No. 02 K/N/2003, whereas the Judge who determines the case in his consideration states that:

*"The Respondent of Cassation is the debtor that has 2 creditors (the Applicant of Cassation and PT. Bank Lippo, Tbk.) as well as failed to fully pay at least one debt (indebtedness to the Applicant of Cassation) which is matured and payable so that the Petition in Bankruptcy lodged by the Applicant of Cassation **shall be sustained and granted**."*

**V.   THE PETITION FOR THE SUSPENSION OF OBLIGATION FOR DEBT PAYMENT (SODP) IS AS A MATTER OF LAW WELL FOUNDED AND SHALL THEREFORE BE GRANTED AND SUSTAINED**

47.   That based on the explanation above, it is obvious that the Petition for SODP (Insolvency Petition) a *quo* has met the conditions/requirements for the Petition for SODP (Insolvency Petition) as regulated under Bankruptcy Law.

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 64 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004
*Ukukanto*
Uki Ukanto

**[Official Translation]**

48. That therefore, pursuant to Article 225 paragraph (3) of Bankruptcy Law in conjunction with Annex I to Circular Letter of the Supreme Court of the Republic of Indonesia Number 2 Of 2016 regarding The Improvement of Efficiency and Transparency for Handling of Bankruptcy and SODP (Insolvency Petition) Case in Court of Justice (**"Circular Letter of the Supreme Court of the Republic of Indonesia Number 2/2016"**), the Commercial Court within not later than 20 (twenty) business days as from the date of the registration of the Petition for SODP (Insolvency Petition), shall grant and sustain the petition for the temporary suspension of the obligation for debt payment and shall appoint a Supervisory Judge among the Judges of the Commercial Court at the District Court of Central Jakarta as well as to appoint 1 (one) or more administrators or receivers, who jointly with the Debtor, shall manage the Debtor's assets, as set out hereunder:

**Article 225 paragraph (3) of Bankruptcy Law:**

"*If the petition is filed by the Creditor, the Court shall within not later than 20 (twenty) days as from the date of registration, **shall grant and sustain** a*

**Jakarta, 7 October 2019**

I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Ukukanu,*

Uki Ukanto

[Official Translation]

*temporary suspension of obligation for payment of debt and must appoint a Supervisory Judge from among the Court Judges, and appoint 1 (one) or more administrators who, jointly with the Debtor, shall manage the Debtor's assets."*

**Circular Letter of the Supreme Court of the Republic of Indonesia Number 2/2016:**

"(*The Period for the Determination or Ruling of Temporary Suspension of the Obligation for Debt Payment) within not later than 20 (twenty) business days as from the date of registration of the writ of petition (as the latest) – submitted by the Creditor."*

49. That the Petition for SODP (Insolvency Petition) *a quo* is in accordance with the provisions of Bankruptcy Law which regulates and moreover, the Petitioner for SODP (Insolvency Petition) has been able to prove that there are a number of the same cases which have been determined by the Commercial Court at the District of Central Jakarta, particularly, with regard to petition for SODP (Insolvency Petition) against the debtors and their

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

guarantors who have waived their privileges as proven by the following rulings:

a.    Ruling No. 62/Pdt.Sus-PKPU/2018/PN.Niaga.Jkt.Pst dated 22 June 2018;

b.    Ruling No. 63/Pdt.Sus/PKPU/2018/PN.Niaga.Jkt.Pst dated 22 June 2018;

50.   Your Honorable the Panel of Judges Examining and Adjudicating, that with the fact that it is proven that the requirements for the petition of SODP (Insolvency Petition) as contemplated under Bankruptcy Law have been fulfilled, **THEN AS A MATTER OF LAW, IT IS EQUITABLE AND REASONABLE THAT THE PETITION FOR SODP (INSOLVENCY PETITION) SHOULD BE GRANTED AND SUSTAINED.**

**VI. THE APPOINTMENT OF THE SUPERVISORY JUDGE AND ADMINISTRATORS TEAM**

51.   That with the granting of the Petition for SODP (Insolvency Petition) a *quo* by simple and summary evidencing, then the Petitioner for SODP (Insolvency Petition) shall hereby make a plea to the Panel of Judges Examining and Adjudicating *a quo* to appoint a

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 67 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

Supervisory Judge among the Judges of the Commercial Court of the District Court of Semarang who shall be commissioned to supervise the conduct and process of SODP (Insolvency Petition) *a quo*.

52. In addition, the Petitioner for SODP (Insolvency Petition) shall also hereby plea the Panel of Judges Examining and Adjudicating *a quo* to appoint and commission:

   a. Mister **HAMONANGAN SYAHDAN HUTABARAT, S.H.,** having his office at SHAL Legal Counselors, of Sovereign Plaza, 20th Floor Unit C, Jl. TB. Simatupang, Kav 36, Jakarta Selatan, 12430, Curator and Receiver registered with Ministry of Law and Human Rights of the Republic of Indonesia under Number AHU-203.AH.04.03-2017, dated 6 November 2017;

   b. Mister **ALFIN SULAIMAN, S.H., M.H.,** having his office at Sulaiman & Herling Attorneys at Law, of Menara Bank Danamon, 12th Floor Zona F Suite 1201, Jl. Prof. Dr. Satrio Kav. EIV No.6, Mega Kuningan, Jakarta Selatan, Curator and Receiver registered with Ministry of Law and Human Rights

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 68 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

of the Republic of Indonesia under Number AHU-AH.04.03-86, dated 4 April 2016;

c.   Mister **JANUARDO SULUNG P. SIHOMBING, S.H., M.H., M.A., BKP.**, having his office at Simanungkalit Sihombing & Partners, of Gedung Manggala Wanabhakti, Blok IV, 3rd Floor Suite 332, Wing B, Jl. Jend. Gatot Subroto No. 6, Senayan, Central Jakarta, 10270, Curator and Receiver registered with Ministry of Law and Human Rights of the Republic of Indonesia under Number AHU-AH.04.03-224, dated 18 November 2016; and

d.   Miss **NILA ASRIYANTI, S.H.**, having her office at SYAHRIAL RIDHO & PARTNERS, of Ruko Plaza Ciputat Mas Blok B/AA, Jalan Ir. H. Juanda No. 5A, South Jakarta - 15412, Curator and Receiver registered with Ministry of Law and Human Rights of the Republic of Indonesia under Number AHU-AH.04.03-48, dated 22 March 2017;

As the Administrators Team in the process of SODP (Insolvency Petition), *a quo* who, based on their respective statements, shall be duly authorized and commissioned to perform as the Administrator or Receiver in such Suspension of the Obligation for

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 69 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

Debt Payment process and as Curator in bankruptcy process, and there is no conflict of interest if they are appointed as the Administrator in the matter of SODP (Insolvency Petition) *a quo*, and they are not contemporaneously handling 3 (three) bankruptcy cases or SODP (Insolvency Petition) case currently at the same time.

Based on the above explanation, it is well founded for the Panel of Judges Examining and Adjudicating *a quo* of the Commercial Court at the District Court of Semarang to examine, adjudicate, as well as issue the following decisions:

1.  Be Granted and Sustained the Petition for SODP (Insolvency Petition) filed by the Petitioner for SODP (Insolvency Petition) against:

    a.  **PT DELTA MERLIN DUNIA TEXTILE**/the Respondent I of SODP (Insolvency Petition);

    b.  **PT DELTA DUNIA TEXTILE**/the Respondent II of SODP (Insolvency Petition);

    c.  **PT DELTA MERLIN SANDANG TEKSTIL**/the Respondent III of SODP (Insolvency Petition);

    d.  **PT DELTA DUNIA SANDANG TEKSTIL**/the Respondent IV of SODP (Insolvency Petition);

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 70 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

e.    **PT    DUNIA    SETIA    SANDANG    ASLI    TEKSTIL**/the Respondent V of SODP (Insolvency Petition); and

f.    **PT PERUSAHAAN DAGANG DAN PERINDUSTRIAN DAMAI**/the Respondent VI of SODP (Insolvency Petition).

And be declared and ruled:

a.    **PT DELTA MERLIN DUNIA TEXTILE**/the Respondent I of SODP (Insolvency Petition);

b.    **PT DELTA DUNIA TEXTILE**/the Respondent II of SODP (Insolvency Petition);

c.    **PT DELTA MERLIN SANDANG TEKSTIL**/the Respondent III of SODP (Insolvency Petition);

d.    **PT DELTA DUNIA SANDANG TEKSTIL**/the Respondent IV of SODP (Insolvency Petition);

e.    **PT    DUNIA    SETIA    SANDANG    ASLI    TEKSTIL**/the Respondent V of SODP (Insolvency Petition); and

f.    **PT PERUSAHAAN DAGANG DAN PERINDUSTRIAN DAMAI**/the Respondent VI of SODP (Insolvency Petition).

Be Declared and Placed under SODP (Insolvency Petition);

2.    Be Determined and Ruled Provisional SODP (Insolvency Petition) against:

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 71 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Ukenxanh*
Uki Ukanto

**[Official Translation]**

a.    **PT DELTA MERLIN DUNIA TEXTILE**/the Respondent I of SODP (Insolvency Petition);

b.    **PT DELTA DUNIA TEXTILE**/the Respondent II of SODP (Insolvency Petition);

c.    **PT DELTA MERLIN SANDANG TEKSTIL**/the Respondent III of SODP (Insolvency Petition);

d.    **PT DELTA DUNIA SANDANG TEKSTIL**/the Respondent IV of SODP (Insolvency Petition);

e.    **PT DUNIA SETIA SANDANG ASLI TEKSTIL**/the Respondent V of SODP (Insolvency Petition); and

f.    **PT PERUSAHAAN DAGANG DAN PERINDUSTRIAN DAMAI**/the Respondent VI of SODP (Insolvency Petition).

For a maximum term of 45 (forty five) days as from the issuance of this ruling;

3.    Be Appointed and Commissioned the Supervisory Judge among the Judges of the Commercial Court at the District Court of Semarang to supervise the process of SODP (Insolvency Petition) against:

a.    **PT DELTA MERLIN DUNIA TEXTILE**/the Respondent I of SODP (Insolvency Petition);

b.    **PT DELTA DUNIA TEXTILE**/the Respondent II of SODP (Insolvency Petition);

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of
Jakarta No. 2238/2004, certify that the above is true and accurate English
translation of its Indonesian original.
Page 72 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

c. **PT DELTA MERLIN SANDANG TEKSTIL**/the Respondent III of SODP (Insolvency Petition);

d. **PT DELTA DUNIA SANDANG TEKSTIL**/the Respondent IV of SODP (Insolvency Petition);

e. **PT DUNIA SETIA SANDANG ASLI TEKSTIL**/the Respondent V of SODP (Insolvency Petition); and

f. **PT PERUSAHAAN DAGANG DAN PERINDUSTRIAN DAMAI**/the Respondent VI of SODP (Insolvency Petition).

4. Be Appointed and Commissioned:

a. Mister **HAMONANGAN SYAHDAN HUTABARAT, S.H.**, having his office at SHAL Legal Counselors, of Sovereign Plaza, 20th Floor Unit C, Jl. TB. Simatupang, Kav 36, Jakarta Selatan, 12430, Curator and Receiver registered with Ministry of Law and Human Rights of the Republic of Indonesia under Number AHU-203.AH.04.03-2017, dated 6 November 2017;

b. Mister **ALFIN SULAIMAN, S.H., M.H.**, having his office at Sulaiman & Herling Attorneys at Law, of Menara Bank Danamon, 12th Floor Zona F Suite 1201, Jl. Prof.Dr. Satrio Kav. EIV No.6, Mega Kuningan, Jakarta Selatan, Curator and Receiver registered with Ministry of Law and Human Rights

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

of the Republic of Indonesia under Number AHU-AH.04.03-86, dated 4 April 2016;

c.   Mister **JANUARDO SULUNG P. SIHOMBING, S.H.**, **M.H.**, **M.A.**, **BKP.**, having his office at Simanungkalit Sihombing & Partners, of Gedung Manggala Wanabhakti, Blok IV, 3rd Floor Suite 332, Wing B, Jl. Jend. Gatot Subroto No. 6, Senayan, Central Jakarta, 10270, Curator and Receiver registered with Ministry of Law and Human Rights of the Republic of Indonesia under Number AHU-AH.04.03-224, dated 18 November 2016; and

d.   Miss **NILA ASRIYANTI, S.H.**, having her office at SYAHRIAL RIDHO & PARTNERS, of Ruko Plaza Ciputat Mas Blok B/AA, Jalan Ir. H. Juanda No. 5A, Jakarta Selatan - 15412, Curator and Receiver registered with Ministry of Law and Human Rights of the Republic of Indonesia under Number AHU-AH.04.03-48, dated 22 March 2017;

As the Administrators Team in the process of SODP (Insolvency Petition), *a quo* and the Curators Team, should:

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

a.    **PT DELTA MERLIN DUNIA TEXTILE**/the Respondent I of SODP (Insolvency Petition);

b.    **PT DELTA DUNIA TEXTILE**/the Respondent II of SODP (Insolvency Petition);

c.    **PT DELTA MERLIN SANDANG TEKSTIL**/the Respondent III of SODP (Insolvency Petition);

d.    **PT DELTA DUNIA SANDANG TEKSTIL**/the Respondent IV of SODP (Insolvency Petition);

e.    **PT DUNIA SETIA SANDANG ASLI TEKSTIL**/the Respondent V of SODP (Insolvency Petition); and

f.    **PT PERUSAHAAN DAGANG DAN PERINDUSTRIAN DAMAI**/the Respondent VI of SODP (Insolvency Petition).

In the case of SODP (Insolvency Petition) *a quo,* be declared bankrupt;

5.    Be ordered and charged all the litigation costs be borne by:

a.    **PT DELTA MERLIN DUNIA TEXTILE**/the Respondent I of SODP (Insolvency Petition);

b.    **PT DELTA DUNIA TEXTILE**/the Respondent II of SODP (Insolvency Petition);

c.    **PT DELTA MERLIN SANDANG TEKSTIL**/the Respondent III of SODP (Insolvency Petition);

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 75 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

d.    **PT DELTA DUNIA SANDANG TEKSTIL**/the Respondent IV of SODP (Insolvency Petition);

e.    **PT DUNIA SETIA SANDANG ASLI TEKSTIL**/the Respondent V of SODP (Insolvency Petition); and

f.    **PT PERUSAHAAN DAGANG DAN PERINDUSTRIAN DAMAI**/the Respondent VI of SODP (Insolvency Petition).

Or should the Honorable Panel of Judges of the Commercial Court at the District Court of Semarang examining and determining this case have different opinions or considerations, we humbly plea be given the most fair and just decisions possible (*et aequo et bono*).

Considering, that on the hearing day as prescribed, having appeared before the court, the Petitioner of SODP (Insolvency Petition) and the Respondents of SODP (Insolvency Petition), each duly represented by their Attorneys-at-Law mentioned above;

Considering, that the statements of the Petitioner of SODP (Insolvency Petition) which are read out at the hearing and subsequently the Petitioner of SODP (Insolvency Petition) declared that he remains and stands firm with the arguments presented  in his Petition;

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of
Jakarta No. 2238/2004, certify that the above is true and accurate English
translation of its Indonesian original.
Page 76 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

Considering, that in response to such Petition of SODP (Insolvency Petition), the Respondents of SODP (Insolvency Petition) have presented heir Reply on 20 September 2019 as follows:

**THE RESPONDENTS OF SODP HAVE FACED GREAT LIQUIDITY CHALLENGE DUE TO TRADE WAR BETWEEN THE UNITED STATES AND CHINA THAT ADVERSELY AFFECTS THE INDONESIA TEXTILE MARKET AND HAS SIGNIFICANTLY REDUCED THE MARGIN OF THE RESPONDENTS OF SODP**

1. That in the beginning, the financial difficulty of the Respondents of SODP (Insolvency Petition) was arising as one of the entities, PT Delta Dunia Sandang Textile (DDST) (*in casu* the Respondent IV of SODP (Insolvency Petition)) failed to pay its obligation to pay the interest at the sum of USD 13.4 million for a syndication loan of 14 banks at the total sum of 260 million USD on 10 July 2019. That the cause of such default of PT Delta Dunia Sandang Textile (*in casu* the Respondent IV of SODP (Insolvency Petition)) is due to war trade between the United States of America and China resulting in margin reduction.

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 77 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

2.    That in July 2019, the margin of weaving line of the Respondents of SODP (Insolvency Petition) through PT Delta Merlin Dunia Textile (DMDT) (*in casu* the Respondent I of SODP (Insolvency Petition)) fell in the beginning of 2019. In Quarter 1/2019, DMDT's margin is 15.3 percent in Quarter 1/2019. IT decreased compared to the margin acquired at the end of 2018 which is 18.3 percent.

3.    The trade war is not the main cause for the liquidity issue of the Respondents of SODP (Insolvency Petition); higher production costs compared to those of their competitors are also one of the causes. On the contrary, their competitor, Duniatex Group, such as PT Sri Rezeki Isman Tbk (SRIL, a member of Kompas100 index) alias Sritex recorded the margin increase for the same period. From 15.6 percent at the end of 2018, its margin rose to 17.9 percent in Quarter 1/2019.

4.    PT Delta Merlin Dunia Textile (*in casu* the Respondent I of SODP (Insolvency Petition)) pays higher for yarns than Sritex. Whereas in 2018, DMDT bought yarns at the price of IDR 37,112 per kilogram. Meanwhile, Sritex's purchase price for yarn is IDR 35,231 per

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 78 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

kilogram. The purchase price for yarn of PT Delta Merlin Dunia Textile (*in casu* the Respondent I of SODP (Insolvency Petition)) also tends to increase; in 2016 it was IDR 33,922 per kilogram and IDR 36,451 per kilogram. On the contrary, the selling price of textile fabric of PT Delta Merlin Dunia Textile (*in casu* the Respondent I of SODP (Insolvency Petition)) continued to go down from 2016 until Quarter 1/2019.

5.  In the spinning line, there are three companies PT Delta Merlin Sandang Textile (DMST) (*in casu* the Respondent III of SODP (Insolvency Petition)), PT Delta Dunia Textile (DDT) (*in casu* the Respondent II of SODP (Insolvency Petition)), and PT Delta Dunia Sandang Textile (DDST) (*in casu* the Respondent IV of SODP (Insolvency Petition)). In the weaving line, there is PT Delta Merlin Dunia Textile (DMDT) (*in casu* the Respondent I of SODP (Insolvency Petition)) as in the final dyeing and finishing lines, there are PT Dunia Setia Sandang Asli Textile (DSSAT) (*in casu* the Respondent V of SODP (Insolvency Petition)) and PT Perusahaan Dagang Dan Perindustrian Damai (Damaitex) (*in casu* the Respondent VI of SODP (Insolvency Petition)).

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 79 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

6.    That since its production lines are integrated when the end part of the businesses (dyeing and finishing) gets pushed down, then the top part (spinning) would also get the impact. Based on such occurrences or circumstances, the financial liquidity of the Respondents of SODP (Insolvency Petition) weakened which resulted in, the current condition, the inability of the Respondents of SODP (Insolvency Petition) to pay their debts which are matured and payable to their creditors, **including the Petitioner for SODP (Insolvency Petition) and CV Cahaya Asia** which have taken part to assist running the business operation activities of the Respondents of SODP (Insolvency Petition).

**PURSUANT TO THE AGREEMENT FOR THE GRANTING OF COROPRATE GUARANTEE, THE RESPONDENT II OF SODP, THE RESPONDENT III OF SODP, THE RESPONDENT IV OF SODP, THE RESPONDENT V OF SODP, AND THE RESPONDENT VI OF SODP, BY LAW, ARE THE DEBTORS OF THE PETITION OF SODP (INSOLVENCY PETITION)**

7.    That the Respondents of SODP (Insolvency Petition) are aware that, with the assets that the Respondents of SODP (Insolvency Petition) have now, it is impossible for them and they would not be able to pay

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 80 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

and perform their obligations for the payment of debts which are matured and payable to the Petitioner for SODP (Insolvency Petition) and CV Cahaya Asia. Therefore, the Respondents of SODP (Insolvency Petition) may not avoid the Petition for the Suspension of Obligation for Debt Payment or SODP (Insolvency Petition) filed by the Petitioner for SODP (Insolvency Petition) which is in fact permissible under Law Number 37 of 2004 regarding Bankruptcy and Suspension of the Obligation for Debt Payment (SODP) ("**Bankruptcy Law**").

8. That with respect to PT Shine Golden Bridge (*in casu* the Petitioner for SODP (Insolvency Petition)), the Respondents of SODP (Insolvency Petition) really regret the filing of the Petition for the Suspension of Obligation for Debt Payment or SODP (Insolvency Petition) *a quo*, since the Respondent I of SODP (Insolvency Petition), prior to the filing of the Petition for the Suspension of Obligation for Debt Payment or SODP (Insolvency Petition), held a number of meetings in order to settle the debts that are matured and payable for the sum of IDR 1,697,880,000.- arising from the purchase of goods in form of "Box 365 + Layer" in accordance with Purchase

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of
Jakarta No. 2238/2004, certify that the above is true and accurate English
translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

Order No. PO1/SGB-DMDT/V/100K dated 21 June 2018, and Purchase Order No. PO2/SGB-DMDT/VI/50K dated 28 June 2018.

9.  That with respect to the settlement of debts to the Petitioner for SODP (Insolvency Petition), the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition) have voluntarily undertaken to make warranty and legally bind themselves, both severally and jointly, to guarantee the full payment of the debts of the Respondent I of SODP (Insolvency Petition) to PT Shine Golden Bridge (*in casu* the Petitioner for SODP (Insolvency Petition)) if the Respondent I of SODP (Insolvency Petition) commits default or fails to pay its debts, by granting Corporate Guarantee to the Petitioner for SODP (Insolvency Petition) as the following agreements have been executed and signed:

    a.  Agreement for the Granting of Corporate Guarantee dated 21 January 2019 duly executed and signed by and between the Petitioner for

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

SODP (Insolvency Petition) and the Respondent II of SODP (Insolvency Petition);

b.  Agreement for the Granting of Corporate Guarantee dated 21 January 2019 duly executed and signed by and between the Petitioner for SODP (Insolvency Petition) and the Respondent III of SODP (Insolvency Petition);

c.  Agreement for the Granting of Corporate Guarantee dated 21 January 2019 duly executed and signed by and between the Petitioner for SODP (Insolvency Petition) and the Respondent IV of SODP (Insolvency Petition);

d.  Agreement for the Granting of Corporate Guarantee dated 21 January 2019 duly executed and signed by and between the Petitioner for SODP (Insolvency Petition) and the Respondent V of SODP (Insolvency Petition);

e.  Agreement for the Granting of Corporate Guarantee dated 21 January 2019 duly executed and signed by and between the Petitioner for SODP (Insolvency Petition) and the Respondent VI of SODP (Insolvency Petition);

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

10.  It shows that the Respondents of SODP (Insolvency Petition) and their Board of Directors continue their commitments to fully perform all their obligations to the supplier creditors, including PT Shine Golden Bridge (*in casu* the Petitioner for SODP (Insolvency Petition)).

**IT IS LEGAL FACT THAT THE RESPONDENTS OF SODP (INSOLVENCY PETITION) OWE OR HAVE DEBTS TO THE CREDITORS, THE DEBTS OF WHICH ARE ALREADY MATURED AND PAYABLE**

11.  That in running its business operation, the Respondent I of SODP (Insolvency Petition), the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition) have obtained financing facilities from various creditors, including PT Shine Golden Bridge (*in casu* the Petitioner for SODP (Insolvency Petition)) and CV Cahaya Asia which are the supplier creditors, as well as the Bank creditors, namely as follows.

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

PT DELTA MERLIN DUNIA TEXTILE (*IN CASU* THE RESPONDENT I OF

SODP OR INSOLVENCY PETITION)

| Name of Creditor and Facility | Currency | Default per 31 August 2019 (Original Currency) | Default per 31 August 2019 (Rupiah Equivalent) |
|---|---|---|---|
| Bank BNI Syariah, PT | IDR | 280,902,552,086 | 280,902,552,086 |
| Bank BNI Syariah, PT | IDR | 294,406,489,834 | 294,406,489,834 |
| Bank Muamalat Tbk, PT | IDR | 124,900,000,000 | 124,900,000,000 |
| BNP Paribas, Singapore Branch | IDR | 175,190,000,000 | 175,190,000,000 |
| Syndication Facility formed by Standard Chartered Bank and BNP Paribas | USD | 78,875,000 | 1,143,687,500,000 |
| Senior Bond USD300 million | USD | 300,000,000 | 4,350,000,000,000 |

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of
Jakarta No. 2238/2004, certify that the above is true and accurate English
translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

formed by BNP

Paribas and

Standard

Chartered Bank

| | |
|---|---|
| **Subtotal** | **6,369,086,541,920** |

### PT DELTA DUNIA TEKSTIE (*IN CASU* THE RESPONDENT II OF SODP OR INSOLVENCY PETITION)

| Name of Creditor and Facility | Currency | Default per 31 August 2019 (Original Currency) | Default per 31 August 2019 (Rupiah Equivalent) |
|---|---|---|---|
| Bank Mandiri (Persero) Tbk, PT | IDR | 500,000,000,000 | 500,000,000,000 |
| Bank Mandiri (Persero) Tbk, PT | USD | 3,886,086 | 56,348,240,185 |
| Bank Mega Tbk, PT | IDR | 200,048,000,000 | 200,048,000,000 |
| Bank MNC Internasional Tbk, PT | IDR | 50,000,000,000 | 50,000,000,000 |
| Bank Rakyat | IDR | 741,796,000,000 | 741,796,000,000 |

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004



Uki Ukanto

**[Official Translation]**

| | | | |
|---|---|---|---|
| Indonesia (Persero) Tbk, PT | | | |
| Bank Rakyat Indonesia (Persero) Tbk, PT | USD | 2,223,043 | 32,234,126,110 |
| Bank Shinhan Indonesia, PT | IDR | 249,606,557,612 | 249,606,557,612 |
| Syndication Facility A formed by BNP Paribas | USD | 82,360,000 | 1,194,220,000,000 |
| Syndication Facility B formed by BNP Paribas | USD | 50,000,000 | 725,000,000,000 |
| Indonesia Export Financing Agency | IDR | 1,133,102,959,881 | 1,133,102,959,881 |
| Standard Chartered Bank, | USD | 1,948,689 | 28,255,989,920 |

**Jakarta, 7 October 2019**

I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of
Jakarta No. 2238/2004, certify that the above is true and accurate English
translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

Indonesia

Branch

| Subtotal | | | 4,910,611,873,708 |
|---|---|---|---|

**PT DELTA MERLIN SANDANG TEKSTIL (*IN CASU* THE RESPONDENT III OF SODP OR INSOLVENCY PETITION)**

| Name of Creditor and Facility | Currency | Default per 31 August 2019 (Original Currency) | Default per 31 August 2019 (Rupiah Equivalent) |
|---|---|---|---|
| Bank BRI Syariah, PT | IDR | 122,331,318,370 | 122,331,318,370 |
| Bank CIMB Niaga Tbk, PT | IDR | 70,000,000,000 | 70,000,000,000 |
| Bank Danamon Indonesia Tbk, PT | IDR | 11,750,000,000 | 11,750,000,000 |
| Bank Mandiri (Persero) Tbk, PT | IDR | 1,064,500,000,000 | 1,064,500,000,000 |
| Bank Mandiri (Persero) Tbk, PT | USD | 3,935,401 | 57,063,321,025 |
| Bank MNC | IDR | 240,000,000,000 | 240,000,000,000 |

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004



Uki Ukanto

**[Official Translation]**

| | | | |
|---|---|---|---|
| Internasional | | | |
| Tbk, PT | | | |
| Bank Permata | | | |
| Tbk, PT | IDR | 28,360,000,000 | 28,360,000,000 |
| Syndication | | | |
| Facility | | | |
| Berjangka | | | |
| formed by PT | | | |
| Bank Permata | | | |
| Tbk | USD | 12,000,000 | 174,000,000,000 |
| Indonesia | | | |
| Export | | | |
| Financing | | | |
| Agency | IDR | 1,472,975,000,000 | 1,472,975,000,000 |
| Standard | | | |
| Chartered | | | |
| Bank, | | | |
| Indonesia | | | |
| Branch | IDR | 25,750,000,000 | 25,750,000,000 |
| Standard | | | |
| Chartered | | | |
| Bank, | | | |
| Indonesia | | | |
| Branch | USD | 3,284,108 | 47,619,567,740 |

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator Commissioned by the Governor of Jakarta Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

| Subtotal | | | 3,314,349,207,135 |

**PT DELTA DUNIA SANDANG TEKSTIL (*IN CASU* THE RESPONDENT IV OF SODP OR INSOLVENCY PETITION)**

| Name of Creditor and Facility | Currency | Default per 31 August 2019 (Original Currency) | Default per 31 August 2019 (Rupiah Equivalent) |
|---|---|---|---|
| Bank BNP Paribas Indonesia, PT | IDR | 66,039,000,000 | 66,039,000,000 |
| Bank HSBC Indonesia, PT | IDR | 18,850,000,000 | 18,850,000,000 |
| Bank HSBC Indonesia, PT | USD | 1,625,184 | 23,565,168,000 |
| Bank Maybank Indonesia, PT | IDR | 20,770,000,000 | 20,770,000,000 |
| Bank Maybank Indonesia, PT | USD | 1,916,047 | 27,782,676,135 |
| Bank MNC Internasional Tbk, PT | USD | 128,269 | 1,859,896,150 |
| Bank National Nobu Tbk, PT | IDR | 88,552,063,461 | 88,552,063,461 |

**Jakarta, 7 October 2019**

I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

| | | | |
|---|---|---|---|
| Bank Negara Indonesia (Persero) Tbk, PT | IDR | 169,315,100,000 | 169,315,100,000 |
| Bank Permata Tbk, PT | IDR | 12,610,000,000 | 12,610,000,000 |
| Bank QNB Indonesia Tbk, PT | USD | 10,000,000 | 145,000,000,000 |
| Bank Syariah Mandiri, PT | IDR | 10,623,400,000 | 10,623,400,000 |
| Standard Chartered Bank, Indonesia Branch | USD | 5,116,566 | 74,190,199,750 |
| Syndication Tranche A formed by BNP Paribas and HSBC | USD | 102,600,000 | 1,487,699,999,997 |
| Syndication Tranche B formed by BNP | USD | 60,000,000 | 870,000,000,000 |

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of
Jakarta No. 2238/2004, certify that the above is true and accurate English
translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

Paribas and

HSBC

| Subtotal | 3,016,857,503,493 |
|---|---|

### PT DUNIA SETIA SANDANG ASLI TEKSTIL (*IN CASU* THE RESPONDENT V OF SODP OR INSOLVENCY PETITION)

| Name of Creditor and Facility | Currency | Default per 31 August 2019 (Original Currency) | Default per 31 August 2019 (Rupiah Equivalent) |
|---|---|---|---|
| Bank BRI Syariah, PT | IDR | 45,704,744,917 | 45,704,744,917 |
| Bank CIMB Niaga Tbk, PT | IDR | 73,505,600,000 | 73,505,600,000 |
| Bank Danamon Indonesia Tbk, PT | IDR | 240,229,400,000 | 240,229,400,000 |
| Bank Harda Internasional Tbk, PT | IDR | 55,742,600,413 | 55,742,600,413 |
| Bank Maspion Indonesia Tbk, PT | IDR | 46,058,788,516 | 46,058,788,516 |
| Bank Mega | IDR | 124,282,228,015 | 124,282,228,015 |

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator Commissioned by the Governor of Jakarta Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

| | | | |
|---|---|---|---|
| Syariah, PT | | | |
| Bank Multiarta Sentosa, PT | IDR | 183,732,674,177 | 183,732,674,177 |
| Bank Rakyat Indonesia (Persero) Tbk, PT | IDR | 670,833,000,000 | 670,833,000,000 |
| Bank Shinhan Indonesia, PT | IDR | 184,603,320,746 | 184,603,320,746 |
| Bank Syariah Mandiri, PT | IDR | 339,710,000,000 | 339,710,000,000 |
| **Subtotal** | | | **1,964,402,356,784** |

**PT PERUSAHAAN DAGANG DAN PERINDUSTRIAN DAMAI (*IN CASU* THE RESPONDENT VI OF SODP OR INSOLVENCY PETITION)**

| Name of Creditor and Facility | Currency | Default per 31 August 2019 (Original Currency) | Default per 31 August 2019 (Rupiah Equivalent) |
|---|---|---|---|
| Bank Mandiri (Persero) Tbk, PT | IDR | 97,000,000,000 | 97,000,000,000 |
| **Subtotal** | | | **97,000,000,000** |

12.   That all the debts of the Respondents of SODP (Insolvency Petition) have already become matured and

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

payable, and therefore the Respondents of SODP (Insolvency Petition) have received letters of warnings from the creditors (especially banking creditors) and/or request for the acceleration of payment as a result of the default committed by the Respondents of SODP (Insolvency Petition) in the course of performing their obligation for debt payment, namely:

a.   Letter from Bank BNP Paribas to PT Delta Merlin Dunia Textile (*in casu* the Respondent I of SODP (Insolvency Petition)) regarding Notice of Default and Acceleration, dated 13 September 2019;

b.   Letter from Bank BNP Paribas to PT Delta Merlin Dunia Textile (*in casu* the Respondent I of SODP (Insolvency Petition)) regarding Notice of Determination for Early Termination Date, dated 16 September 2019;

c.   Letter from ING Bank N.V to PT Delta Merlin Dunia Textile (*in casu* the Respondent I of SODP (Insolvency Petition)) regarding Notice of Default and Legal Notice or *Somasi,* dated 16 September 2019;

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

d.     Letter from Permata Bank to PT Delta Merlin Sandang Textile (*in casu* the Respondent III of SODP (Insolvency Petition)) regarding Notice of Default Condition of PT Delta Merlin Sandang Tekstil for the Obligation to Pay Principal Amount on 31 July 2019, dated 1 August 2019;

e.     Letter from PT Bank HSBC Indonesia to PT Delta Dunia Sandang Textile (*in casu* the Respondent IV of SODP (Insolvency Petition)) regarding Notice of Determination of Early Termination Date Due To the Occurrence of Payment Default, dated 15 July 2019;

f.     Letter from PT Bank QNB Indonesia Tbk to PT Delta Dunia Sandang Textile (*in casu* the Respondent IV of SODP (Insolvency Petition)) regarding Third Warning Letter, dated 26 July 2019;

g.     Letter from PT Bank Shinhan Indonesia to DSATS (*in casu* the Respondent V of SODP (Insolvency Petition)) Regarding 2nd (Second) Warning, dated 30 August 2019;

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

13.   That in addition to that, on the date of 12 September 2019, the Respondent I of SODP (Insolvency Petition) also submitted a notice of inability to pay (notice of default) for the interest of bond issued by the Respondent I of SODP (Insolvency Petition) in accordance with the information transparency delivered to Singapore Stock Exchange (SGX) bourse authority in order to pay the interest of bond at the value of USD 300 million at the interest rate of 8.63% which was matured on 12 September 2019.

**THE RESPONDENTS OF SODP (INSOLVENCY PETITION) ARE *GOING CONCERN* COMPANIES AND THEY WISH TO SETTLE THEIR DEBTS BY DEBT RESTRUCTURING**

14.   That until the filing of the Petition for the Suspension of Obligation for Debt Payment or SODP (Insolvency Petition) *a quo*, the Respondents of SODP (Insolvency Petition) are still conducting their business activities (*going concern*) and have voluntarily hold intensive discussion or negotiation with the lenders or creditors of the Respondents of SODP (Insolvency Petition) as well as it is still on-going in connection with the restructuring or the debs of the Respondents of SODP (Insolvency Petition)

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of
Jakarta No. 2238/2004, certify that the above is true and accurate English
translation of its Indonesian original.
Page 96 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004
*Uki Ukanto*
Uki Ukanto

**[Official Translation]**

which have become matured and payable, by submitting the proposal of debt restructuring to the creditors for their bank loans, and it can be proven by:

a.   PT Delta Merlin Dunia Textile (*in casu* the Respondent I of SODP (Insolvency Petition)) on the date of 30 July 2019, successfully restructured the financing facility of Musyarakah for IDR 150,000,000,000 with Bank BRI Syariah and subsequently, on the date of 27 August 2019, PT Delta Merlin Dunia Textile (*in casu* the Respondent I of SODP (Insolvency Petition)) also successfully restructured the financing facility under the Agreement for Working Capital Facility for USD 13,000,000 with BNP Paribas Singapore;

b.   PT Delta Dunia Textile (*in casu* the Respondent II of SODP (Insolvency Petition)) on the date of 30 August 2019, successfully restructured the debts of Export Working Capital Loan Facility I for IDR 699,200,000,000 and Investment Loan Facility for IDR 422,836,275,200 with Indonesia Eximbank;

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of
Jakarta No. 2238/2004, certify that the above is true and accurate English
translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

c.    PT Delta Merlin Sandang Textile (*in casu* the Respondent III of SODP (Insolvency Petition)), successfully restructured the debts of KIE Financing Facility I for IDR 530,000,000,000 with Indonesia Eximbank on the date of 30 August 2019;

d.    PT Delta Dunia Sandang Textile (*in casu* the Respondent IV of SODP (Insolvency Petition)), successfully restructured Loan Financing Facility for IDR 88,644,963,461 with Nobu National Bank;

e.    PT Dunia Setia Sandang Asli Textile (*in casu* the Respondent V of SODP (Insolvency Petition)), successfully restructured the debts of Financing Facility I, Financing Facility II, Financing Facility III, and Financing Facility IV, for IDR 125,000,000,000 with Bank Mega Syariah on the date of 18 July 2019;

15.    It shows that the Respondents of SODP (Insolvency Petition) continue their commitments to fully perform the obligations to all the stakeholders. The *going concern* business activities of the Respondents of SODP (Insolvency Petition) are a driving factor that

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

makes the Respondents of SODP (Insolvency Petition) continue to seek for the settlement of their debt payment amid the current industrial condition which is still going down rapidly.

16. That the Petition for the Suspension of Obligation for Debt Payment or SODP (Insolvency Petition) *a quo* was lodged against the Respondents of SODP (Insolvency Petition), the Respondents of SODP (Insolvency Petition) continued their efforts to negotiate with the bank creditors to again restructure the debts payment whereas PT Delta Dunia Textile (*in casu* the Respondent II of SODP (Insolvency Petition)) and PT Dunia Setia Sandang Asli Textile (*in casu* the Respondent V of SODP (Insolvency Petition)) did successfully manage to complete the restructuring of their debts for IDR 249,000,000,000 and IDR 184,000,000,000 on 18 September 2019 with PT Bank Shinhan Indonesia.

17. The *going concern* business activities of the Respondents of SODP (Insolvency Petition) are a driving factor that makes the Respondents of SODP (Insolvency Petition) continue to seek for the settlement of their debt payment amid the current

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

Page 99 of 173

**[Official Translation]**

industrial condition which is still going down rapidly. Therefore, the Respondents of SODP (Insolvency Petition) are convinced that they will be able to reach agreement with the creditors and it is expected that the restructuring with the creditors of the Respondents of SODP (Insolvency Petition) would end up with settlement. It is a certainty that the Respondents of SODP (Insolvency Petition) are strongly committed to fully performing their obligations for debt payment as well as the business sustainability in the future.

**THE RESPONDENTS OF SODP (INSOLVENCY PETITION) HAVE MADE A VERY DIFFICULT DECISION WHETHER PAYING THE DEBTS THAT HAVE BECOME MATURED AND PAYABLE OR MAINTAINING THE COMPANY'S GOING CONCERN OPERATION**

18. That the Respondents of SODP (Insolvency Petition) have delayed the payment of debts that have become matured and payable to the creditors actually due to the fact that there is a greater interest which is to maintain and sustain the company's on-going operation so 45,000 employees who work and have their life dependent upon the company businesses of the Respondents of SODP (Insolvency Petition) where they

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 100 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

**can continue to work and receive wages**. The *going concern* business activities of the Respondents of SODP (Insolvency Petition) are also emphasized to continue to fulfill the commitment with the customers of the Respondents of SODP (Insolvency Petition) in order to avoid greater amount of damages.

19. That should the Respondents of SODP (Insolvency Petition) make payment to their creditors for the debts that are matured and payable, then such condition should be applicable to all their creditors. It would not certainly be possible to do with the assets that the Respondents of SODP (Insolvency Petition) have in possession at the moment, and therefore they must make a very difficult decision.

20. That since the Respondents of SODP (Insolvency Petition) were established, their companies, board of directors and shareholders are strongly committed to fulfilling each and every of their promises, both to the banking creditors and to the supplier creditors, which are proven by the fact that the Respondents of SODP (Insolvency Petition) are able to build and grow the companies as well as develop the factories so

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 101 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

that they have become a textile business group in Solo, and have made the contribution to the regional and sectoral economic development.

**THE RESPONDENTS OF SODP (INSOLVENCY PETITION) HOPE THAT SODP PETITION CAN SUPPORT THE COMPANY AND SERVE AS THE MOMENTUM FOR THE RESPONDENTS OF SODP (INSOLVENCY PETITION) TO PROVE THEIR GOOD FAITH IN DEBT RESTRUCTURING**

21. That the Petition for the Suspension of Obligation for Debt Payment or SODP (Insolvency Petition) *a quo* has actually become the momentum and opportunity for the Respondents of SODP (Insolvency Petition) to settle their obligations to the creditors by way of the mechanism of Petition for the Suspension of Obligation for Debt Payment (SODP) at Commercial Court, in order to provide legal certainty or court decision. This is in line with what the Respondents of SODP (Insolvency Petition) have been seeking, and will prove that the Respondents of SODP (Insolvency Petition) basically have good faith and are really willing to reach settlement to pay all their debts by restructuring their debts to all the creditors of the Respondents of SODP (Insolvency Petition), and the

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Page 102 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004


Uki Ukanto

**[Official Translation]**

Petitioner for SODP (Insolvency Petition) and CV Cahaya Asia are no exception.

22. The Respondents of SODP (Insolvency Petition) hope that on the contrary, this the Petition for the Suspension of Obligation for Debt Payment or SODP (Insolvency Petition) can prove that TUPS have the commitment and corporate ability to normalize the financial and operational conditions of the Respondents of SODP (Insolvency Petition).

23. That the ability of the Respondents of SODP (Insolvency Petition) to survive in facing the challenges since the year of 2017 is the results of the support provided by the majority of suppliers, creditors, and employees, to which the Respondents of SODP (Insolvency Petition) have always had the commitment and good quality to all the banks, suppliers, employees, and all stakeholders for the last two years.

24. Based on the above, the Respondents of SODP (Insolvency Petition) are convinced that they would be able to solve the financial problems of the companies, including the settlement of their debts which have become matured and payable to all the bank

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Page 103 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004


Uki Ukanto

**[Official Translation]**

creditors and supplier creditors of the Respondents of SODP (Insolvency Petition), including the Petitioner for SODP (Insolvency Petition) and CV Cahaya Asia if they are given the time and opportunity to perform the restructuring in the case *a quo*.

25. That the Respondents of SODP (Insolvency Petition) will always ensure the sustainability of the business by maintaining trust of the shareholders and other stakeholders as well as maintaining the optimal capital structure by taking into consideration future capital requirement and capital efficiency of the Company, profitability, the projection of operating cash flow, the projection of capital expenditures and the projection of strategic investment opportunity.

26. As a result, the Respondents of SODP (Insolvency Petition) strongly believe that they would be able to reach agreement with the creditors and it is expected that the debt restructuring with the creditors of the Respondents of SODP (Insolvency Petition) can be reached amicably. It is certain that the Respondents of SODP (Insolvency Petition) have a high level of commitment and integrity to settle all their debt

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 104 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

payment obligations as well as the business sustainability in the future.

27.   That based on the explanation above, the Respondents of SODP (Insolvency Petition) shall in good faith strive to settle their debts to the creditors, and therefore immediately after the Commercial Court at the District Court of Semarang issues its provisional ruling on the Petition for the Suspension of Obligation for Debt Payment or SODP (Insolvency Petition), then the Respondents of SODP (Insolvency Petition) would present Settlement Composition Plan to all the creditors of the Respondents of SODP (Insolvency Petition) in accordance with the procedures stipulated under Chapter III of Bankruptcy Law.

28.   That on the basis of all explanation in this Reply, the Respondents of SODP (Insolvency Petition) humbly plea to the Honorable Panel of Judges to put forward and set the priority to the principles of justice and business sustainability as mandated by Bankruptcy Law.

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of
Jakarta No. 2238/2004, certify that the above is true and accurate English
translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

**APPOINTMENT AND COMMISSIONING OF ADMINISTRATORS AS THE MEMBERS OF ADMINISTRATORS TEAM IN SODP PROCESS IN CASE THAT THE RESPONDENTS OF SODP ARE IN INSOLVENCY STATUS (SODP)**

29.    That with reference to the Petition for the Suspension of Obligation for Debt Payment or SODP (Insolvency Petition) *a quo*, the Petitioner for SODP (Insolvency Petition) has nominated 4 (four) administrator or receiver candidates as the Administrators team in the process of the Petition for the Suspension of Obligation for Debt Payment or SODP (Insolvency Petition) for the Respondents of SODP (Insolvency Petition). Based on the above, the Respondents for the Suspension of the Obligation for Debt Payment shall have no objection if the Honorable Panel of Judges Examining and Adjudicating *a quo* appoint and commission as the Administrators Team in the process of the Suspension of the Obligation for Debt Payment, as long as it is proven that there is no conflict of interest if they are appointed as the Administrator in the matter of the Suspension of the Obligation for Debt Payment *a quo*, and they are not contemporaneously handling 3 (three) bankruptcy cases

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

or the Suspension of the Obligation for Debt Payment case at the moment, namely:

a.    Mister **HAMONANGAN SYAHDAN HUTABARAT, S.H.,** having his office at SHAL Legal Counselors, of Sovereign Plaza, 20th Floor Unit C, Jl. TB. Simatupang, Kav 36, Jakarta Selatan, 12430, Curator and Receiver registered with Ministry of Law and Human Rights of the Republic of Indonesia under Number AHU-203.AH.04.03-2017, dated 6 November 2017;

b.    Mister **JANUARDO SULUNG P. SIHOMBING, S.H., M.H., M.A., BKP.,** having his office at Simanungkalit Sihombing & Partners, of Gedung Manggala Wanabhakti, Blok IV, 3rd Floor Suite 332, Wing B, Jl. Jend. Gatot Subroto No. 6, Senayan, Central Jakarta, 10270, Curator and Receiver registered with Ministry of Law and Human Rights of the Republic of Indonesia under Number AHU-AH.04.03-224, dated 18 November 2016; and

c.    Mister **ALFIN SULAIMAN, S.H., M.H.,** having his office at Sulaiman & Herling Attorneys at Law, of Menara Bank Danamon, 12th Floor Zona F Suite 1201, Jl. Prof. Dr. Satrio Kav. EIV No.6, Mega

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 107 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

Kuningan, Jakarta Selatan, Curator and Receiver registered with Ministry of Law and Human Rights of the Republic of Indonesia under Number AHU-AH.04.03-86, dated 4 April 2016;

d.    Miss **NILA ASRIYANTI, S.H.**, having her office at SYAHRIAL RIDHO & PARTNERS, of Ruko Plaza Ciputat Mas Blok B/AA, Jalan Ir. H. Juanda No. 5A, South Jakarta - 15412, Curator and Receiver registered with Ministry of Law and Human Rights of the Republic of Indonesia under Number AHU-AH.04.03-48, dated 22 March 2017.

On the basis of the matters set forth hereinabove, we shall hereby humbly make plea to the Honorable Panel of Judges of the Commercial Court at the District Court of Semarang examining and determining the case *a quo* to adjudicate as well as issue the most fair and just judgment possible (*ex aequo et bono*) in accordance with the prevailing laws and regulations.

Considering, that in order to prove the arguments set forth in his petition, the Petitioner of SODP (Insolvency Petition) has presented the following exhibits in form of true and certified photocopied documents:

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 108 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

1.  Exhibit P-1    **Residential Identity Card under ID Number or NIK: 3578191801790002 of YONG INDRO SETYO** as Director of PT. SHINE GOLDEN BRIDGE;

2.  Exhibit P-2    **Deed of Incorporation of Limited Liability Company** of **PT SHINE GOLDEN BRIDGE Number 01 dated 3 May 2016,** duly executed by and passed before Geys Bahasuan, S.H., M.Kn., Notary Public practicing in Gresik;

3.  Exhibit P-3    **Decree of Minister of Law and Human Rights of the Republic of Indonesia Number: AHU-0022608.AH.01.01.Year 2016** dated 4 May 2016 regarding the Legalization for the Incorporation of Legal Entity Limited Liability Company PT SHINE GOLDEN BRIDGE;

4.  Exhibit P-4    **Annex to Decree of Minister of Law and Human Rights of the Republic of Indonesia Number: AHU-0022608.AH.01.01.Year 2016** dated 4 May 2016 regarding the Legalization for Incorporation of Legal Entity for

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

Limited   Liability   Company   PT   SHINE
GOLDEN BRIDGE;

5.  Exhibit P-5   **Certificate   of   Company   Registration
(TDP)   of   Limited   Liability   Company
(PT) Number: 13.02.1.46.03061** dated 25
May 2016;

6.  Exhibit P-6   **Minutes  of  Meeting  dated  12  December
2018** taking  venue  at  Meeting  Room,
Head  Office  PT. Delta  Merlin  Dunia
Textile, Jl. Raya Palur KM 7.1 Palur,
Karanganyar, Central Java;

7.  Exhibit P-7   **Agreement   for   the   Settlement   and
Acknowledgement of Indebtedness** dated
21   January   2019   between   PT.   SHINE
GOLDEN   BRIDGE   and   PT.   DELTA   MERLIN
DUNIA TEXTILE;

8.  Exhibit P-8   **Agreement   for   the   Granting   of
Corporate Guarantee** dated 21 January
2019  between  PT. SHINE GOLDEN BRIDGE
and PT. DELTA MERLIN SANDANG TEKSTIL;

9.  Exhibit P-9   **Agreement   for   the   Granting   of
Corporate Guarantee** dated 21 January

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of
Jakarta No. 2238/2004, certify that the above is true and accurate English
translation of its Indonesian original.
Page 110 of 173


Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

2019 between PT. SHINE GOLDEN BRIDGE and PT. DELTA DUNIA SANDANG TEKSTIL;

10. Exhibit P-10    **Agreement for the Granting of Corporate Guarantee** dated 21 January 2019 between PT. SHINE GOLDEN BRIDGE and PT. DELTA DUNIA TEKSTIL;

11. Exhibit P-11    **Agreement for the Granting of Corporate Guarantee** dated 21 January 2019 between PT. SHINE GOLDEN BRIDGE and PT. DUNIA SETIA SANDANG ASLI TEKSTIL;

12. Exhibit P-12    **Agreement for the Granting of Corporate Guarantee** dated 21 January 2019 between PT. SHINE GOLDEN BRIDGE and PT. PERUSAHAAN DAGANG DAN PERINDUSTRIAN DAMAI;

13. Exhibit P-13    **Warning Letter of Debt Payment** dated 10 June 2019 sent by PT. SHINE GOLDEN BRIDGE;

14. Exhibit P-14    **Second Warning Letter to Demand Debt Payment** dated 24 June 2019 sent by PT. SHINE GOLDEN BRIDGE;

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004



Uki Ukanto

**[Official Translation]**

15. Exhibit P-15    **Legal Notice or *Somasi* dated 22 July 2019** from the Attorney at Law HARIYANTO & PARTNERS;

16. Exhibit P-16    **The Second Legal Notice or *Somasi* dated 29 July 2019** the Attorney at Law HARIYANTO & PARTNERS;

17. Exhibit P-17    **Exhibit of Registration of Curator and Administrator or Receiver Number: AHU-203.AH.04.03-2017 dated 06 November 2017** for HAMONGAN SYAHDAN HUTABARAT, S.H.;

18. Exhibit P-18    **Exhibit of the Registration of Curator and Administrator or Receiver Number: AHU.AH.04.03-86 dated 04 April 2016 for ALFIN SULAIMAN, S.H., M.H.;**

19. Exhibit P-19    **Exhibit of the Registration of Curator and Administrator or Receiver Number: AHU-AH.04.03-224 dated 18 November 2016** for JANUARDO SULUNG P. SIHOMBING, S.H., M.H., M.A., BKP;

20. Exhibit P-20    **Exhibit of the Registration of Curator and Administrator or Receiver Number: AHU.AH.04.03-48 dated 22 March 2017** for NILA ASRIYANTI, S.H.;

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 112 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

21. Exhibit P-21    **Deed of Statement of Shareholders Resolution of PT. SHINE GOLDEN BRIDGE No. 10 dated 13 September 2019** duly executed by and passed before YUYUN RENAWATI, S.H., M.Kn. Notary Public practicing in Regency of Mojokerto;

22. Exhibit P-22    **Letter Number: AHU-AH.01.03-0331669 dated 16 September 2019,** Regarding: Acceptance for the Notification of Company Data PT. SHINE GOLDEN BRIDGE from Ministry of Law and Human Rights of the Republic of Indonesia, Directorate General of Common Law Administration;

23. Exhibit P-23    **Decree of Minister of Law and Human Rights of the Republic of Indonesia Number: AHU-0069880.AH.01.02 OF 2019** dated 16 September 2019 regarding Approval for the Amendment to the Articles of Association of Limited Liability Company of PT. SHINE GOLDEN BRIDGE;

24. Exhibit P-24    **Annex to Decree of Minister of Law and Human Rights of the Republic of**

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

Uki Ukanto

**[Official Translation]**

Indonesia Number: **0069880.AH.01.02.OF 2019** dated 16 September 2019 regarding Approval for the Amendment to the Articles of Association of Limited Liability Company of PT. SHINE GOLDEN BRIDGE;

25. Exhibit P-25 **Principle Permit for Foreign Investment Number: 844/1/IP/PMA/2016** dated 29 March 2016 for the Company PT. SHINE GOLDEN BRIDGE;

26. Exhibit P-26 **Taxpayer Identification Number NPWP: 76.151.098.1-642,000** of PT. SHINE GOLDEN BRIDGE;

27. Exhibit P-27 **Certificate of Domicile Number: 100/276/416-311.16/2017** dated 13 September 2017 in the name of the Company PT. SHINE GOLDEN BRIDGE;

28. Exhibit P-28 **Certificate of Domicile Number: 100/321/416-311.16/2018** dated 13 September 2018 in the name of the Company PT. SHINE GOLDEN BRIDGE;

29. Exhibit P-29 **Certificate of Domicile Number: 100/356/416-311.16/2019** dated 13

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 114 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

September 2019 in the name of the Company PT. SHINE GOLDEN BRIDGE;

30. Exhibit P-30  **Purchase Order (*Surat Pemesanan*) No.PO1/SGB-DMDT/V/100K** dated 21 June 2018;

31. Exhibit P-31  **Purchase Order (*Surat Pemesanan*) No.PO2/SGB-DMDT/VI/50K** dated 28 June 2018;

32. Exhibit P-32  **Purchase Order (*Surat Pemesanan*) No. SJ/SGB/14/01/0034** dated 03 July 2018 sent to PT. DELTA MERLIN DUNIA TEXTILE;

33. Exhibit P-33  **Purchase Order (*Surat Pemesanan*) No. SJ/SGB/14/01/0035** dated 03 July 2018 sent to PT. DELTA MERLIN DUNIA TEXTILE;

34. Exhibit P-34  **Purchase Order (*Surat Pemesanan*) No. SJ/SGB/14/01/0044** dated 03 July 2018 sent to PT. DELTA MERLIN DUNIA TEXTILE;

35. Exhibit P-35  **Purchase Order (*Surat Pemesanan*) No. SJ/SGB/14/01/0045** dated 03 July 2018 sent to PT. DELTA MERLIN DUNIA TEXTILE;

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

Page 115 of 173

**[Official Translation]**

36. Exhibit P-36    **Delivery Order No. SJ/SGB/14/01/0046** dated 03 July 2018 sent to PT. DELTA MERLIN DUNIA TEXTILE;

37. Exhibit P-37    **Delivery Order No. SJ/SGB/14/01/0047** dated 03 July 2018 sent to PT. DELTA MERLIN DUNIA TEXTILE;

38. Exhibit P-38    **Purchase Order (*Surat Pemesanan*) No. SJ/SGB/14/01/0056** dated 09 July 2018 sent to PT. DELTA MERLIN DUNIA TEXTILE;

39. Exhibit P-39    **Delivery Order No. SJ/SGB/14/01/0057** dated 09 July 2018 sent to PT. DELTA MERLIN DUNIA TEXTILE;

40. Exhibit P-40    **Delivery Order No. SJ/SGB/14/01/0058** dated 09 July 2018 sent to PT. DELTA MERLIN DUNIA TEXTILE;

41. Exhibit P-41    **Delivery Order No. SJ/SGB/14/01/0059** dated 09 July 2018 sent to PT. DELTA MERLIN DUNIA TEXTILE;

42. Exhibit P-42    **Delivery Order No. SJ/SGB/14/01/0072** dated 10 July 2018 sent to PT. DELTA MERLIN DUNIA TEXTILE;

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004



Uki Ukanto

**[Official Translation]**

43. Exhibit P-43    **Delivery Order No. SJ/SGB/14/01/0073**
dated 12 July 2018 sent to PT. DELTA
MERLIN DUNIA TEXTILE;

44. Exhibit P-44    **Delivery Order No. SJ/SGB/14/01/0074**
dated 12 July 2018 sent to PT. DELTA
MERLIN DUNIA TEXTILE;

45. Exhibit P-45    **Delivery Order No. SJ/SGB/14/01/0081**
dated 16 July 2018 sent to PT. DELTA
MERLIN DUNIA TEXTILE;

46. Exhibit P-46    **Delivery Order No. SJ/SGB/14/01/0082**
dated 18 July 2018 sent to PT. DELTA
MERLIN DUNIA TEXTILE;

47. Exhibit P-47    **Delivery Order No. SJ/SGB/14/01/0083**
dated 20 July 2018 sent to PT. DELTA
MERLIN DUNIA TEXTILE;

48. Exhibit P-48    **Delivery Order No. SJ/SGB/14/01/0084**
dated 25Agutus 2018 sent to PT. DELTA
MERLIN DUNIA TEXTILE;

49. Exhibit P-49    **Delivery Order No. SJ/SGB/14/01/0085**
dated 25 August 2018 sent to PT. DELTA
MERLIN DUNIA TEXTILE;

50. Exhibit P-50    **Delivery Order No. SJ/SGB/14/01/0086**
dated 25 August 2018 sent to PT. DELTA
MERLIN DUNIA TEXTILE;

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of
Jakarta No. 2238/2004, certify that the above is true and accurate English
translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

51. Exhibit P-51          **Invoice    No.    INV" SJ/SGB/14/01/0034**
dated 05-07-2018 for the sum of IDR
88,080,000.- (eighty eight million
eighty thousand Indonesian Rupiah);

52. Exhibit P-52          **Invoice    No.    INV" SJ/SGB/14/01/0035**
dated 05-07-2018 for the sum of IDR
84,060,000.- (eighty four million
sixty thousand Indonesian Rupiah);

53. Exhibit P-53          **Invoice    No.    INV" SJ/SGB/14/01/0044**
dated 05-07-2018 for the sum of IDR
87,840,000.- (eighty seven million
eight hundred and forty thousand
Indonesian Rupiah);

54. Exhibit P-54          **Invoice    No.    INV" SJ/SGB/14/01/0045**
dated 05-07-2018 for the sum of IDR
91,680,000.- (ninety one million six
hundred and eighty thousand Indonesian
Rupiah);

55. Exhibit P-55          **Invoice    No.    INV" SJ/SGB/14/01/0046**
dated 05-07-2018 for the sum of IDR
105,240,000.- (one hundred and five
million two hundred and forty thousand
Indonesian Rupiah);

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of
Jakarta No. 2238/2004, certify that the above is true and accurate English
translation of its Indonesian original.
Page 118 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

56. Exhibit P-56    **Invoice    No.    INV"SJ/SGB/14/01/0047** dated 05-07-2018 for the sum of IDR 88,200,000.- (eighty eight million two hundred thousand Indonesian Rupiah);

57. Exhibit P-57    **Invoice    No.    INV"SJ/SGB/14/01/0056** dated 11-07-2018 for the sum of IDR 93,840,000.- (ninety three million eight hundred and forty thousand Indonesian Rupiah);

58. Exhibit P-58    **Invoice    No.    INV"SJ/SGB/14/01/0057** dated 11-07-2018 for the sum of IDR 84,120,000.- (eighty four million one hundred twenty thousand Indonesian Rupiah);

59. Exhibit P-59    **Invoice    No.    INV"SJ/SGB/14/01/0058** dated 11-07-2018 for the sum of IDR 107,640,000.- (one hundred and seven million six hundred and forty thousand Indonesian Rupiah);

60. Exhibit P-60    **Invoice    No.    INV"SJ/SGB/14/01/0059** dated 11-07-2018 for the sum of IDR 94,200,000.- (ninety four million two hundred thousand Indonesian Rupiah);

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 119 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

61. Exhibit P-61    **Invoice    No.    INV"SJ/SGB/14/01/0072** dated 13-07-2018 for the sum of IDR 94,080,000.- (ninety four million eighty thousand Indonesian Rupiah);

62. Exhibit P-62    **Invoice    No.    INV"SJ/SGB/14/01/0073** dated 16-07-2018 for the sum of IDR 95,940,000.- (ninety five million nine hundred and forty thousand Indonesian Rupiah);

63. Exhibit P-63    **Invoice    No.    INV"SJ/SGB/14/01/0074** dated 16-07-2018 for the sum of IDR 85,440,000.- (eighty five million four hundred and forty thousand Indonesian Rupiah);

64. Exhibit P-64    **Invoice    No.    INV"SJ/SGB/14/01/0081** dated 20-07-2018 for the sum of IDR 83,760,000.- (eighty three million seven hundred and sixty thousand Indonesian Rupiah);

65. Exhibit P-65    **Invoice    No.    INV"SJ/SGB/14/01/0082** dated 20-07-2018 for the sum of IDR 85,440,000.- (eighty five million four hundred and forty thousand Indonesian Rupiah);

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

66. Exhibit P-66    **Invoice    No.    INV"SJ/SGB/14/01/0083** dated 23-07-2018 for the sum of IDR 78,240,000.- (seventy eight million two hundred and forty thousand Indonesian Rupiah);

67. Exhibit P-67    **Invoice    No.    INV"SJ/SGB/14/01/0084** dated 26-07-2018 for the sum of IDR 86,760,000.- (eighty six million seven hundred and sixty thousand Indonesian Rupiah);

68. Exhibit P-68    **Invoice    No.    INV"SJ/SGB/14/01/0085** dated 26-07-2018 for the sum of IDR 80,640,000.- (eighty million six hundred and forty thousand Indonesian Rupiah);

69. Exhibit P-69    **Invoice    No.    INV"SJ/SGB/14/01/0086** dated 26-07-2018 for the sum of IDR 82,680,000.- (eighty two million six hundred and eighty thousand Indonesian Rupiah);

Considering, that the aforementioned photocopied exhibits have been examined, authenticated, and verified in conformity with the original thereof and all bearing sufficient stamp duty;

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 121 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

Considering, that in addition the aforementioned exhibits, the Attorneys-at-Law of the Petition of SODP (Insolvency Petition) who are the Attorneys-at-Law of other Creditor: CV. CAHAYA ASIA, having its domicile in Gresik, of Jl. Dr. Wahidin Sudirohusodo Rt.02 Rw.08, Village Kembangan, District, regency of Gresik, in this matter duly represented by NUR Kolis, as Director, as contained in Deed Number 13 regarding Limited Partnership Corporation or *Perseroan Komanditer* CV. CAHAYA ASIA, by virtue of Special Power of Attorney dated 16 September 2019 and has been registered with the Clerk Office of the District Court of Semarang on the date of 20 September 2019, have presented the following exhibits in form of true and certified photocopied documents:

1.  Exhibit KL-1    **Residential Identity Card under ID Number or NIK: 3515140104700004 of NUR KOLIS** as Director of CV. CAHAYA ASIA;

2.  Exhibit KL-2    **Deed No. 13 regarding Limited Partnership Corporation CV. CAHAYA ASIA dated 12 April 2016** duly executed by and passed before KAMILIAH BAHASUAN, S.H. Notary Public practicing in Gresik and has been

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 122 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004
Uki Ukanto

**[Official Translation]**

registered with the Clerk/Registrar Office of the District Court of Gresik No. 243/BH/CV/2016/PN.Gs dated 16 May 2016;

3. Exhibit KL-3    **Taxpayer Identification Number NPWP: 76.089.407.1-612,000** of CV. CAHAYA ASIA;

4. Exhibit KL-4    **Certificate of Business Domicile Number: 311/437.102.7/2016** dated 05 April 2016;

5. Exhibit KL-5    **Certificate of Company Registration of Limited Partnership Corporation (CV) Number: 13.02.3.47.05949** dated 23 May 2016;

6. Exhibit KL-6    **Certificate of Business License for Micro Trade Number: 142/437.74/PMK/2016** dated 23 May 2016;

7. Exhibit KL-7    ***Purchase Order No. PO/CVCA-DMDT/I/50K*** dated 27 May 2019;

8. Exhibit KL-8    **Delivery Order No. 01/19/004** dated 10 June 2019 sent to THE RESPONDENT I OF SODP (INSOLVENCY PETITION) (PT. DELTA MERLIN DUNIA TEXTILE);

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 123 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

9.  Exhibit KL-9      **Invoice No. INV/01/19/004** dated 10 June 2019 sent to THE RESPONDENT I OF SODP (INSOLVENCY PETITION) (PT. DELTA MERLIN DUNIA TEXTILE);

10. Exhibit KL-10     *Purchase Order* **No. PO/CVCA-DDT/I/50K** dated 15 May 2019;

11. Exhibit KL-11     **Delivery Order No. 01/19/002** dated 25 May 2019 sent to THE RESPONDENT II OF SODP (INSOLVENCY PETITION) (PT. DELTA DUNIA TEKSTIL);

12. Exhibit KL-12     **Invoice No. INV/01/19/002** dated 25 May 2019 sent to THE RESPONDENT II OF SODP (INSOLVENCY PETITION) (PT. DELTA DUNIA TEKSTIL);

13. Exhibit KL-13     *Purchase Order* **No. PO/CVCA-DDT/I/50K** dated 16 May 2019;

14. Exhibit KL-14     **Delivery Order No. 01/19/006** dated 28 May 2019 sent to THE RESPONDENT III OF SODP (INSOLVENCY PETITION) (PT. DELTA MERLIN SANDANG TEKSTIL);

15. Exhibit KL-15     **Invoice No. INV/01/19/006** dated 28 May 2019 sent to THE RESPONDENT III OF SODP (INSOLVENCY PETITION) (PT. DELTA MERLIN SANDANG TEKSTIL);

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 124 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

16. Exhibit KL-16    *Purchase Order* No. PO/CVCA-DDST/I/50K dated 17 May 2019;

17. Exhibit KL-17    **Delivery Order No. 01/19/007** dated 29 May 2019 sent to THE RESPONDENT IV OF SODP (INSOLVENCY PETITION) (PT. DELTA DUNIA SANDANG TEKSTIL);

18. Exhibit KL-18    **Invoice No. INV/01/19/007** dated 29 May 2019 sent to THE RESPONDENT IV OF SODP (INSOLVENCY PETITION) (PT. DELTA DUNIA SANDANG TEKSTIL);

19. Exhibit KL-19    *Purchase Order* No. PO/CVCA-DSSA/I/50K dated 23 May 2019;

20. Exhibit KL-20    **Delivery Order No. 01/19/011** dated 11 June 2019 sent to THE RESPONDENT V OF SODP (INSOLVENCY PETITION) (PT. DUNIA SETIA SANDANG ASLI TEKSTIL);

21. Exhibit KL-21    **Invoice No. INV/01/19/011** dated 11Juni 2019 sent to THE RESPONDENT V OF SODP (INSOLVENCY PETITION) (PT. DUNIA SETIA SANDANG ASLI TEKSTIL);

22. Exhibit KL-22    *Purchase Order* No. PO/CVCA-DAMAITEX/I/50K dated 22 May 2019;

23. Exhibit KL-23    **Delivery Order No. 01/19/012** dated 11 June 2019 sent to THE RESPONDENT VI OF

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

SODP (INSOLVENCY PETITION) (PT. PERUSAHAAN DAGANG DAN PERINDUSTRIAN DAMAI);

24. Exhibit KL-24    **Invoice No. INV/01/19/012** dated 11 June 2019 sent to THE RESPONDENT VI OF SODP (INSOLVENCY PETITION) (PT. PERUSAHAAN DAGANG DAN PERINDUSTRIAN DAMAI);

Considering, that the aforementioned photocopied exhibits have been examined, authenticated, and verified in conformity with the original thereof and all bearing sufficient stamp duty;

Considering, that in order to substantiate the arguments of the reply of the Respondents of SODP (Insolvency Petition), they have presented the following exhibits in form of true and certified photocopied documents:

1. Exhibit T1-1a    Deed No. 91 dated 25 September 1995 regarding Deed of Incorporation of Limited Liability Company of PT **Delta Merlin Dunia Textile**, duly executed by and passed before Tjondro Santoso,

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 126 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004



Uki Ukanto

**[Official Translation]**

|   |   |   |
|---|---|---|
|   |   | SH., Notary Public practicing in Surakarta. |
| 2. | Exhibit T1-1b | Deed No. 107 dated 25 November 1996 regarding the Amendment to **PT Delta Merlin Dunia Textile**, duly executed by and passed before Tjondro Santoso, SH. Notary Public practicing in Surakarta. |
| 3. | Exhibit T1-1c | Decree of Minister of Justice of the Republic of Indonesia No. 02-112.HT.01.01.Th.97 regarding Legalization for Deed of Incorporation of Limited Liability Company of PT **Delta Merlin Dunia Textile** stipulated on the date of 8 January 1997. |
| 4. | Exhibit T1-2a | Deed No. 74 dated 26 November 2007 regarding Statement of Meeting Resolution of PT **Delta Merlin Dunia Textile,** **duly** executed by and passed before Pujiastuti Pangestu SH., Notary Public practicing in Karanganyar. |
| 5. | Exhibit T1-2b | Decree of Minister of Law and Human Rights of the Republic of Indonesia No. AHU-04478.AH.01.02.Year 2008 |

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

|   |   |   |
|---|---|---|
|   |   | regarding    Approval    for    Deed    of Amendment to the Company's Articles of Association of **PT Delta Merlin Dunia Textile,** stipulated on the date of 29 January 2008. |
| 6. | Exhibit T1-3a | Deed    No.    03    dated    02    August    2018 regarding    Statement    of    Meeting Resolution of PT **Delta Merlin Dunia Textile, duly** executed by and passed before Pujiastuti Pangestu SH., Notary Public practicing in Karanganyar. |
| 7. | Exhibit T1-3b | Letter of Ministry of Law and Human Rights of the Republic of Indonesia No.    AHU-AH.01.03-0228686    regarding Acceptance    for    the    Notification    of Change of Company Data of **PT Delta Merlin Dunia Textile,** stipulated on the date of 3 August 2018. |
| 8. | Exhibit T1-4 | Notice of Default and Legal Notice or *Somasi* from ING Bank N.V dated 16 September 2019; |
| 9. | Exhibit T1-5 | Notice of Default and Acceleration from Bank BNP Paribas dated 13 September 2019; |

**Jakarta, 7 October 2019**

I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of
Jakarta No. 2238/2004, certify that the above is true and accurate English
translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

10. Exhibit T1-6    Notice of Determination for Early Termination Date from Bank BNP Paribas dated 16 September 2019;

11. Exhibit T1-7    Agreement for the Settlement and Acknowledgement of Indebtedness between PT Shine Golden Bridge and PT Delta Merlin Dunia Textile dated 21 January 2019;

12. Exhibit T1-8a    Invoice No: INV"SJ/SGB/14/01/0034 dated 05 July 2018 from PT Shine Golden Bridge;

13. Exhibit T1-8b    Invoice No: INV"SJ/SGB/14/01/0035 dated 05 July 2018 from PT Shine Golden Bridge;

14. Exhibit T1-8c    Invoice No: INV"SJ/SGB/14/01/0044 dated 05 July 2018 from PT Shine Golden Bridge;

15. Exhibit T1-8d    Invoice No: INV"SJ/SGB/14/01/0045 dated 05 July 2018 from PT Shine Golden Bridge;

16. Exhibit T1-8e    Invoice No: INV"SJ/SGB/14/01/0046 dated 05 July 2018 from PT Shine Golden Bridge;

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 129 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

17. Exhibit T1-8f    Invoice    No:    INV"SJ/SGB/14/01/0047
                     dated  05  July  2018  from  PT  Shine
                     Golden Bridge;

18. Exhibit T1-8g    Invoice    No:    INV"SJ/SGB/14/01/0056
                     dated  11  July  2018  from  PT  Shine
                     Golden Bridge;

19. Exhibit T1-8h    Invoice    No:    INV"SJ/SGB/14/01/0057
                     dated  11  July  2018  from  PT  Shine
                     Golden Bridge;

20. Exhibit T1-8i    Invoice    No:    INV"SJ/SGB/14/01/0058
                     dated  11  July  2018  from  PT  Shine
                     Golden Bridge;

21. Exhibit  T1-8j     Invoice  No:  INV"SJ/SGB/14/01/0059
                     dated  11  July  2018   from  PT  Shine
                     Golden Bridge;

22. Exhibit T1-8k    Invoice    No:    INV"SJ/SGB/14/01/0072
                     dated  13  July  2018  from  PT  Shine
                     Golden Bridge;

23. Exhibit T1-8l    Invoice    No:    INV"SJ/SGB/14/01/0073
                     dated  16  July  2018  from  PT  Shine
                     Golden Bridge;

24. Exhibit T1-8m    Invoice    No:    INV"SJ/SGB/14/01/0074
                     dated  16  July  2018  from  PT  Shine
                     Golden Bridge;

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of
Jakarta No. 2238/2004, certify that the above is true and accurate English
translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

25. Exhibit T1-8n    Invoice    No:    INV"SJ/SGB/14/01/0081 dated 20 July 2018 from PT Shine Golden Bridge;

26. Exhibit T1-8o    Invoice    No:    INV"SJ/SGB/14/01/0082 dated 20 July 2018 from PT Shine Golden Bridge;

27. Exhibit T1-8p    Invoice    No:    INV"SJ/SGB/14/01/0083 dated 23 July 2018 from PT Shine Golden Bridge;

28. Exhibit T1-8q    Invoice    No:    INV"SJ/SGB/14/01/0084 dated 26 July 2018 from PT Shine Golden Bridge;

29. Exhibit T1-8r    Invoice    No:    INV"SJ/SGB/14/01/0085 dated 26 July 2018 from PT Shine Golden Bridge;

30. Exhibit T1-8s    Invoice    No:    INV"SJ/SGB/14/01/0086 dated 26 July 2018 from PT Shine Golden Bridge;

31. Exhibit T1-9    Invoice No: INV/01/19/004 dated 10 June 2019 from Cahaya Asia;

32. Exhibit T1-10    Letter of Warning to Pay Debt from PT Shine Golden Bridge dated 10 June 2019;

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

33. Exhibit T1-11    Second Letter of Warning to Pay Debt from PT Shine Golden Bridge dated 24 June 2019;

34. Exhibit T1-12    Legal Notice or *Somasi* from the Attorney-at-Law of PT Shine Golden Bridge dated 22 July 2019;

35. Exhibit T1-13    Second Legal Notice or *Somasi Kedua* from the Attorney-at-Law of PT Shine Golden Bridge dated 29 July 2019;

36. Exhibit T2-1a    Deed No. 8 dated 14 January 2003 regarding Deed of Incorporation of Limited Liability Company of PT **Delta Dunia Tekstil**, duly executed by and passed before Pujiastuti Pangestu SH., Notary Public practicing in Karanganyar;

37. Exhibit T2-1b    Decree of Minister of Justice of the Republic of Indonesia No. C-04467 HT.01.01.TH.2003 regarding Legalization for Deed of Incorporation of Limited Liability Company of PT **Delta Dunia Tekstil**, stipulated on the date of 5 March 2003;.

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 132 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

38. Exhibit T2-2a    Deed No. 05 dated 06 February 2008 regarding Statement of Meeting Resolution of PT **Delta Dunia Tekstil**, duly executed by and passed before Pujiastuti Pangestu SH., Notary Public practicing in Karanganyar;.

39. Exhibit T2-2b    Decree of Minister of Law and Human Rights No. AHU-09042.AH.01.02.Year 2008 regarding Approval for Deed of Amendment to the Company's Articles of Association stipulated on the date of 25 February 2008;

40. Exhibit T2-3a    Deed No. 26 dated 22 January 2018 regarding Statement of Meeting Resolution of **PT Delta Dunia Tekstil**, duly executed by and passed before Pujiastuti Pangestu SH., Notary Public practicing in Karanganyar;

41. Exhibit T2-3b    Letter of Ministry of Law and Human Rights of the Republic of Indonesia No. AHU-AH.01.03-0041436 regarding Acceptance for the Notification of the Amendment to the Articles of Association of PT **Delta Dunia Tekstil**,

**Jakarta, 7 October 2019**

I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Page 133 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

stipulated on the date of 29 January 2018;

42. Exhibit T2-3c — Letter of Ministry of Law and Human Rights of the Republic of Indonesia No. AHU-AH.01.03-0041437 regarding Acceptance for the Notification of the Change of Company Data of **PT Delta Dunia Tekstil**, stipulated on the date of 29 January 2018;

43. Exhibit T2-4 — Agreement for the Granting of Corporate Guarantee between PT Shine Golden Bridge and PT Delta Dunia Tekstil dated 21 January 2019;

44. Exhibit T2-5 — Letter Number 283/BSI-REM/HO-SP/VIII/2019 Regarding Warning Letter – 2 (Second) from PT Bank Shinhan Indonesia dated 30 August 2019;

45. Exhibit T2-6 — Invoice No: INV/01/19/002 dated 25 May 2019 from Cahaya Asia;

46. Exhibit T3-1a — Deed No. 43 dated 30 May 2001 regarding Deed of Incorporation of Limited Liability Company of PT **Delta Merlin Sandang Tekstil**, duly executed by and passed before Pujiastuti

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

Pangestu SH., Notary Public practicing in Karanganyar.

47. Exhibit T3-1b    Decree of Minister of Justice of the Republic of Indonesia No. C-03945 HT.01.01.TH.2001 regarding Legalization for Deed of Incorporation of Limited Liability Company of PT **Delta Merlin Sandang Tekstil**, stipulated on the date of 27 July 2001.

48. Exhibit T3-2a    Deed No. 28 dated 12 May 2008 regarding Statement of Meeting Resolution of PT **Delta Merlin Sandang Tekstil**, duly executed by and passed before Pujiastuti Pangestu SH., Notary Public practicing in Karanganyar.

49. Exhibit T3-2b    Decree of Minister of Law and Human Rights No. AHU-45795.AH.01.02.Year 2008 regarding Approval for Deed of Amendment to the Company's Articles of Association stipulated on the date of 29 July 2008.

50. Exhibit T3-3a    Deed No. 04 dated 1 November 2017 regarding Statement of Meeting

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

Resolution of **PT Delta Merlin Sandang Tekstil**, duly executed by and passed before Pujiastuti Pangestu SH., Notary Public practicing in Karanganyar.

51. Exhibit T3-3b    Letter of Ministry of Law and Human Rights of the Republic of Indonesia No. AHU-AH.01.03-0189887 regarding Acceptance for the Notification of the Amendment to the Articles of Association of **PT Delta Merlin Sandang Tekstil,** stipulated on the date of 11 November 2017.

52. Exhibit T3-3c    Letter of Ministry of Law and Human Rights of the Republic of Indonesia No. AHU-AH.01.03-0189888 regarding Acceptance for the Notification of the Change of Company Data of **PT Delta Merlin Sandang Tekstil,** stipulated on the date of 11 November 2017.

53. Exhibit T3-4    Agreement for the Granting of Corporate Guarantee between PT Shine Golden Bridge and PT Delta Merlin Sandang Tekstil.

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 136 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

54. Exhibit T3-5    Letter        Number        Ref.
0127/SK/WB/CB3/AS/08/2019        Regarding
the Notice of Default Condition of PT
Delta Merlin Sandang Tekstil for The
Obligation to Pay Principal Amount on
31 July 2019 from Permata Bank on 1
August 2019;

55. Exhibit T3-6    Invoice No: INV/01/19/006 dated 28 May
2019 from Cahaya Asia;

56. Exhibit T4-1a    Deed No. 9 dated 14 January 2003
regarding Deed of Incorporation of
Limited Liability Company of PT **Delta
Dunia Sandang Tekstil**, duly executed
by and passed before Pujiastuti
Pangestu SH., Notary Public practicing
in Karanganyar.

57. Exhibit T4-1b    Decree of Minister of Justice of the
Republic of Indonesia No. C-04348
HT.01.01.TH.2003        regarding
Legalization for Deed of Incorporation
of Limited Liability Company of PT
**Delta    Dunia    Sandang    Tekstil**,
stipulated on the date of 28 February
2003.

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of
Jakarta No. 2238/2004, certify that the above is true and accurate English
translation of its Indonesian original.
Page 137 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

58. Exhibit T4-2a    Deed No. 59 dated 26 December 2008 regarding Statement of Meeting Resolution **PT Delta Dunia Sandang Tekstil, duly** executed by and passed before Pujiastuti Pangestu SH., Notary Public practicing in Karanganyar.

59. Exhibit T4-2b    Decree of Minister of Law and Human Rights of the Republic of Indonesia No. AHU-12235.AH.01.02.Year 2009 regarding Approval for Deed of Amendment to the Company's Articles of Association of PT **Delta Dunia Sandang Tekstil**, stipulated on the date of 13 April 2009.

60. Exhibit T4-3a    Deed No. 07 dated 04 November 2017 regarding Statement of Meeting Resolution **PT Delta Dunia Sandang Tekstil, duly** executed by and passed before Pujiastuti Pangestu SH., Notary Public practicing in Karanganyar.

61. Exhibit T4-3b    Letter of Ministry of Law and Human Rights of the Republic of Indonesia No. AHU-AH.01.03-0194284 regarding Acceptance for the Notification of the

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of
Jakarta No. 2238/2004, certify that the above is true and accurate English
translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

|  |  |
|---|---|
|  | Amendment to the Articles of Association of PT **Delta Dunia Sandang Tekstil,** stipulated on the date of 24 November 2017. |
| 62. Exhibit T4-3c | Letter of Ministry of Law and Human Rights of the Republic of Indonesia No. AHU-AH.01.03-0194285 regarding Acceptance for the Notification of the Change of Company Data of **PT Delta Dunia Sandang Tekstil,** stipulated on the date of 24 November 2017. |
| 63. Exhibit T4-4 | Agreement for the Granting of Corporate Guarantee between PT Shine Golden Bridge and PT Delta Dunia Sandang Tekstil. |
| 64. Exhibit T4-5 | Letter regarding Transaction Confirmation under Reference Number FWD 182499878 and its Amendment under Reference Number 191909936 (**"Transaction Confirmation"**) and Notice of Payment Default dated 11 July 2019 from PT Bank HSBC Indonesia Dated 15 July 2019; |

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of
Jakarta No. 2238/2004, certify that the above is true and accurate English
translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

65. Exhibit T4-6       Letter    Number    074/QNB/-CMB/VII/2019
Regarding Third Warning Letter from PT
Bank QNB Indonesia Tbk dated 26 July
2019;

66. Exhibit T4-7       Invoice No: INV/01/19/007 dated 29 May
2019 from Cahaya Asia;

67. Exhibit T5-1a      Deed No. 6 dated 3 September 1998
regarding Incorporation of Limited
Liability Company of PT **Dunia Setia
Sandang Asli Tekstil**, duly executed by
and passed before Pujiastuti Pangestu
SH., Notary Public practicing in
Karanganyar.

68. Exhibit T5-1b      Decree of Minister of Justice of the
Republic of Indonesia No. C-12155
HT.01.01.TH.99 regarding Legalization
for Deed of Incorporation of Limited
Liability Company of PT **Dunia Setia
Sandang Asli Tekstil** stipulated on the
date of 1 July 1999.

69. Exhibit T5-1c      Data under Deed of Incorporation of
Company;

70. Exhibit T5-2a      Deed No. 63 dated 25 June 2008
regarding Statement of Meeting

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of
Jakarta No. 2238/2004, certify that the above is true and accurate English
translation of its Indonesian original.
Page 140 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004
_Uki Ukanto_

**[Official Translation]**

Resolution of PT **Dunia Setia Sandang Asli Tekstil,** duly executed by and passed before Pujiastuti Pangestu SH., Notary Public practicing in Karanganyar.

71. Exhibit T5-2b    Decree of Minister of Law and Human Rights of the Republic of Indonesia No. AHU-46071.AH.01.02.Year 2008 regarding Approval for Deed of Amendment to the Company's Articles of Association of PT **Dunia Setia Sandang Asli Tekstil,** stipulated on the date of 29 July 2008.

72. Exhibit T5-3a    Deed No. 06 dated 04 November 2017 regarding Statement of Meeting Resolution of PT **Dunia Setia Sandang Asli Tekstil, duly** executed by and passed before Pujiastuti Pangestu SH., Notary Public practicing in Karanganyar.

73. Exhibit T5-3b    Letter of Ministry of Law and Human Rights of the Republic of Indonesia No. AHU-AH.01.03-0188203 regarding Acceptance for the Notification of the

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

|  |  |  |
|---|---|---|
|  |  | Amendment to the Articles of Association of PT **Dunia Setia Sandang Asli Tekstil** stipulated on the date of 07 November 2017. |
| 74. | Exhibit T5-3c | Letter of Ministry of Law and Human Rights of the Republic of Indonesia No. AHU-AH.01.03-0188204 regarding Acceptance for the Notification of the Change of Company Data of **PT Dunia Setia Sandang Asli Tekstil** stipulated on the date of 07 November 2017 |
| 75. | Exhibit T5-4 | Agreement for the Granting of Corporate Guarantee between PT Shine Golden Bridge and PT Dunia Setia Sandang Asli Tekstil. |
| 76. | Exhibit T5-5 | Letter Number 284/BSI-REM/HO-SP/VIII/2019 Regarding Warning Letter – 2 (Second) from PT Bank Shinhan Indonesia dated 30 August 2019 |
| 77. | Exhibit T5-6 | Invoice No:INV/01/19/011 dated 11 June 2019 from Cahaya Asia; |
| 78. | Exhibit T6-1a | Deed No. 09 dated 03 April 2008 regarding Adoption of Meeting Resolution, **PT Perusahaan Dagang dan** |

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 142 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

**Perindustrian Damai, duly** executed by and passed before Roekiyanto SH., Notary Public practicing in Karanganyar.

79. Exhibit T6-1b    Decree of Minister of Law and Human Rights of the Republic of Indonesia No. AHU-09032.AH.01.02.Year 2009 regarding Approval for Deed of Incorporation and Amendment to the Company's Articles of Association of PT **Perusahaan Dagang dan Perindustrian Damai,** stipulated on the date of 24 March 2009;

80. Exhibit T6-2a    Deed No. 01 dated 01Nopember 2017 regarding Statement of Meeting Resolution of PT **Perusahaan Dagang dan Perindustrian Damai, duly** executed by and passed before Pujiastuti Pangestu SH., Notary Public practicing in Karanganyar.

81. Exhibit T6-2b    Letter of Ministry of Law and Human Rights of the Republic of Indonesia No. AHU-AH.01.03-0194943 regarding Acceptance for the Notification of the

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of
Jakarta No. 2238/2004, certify that the above is true and accurate English
translation of its Indonesian original.



Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

|  |  |
|---|---|
|  | Amendment to the Articles of Association of PT **Perusahaan Dagang dan Perindustrian Damai,** stipulated on the date of 27 November 2017. |
| 82. Exhibit T6-2c | Letter of Ministry of Law and Human Rights of the Republic of Indonesia No. AHU-AH.01.03-0194944 regarding Acceptance for the Notification of the Change of Company Data of **PT Perusahaan Dagang dan Perindustrian Damai,** stipulated on the date of 27 November 2017. |
| 83. Exhibit T6-3 | Agreement for the Granting of Corporate Guarantee between PT Shine Golden Bridge and PT Perusahaan Dagang dan Perindustrian Damai. |
| 84. Exhibit T6-4 | Invoice No: INV/01/19/012 dated 11 June 2019 from Cahaya Asia; |

Considering, that the aforementioned photocopied exhibits have been examined, authenticated, and verified in conformity with the original thereof and all bearing sufficient stamp duty;

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 144 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004



Uki Ukanto

**[Official Translation]**

Considering, that furthermore, the Petitioner dan the Respondents have presented their respective conclusions on the date of 26 September 2019;

Considering, that in order to summarize the content of this judgment, then any things entered into in the minutes of the hearing for this matter shall be accordingly be incorporated, taken, and deemed as one integral and inseparable part to the series of the legal considerations of this judgment of the court;

Considering, that both the Petitioner of SODP (Insolvency Petition) and the Respondents of SODP (Insolvency Petition) declared that they have no further deposition to make and hereby request the decisions;

## REGARDING THE LEGAL CONSIDERATIONS

Considering, that the objectives and purposes of the petition of the Suspension of the Obligation for Debt Payment (SODP) filed by the Petitioner shall be referred to hereinabove;

Considering, that article 222 paragraph (1) Law Number 37 Year 2004 regarding Bankruptcy and Suspension of the Obligation for Debt Payment or SODP, provides that the Suspension of the Obligation for Debt Payment may be petitioned by Debtor or Creditor and pursuant to article 1

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.



Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

number 11 Law Number 37 Year 2004 regarding Bankruptcy and Suspension of the Obligation for Debt Payment or SODP it being provided that Debtor or Creditor may be individual person or Legal Entity or Corporation;

Considering, that Article 225 paragraph(3) Law Number 37 Year 2004 regarding Bankruptcy and Suspension of the Obligation for Debt Payment or SODP, primarily provides that the Petition of SODP (Insolvency Petition) is filed by Creditor, the Court within no later than 20 (twenty) days as from the registration of the Letter of Petition, shall grant the provisional approval for Petition of SODP (Insolvency Petition) and appoint Supervisory Judge as well as commission 1 (one) or more Administrators together with Debtor to manage the assets of the Debtor;

Considering, that the Petition of SODP (Insolvency Petition) is filed by the Petitioner as Legal Entity which primarily request that the Court Niaga at the District Court of Semarang to determine and grant SODP (Insolvency Petition) to the Respondents of SODP (Insolvency Petition) by giving the arguments that the Respondents of SODP (Insolvency Petition) (Legal Entity and individual person) have debts to or owe the Petitioner of SODP (Insolvency Petition) which have become matured and payable as well as have other creditors;

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 146 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

### [Official Translation]

Considering, that in reply to the petition of the petition of the Petitioner above, the Respondents of SODP (Insolvency Petition) has given their answer which primarily stated that the Respondents of SODP (Insolvency Petition) shall in good faith strive to settle their debts to the creditors, and therefore **immediately after the Commercial Court at the District Court of Semarang issues its provisional ruling on the Petition for the Suspension of Obligation for Debt Payment or SODP (Insolvency Petition)**, then the Respondents of SODP (Insolvency Petition) would present Settlement Composition Plan to all the creditors of the Respondents of SODP (Insolvency Petition) in accordance with the procedures stipulated under Chapter III of Bankruptcy Law

Considering, based on the above answer, it can be concluded that **the Respondents for the Suspension of the Obligation for Debt Payment shall have no objection to and may accept** the arguments of the Petition of the Suspension of the Obligation for Debt Payment from the Petitioner of SODP (Insolvency Petition), and furthermore, shall have no objection to appointment and commissioning of the Administrators team (in number 29 of Reply of the Respondents);

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*
Uki Ukanto

## [Official Translation]

Considering, that even though with respect to the Petition of SODP (Insolvency Petition) filed by the Petitioner, THE RESPONDENTS HAVE NO OBJECTION and may accept the arguments of the Petition of SODP (Insolvency Petition) from the Petitioner of SODP (Insolvency Petition), the Panel of Judges still consider as to whether or not the Petition of SODP (Insolvency Petition) may be granted or sustained;

Considering, that subsequently, the Panel of Judges shall consider both formal requisites and material requisites of the Petition of the Petitioner

Considering, that the Petition of the Petitioner of SODP (Insolvency Petition) is filed and signed by **YONG INDRO SETYO**, Director of **PT.SHINE GOLDEN BRIDGE,** and his attorneys-at-law, the Advocates of **The Law Office of Advocates, Legal Consultants, Curator & Administrator "HARIYANTO & PARTNERS"** Jl. Tidar 28.II, Telp. (031) 5323374, Fax (031) 5328372 Surabaya, either jointly or severally, by virtue of the Special Power of Attorney dated 20 August 2019;

Considering, that **YONG INDRO SETYO,** Address Prambanan Lidah Kulon BD-17, RT 001, RW 008, Surabaya, Occupation Director of **PT.SHINE GOLDEN BRIDGE,** by virtue of **Deed of Incorporation of Limited Liability Company** of

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004


Uki Ukanto

## [Official Translation]

**PT SHINE GOLDEN BRIDGE Number 01 dated 3 May 2016**, duly executed by and passed before Geys Bahasuan, S.H., M.Kn., Notary Public practicing in Gresik and **Decree of Minister of Law and Human Rights of the Republic of Indonesia Number: AHU-0022608.AH.01.01.Year 2016** regarding the Legalization for the Incorporation of Legal Entity Limited Liability Company PT SHINE GOLDEN BRIDGE dated 4 May 2016 - duly acting for and on behalf of the Board of Directors of the Company as and in his aforesaid capacity, and therefore duly authorized to represent the Company both in and out of court (both litigation and non-litigation) ( Exhibit P-1 to Exhibit P-5);

Considering, that pursuant to the minutes of oath taking of the attorney-s-at-law, it proves true that the attorneys-at-law are the Advocates who have taken oath as contemplated under Article 4 LAW No.18 Year 2003 regarding Advocates, and therefore the petition *a quo* has complied with the provisions of Article 224 paragraph (1) Law Number 37 Year 2004 regarding Bankruptcy and Suspension of the Obligation for Debt Payment, which is: the Petition of SODP (Insolvency Petition) shall be filed to the Court whose jurisdiction covers the legal seat or domicile of the debtor, by the signing of the Petitioner and his Advocates;

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 149 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

Considering, that furthermore, it will be also considered as to whether or not the petition filed against the Respondents may formally be justified;

Considering, that the Respondents of SODP (Insolvency Petition) are all the Legal Entities as proven by **Exhibit T1 -1a to Exhibit T1 – 1c**, for the Respondent I of SODP (**PT Delta Merlin Dunia Textile**), **Exhibit T2 – 1a to Exhibit T2 – 3c**, for the Respondent II of SODP (**PT Delta Dunia Tekstil**), **Exhibit T3 – 1a to Exhibit T3 – 3c**, for the Respondent III of SODP (**PT Delta Merlin Sandang Tekstil**), **Exhibit T4 – 1a to Exhibit T4 – 3c**, for the Respondent IV of SODP (**PT Delta Dunia Sandang Tekstil**), **Exhibit T5 – 1a to Exhibit T5 – 3c**, for the Respondent V of SODP (**PT Dunia Setia Sandang Asli Tekstil**), **Exhibit T6 – 1a to Exhibit T6 – 2c**, for the Respondent VI of SODP (**PT Perusahaan Dagang and Perindustrian Damai**), and therefore the petition against the Respondents of SODP (Insolvency Petition) may formally be justified;

Considering, that on the basis of the aforementioned considerations, it is well founded for the Panel of Judges to declare and rule that the Petition of SODP (Insolvency Petition) filed by the Petitioner has fulfilled the formal requisites as prescribed by the law;

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 150 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

Considering, that furthermore, it shall hereby be considered as to whether or not material requisites the Petition of SODP (Insolvency Petition) filed by the Petitioner have been fulfilled;

Considering, that in order to prove the arguments of his petition, the Petitioner presented the exhibits marked with Exhibit P-1 to Exhibit P-69 and the exhibits of other creditor marked with Exhibit KL-1 to Exhibit KL-24;

Considering, that in order to prove the arguments of their reply, the Respondents presented the exhibits marked with Exhibit **T1-1a** to Exhibit **T6-4**;

Considering, that pursuant to the provisions of Article 222 paragraph 1 and paragraph 3 Law Number 37 Year 2004 regarding Bankruptcy and Suspension of the Obligation for Debt Payment it being provided that: *"Suspension of obligation for payment of debt submitted by the Debtor who has more than 1 (one) Creditor or by the Creditor"*. Furthermore, *Creditors estimating that the Debtors are unable to continue paying those debts which have been matured and payable, may request that they can suspend paying their debts, in order to enable them to present a composition plan or settlement plan that includes an offer to pay their debts, either in whole or in part, to their Creditors;*

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 151 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

Considering, that even though the provisions of Article 222 paragraph 1 Law above does not expressly require that SODP (Insolvency Petition) filed by the creditor must meet the requisite that the debtor shall have more than one creditor, which is the same case if the SODP (Insolvency Petition) is filed by the Debtor; however it can be implied that the condition that the debtor shall have more one creditors shall be fulfilled if SODP (Insolvency Petition) is filed by the Creditors;

Considering, that pursuant to the provisions of Article 222 paragraph 1 and 3 Law regarding Bankruptcy and Suspension of the Obligation for Debt Payment mentioned above, subsequently, it shall hereby be considered as to whether or not the Petition of the Petitioner for SODP (Insolvency Petition) fulfills the prescribed requisites, namely:

1. Debtor has more than one Creditor;

2. Creditor predicts that the Debtor is unable to continue paying those debts which have been matured and payable;

**Ad.1. Debtor has more than one Creditor;**

Considering, that the term Creditor pursuant to Article 1 number (2) Law Number 37 Year 2004, shall mean

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

## [Official Translation]

any person who has receivables under an agreement or a law which is collectible or payable before the court;

Considering, that subsequently the term Debtor pursuant to Article 1 number (3) Law Number 37 year 2004, shall mean any person who has indebtedness for which it may be demanded to pay before the court;

Considering, that furthermore, the Petitioner of SODP (Insolvency Petition) in the Petition of SODP (Insolvency Petition) is **PT.SHINE GOLDEN BRIDGE,** that argued that the Respondents of SODP (Insolvency Petition) have debts to or owe the Petitioner of SODP (Insolvency Petition) as follows:

1.    That the Respondent I of SODP (Insolvency Petition) and the Petitioner of SODP (Insolvency Petition) executed and signed the Agreement for the Settlement and Aknowledgement of Indebtedness dated 21 January (**"Agreement for the Settlement and Acknowledgement of Indebtedness"**) under which is primarily agreed upon the following:

    a.    That the Respondent I of SODP (Insolvency Petition) acknowledges its indebtedness and represents that it has been negligent for failing to perform its obligations to pay its debt to the Petitioner for SODP (Insolvency

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 153 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

Petition) **for the sum of IDR 1,697,880,000.-
(one billion six hundred and ninety seven
million eight hundred and eighty thousand
Indonesian Rupiah)**;

b.    All the sum of the debts arising under Agreement
for the Settlement and Acknowledgement of
Indebtedness shall be fully paid by the
Respondent I of SODP (Insolvency Petition) not
later than **30 April 2019** ("Extended Maturity
Date");;

c.    All the sum of the debts arising under Agreement
for the Settlement and Acknowledgement of
Indebtedness shall be fully guaranteed by the
Respondent II of SODP (Insolvency Petition), the
Respondent III of SODP (Insolvency Petition),
the Respondent IV of SODP (Insolvency Petition),
the Respondent V of SODP (Insolvency Petition),
and the Respondent VI of SODP (Insolvency
Petition).

As proved true under Exhibit P-6 and Exhibit P-7 ;

2.    That with resepect to the debts that have become
matured and payable, the Petitioner of SODP
(Insolvency Petition) has sent:

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of
Jakarta No. 2238/2004, certify that the above is true and accurate English
translation of its Indonesian original.
Page 154 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

## [Official Translation]

a.    Warning Letter of Payment to the Respondent I of SODP (Insolvency Petition), the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition) on 10 June 2019, (Exhibit P-13) ; and

b.    2nd Warning Letter to Demand Debt Payment on 24 June 2019 to the Respondent I of SODP (Insolvency Petition), the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition), (Exhibit P-14);

c.    Legal Notice or *Somasi* to the Respondent I of SODP (Insolvency Petition), the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

Respondent VI of SODP (Insolvency Petition) on 22 July 2019, (Exhibit P-15); and

d.    Second Legal Notice or *Somasi* to the Respondent I of SODP (Insolvency Petition), the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition) to on 29 July 2019, (Exhibit P-16);

Considering, that under the exhibits as presented by the Petitioner mentioned above, it is revealed the facts that the debts of the Respondent I of SODP (Insolvency Petition) **shall amount to IDR 1,697,880,000.- (one billion six hundred and ninety seven million eight hundred and eighty thousand Indonesian Rupiah),** to the Petitioner of SODP (Insolvency Petition) which has become matured by 30 April 2019 and payable;

Considering, that related to the debts of the Respondent I of SODP (Insolvency Petition) Which Are Due, Matured, and Payable to the Petitioner for SODP (Insolvency Petition), there is a legal relationship where the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*

**[Official Translation]**

Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition), and the Respondent VI of SODP (Insolvency Petition) shall, both jointly and severally, also bear and guarantee the full repayment of Debts Which Are Due, Matured, and Payable by the Respondent I of SODP (Insolvency Petition) to the Petitioner for SODP (Insolvency Petition), as proven by the signing and execution of the following agreements:

a.    Agreement for the Granting of Corporate Guarantee dated 21 January 2019 duly executed and signed by and between the Petitioner for SODP (Insolvency Petition) and the Respondent II of SODP (Insolvency Petition), (Exhibit P-8);

b.    Agreement for the Granting of Corporate Guarantee dated 21 January 2019 duly executed and signed by and between the Petitioner for SODP (Insolvency Petition) and the Respondent III of SODP (Insolvency Petition), (Exhibit P-9);

c.    Agreement for the Granting of Corporate Guarantee dated 21 January 2019 duly executed and signed by and between the Petitioner for SODP (Insolvency Petition) and the Respondent IV of SODP (Insolvency Petition), (Exhibit P-10);



Sworn and Authorized Translator
Commissioned by the Governor of Jakart
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

d.    Agreement for the Granting of Corporate Guarantee dated 21 January 2019 duly executed and signed by and between the Petitioner for SODP (Insolvency Petition) and the Respondent V of SODP (Insolvency Petition), (Exhibit P-11); and

e.    Agreement for the Granting of Corporate Guarantee dated 21 January 2019 duly executed and signed by and between the Petitioner for SODP (Insolvency Petition) and the Respondent VI of SODP (Insolvency Petition), (Exhibit P-12);

Considering, that on the basis of the aforementioned exhibits and evidences and as referred to the provisions of Article 1820 of the Indonesian Civil Code provides that *"The provision of a guarantee is an agreement under which a third party agrees, for the benefit of creditor to legally bind himself to fulfill the obligations of the debtor, if the debtor himself fails to fulfill such obligations."*

Considering, that as presented in Exhibit P-8 to Exhibit P-12, it proves true that the Respondent I of SODP (Insolvency Petition), the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP


Uki Ukanto

## [Official Translation]

(Insolvency Petition), the Respondent V of SODP (Insolvency Petition) and the Respondent VI of SODP (Insolvency Petition), as guarantors have waive their privileges as contemplated under Article 1430, Article 1831, Article 1833, Article 1837, Article 1843, and Article 1847 until Article 1850 of the Indonesian Civil Code, and therefore, the Respondent I of SODP (Insolvency Petition), the Respondent II of SODP(Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP(Insolvency Petition), the Respondent V of SODP (Insolvency Petition) and the Respondent VI of SODP(Insolvency Petition), owe and have debts to the Petitioner of SODP (Insolvency Petition);

Considering, that with references to the agreements above, the Petitioner of SODP (Insolvency Petition) has also sent Letter of Reprimand and Legal Notice or *Somasi* to the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP (Insolvency Petition), the Respondent V of SODP (Insolvency Petition) and the Respondent VI of SODP (Insolvency Petition) as the guarantors for the Respondent I of SODP (Insolvency Petition) in order to give warning and make collection so they immediately fully pay the debts of the Respondent I

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

of SODP (Insolvency Petition) which are amtured and payable, and yet **the Respondent II of SODP (Insolvency Petition), the Respondent III of SODP (Insolvency Petition), the Respondent IV of SODP, the Respondent V of SODP (Insolvency Petition) and the Respondent VI of SODP (Insolvency Petition) in their capacity as the guarantors of the indebtedness of the Respondent I of SODP (Insolvency Petition) have failed to pay such Debts That Are Matured and Payable to the Petitioner of SODP (Insolvency Petition)** until the filing of this Petition of SODP (Insolvency Petition);

Considering, that in response to the arguments as well as the exhibits presented by the Petitioner of SODP (Insolvency Petition) mentioned above, the Respondents of SODP (Insolvency Petition) primarily have no objection to and confirmed such arguments, and therefore, the Respondents owe and have debts to the Petitioner as mentioned above;

Considering, that in addition to the Petitioner, the Respondents also owe and have debts to other creditor, **CV. CAHAYA ASIA**, a business entity or corporatin having its address at Jl. Dr. Wahidin SH, RT.02/RW.08, Village Kembangan, District Kebonmas, Regency of Gresik, East

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

Jawa, Indonesia (Exhibit KL-1 to Exhibit KL-6), with the following details:

a.  The Respondent I of SODP (Insolvency Petition): for the sum of IDR 603,432,000 (six hundred and three million four hundred and thirty two thousand Indonesian Rupiah), Exhibit KL-7 to Exhibit KL-9 ;

b.  The Respondent II of SODP (Insolvency Petition), for the sum of IDR 617,352,000 (six hundred and seventeen million three hundred and fifty two thousand Indonesian Rupiah), Exhibit KL-10 to Exhibit KL-12 ;

c.  The Respondent III of SODP (Insolvency Petition), for the sum of IDR 588,734,800 (five hundred and eighty eight million seven hundred and thirty four thousand eight hundred Indonesian Rupiah), Exhibit KL-13 to Exhibit KL-15;

d.  The Respondent IV of SODP (Insolvency Petition), for the sum of IDR 592,992,000 (five hundred and ninety two million nine hundred and ninety two thousand Indonesian Rupiah), Exhibit KL-16 to Exhibit KL-18;

e.  The Respondent V of SODP (Insolvency Petition), for the sum of IDR 584,872,000 (five hundred and eighty four million eight hundred and seventy two thousand Indonesian Rupiah), Exhibit KL-19 to Exhibit KL-21;

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of
Jakarta No. 2238/2004, certify that the above is true and accurate English
translation of its Indonesian original.
Page 161 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

f.    The Respondent VI of SODP (Insolvency Petition), for
the sum of IDR 617,236,000 (six hundred and seventeen
million two hundred and thirty six thousand
Indonesian Rupiah), Exhibit KL-22 to Exhibit KL-24;

Considering, that that in response to the arguments
as well as the exhibits presented by Other Creditor **CV.
CAHAYA ASIA** mentioned above, the Respondents of SODP
(Insolvency Petition) primarily have no objection to and
confirmed such arguments, and therefore, the Respondents
owe and have debts to Other Creditor **CV. CAHAYA ASIA** as
mentioned above

Considering, that on the basis of the aforementioned
considerations, the requisite that the Debtor has more
than one creditor is fulfilled under the petition a quo;

**Ad.2. Creditor estimating that the Debtors are unable to
continue paying the debts which have been matured and
payable;**

Considering, that even though the Petitioner of SODP
(Insolvency Petition) as the creditor has sent Letter of
Warning and Legal Notice or *Somasi* to the Respondents of
SODP (Insolvency Petition) as the debtor to pay his debts
to the Petitioner of SODP (Insolvency Petition) since they

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of
Jakarta No. 2238/2004, certify that the above is true and accurate English
translation of its Indonesian original.
Page 162 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

## [Official Translation]

are matured and payable as considered above, it proves true and correct that the Respondents of SODP (Insolvency Petition) fail to pay or have not paid their debts to the Petitioner, and the debts of the Respondents to other creditor as well, which is **CV. CAHAYA ASIA** ;

Considering, that based on the considerations for the exhibits and such facts are not denied by the Respondents of SODP (Insolvency Petition), then the requisite of the Creditor estimating or predicting that the Debtor can no longer pay their debts that are matured and payable has fulfilled the requisite as prescribed by the Law;

Considering, that on the basis of explanation of the legal considerations above, the Panel of Judges think that the Petition of SODP (Insolvency Petition) from the Petitioner has fulfilled the provisions of Article 222 paragraph 1 and paragraph 3 Law Number 37 Year 2004 regarding Bankruptcy and Suspension of the Obligation for Debt Payment (SODP), so that pursuant to the provisions of Article 225 paragraph (3) and paragraph (4) of Law Number 37 Year 2004 regarding Bankruptcy and Suspension of the Obligation for Debt Payment (SODP), the petition of the Petitioner shall be granted and sustained for maximum period of 45 (forty five) days as from the date of the

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

judgment on Provisional Suspension of the Obligation for Debt Payment (SODP) is issued, provided however that the time and place are provided under the verdicts of the judgment hereunder;

Considering, that as the Provisional Suspension of the Obligation for Debt Payment (SODP) is granted, then pursuant to the provisions of Article 225 paragraph 3 of Law Number 37 Year 2004 regarding Bankruptcy and Suspension of the Obligation for Debt Payment (SODP), the Panel of Judges shall appoint Supervisory Judge who is of the Judges of the Commercial Court at the District Court of Semarang whose name is mentioned under the verdicts of the judgment hereunder and shall commission 1 (one) or more Administrator together with the debtor in order to manage the assets of the debtor;

Considering, that under the Petition of SODP (Insolvency Petition), the Petitioner shall hereby humbly request that be appointed:

1. Mister **HAMONANGAN SYAHDAN HUTABARAT, S.H.**, having his office at SHAL Legal Counselors, of Sovereign Plaza, 20th Floor Unit C, Jl. TB. Simatupang, Kav 36, Jakarta Selatan, 12430, Curator and Receiver registered with Ministry of Law and Human Rights of the Republic of

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 164 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Uki Ukanto*
Uki Ukanto

**[Official Translation]**

Indonesia under Number AHU-203.AH.04.03-2017, dated 6 November 2017, Exhibit P-17;

2.   Mister **ALFIN SULAIMAN, S.H., M.H.,** having his office at Sulaiman & Herling Attorneys at Law, of Menara Bank Danamon, 12th Floor Zona F Suite 1201, Jl. Prof.Dr. Satrio Kav. EIV No.6, Mega Kuningan, Jakarta Selatan, Curator and Receiver registered with Ministry of Law and Human Rights of the Republic of Indonesia under Number AHU-AH.04.03-86, dated 4 April 2016, Exhibit P-18;

3.   Mister **JANUARDO SULUNG P. SIHOMBING, S.H., M.H., M.A., BKP.,** having his office at Simanungkalit Sihombing & Partners, of Gedung Manggala Wanabhakti, Blok IV, 3rd Floor Suite 332, Wing B, Jl. Jend. Gatot Subroto No. 6, Senayan, Central Jakarta, 10270, Curator and Receiver registered with Ministry of Law and Human Rights of the Republic of Indonesia under Number AHU-AH.04.03-224, dated 18 November 2016, Exhibit P-19; and

4.   Miss **NILA ASRIYANTI, S.H.,** having her office at SYAHRIAL RIDHO & PARTNERS, of Ruko Plaza Ciputat Mas Blok B/AA, Jalan Ir. H. Juanda No. 5A, South Jakarta - 15412, Curator and Receiver registered with Ministry of Law and Human Rights of the Republic of

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 165 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

Indonesia under Number AHU-AH.04.03-48, dated 22 March 2017, Exhibit P-20;

As **the Administrators Team** in the process of the Suspension of the Obligation for Debt Payment or SODP as contained in the Letter of Statement of Undertaking To Serve As Administrator, respectively dated 18 September 2019 (Exhibit P-70, Exhibit P-71, Exhibit P-73) and dated 12 September 2019 (Exhibit P-72);

Considering, that the Panel of Judges think that the Administrators who are so requested have no conflict of interest with the Petitioner and the Respondents of the Suspension of the Obligation for Debt Payment or SODP, and they are independent and not contemporaneously handling more than 3 (three) bankruptcy cases or SODP (Insolvency Petition) case currently at the same time, so it may be granted and sustained;

Considering, that with respect to the litigation costs for the Suspension of the Obligation for Debt Payment or SODP and the fees for Administrators, they shall be determined later in accordance with the guidelines stipulated under the Regulation of Minister of Law and Human Rights of the Republic of Indonesia Number 1

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 166 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

Year 2013 dated 11 January 2013 after the Administrators complete their commissioning;

Considering, that since the payment for the litigation costs is suspended pending the process of the Suspension of the Obligation for Debt Payment or SODP completed;

In view of the provisions of Article 222 paragraph (1) and paragraph (3), Article 224 paragraph (1) and paragraph (3), Article 225 paragraph (3) and paragraph (4) of Law Number 37 Year 2004 regarding Bankruptcy and Suspension of the Obligation for Debt Payment as well as such other relevant prevailing laws and regulations;

### SHALL HEREBY RULE:

1. Be granted and sustained the petition for the Suspension of the Obligation for Debt Payment or SODP filed by the Petitioner of SODP (Insolvency Petition) in its entirety;

2. Be Declared and Ruled that the Respondents of SODP (Insolvency Petition), namely:

   2.1. **PT DELTA MERLIN DUNIA TEXTILE**, Limited Liability Company duly established and organized under the laws of the Republic of Indonesia, having its address at Jl. Solo – Sragen KM.14, Village

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of
Jakarta No. 2238/2004, certify that the above is true and accurate English
translation of its Indonesian original.
Page 167 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

Pulosari, District Kebakkramat, Regency of Karanganyar, Central Java Province, Indonesia;

2.2. **PT DELTA DUNIA TEKSTIL**, Limited Liability Company duly established and organized under the laws of the Republic of Indonesia, having its address at Jl. Solo – Sragen KM. 10.8, Village Kaling, District Tasikmadu, Regency of Karanganyar, Central Java Province, Indonesia;

2.3. **PT DELTA MERLIN SANDANG TEKSTIL**, Limited Liability Company duly established and organized under the laws of the Republic of Indonesia, having its address at Jl. Raya Timur KM.10, Village Bumiaji, District Gondang, Regency of Sragen, Central Java Province, Indonesia;

2.4. **PT DELTA DUNIA SANDANG TEKSTIL**, Limited Liability Company duly established and organized under the laws of the Republic of Indonesia, having its address at Jl. Raya Semarang – Demak KM 14 RT.05/RW.02, Village Tambakroto, District Sayung, Regency of Demak, Central Java Province, Indonesia;

2.5. **PT DUNIA SETIA SANDANG ASLI TEKSTIL**, Limited Liability Company duly established and organized under the laws of the Republic of Indonesia,

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 168 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

*Ukukanto*
Uki Ukanto

[Official Translation]

having its address at Jl. Raya Palur KM 7.1, Village Dagen, District Jaten, Regency of Karanganyar, Central Java Province, Indonesia; and

2.6. **PT PERUSAHAAN DAGANG DAN PERINDUSTRIAN DAMAI**, Limited Liability Company duly established and organized under the laws of the Republic of Indonesia, having its address at Jl. Simongan No. 10014, Sub District Ngemplak Simongan, District Semarang Barat, City of Semarang, Central Java Province, Indonesia;

Under and be declared in the Provisional Suspension of the Obligation for Debt Payment (SODP) together any of its legal consequences for a maximum period of 45 (forty five) days as from the date of the pronouncement of the judgment in the matter of the Petition for Suspension of the Obligation for Debt Payment (SODP) *a quo*;

3. Be appointed **Pudjo Hunggul HW, S.H.,M.H.**, the Judge of the Commercial Court at the District Court of Semarang in order to supervise the process of Suspension of the Obligation for Debt Payment (SODP);

4. Be appointed as well as commissioned:

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 169 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

4.1. Mister **HAMONANGAN SYAHDAN HUTABARAT, S.H.,** having his office at SHAL Legal Counselors, of Sovereign Plaza, 20th Floor Unit C, Jl. TB. Simatupang, Kav 36, Jakarta Selatan, 12430, Curator and Receiver registered with Ministry of Law and Human Rights of the Republic of Indonesia under Number AHU-203.AH.04.03-2017, dated 6 November 2017;

4.2. Mister **ALFIN SULAIMAN, S.H., M.H.,** having his office at Sulaiman & Herling Attorneys at Law, of Menara Bank Danamon, 12th Floor Zona F Suite 1201, Jl. Prof.Dr. Satrio Kav. EIV No.6, Mega Kuningan, Jakarta Selatan, Curator and Receiver registered with Ministry of Law and Human Rights of the Republic of Indonesia under Number AHU-AH.04.03-86, dated 4 April 2016;

4.3. Mister **JANUARDO SULUNG P. SIHOMBING, S.H., M.H., M.A., BKP.,** having his office at Simanungkalit Sihombing & Partners, of Gedung Manggala Wanabhakti, Blok IV, 3rd Floor Suite 332, Wing B, Jl. Jend. Gatot Subroto No. 6, Senayan, Central Jakarta, 10270, Curator and Receiver registered with Ministry of Law and Human Rights

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of
Jakarta No. 2238/2004, certify that the above is true and accurate English
translation of its Indonesian original.
Page 170 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

of the Republic of Indonesia under Number AHU-AH.04.03-224, dated 18 November 2016; and

4.4. Miss **NILA ASRIYANTI, S.H.,** having her office at SYAHRIAL RIDHO & PARTNERS, of Ruko Plaza Ciputat Mas Blok B/AA, Jalan Ir. H. Juanda No. 5A, South Jakarta - 15412, Curator and Receiver registered with Ministry of Law and Human Rights of the Republic of Indonesia under Number AHU-AH.04.03-48, dated 22 March 2017;

As the Administrators Team in the process of Suspension of the Obligation for Debt Payment or SODP (Insolvency Petition) PARA TERMOHON SODP (Insolvency Petition) and/or as Receiver/Curator in the event that the Respondents of SODP (Insolvency Petition) are declared Bankrupt;

5. Be determined and order the consensual meeting of the Panel of Judges be held on **Thursday, on the date of 14 November 2019,** taking venue at the Commercial Court of the District Court of Semarang, Jalan Siliwangi (Krapyak) No. 512 Semarang. 50148, Central Java;

6. Be Ordered the Administrators Team to summon the Petitioner of the Suspension of the Obligation for

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 171 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

Debt Payment and all the Creditors who are known by registered mail in order to appear at the hearing as prescribed above;

7. Be Stipulated the Administration Costs and Fees for the Administrators be further determined after the period of the Suspension of the Obligation for Debt Payment or SODP (Insolvency Petition) ends in accordance with the prevailing laws and regulations;

8. Be suspended the payment for the litigation costs pending the process of the Suspension of the Obligation for Debt Payment or SODP (Insolvency Petition) completed;

In witness hereof. it is hereby ruled at the consensual meeting of the Panel of Judges of the Commercial Court at the District Court of Semarang on this Friday, the date of 27 September 2019 by us, **Muhamad Yusuf, S.H.,M.H,** as the Presiding Judge, **Wismonoto, S.H., and Aloysius Priharnoto Bayuaji, S.H.,M.H,** respectively the Members/Associate Judge, duly appointed by virtue of the Ruling of the Chief of the Commercial Court at the District Court of Semarang Number 22/Pdt.Sus-PKPU/2019/PN.Smg dated 11 September 2019, and such judgment is pronounced on **Monday, the date of 30 September 2019,** in

**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of Jakarta No. 2238/2004, certify that the above is true and accurate English translation of its Indonesian original.
Page 172 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto

**[Official Translation]**

an open-to-public hearing by the Panel of Judges above,

assisted by **Heru Sungkowo, S.H.,** the Alternate Clerk and

in the presence of **the Attorneys-at-Law of the Petitioner**

**of SODP (Insolvency Petition)** as well as **the Attorneys-at-**

**Law of PTHE RESPONDENTS OF SODP (Insolvency Petition).**


**Members/Associate Judge,**                **Presiding Judge,**

   [signed]                                    [signed]

**Wismonoto, S.H.**                **Muhamad Yusuf, S.H.,M.H.**

   [signed]

**Aloysius Priharnoto Bayuaji, S.H.,M.H.**


                **Alternate Court Clerk,**

                      [signed]

                **Heru Sungkowo, S.H.**


Judgment of the Court Costs:

- Stamp Duty    IDR  6.000,00

- Redaction     IDR10.000,00

   Total          IDR16.000,00


**Jakarta, 7 October 2019**
I, Uki Ukanto, sworn and authorized translator by virtue of Decree of Governor of
Jakarta No. 2238/2004, certify that the above is true and accurate English
translation of its Indonesian original.
Page 173 of 173

Sworn and Authorized Translator
Commissioned by the Governor of Jakarta
Decree No. 2238/2004

Uki Ukanto



**Corporate Authorization Appointing Foreign Representative**



# PT. DELTA MERLIN DUNIA TEXTILE
● Jl. Raya Solo Sragen Km. 14 Solo - Telp. (0271) 653313 Fax. (0271) 653113

| POWER OF ATTORNEY | SURAT KUASA KHUSUS |
|---|---|
| **POWER OF ATTORNEY** made on October 4th, 2019<br><br>**BY**<br><br>I, the undersigned, Tan Sauw Hwa, in my capacity as President Director, of and therefore acting for and on behalf of PT Delta Merlin Dunia Textile, having my domicile at Karanganyar, Indonesia, exercise my authority to act for and on behalf of, and in the name of, the Company in accordance with the powers vested in me under Indonesian Law, hereinafter referred to as the (the "**Grantor**") wishes to grant powers to the Attorney referred to below | **SURAT KUASA KHUSUS** ini dibuat pada 4 Oktober 2019<br><br>**OLEH**<br><br>Saya, yang bertanda tangan di bawah ini, Tan Sauw Hwa, dalam kapasitas saya sebagai Presiden Direktur, bertindak untuk dan atas nama PT Delta Merlin Dunia Textile, berdomisili di Karanganyar, Indonesia, menggunakan wewenang yang ada pada saya untuk bertindak untuk dan atas nama, dan untuk kepentingan, Perseroan sesuai dengan kewenangan yang diberikan kepada saya berdasarkan Hukum Indonesia, untuk selanjutnya disebut sebagai ("**Pemberi Kuasa**") dengan ini memberikan kuasa kepada Penerima Kuasa sebagaimana dimaksud di bawah ini |
| **IN FAVOUR OF**<br><br>**MR. GEOFFREY DAVID SIMMS,** the chief executive officer and partner of PT AJCapital Advisory located at 88@Kasablanka Office Tower A,22nd Floor, Jl Casablanca Raya Kav. 88, Jakarta 12870 (the "**Attorney**"). | **UNTUK KEPENTINGAN**<br><br>**TUAN GEOFFREY DAVID SIMMS,** pejabat ekslusif tertinggi dan rekan di PT AJCapital Advisory beralamat di 88@Kasablanka Office Tower A, lantai 22, Jl Casablanca Raya Kav. 88, Jakarta 12870 (the "**Penerima Kuasa**"). |
| **RECITALS** | **PENDAHULUAN** |
| WHEREAS, on September 11, 2019, PT Shine Golden Bridge, an Indonesian limited liability company, filed a PKPU application against PT Delta Merlin Dunia Textile, PT Delta Dunia Tekstil, PT Delta Merlin Sandang Tekstil, PT Delta Dunia Sandang Tekstil, PT Dunia Setia Sandang Asli Tekstil and PT Perusahaan Dagang Dan Perindustrian Damai (together, the "Duniatex Group") in the Semarang Commercial Court (the "Indonesian Court");<br><br>WHEREAS, on September 30, 2019, the Indonesian Court issued the PKPU order No.22/Pdt.Sus-PKPU/2019/PN.Smg;<br><br>WHEREAS, the Grantor have determined that the filing of:<br>(a)   a voluntary petition for relief (the "Chapter 15 Petition") under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code"); and<br>(b)   an application under the UNCITRAL Model Law on Cross Border Insolvency | BAHWA, pada tanggal 11 September 2019, PT Shine Golden Bridge, sebuah perseroan terbatas Indonesia, mengajukan permohonan PKPU terhadap PT Delta Merlin Dunia Textile, PT Delta Dunia Tekstil, PT Delta Merlin Sandang Tekstil, PT Delta Dunia Sandang Tekstil, PT Dunia Setia Sandang Asli Tekstil dan PT Perusahaan Dagang Dan Perindustrian Damai (secara bersama-sama, "Grup Duniatex") di Pengadilan Niaga Semarang ("Pengadilan Indonesia")<br><br>BAHWA, pada tanggal 30 September 2019, Pengadilan Indonesia menerbitkan putusan PKPU No.22/Pdt.Sus-PKPU/2019/PN.Smg;<br><br>BAHWA, Pemberi Kuasa telah memutuskan bahwa pengajuan:<br>(a)   pengajuan permohonan pembebasan sukarela ("Permohonan Chapter 15") berdasarkan Chapter 15 title 11 United States Code ("Bankruptcy Code"); dan<br>(b)   Permohonan berdasarkan UNCITRAL Model Law mengenai Cross Border |



PT. DELIA DUNIA TEXTILE

● Jl. Raya Solo Sragen Km. 14 Solo - Telp. (0271) 653313 Fax. (0271) 653113

| | |
|---|---|
| (the "Singapore Recognition Application") as adopted in Singapore by way of Part X Division 6 and the 10th Schedule of the Singapore Companies Act (Chapter 50) (the "Singapore Model Law"), | Insolvency ("Singapore Recognition Application") sebagaimana diadopsi di Singapura melalui Part X Division 6 dan Schedule 10 dari Companies Act (Chapter 50) Singapura ("Singapore Model Law") |
| are in the best interest of the Company in order to ensure the enforcement in Singapore and the United States of the judgements and orders of the Indonesian Court; | adalah demi kepentingan terbaiknya untuk memastikan penegakan putusan dan perintah Pengadilan Indonesia di Singapura dan Amerika Serikat; |
| WHEREAS, the Grantor wishes to grant approval to the apppointment of the Attorney referred to below pursuant to Article 240 paragraph 1 and Article 243 paragraph 3 of the Law No. 37 of 2004 on Bankruptcy and Suspension of Debt Payment Obligations (the "**Indonesian Insolvency Law**"). During the PKPU process, the Grantor may not take on any management responsibilities and/or cannot act as an applicant in case or legal proceeding pertaining to a right or obligation that relates to its assets without approval of the administrators. | BAHWA, Pemberi Kuasa meminta persetujuan mengenai penunjukkan Penerima Kuasa sebagaimana dimaksud di bawah ini berdasarkan ketentuan Pasal 240 paragraf 1 dan Pasal 243 paragraf 3 Undang-Undang Nomor 37 Tahun 2004 tentang Kepailitan dan Penundaan Kewajiban Pembayaran Utang ("**Hukum Insolvensi Indonesia**"), Pemberi Kuasa selama proses PKPU tidak diperkenankan untuk mengambil tindakan tanggungjawab kepengurusan dan/atau tidak dapat bertindak sebagai pemohon di dalam suatu perkara atau proses hukum berkenaan dengan hak atau atas aset-asetnya tanpa persetujuan dari para pengurus. |
| **NOW, THEREFORE** | **OLEH KARENA ITU** |
| **1.1   Powers** | **1.1   Wewenang** |
| (a)   The Grantor appoint the Attorney as the true and lawful attorney of the Company with the right of substitution and with full licence, power and authority at any time to: | (a)   Pemberi Kuasa menunjuk Penerima Kuasa sebagai penerima kuasa yang sebenar-benarnya dan sah dari Perseroan dengan hak subtitusi dan dengan lisensi, kekuasaan dan kewenangan penuh pada saat kapanpun untuk: |
| (i) serve as the foreign representative (the "Foreign Representative") of the Company as such term is defined in: | (i)   menjadi perwakilan asing ("Perwakilan Asing") dari Perseroan sebagaimana istilah tersebut didefinisikan dalam: |
| (A) section 101(24) of the Bankruptcy Code, in its chapter 15 case; and | (A) bagian 101 (24) dari Bankruptcy Code, dalam Chapter 15; |
| (B) Article 2(i) of the Singapore Model Law, in its Singapore Recognition Application. | (B) Pasal 2(i) dari Singapore Model Law, dalam Singapore Recognition Application. |
| (b)   The Attorney shall be, and hereby is authorized, directed and | (b)   Penerima Kuasa akan, dan dengan ini diberi wewenang, diarahkan dan |

U



PT. DELIAM... ... DUNIA TEXTILE

Jl. Raya Solo Sragen Km. 14 Solo - Telp. (0271) 653313 Fax. (0271) 653113

| empowered on behalf of, and in the name of, the Company to: | didaulat atas nama, dan untuk kepentingan Perseroan untuk: |
|---|---|
| (i) file a Chapter 15 Petition for relief under the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York or such other court as the Attorney acting as the Foreign Representative of the Company shall determine to be appropriate (the "US Bankruptcy Court"); | (i) permohonan Chapter 15 untuk pembebasan Bankruptcy Code di Bankruptcy Court Amerika Serikat untuk Southern District of New York atau pengadilan lain seperti Perwakilan Asing dari Perseroan harus memutuskan untuk menjadi layak ("Pengadilan Kepailitan"); |
| (ii) file a Singapore Recognition Application for relief under the Singapore Model Law with the Courts of Singapore (the "Singapore Courts"); and | (ii) Mengajukan Singapore Recognition Application untuk pembebasan berdasarkan Singapore Model Law di Pengadilan Singapura ("Singapore Courts"); dan |
| (iii) perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect any of the foregoing. | (iii) dan melakukan setiap dan semua tindakan yang masuk akal, disarankan, bijaksana, mudah, tepat atau perlu untuk maksud yang disebutkan di atas |
| (c) The Attorney shall be, and hereby is authorized, directed and empowered on behalf of, and in the name of, the Company to execute, acknowledge, deliver and verify the Chapter 15 Petition, the Singapore Recognition Application, and all other ancillary documents, and cause the Chapter 15 Petition and the Singapore Recognition Application to be filed with the Bankruptcy Court and the Singapore Courts respectively and make or cause to be made prior to execution thereof any modifications to the Chapter 15 Petition, the Singapore Recognition Application or ancillary documents as the Attorney acting as the Foreign Representative, in his discretion, | (c) bahwa Penerima Kuasa akan, dan dengan ini diberi wewenang, diarahkan dan didaulat atas nama, dan untuk kepentingan, Perseroan untuk melaksanakan, mengetahui, menyerahkan dan memverifikasi Permohonan Chapter 15, Singapore Recognition Application dan semua dokumen pendukung lainnya, dan menyebabkan Permohonan Chapter 15 dan Singapore Recognition Application diajukan ke Bankruptcy Court dan Singapore Court masing-masing, sebelum hal-hal tersebut dilaksanakan, membuat atau menyebabkan dibuatnya perubahan Permohonan Chapter 15, Singapore Recognition Application atau dokumen tambahan yang dianggap perlu atau diinginkan oleh Penerima Kuasa, berdasarkan |



deems necessary or desirable to carry out the intent and accomplish the purposes of these declarations (such approval to be conclusively established by the execution thereof by the Attorney acting as the Foreign Representative); (b) execute, acknowledge, deliver, verify and file or cause to be filed all petitions, schedules, statements, affidavits, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; and (c) execute, acknowledge, deliver and verify any and all other documents necessary or appropriate in connection therewith or to administer the Company's Chapter 15 case and the Singapore Recognition Application in such form or forms as the Attorney acting in his capacity as Foreign Representative may approve

pertimbangannya sendiri, untuk melaksanakan maksud dan mencapai tujuan dari pernyataan ini (persetujuan tersebut akan dibuat secara meyakinkan dengan pelaksanaannya oleh Penerima Kuasa sebagai Perwakilan Asing); (b) melaksanakan, mengetahui, memberikan, memverifikasi dan mengajukan atau menyebabkan diajukannya semua permohonan, lampiran, pernyataan, pernyataan tertulis, daftar, mosi, aplikasi dan berkas atau dokumen lain yang diperlukan atau diinginkan sehubungan dengan hal tersebut di atas; dan (c) melaksanakan, mengetahui, mengirim dan memverifikasi setiap dan semua dokumen lain yang diperlukan atau yang sesuai sehubungan dengan itu atau untuk mengelola perkara Permohonan Chapter 15 dan Singapore Recognition Application Perseroan dalam bentuk atau bentuk-bentuk yang disetujui oleh Penerima Kuasa yang bertindak dalam kapasitasnya sebagai Perwakilan Asing;

(d) The Attorney shall be, and hereby is authorized, directed and empowered on behalf of, and in the name of, the Company to: (a) administer or realize all or part of the Company's assets located in the United States and Singapore in order to protect and preserve the value of such assets; (b) examine witnesses, take evidence, or deliver information concerning the Company's assets, affairs, rights, obligations or liabilities; and (c) seek additional relief that may be available to a trustee in a United States bankruptcy proceeding or a Singapore insolvency practitioner, except for relief available under sections 522, 544, 545, 547, 548, 550 and 724(a) of the Bankruptcy Code;

(d) Penerima Kuasa akan, dan dengan ini, diberi wewenang, diperintahkan dan didaulat atas nama, dan untuk kepentingan, Perusahaan untuk: (a) mengelola atau merealisasikan semua atau sebagian dari aset Perseroan yang berlokasi di Amerika Serikat dan Singapura untuk melindungi dan menjaga nilai aset tersebut; (b) memeriksa saksi, mengambil bukti, atau memberikan informasi mengenai aset, urusan, hak, kewajiban atau utang Perseroan; dan (c) mencari pembebasan tambahan yang mungkin tersedia bagi wali amanat dalam proses kepailitan Amerika Serikat, atau praktisi insolvensi Singapura. kecuali untuk pembebasan yang tersedia di bagian 522, 544, 545, 547, 548, 550 dan 724 (a) dari Bankrupcty Code;

(e) The Attorney shall be, and hereby

(e) Penerima Kuasa akan, dan dengan



| | | |
|---|---|---|
| | | pertimbangan petugas untuk sepenuhnya melaksanakan maksud dan mencapai tujuan pernyataan yang diberikan di sini; |
| (ii) | all acts lawfully done or actions lawfully taken or to be taken by any officer or officers of the Company in connection with the implementation of these declarations in all respects are hereby ratified, confirmed and approved; and | (ii) semua tindakan yang dilakukan atau diambil secara sah oleh pejabat atau para pejabat Perseroan sehubungan dengan pelaksanaan pernyataan ini dalam segala hal dengan ini diratifikasi, dikonfirmasi dan disetujui; dan |
| (iii) | the Attorney acting as Foreign Representative is hereby authorized to certify and deliver, to any person to whom such certification and delivery may be deemed necessary or appropriate in the opinion of the Attorney acting as Foreign Representative, a true copy of the foregoing declarations. | (iii) Penerima Kuasa bertindak sebagai Perwakilan Asing dengan ini diberi wewenang untuk memastikan kebenaran dan mengirimkan salinan asli dari pernyataan di atas kepada setiap pihak yang menganggap bahwa sertifikasi dan pengiriman tersebut dibutuhkan atau sesuai berdasarkan pendapat dari Penerima Kuasa sebagai Perwakilan Asing, |

**1.2 Ratification**

The Grantor ratifies and confirms whatever the Attorney lawfully does under this Power of Attorney.

**1.2 Ratifikasi**

Pemberi Kuasa meratifikasi dan mengkonfirmasi tindakan apapun yang dilakukan oleh Penerima Kuasa berdasarkan Surat Kuasa Khusus ini

**1.3 Governing Law**

This Power of Attorney is governed by the laws of Indonesia.

**1.3 Hukum Yang Berlaku**

Surat Kuasa Khusus ini diatur berdasarkan hukum negara Republik Indonesia.



**PT. DELTA MERLIN DUNIA TEXTILE**

Jl. Raya Solo Sragen Km. 14 Solo - Telp. (0271) 653313 Fax. (0271) 653113

GDC draft: 3 Oct 2019

IN WITNESS WHEREOF, the undersigned has caused this to be executed as of October 4th, 2019 / *DEMIKIANLAH, pernyataan ini dibuat dan ditandatangani oleh yang bertandatangan di bawah ini pada tanggal 4 Oktober 2019*

Name/ *Nama*: Tan Sauw Hwa
Title/*Jabatan*: Director/Direktur

---

**ACKNOWLEDGE AND APPROVE, / DIAKUI DAN DISETUJUI**

**MR. HAMONANGAN SYAHDAN HUTABARAT, S.H,** acting as independen administrators appointed under No.22/Pdt.Sus-PKPU/2019/PN.Smg / **MR. HAMONANGAN SYAHDAN HUTABARAT, S.H,** bertindak sebagai pengurus independen yang ditunjuk berdasarkan No.22/Pdt.Sus-PKPU/2019/PN.Smg.

_____
Name:
Title:

**MR, ALFIN SULAIMAN, S.H.,M.H,** acting as independent administrators appointed under No.22/Pdt.Sus-PKPU/2019/PN.Smg.;/ **MR, ALFIN SULAIMAN, S.H.,M.H,** bertindak sebagai pengurus independen yang ditunjuk berdasarkan No.22/Pdt.Sus-PKPU/2019/PN.Smg.

_____
Name:
Title:

**MR. JANUARDO SULUNG P. SIHOMBING, S.H., M.H., M.A., BKP.** acting as independent administrators appointed under No.22/Pdt.Sus-PKPU/2019/PN.Smg, / **MR. JANUARDO SULUNG P. SIHOMBING, S.H., M.H., M.A., BKP.** bertindak sebagai pengurus independen yang ditunjuk berdasarkan No.22/Pdt.Sus-PKPU/2019/PN.Smg.

_____
Name:
Title:



## PT. DELIA MERLIN DUNIA TEXTILE

Jl. Raya Solo Sragen Km. 14 Solo - Telp. (0271) 653313 Fax. (0271) 653113

GDC draft: 3 Oct 2019

**MRS. NILA ASRIYANTI, S.H.,** acting as independent administrators appointed under No.22/Pdt.Sus-PKPU/2019/PN.Smg, / **MRS. NILA ASRIYANTI, S.H.,**. bertindak sebagai pengurus independen yang ditunjuk berdasarkan No.22/Pdt.Sus-PKPU/2019/PN.Smg.

_____

Name:
Title:

**ACKNOWLEDGED AND APPROVED / DIAKUI DAN DISETUJUI,**

**MR. HAMONANGAN SYAHDAN HUTABARAT, S.H,** acting as independent administrator appointed under No.22/Pdt.Sus-PKPU/2019/PN.Smg / **MR. HAMONANGAN SYAHDAN HUTABARAT, S.H,** bertindak sebagai pengurus independen yang ditunjuk berdasarkan No.22/Pdt.Sus-PKPU/2019/PN.Smg.

Name: Hamonangan S. Hutabarat
Title: Pengurus / Administrator

**MR, ALFIN SULAIMAN, S.H.,M.H,** acting as independent administrator appointed under No.22/Pdt.Sus-PKPU/2019/PN.Smg;/ **MR, ALFIN SULAIMAN, S.H.,M.H,** bertindak sebagai pengurus independen yang ditunjuk berdasarkan No.22/Pdt.Sus-PKPU/2019/PN.Smg.

Name:
Title:

**MR. JANUARDO SULUNG P. SIHOMBING, S.H., M.H., M.A., BKP.** acting as independent administrator appointed under No.22/Pdt.Sus-PKPU/2019/PN.Smg, / **MR. JANUARDO SULUNG P. SIHOMBING, S.H., M.H., M.A., BKP.** bertindak sebagai pengurus independen yang ditunjuk berdasarkan No.22/Pdt.Sus-PKPU/2019/PN.Smg.

Name:
Title:

**MRS. NILA ASRIYANTI, S.H.,** acting as independent administrator appointed under No.22/Pdt.Sus-PKPU/2019/PN.Smg, / **MRS. NILA ASRIYANTI, S.H.,.** bertindak sebagai pengurus independen yang ditunjuk berdasarkan No.22/Pdt.Sus-PKPU/2019/PN.Smg.

Name:
Title:

**ACKNOWLEDGED AND APPROVED / DIAKUI DAN DISETUJUI,**

**MR. HAMONANGAN SYAHDAN HUTABARAT, S.H,** acting as independent administrator appointed under No.22/Pdt.Sus-PKPU/2019/PN.Smg / **MR. HAMONANGAN SYAHDAN HUTABARAT, S.H,** bertindak sebagai pengurus independen yang ditunjuk berdasarkan No.22/Pdt.Sus-PKPU/2019/PN.Smg.

_____

Name:
Title:

**MR, ALFIN SULAIMAN, S.H.,M.H,** acting as independent administrator appointed under No.22/Pdt.Sus-PKPU/2019/PN.Smg;/ **MR, ALFIN SULAIMAN, S.H.,M.H,** bertindak sebagai pengurus independen yang ditunjuk berdasarkan No.22/Pdt.Sus-PKPU/2019/PN.Smg.

_____

Name: ALFIN SULAIMAN, S.H., M.H
Title: PENGURUS / ADMINISTRATOR

**MR. JANUARDO SULUNG P. SIHOMBING, S.H., M.H., M.A., BKP.** acting as independent administrator appointed under No.22/Pdt.Sus-PKPU/2019/PN.Smg, / **MR. JANUARDO SULUNG P. SIHOMBING, S.H., M.H., M.A., BKP.** bertindak sebagai pengurus independen yang ditunjuk berdasarkan No.22/Pdt.Sus-PKPU/2019/PN.Smg.

_____

Name:
Title:

**MRS. NILA ASRIYANTI, S.H.,** acting as independent administrator appointed under No.22/Pdt.Sus-PKPU/2019/PN.Smg, / **MRS. NILA ASRIYANTI, S.H.,.** bertindak sebagai pengurus independen yang ditunjuk berdasarkan No.22/Pdt.Sus-PKPU/2019/PN.Smg.

_____

Name:
Title:

**ACKNOWLEDGED AND APPROVED / DIAKUI DAN DISETUJUI,**

**MR. HAMONANGAN SYAHDAN HUTABARAT, S.H,** acting as independent administrator appointed under No.22/Pdt.Sus-PKPU/2019/PN.Smg / **MR. HAMONANGAN SYAHDAN HUTABARAT, S.H,** bertindak sebagai pengurus independen yang ditunjuk berdasarkan No.22/Pdt.Sus-PKPU/2019/PN.Smg.

Name:
Title:

**MR, ALFIN SULAIMAN, S.H.,M.H,** acting as independent administrator appointed under No.22/Pdt.Sus-PKPU/2019/PN.Smg;/ **MR, ALFIN SULAIMAN, S.H.,M.H,** bertindak sebagai pengurus independen yang ditunjuk berdasarkan No.22/Pdt.Sus-PKPU/2019/PN.Smg.

Name:
Title:

**MR. JANUARDO SULUNG P. SIHOMBING, S.H., M.H., M.A., BKP.** acting as independent administrator appointed under No.22/Pdt.Sus-PKPU/2019/PN.Smg, / **MR. JANUARDO SULUNG P. SIHOMBING, S.H., M.H., M.A., BKP.** bertindak sebagai pengurus independen yang ditunjuk berdasarkan No.22/Pdt.Sus-PKPU/2019/PN.Smg.

Name: _JANUARDO S.P SIHOMBING_
Title: _PENGURUS / ADMINISTRATOR_

**MRS. NILA ASRIYANTI, S.H.,** acting as independent administrator appointed under No.22/Pdt.Sus-PKPU/2019/PN.Smg, / **MRS. NILA ASRIYANTI, S.H.,.** bertindak sebagai pengurus independen yang ditunjuk berdasarkan No.22/Pdt.Sus-PKPU/2019/PN.Smg.

Name:
Title:

**ACKNOWLEDGED AND APPROVED / DIAKUI DAN DISETUJUI,**

**MR. HAMONANGAN SYAHDAN HUTABARAT, S.H,** acting as independent administrator appointed under No.22/Pdt.Sus-PKPU/2019/PN.Smg / **MR. HAMONANGAN SYAHDAN HUTABARAT, S.H,** bertindak sebagai pengurus independen yang ditunjuk berdasarkan No.22/Pdt.Sus-PKPU/2019/PN.Smg.

---

Name:
Title:

**MR, ALFIN SULAIMAN, S.H.,M.H,** acting as independent administrator appointed under No.22/Pdt.Sus-PKPU/2019/PN.Smg;/ **MR, ALFIN SULAIMAN, S.H.,M.H,** bertindak sebagai pengurus independen yang ditunjuk berdasarkan No.22/Pdt.Sus-PKPU/2019/PN.Smg.

---

Name:
Title:

**MR. JANUARDO SULUNG P. SIHOMBING, S.H., M.H., M.A., BKP.** acting as independent administrator appointed under No.22/Pdt.Sus-PKPU/2019/PN.Smg, / **MR. JANUARDO SULUNG P. SIHOMBING, S.H., M.H., M.A., BKP.** bertindak sebagai pengurus independen yang ditunjuk berdasarkan No.22/Pdt.Sus-PKPU/2019/PN.Smg.

---

Name:
Title:

**MRS. NILA ASRIYANTI, S.H.,** acting as independent administrator appointed under No.22/Pdt.Sus-PKPU/2019/PN.Smg, / **MRS. NILA ASRIYANTI, S.H.,.** bertindak sebagai pengurus independen yang ditunjuk berdasarkan No.22/Pdt.Sus-PKPU/2019/PN.Smg.

---

Name:
Title:

| | |
|---|---|
| **PT Delta Merlin Dunia Textile**<br>**(an Indonesian limited liability company)** | **PT Delta Merlin Dunia Textile**<br>**(Perseroan Terbatas Indonesia)** |

| | |
|---|---|
| **DECLARATION OF APPOINTMENT OF FOREIGN REPRESENTATIVE AND AUTHORIZATION TO FILE CHAPTER 15 PETITION** | **PERNYATAAN PENUNJUKAN PERWAKILAN ASING DAN PEMBERIAN KEWENANGAN UNTUK MENGAJUKAN PERMOHONAN CHAPTER 15** |
| We, the undersigned, being duly elected members of the Board of Directors of PT Delta Merlin Dunia Textile, an Indonesia limited liability company (the "Company"), exercise our authority to act for and on behalf of, and in the name of, the Company in accordance with Article 11 of the Article of Association of the Company, do hereby declare as follows: | Kami yang bertanda tangan di bawah ini merupakan anggota Direksi PT Delta Merlin Dunia Textile, suatu perseroan terbatas Indonesia ("Perseroan"), menggunakan wewenang kami untuk bertindak untuk dan atas nama, serta untuk kepentingan, Perseroan sesuai dengan Pasal 11 Anggaran Dasar Perseroan, dengan ini menyatakan sebagai berikut: |
| WHEREAS, on September 11, 2019, PT Shine Golden Bridge, an Indonesian limited liability company, filed a PKPU application against PT Delta Merlin Dunia Textile, PT Delta Dunia Tekstil, PT Delta Merlin Sandang Tekstil, PT Delta Dunia Sandang Tekstil, PT Dunia Setia Sandang Asli Tekstil and PT Perusahaan Dagang Dan Perindustrian Damai (together, the "Duniatex Group") in the Semarang Commercial Court (the "Indonesian Court"); | BAHWA, pada tanggal 11 September 2019, PT Shine Golden Bridge, suatu perseroan terbatas Indonesia, mengajukan permohonan PKPU terhadap PT Delta Merlin Dunia Textile, PT Delta Dunia Tekstil, PT Delta Merlin Sandang Tekstil, PT Delta Dunia Sandang Tekstil, PT Dunia Setia Sandang Asli Tekstil dan PT Perusahaan Dagang Dan Perindustrian Damai (bersama-sama disebut, "Grup Duniatex") di Pengadilan Niaga Semarang ("Pengadilan Indonesia"); |
| WHEREAS, on September 30, 2019, the Indonesian Court issued the PKPU order No.22/Pdt.Sus-PKPU/2019/PN.Smg; | BAHWA, pada tanggal 30 September 2019, Pengadilan Indonesia menerbitkan Putusan PKPU No.22/Pdt.Sus-PKPU/2019/PN.Smg; |
| WHEREAS, the Directors of the Company have determined that the filing of: | BAHWA, Direksi Perseroan telah menetapkan bahwa pengajuan atas: |
| (a)    voluntary petition for relief (the "Chapter 15 Petition") under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code"); and | (a) permohonan sukarela untuk pembebasan ("Permohonan Chapter 15") berdasarkan Chapter 15 title 11 United States Code ("Bankruptcy Code"); dan |
| (b)    an application under the UNCITRAL Model Law on Cross Border Insolvency (the "Singapore Recognition Application") as adopted in Singapore by way of Part X Division 6 and the 10th Schedule of | (b) Permohonan berdasarkan UNCITRAL Model Law mengenai Insolvensi Lintas Batas ("Singapore Recognition Application") sebagaimana diadopsi di Singapura melalui Part X Division 6 dan |

the Singapore Companies Act (Chapter 50) (the "Singapore Model Law"), are in the best interest of the Company in order to ensure the enforcement in Singapore and the United States of the judgements and orders of the Indonesian Court;

DECLARED that the Company appoints Mr. Geoffrey David Simms of AJCapital Advisory to serve as the foreign representative (the "Foreign Representative") of the Company as such term is defined in:

    (a) section 101(24) of the Bankruptcy Code, in its chapter 15 case;
    (b) Article 2(i) of the Singapore Model Law, in its Singapore Recognition Application;

FURTHER DECLARED, that the Foreign Representative shall be, and hereby is, authorized to:

    (a) file a Chapter 15 Petition for relief under the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York or such other court as the Foreign Representative of the Company shall determine to be appropriate (the "US Bankruptcy Court")
    (b) file a Singapore Recognition Application for relief under the Singapore Model Law with the Courts of Singapore (the "Singapore Courts"); and
    (c) perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect any of the foregoing;

FURTHER DECLARED, that the Foreign Representative shall be, and hereby is authorized, directed and empowered on behalf of, and in the name of, the Company to: (a) execute, acknowledge, deliver and

Schedule ke-10 dari Companies Act Singapura (Chapter 50) ("Singapore Model Law"), adalah demi kepentingan terbaik dari Perseroan untuk memastikan penegakan di Singapura dan Amerika Serikat atas putusan dan perintah Pengadilan Indonesia;

MEMUTUSKAN bahwa Perseroan menunjuk Bapak Geoffrey David Simms dari AJCapital Advisory untuk menjadi perwakilan asing ("Perwakilan Asing") dari Perseroan sebagaimana istilah tersebut didefinisikan dalam:

    (a) bagian 101 (24) dari Bankruptcy Code, dalam Chapter 15;
    (b) Pasal 2(i) dari Singapore Model Law, dalam Singapore Recognition Application.

LEBIH LANJUT MEMUTUSKAN, bahwa Perwakilan Asing akan, dan dengan ini, berwenang untuk:

    (a) mengajukan Permohonan Chapter 15 untuk pembebasan berdasarkan Bankruptcy Code di Bankruptcy Court Amerika Serikat pada Southern District of New York atau pengadilan lain yang dipandang baik oleh Perwakilan Asing dari Perseroan ("Pengadilan Kepailitan Amerika")
    (b) mengajukan Singapore Recognition Application untuk pembebasan berdasarkan Singapore Model Law di Pengadilan Singapura ("Singapore Courts"); dan
    (c) melakukan setiap dan seluruh tindakan yang masuk akal, disarankan, bijaksana, mudah, tepat atau perlu untuk mengakibatkan terjadinya maksud yang disebutkan di atas;

LEBIH LANJUT MEMUTUSKAN, bahwa Perwakilan Asing akan, dan dengan ini diberi wewenang, diperintahkan dan didaulat atas nama dan untuk kepentingan Perseroan untuk: (a) melaksanakan, mengetahui,

verify the Chapter 15 Petition, the Singapore Recognition Application and all other ancillary documents, and cause the Chapter 15 Petition and the Singapore Recognition Application to be filed with the Bankruptcy Court and Singapore Courts respectively, and make or cause to be made prior to execution thereof any modifications to the Chapter 15 Petition and Singapore Recognition Application or ancillary documents as the Foreign Representative, in his discretion, deems necessary or desirable to carry out the intent and accomplish the purposes of these declarations (such approval to be conclusively established by the execution thereof by the Foreign Representative); (b) execute, acknowledge, deliver, verify and file or cause to be filed all petitions, schedules, statements, affidavits, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; and (c) execute, acknowledge, deliver and verify any and all other documents necessary or appropriate in connection therewith or to administer the Company's Chapter 15 case and the Singapore Recognition Application in such form or forms as the Foreign Representative may approve;

FURTHER DECLARED, that the Foreign Representative shall be, and hereby is, authorized, directed and empowered on behalf of, and in the name of, the Company to: (a) administer or realize all or part of the Company's assets located in the United States and Singapore in order to protect and preserve the value of such assets; (b) examine witnesses, take evidence, or deliver information concerning the Company's assets, affairs, rights, obligations or liabilities; and (c) seek additional relief that may be available to a trustee in a United States bankruptcy proceeding or a Singapore

menyerahkan dan memverifikasi Permohonan Chapter 15, Singapore Recognition Application dan semua dokumen pendukung lainnya, dan menyebabkan Permohonan Chapter 15 dan Singapore Recognition Application diajukan kepada masing-masing Bankruptcy Court dan Singapore Court, dan sebelum hal-hal tersebut dilaksanakan, membuat atau menyebabkan dibuatnya perubahan Permohonan Chapter 15 dan Singapore Recognition Application atau dokumen tambahan yang dianggap perlu atau diinginkan oleh Perwakilan Asing berdasarkan pertimbangannya sendiri, untuk melaksanakan maksud dan mencapai tujuan dari pernyataan ini (persetujuan tersebut akan dibuat secara meyakinkan dengan pelaksanaannya oleh Perwakilan Asing); (b) melaksanakan, mengetahui, memberikan, memverifikasi dan mengajukan atau menyebabkan diajukannya semua permohonan, lampiran, pernyataan, pernyataan tertulis, daftar, mosi, aplikasi dan berkas atau dokumen lain yang diperlukan atau diinginkan sehubungan dengan hal tersebut di atas; dan (c) melaksanakan, mengetahui, mengirim dan memverifikasi setiap dan semua dokumen lain yang diperlukan atau yang sesuai sehubungan dengan itu atau untuk mengelola perkara Permohonan Chapter 15 dan Singapore Recognition Application Perseroan dalam bentuk atau bentuk-bentuk yang disetujui Perwakilan Asing;

LEBIH LANJUT MEMUTUSKAN, bahwa Perwakilan Asing akan, dan dengan ini, diberi wewenang, diperintahkan dan didaulat atas nama, dan untuk kepentingan, Perseroan untuk: (a) mengelola atau merealisasikan semua atau sebagian dari aset Perseroan yang berlokasi di Amerika Serikat dan Singapura untuk melindungi dan menjaga nilai aset tersebut; (b) memeriksa saksi, mengambil bukti, atau memberikan informasi mengenai aset, urusan, hak, kewajiban atau utang Perseroan; dan (c) mencari pembebasan tambahan yang mungkin tersedia bagi wali amanat dalam proses kepailitan Amerika

| | |
|---|---|
| insolvency practitioner, except for relief available under sections 522, 544, 545, 547, 548, 550 and 724(a) of the Bankruptcy Code; | Serikat atau praktisi insolvensi Singapura, kecuali untuk pembebasan yang tersedia di bagian 522, 544, 545, 547, 548, 550 dan 724 (a) Bankrupcty Code; |
| FURTHER DECLARED, that the law firm GIBSON, DUNN & CRUTCHER LLP, the law firm BLACKOAK LLC, and any additional special or local counsel selected by the Foreign Representative, if any, shall be, and hereby are, authorized, empowered and directed to represent the Foreign Representative, as duly authorized foreign representative of the Company in connection with any Chapter 15 case commenced by it under the Bankruptcy Code or any application commenced by it under the Singapore Model Law; | LEBIH LANJUT MEMUTUSKAN, bahwa firma hukum GIBSON, DUNN & CRUTCHER LLP, firma hukum BLACKOAK LLC dan setiap penasihat khusus atau lokal tambahan yang dipilih oleh Perwakilan Asing, jika ada, akan, dan dengan ini, diberi wewenang, didaulat dan diperintahkan untuk mewakili Perwakilan Asing, sebagai perwakilan asing yang telah ditunjuk Perseroan sehubungan dengan setiap perkara Chapter 15 yang dimulai olehnya berdasarkan Bankruptcy Code atau setiap permohonan yang diajukannya berdasarkan Singapore Model Law; |
| FURTHER DECLARED, that, in addition to the specific authorizations theretofore conferred upon the Foreign Representative, the Foreign Representative or his designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of, and on behalf of, the Company, to take or cause to be taken any and all such further actions, to execute, acknowledge, deliver and verify any and all such agreements, certificates, instruments, amendments and other documents and to pay all expenses, including filing fees, in each case as in such officer's or officer's judgment shall be necessary or desirable in order to fully carry out the intent and accomplish the purpose of the declarations adopted herein; | LEBIH LANJUT MEMUTUSKAN, bahwa, sebagai tambahan atas otorisasi khusus yang diberikan kepada Perwakilan Asing, Perwakilan Asing atau orang yang ditunjuknya akan, dan masing-masing dari mereka, bertindak sendiri, dengan ini diberi wewenang, diperintahkan dan didaulat, untuk kepentingan, dan atas nama Perseroan, untuk mengambil atau menyebabkan diambilnya setiap dan semua tindakan lebih lanjut tersebut, untuk melaksanakan, mengakui, memberikan dan memverifikasi setiap dan semua perjanjian, sertifikat, instrumen, amandemen dan dokumen lainnya dan untuk membayar semua biaya, termasuk biaya permohonan, dalam setiap perkara yang diperlukan atau diinginkan berdasarkan pertimbangan petugas untuk sepenuhnya melaksanakan maksud dan mencapai tujuan pernyataan yang diberikan di sini; |
| FURTHER DECLARED, that all acts lawfully done or actions lawfully taken or to be taken by any officer or officers of the Company in connection with the implementation of these declarations in all respects are hereby ratified, confirmed and approved; and | LEBIH LANJUT MEMUTUSKAN, bahwa semua tindakan yang dilakukan atau diambil secara sah oleh pejabat atau para pejabat Perseroan sehubungan dengan pelaksanaan pernyataan ini dalam segala hal dengan ini diratifikasi, dikonfirmasi dan disetujui; dan |
| FURTHER DECLARED, that the Foreign | LEBIH LANJUT MEMUTUKAN, bahwa |

| | |
|---|---|
| Representative is hereby authorized to certify and deliver, to any person to whom such certification and delivery may be deemed necessary or appropriate in the opinion of the Foreign Representative, a true copy of the foregoing declarations. | Perwakilan Asing dengan ini diberi wewenang untuk memastikan kebenaran dan mengirimkan salinan asli dari pernyataan di atas kepada setiap pihak yang menganggap bahwa setifikasi dan pengiriman tersebut dibutuhkan atau sesuai berdasarkan pendapat Perwakilan Asing. |

IN WITNESS WHEREOF, the undersigned has caused this certificate to be executed as of October 4th, 2019/ *DEMIKIANLAH, pernyataan ini dibuat dan ditandatangani oleh yang bertandatangan dibawah ini pada tanggal 4 Oktober 2019.*

Name/ *Nama*: Tan Sauw Hwa
Title/*Jabatan*: Director/Direktur

Name/*Nama*: Yohanes Hendrawan
Title/*Jabatan*: Director/Direktur

Name/*Nama*: Joko Waluyo
Title/*Jabatan*: Director/Direktur

**PT Delta Merlin Dunia Textile
(an Indonesian limited liability company)**

**DECLARATION OF APPOINTMENT
OF FOREIGN REPRESENTATIVE AND
AUTHORIZATION TO FILE CHAPTER
15 PETITION**

We, the undersigned, being all members of
the Board of Commissioners of PT Delta
Merlin Dunia Textile, an Indonesia limited
liability company (the "Company"), exercise
our authority to act for and on behalf of, and
in the name of, the Company in accordance
with Article 15 of the Article of Association
of the Company, do hereby declare as
follows:

WHEREAS, on September 11, 2019, PT
Shine Golden Bridge, an Indonesian limited
liability company, filed a PKPU application
against PT Delta Merlin Dunia Textile, PT
Delta Dunia Tekstil, PT Delta Merlin
Sandang Tekstil, PT Delta Dunia Sandang
Tekstil, PT Dunia Setia Sandang Asli Tekstil
and PT Perusahaan Dagang Dan
Perindustrian Damai (together, the "Duniatex
Group") in the Semarang Commercial Court
(the "Indonesian Court");

WHEREAS, on September 30, 2019, the
Indonesian Court issued the PKPU order
No.22/Pdt.Sus-PKPU/2019/PN.Smg;

WHEREAS, the Board of Commissioners of
the Company have determined that the filing
of:

(a)    voluntary petition for relief (the
       "Chapter 15 Petition") under chapter
       15 of title 11 of the United States
       Code (the "Bankruptcy Code"); and

(b)    an application under the UNCITRAL
       Model Law on Cross Border
       Insolvency (the "Singapore
       Recognition Application") as adopted
       in Singapore by way of Part X

**PT Delta Merlin Dunia Textile
(Perseroan Terbatas Indonesia)**

**PERNYATAAN PENUNJUKAN
PERWAKILAN ASING DAN
PEMBERIAN KEWENANGAN UNTUK
MENGAJUKAN PERMOHONAN
CHAPTER 15**

Kami yang bertanda tangan di bawah ini
merupakan seluruh anggota Dewan
Komisaris PT Delta Merlin Dunia Textile,
suatu perseroan terbatas Indonesia
("Perseroan"), menggunakan wewenang kami
untuk bertindak untuk dan atas nama, serta
untuk kepentingan, Perseroan sesuai dengan
Pasal 15 Anggaran Dasar Perseroan, dengan
ini menyatakan sebagai berikut:

BAHWA, pada tanggal 11 September 2019,
PT Shine Golden Bridge, suatu perseroan
terbatas Indonesia, mengajukan permohonan
PKPU terhadap PT Delta Merlin Dunia
Textile, PT Delta Dunia Tekstil, PT Delta
Merlin Sandang Tekstil, PT Delta Dunia
Sandang Tekstil, PT Dunia Setia Sandang
Asli Tekstil dan PT Perusahaan Dagang Dan
Perindustrian Damai (bersama-sama disebut,
"Grup Duniatex") di Pengadilan Niaga
Semarang ("Pengadilan Indonesia");

BAHWA, pada tanggal 30 September 2019,
Pengadilan Indonesia menerbitkan Putusan
PKPU No.22/Pdt.Sus-PKPU/2019/PN.Smg;

BAHWA, Dewan Komisaris Perseroan telah
menetapkan bahwa pengajuan atas:

(a) permohonan sukarela untuk
    pembebasan ("Permohonan Chapter
    15") berdasarkan Chapter 15 title 11
    United States Code ("Bankruptcy
    Code"); dan

(b) Permohonan berdasarkan
    UNCITRAL Model Law mengenai
    Insolvensi Lintas Batas ("Singapore
    Recognition Application")
    sebagaimana diadopsi di Singapura



Division 6 and the 10th Schedule of the Singapore Companies Act (Chapter 50) (the "Singapore Model Law"),

are in the best interest of the Company in order to ensure the enforcement in Singapore and the United States of the judgements and orders of the Indonesian Court;

DECLARED that the Company appoints Mr. Geoffrey David Simms of AJCapital Advisory to serve as the foreign representative (the "Foreign Representative") of the Company as such term is defined in:

    (a) section 101(24) of the Bankruptcy Code, in its chapter 15 case;
    (b) Article 2(i) of the Singapore Model Law, in its Singapore Recognition Application;

FURTHER DECLARED, that the Foreign Representative shall be, and hereby is, authorized to:

    (a) file a Chapter 15 Petition for relief under the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York or such other court as the Foreign Representative of the Company shall determine to be appropriate (the "US Bankruptcy Court")
    (b) file a Singapore Recognition Application for relief under the Singapore Model Law with the Courts of Singapore (the "Singapore Courts"); and
    (c) perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect any of the foregoing;

FURTHER DECLARED, that the Foreign Representative shall be, and hereby is authorized, directed and empowered on behalf of, and in the name of, the Company

---

melalui Part X Division 6 dan Schedule ke-10 dari Companies Act Singapura (Chapter 50) ("Singapore Model Law"),

adalah demi kepentingan terbaik dari Perseroan untuk memastikan penegakan di Singapura dan Amerika Serikat atas putusan dan perintah Pengadilan Indonesia;

MEMUTUSKAN bahwa Perseroan menunjuk Bapak Geoffrey David Simms dari AJCapital Advisory untuk menjadi perwakilan asing ("Perwakilan Asing") dari Perseroan sebagaimana istilah tersebut didefinisikan dalam:

    (a) bagian 101 (24) dari Bankruptcy Code, dalam Chapter 15;
    (b) Pasal 2(i) dari Singapore Model Law, dalam Singapore Recognition Application.

LEBIH LANJUT MEMUTUSKAN, bahwa Perwakilan Asing akan, dan dengan ini, berwenang untuk:

    (a) mengajukan Permohonan Chapter 15 untuk pembebasan berdasarkan Bankruptcy Code di Bankruptcy Court Amerika Serikat pada Southern District of New York atau pengadilan lain yang dipandang baik oleh Perwakilan Asing dari Perseroan ("Pengadilan Kepailitan Amerika")
    (b) mengajukan Singapore Recognition Application untuk pembebasan berdasarkan Singapore Model Law di Pengadilan Singapura ("Singapore Courts"); dan
    (c) melakukan setiap dan seluruh tindakan yang masuk akal, disarankan, bijaksana, mudah, tepat atau perlu untuk mengakibatkan terjadinya maksud yang disebutkan di atas;

LEBIH LANJUT MEMUTUSKAN, bahwa Perwakilan Asing akan, dan dengan ini diberi wewenang, diperintahkan dan didaulat atas nama dan untuk kepentingan Perseroan

to: (a) execute, acknowledge, deliver and verify the Chapter 15 Petition, the Singapore Recognition Application and all other ancillary documents, and cause the Chapter 15 Petition and the Singapore Recognition Application to be filed with the Bankruptcy Court and Singapore Courts respectively, and make or cause to be made prior to execution thereof any modifications to the Chapter 15 Petition and Singapore Recognition Application or ancillary documents as the Foreign Representative, in his discretion, deems necessary or desirable to carry out the intent and accomplish the purposes of these declarations (such approval to be conclusively established by the execution thereof by the Foreign Representative); (b) execute, acknowledge, deliver, verify and file or cause to be filed all petitions, schedules, statements, affidavits, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; and (c) execute, acknowledge, deliver and verify any and all other documents necessary or appropriate in connection therewith or to administer the Company's Chapter 15 case and the Singapore Recognition Application in such form or forms as the Foreign Representative may approve;

FURTHER DECLARED, that the Foreign Representative shall be, and hereby is, authorized, directed and empowered on behalf of, and in the name of, the Company to: (a) administer or realize all or part of the Company's assets located in the United States and Singapore in order to protect and preserve the value of such assets; (b) examine witnesses, take evidence, or deliver information concerning the Company's assets, affairs, rights, obligations or liabilities; and (c) seek additional relief that may be available to a trustee in a United

untuk: (a) melaksanakan, mengetahui, menyerahkan dan memverifikasi Permohonan Chapter 15, Singapore Recognition Application dan semua dokumen pendukung lainnya, dan menyebabkan Permohonan Chapter 15 dan Singapore Recognition Application diajukan kepada masing-masing Bankruptcy Court dan Singapore Court, dan sebelum hal-hal tersebut dilaksanakan, membuat atau menyebabkan dibuatnya perubahan Permohonan Chapter 15 dan Singapore Recognition Application atau dokumen tambahan yang dianggap perlu atau diinginkan oleh Perwakilan Asing berdasarkan pertimbangannya sendiri, untuk melaksanakan maksud dan mencapai tujuan dari pernyataan ini (persetujuan tersebut akan dibuat secara meyakinkan dengan pelaksanaannya oleh Perwakilan Asing); (b) melaksanakan, mengetahui, memberikan, memverifikasi dan mengajukan atau menyebabkan diajukannya semua permohonan, lampiran, pernyataan, pernyataan tertulis, daftar, mosi, aplikasi dan berkas atau dokumen lain yang diperlukan atau diinginkan sehubungan dengan hal tersebut di atas; dan (c) melaksanakan, mengetahui, mengirim dan memverifikasi setiap dan semua dokumen lain yang diperlukan atau yang sesuai sehubungan dengan itu atau untuk mengelola perkara Permohonan Chapter 15 dan Singapore Recognition Application Perseroan dalam bentuk atau bentuk-bentuk yang disetujui Perwakilan Asing;

LEBIH LANJUT MEMUTUSKAN, bahwa Perwakilan Asing akan, dan dengan ini, diberi wewenang, diperintahkan dan didaulat atas nama, dan untuk kepentingan, Perseroan untuk: (a) mengelola atau merealisasikan semua atau sebagian dari aset Perseroan yang berlokasi di Amerika Serikat dan Singapura untuk melindungi dan menjaga nilai aset tersebut; (b) memeriksa saksi, mengambil bukti, atau memberikan informasi mengenai aset, urusan, hak, kewajiban atau utang Perseroan; dan (c) mencari pembebasan tambahan yang mungkin tersedia bagi wali



States bankruptcy proceeding or a Singapore insolvency practitioner, except for relief available under sections 522, 544, 545, 547, 548, 550 and 724(a) of the Bankruptcy Code;

FURTHER DECLARED, that the law firm GIBSON, DUNN & CRUTCHER LLP, the law firm BLACKOAK LLC, and any additional special or local counsel selected by the Foreign Representative, if any, shall be, and hereby are, authorized, empowered and directed to represent the Foreign Representative, as duly authorized foreign representative of the Company in connection with any Chapter 15 case commenced by it under the Bankruptcy Code or any application commenced by it under the Singapore Model Law;

FURTHER DECLARED, that, in addition to the specific authorizations theretofore conferred upon the Foreign Representative, the Foreign Representative or his designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of, and on behalf of, the Company, to take or cause to be taken any and all such further actions, to execute, acknowledge, deliver and verify any and all such agreements, certificates, instruments, amendments and other documents and to pay all expenses, including filing fees, in each case as in such officer's or officer's judgment shall be necessary or desirable in order to fully carry out the intent and accomplish the purpose of the declarations adopted herein;

FURTHER DECLARED, that all acts lawfully done or actions lawfully taken or to be taken by any officer or officers of the Company in connection with the implementation of these declarations in all respects are hereby ratified, confirmed and approved; and

---

amanat dalam proses kepailitan Amerika Serikat atau praktisi insolvensi Singapura, kecuali untuk pembebasan yang tersedia di bagian 522, 544, 545, 547, 548, 550 dan 724 (a) Bankrupcty Code;

LEBIH LANJUT MEMUTUSKAN, bahwa firma hukum GIBSON, DUNN & CRUTCHER LLP, firma hukum BLACKOAK LLC dan setiap penasihat khusus atau lokal tambahan yang dipilih oleh Perwakilan Asing, jika ada, akan, dan dengan ini, diberi wewenang, didaulat dan diperintahkan untuk mewakili Perwakilan Asing, sebagai perwakilan asing yang telah ditunjuk Perseroan sehubungan dengan setiap perkara Chapter 15 yang dimulai olehnya berdasarkan Bankruptcy Code atau setiap permohonan yang diajukannya berdasarkan Singapore Model Law;

LEBIH LANJUT MEMUTUSKAN, bahwa, sebagai tambahan atas otorisasi khusus yang diberikan kepada Perwakilan Asing, Perwakilan Asing atau orang yang ditunjuknya akan, dan masing-masing dari mereka, bertindak sendiri, dengan ini, diberi wewenang, diperintahkan dan didaulat, untuk kepentingan, dan atas nama Perseroan, untuk mengambil atau menyebabkan diambilnya setiap dan semua tindakan lebih lanjut tersebut, untuk melaksanakan, mengakui, memberikan dan memverifikasi setiap dan semua perjanjian, sertifikat, instrumen, amandemen dan dokumen lainnya dan untuk membayar semua biaya, termasuk biaya permohonan, dalam setiap perkara yang diperlukan atau diinginkan berdasarkan pertimbangan petugas untuk sepenuhnya melaksanakan maksud dan mencapai tujuan pernyataan yang diberikan di sini;

LEBIH LANJUT MENUTUSKAN, bahwa semua tindakan yang dilakukan atau diambil secara sah oleh pejabat atau para pejabat Perseroan sehubungan dengan pelaksanaan pernyataan ini dalam segala hal dengan ini diratifikasi, dikonfirmasi dan disetujui; dan

| FURTHER DECLARED, that the Foreign Representative is hereby authorized to certify and deliver, to any person to whom such certification and delivery may be deemed necessary or appropriate in the opinion of the Foreign Representative, a true copy of the foregoing declarations. | LEBIH LANJUT MEMUTUKAN, bahwa Perwakilan Asing dengan ini diberi wewenang untuk memastikan kebenaran dan mengirimkan salinan asli dari pernyataan di atas kepada setiap pihak yang menganggap bahwa setifikasi dan pengiriman tersebut dibutuhkan atau sesuai berdasarkan pendapat Perwakilan Asing. |

IN WITNESS WHEREOF, the undersigned has caused this resolutions to be executed as of October 4th, 2019/ *DEMIKIANLAH, keputusan ini dibuat dan ditandatangani oleh yang bertandatangan dibawah ini pada tanggal 4 Oktober 2019*



Name/ *Nama*: Hendra Wangsa Sasmita
Title/*Jabatan*: Commissioners/Komisaris

Name/*Nama*:  Gideon Haryanto
Title/*Jabatan*: Commissioners/Komisaris

## **Attachment 2**

**Item 7: Statement Identifying Pending Foreign Proceedings**

**GIBSON, DUNN & CRUTCHER LLP**
Matthew J. Williams
Mitchell A. Karlan
Alan Moskowitz
Dylan S. Cassidy
200 Park Avenue
New York, NY 10166
(212) 351-4000 (Tel)
(212) 351-4035 (Fax)

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| PT DELTA MERLIN DUNIA TEXTILE, *et al.*,[1] | Case No. 19-_____ |
| Debtors in a Foreign Proceeding. | (Joint Administration Requested) |

**DECLARATION OF FOREIGN REPRESENTATIVE PURSUANT TO**
**SECTION 1515(C) OF THE BANKRUPTCY CODE**

I, Geoffrey David Simms, hereby declare:

1.      I am the duly authorized foreign representative (the "***Foreign Representative***") of

PT Delta Merlin Dunia Textile and its affiliated debtors in a foreign proceeding (collectively, the

"***Foreign Debtors***") in connection with their foreign proceedings pending in the Semarang

---

[1]   The Foreign Debtors in these chapter 15 cases are the following entities: (i) PT Delta Merlin Dunia Textile, whose address is Jl Solo - Sragen Km 14, Desa Pulosari, Kec Kebakkramat, Karanganyar, Central Java, (ii) PT Delta Dunia Tekstil, whose address is Jl Raya Solo - Sragen KM 10.8, Desa Kaling, Kec Tasikmadu, Karanganyar, Central Java, (iii) PT Dunia Setia Sandang Asli Tekstil, whose address is Jl Raya Palur Km 7.1, Desa Dagen, Kec Jaten, Karanganyar, Central Java, (iv) PT Delta Merlin Sandang Tekstil, whose address is Jl Raya Timur Km 10, Kel Bumiaji, Kec Gondang, Sragen, Central Java, (v) PT Delta Dunia Sandang Tekstil, whose address is Jl Raya Semarang - Demak Km 14, Desa Tambakroto, Kec Sayung, Demak, Central Java, (vi) PT Perusahaan Dagang dan Perindustrian Damai, whose address is Jl Simongan No 100, Kel Ngemplak Simongan, Kec Semarang Barat, Semarang, Central Java, and (vii) Mr. Sumitro, whose address is Tegalharjo, RT.004/RW.004, Kelurahan Tegalharjo, Kecamatan Jebres, Kota Surakarta, Jawa Tengah, Indonesia.

Commercial Court, pursuant to Law No. 37 of 2004 regarding Bankruptcy and Suspension of Debt Payment Obligations (collectively, the "***PKPU Proceedings***").

2.       I respectfully submit this statement, as required by section 1515(c) of title 11 of the United States Code (the "***Bankruptcy Code***"), in support of the verified petitions filed herewith seeking recognition by this Court of the PKPU Proceedings as foreign main proceedings.

3.       The PKPU Proceedings are pending for the following Foreign Debtors: (i) PT Delta Merlin Dunia Textile; (ii) PT Delta Dunia Tekstil; (iii) PT Delta Merlin Sandang Tekstil; (iv) PT Delta Dunia Sandang Tekstil; (v) PT Dunia Setia Sandang Asli Tekstil; (vi) PT Perusahaan Dagang dan Perindustrian Damai; and (vii) Mr. Sumitro.

4.       In addition, contemporaneously herewith, each of the Foreign Debtors will commence an ancillary proceeding in Singapore pursuant to section 354B of the Companies Act (Chapter 50 of Singapore) (the "***Singapore Companies Act***") read with Article 15 of the UNCITRAL Model Law on Cross-Border Insolvency as contained in the Tenth Schedule of the Singapore Companies Act (the "***Singapore Proceeding***").

5.       Pursuant to the requirements of section 1515(c) of the Bankruptcy Code, to the best of my knowledge, the PKPU Proceedings and the Singapore Proceeding are the only foreign proceedings of any kind pending for the Foreign Debtors and, thus, are the only known "foreign proceedings" with respect to the Foreign Debtors as that term is defined in section 101(23) of the Bankruptcy Code.

6.       Pursuant to 28 U.S.C. § 1746, 1 hereby declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Executed on October,    8    , 2019.
in the Republic of Indonesia.

_____
Geoffrey David Simms
Foreign Representative

**Attachment 3**

**Item 8: Disclosure Pursuant to FRBP Rule 1007(a)(4)**

**GIBSON, DUNN & CRUTCHER LLP**
Matthew J. Williams
Mitchell A. Karlan
Alan Moskowitz
Dylan S. Cassidy
200 Park Avenue
New York, NY 10166
(212) 351-4000 (Tel)
(212) 351-4035 (Fax)

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| PT DELTA MERLIN DUNIA TEXTILE, *et al.*,[1] | Case No. 19-_____ |
| Debtors in a Foreign Proceeding. | (Joint Administration Requested) |

**DISCLOSURE PURSUANT TO RULE 1007(A)(4) OF THE FEDERAL**
**RULES OF BANKRUPTCY PROCEDURE**

Geoffrey David Simms, in his capacity as the duly authorized foreign representative (the

"*Foreign Representative*") of PT Delta Merlin Dunia Textile and its affiliated debtors in a foreign

proceeding (collectively, the "*Foreign Debtors*") in connection with their proceedings pending in

the Semarang Commercial Court, pursuant to Law No. 37 of 2004 regarding Bankruptcy and

Suspension of Debt Payment Obligations (collectively, the "*PKPU Proceedings*") hereby files this

---

[1]    The Foreign Debtors in these chapter 15 cases are the following entities: (i) PT Delta Merlin Dunia Textile, whose
address is Jl Solo - Sragen Km 14, Desa Pulosari, Kec Kebakkramat, Karanganyar, Central Java, (ii) PT Delta
Dunia Tekstil, whose address is Jl Raya Solo - Sragen KM 10.8, Desa Kaling, Kec Tasikmadu, Karanganyar,
Central Java, (iii) PT Dunia Setia Sandang Asli Tekstil, whose address is Jl Raya Palur Km 7.1, Desa Dagen, Kec
Jaten, Karanganyar, Central Java, (iv) PT Delta Merlin Sandang Tekstil, whose address is Jl Raya Timur Km 10,
Kel Bumiaji, Kec Gondang, Sragen, Central Java, (v) PT Delta Dunia Sandang Tekstil, whose address is Jl Raya
Semarang - Demak Km 14, Desa Tambakroto, Kec Sayung, Demak, Central Java, (vi) PT Perusahaan Dagang
dan Perindustrian Damai, whose address is Jl Simongan No 100, Kel Ngemplak Simongan, Kec Semarang Barat,
Semarang, Central Java, and (vii) Mr. Sumitro, whose address is Tegalharjo, RT.004/RW.004, Kelurahan
Tegalharjo, Kecamatan Jebres, Kota Surakarta, Jawa Tengah, Indonesia.

list pursuant to Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure and respectfully

sets forth as follows:

**I.**    **All Persons or Bodies Authorized to Administer Foreign Proceedings of PT Delta Merlin Dunia Textile, PT Delta Dunia Tekstil, PT Dunia Setia Sandang Asli Tekstil, PT Delta Merlin Sandang Tekstil, PT Delta Dunia Sandang Tekstil, and PT Perusahaan Dagang dan Perindustrian Damai:**

| Name | Address |
|---|---|
| Geoffrey David Simms, as Foreign Representative | PT AJCapital Advisory 88@Kasablanka Office Tower A, 22nd Floor Jl Casablanca Raya Kav. 88 Jakarta 12870 |
| Mr Pudjo Hunggul HW, S.H,M.H, as supervising judge | Jl. Siliwangi No. 512, Semarang Jawa Tengah, Indonesia |
| (i) Mr. Hamonangan Syahdan Hutabarat, S.H, (ii) Mr, Alfin Sulaiman, S.H.,M.H, (iii) Mr. Januardo Sulung P. Sihombing, S.H., M.H., M.A., BKP., and (iv) Mrs. Nila Asriyanti, S.H., as Administrators | Simanungkalit Sihombing & Rekan, Manggala Wanabakti Building, Block IV, 3th Floor, Suite 3, Jl. Jendral Gatot SUbroto No. 6, Senayan, Jakarta Indonesia |
| Gregorius Petrus Aji Wijaya, Aji Wijaya & Co., as Indonesian Counsel | Cyber 2 Tower, Floor 31, Unit A, Jalan H.R. Rasuna Said, Bloc X-5, number 13, Jakarta Selatan 12950, Indonesia |
| Semarang Commercial Court | Jl. Siliwangi No. 512, Semarang Jawa Tengah, Indonesia |

2

**II.    All Persons or Bodies Authorized to Administer Foreign Proceedings of Mr. Sumitro:**

| Name | Address |
|---|---|
| Geoffrey David Simms, as Foreign Representative | PT AJCapital Advisory 88@Kasablanka Office Tower A, 22nd Floor Jl Casablanca Raya Kav. 88 Jakarta 12870 |
| Mr Edy Suwanto, S.H,M.H, as supervising judge | Jl. Siliwangi No. 512, Semarang Jawa Tengah, Indonesia |
| (i) Mr. Verry Sitorus, S.H, and (ii) Mr. Uli Ingot Hamonangan Simanungkalit, S.H., as Administrators | Simanungkalit Sihombing & Rekan, Manggala Wanabakti Building, Block IV, 3th Floor, Suite 3, Jl. Jendral Gatot SUbroto No. 6, Senayan, Jakarta Indonesia |
| Gregorius Petrus Aji Wijaya, Aji Wijaya & Co., as Indonesian Counsel | Cyber 2 Tower, Floor 31, Unit A, Jalan H.R. Rasuna Said, Bloc X-5, number 13, Jakarta Selatan 12950, Indonesia |
| Semarang Commercial Court | Jl. Siliwangi No. 512, Semarang Jawa Tengah, Indonesia |

**III.   All Parties to Litigation Pending in the United States in which the Foreign Debtor is a Party at the Time of Filing of the Petition**

1.      Neither the Foreign Representative nor any of the Foreign Debtors is party to any pending litigation in the United States as of the date hereof.

**IV.   Entities Against Whom Provisional Relief is Sought Pursuant to 11 U.S.C. § 1519**

2.      The Foreign Representative seeks provisional relief pursuant to sections 1519, 1521(a)(7), and 362 of the title 11 of the U.S. Code (the "***Bankruptcy Code***") by applying section 362 of the Bankruptcy Code immediately for the benefit of the Foreign Debtors against potential actions in the United States by dissenting creditors.

3.      *See* **Schedule 1** annexed hereto for a list of known entities against whom provisional relief is being sought.[2]

---

[2]  The Foreign Representative will update Schedule 1 to the extent he becomes aware of any additional entities against whom provisional relief is being sought.

Dated:   New York, New York
         October 8, 2019

Respectfully submitted,
GIBSON, DUNN & CRUTCHER LLP

/s/ *Matthew J. Williams*
Matthew J. Williams
Mitchell A. Karlan
Alan Moskowitz
Dylan S. Cassidy
200 Park Avenue
New York, NY 10166
(212) 351-4000 (Tel)
(212) 351-4035 (Fax)

*Counsel to the Foreign Representative*

**SCHEDULE 1**[3]


**Entities Against Whom Provisional Relief is Sought Pursuant to 11 U.S.C. § 1519**

| | |
|---|---|
| Corporate Trust Office of The Bank of New York Mellon 240 Greenwich Street, New York, NY 10286 Facsimile No.: +1 212 815 5915, Attention: Global Corporate Trust – PT Delta Merlin Dunia Textile | The Bank of New York Mellon, Singapore Branch One Temasek Avenue, #02-01 Millenia Tower, Singapore 039192, Facsimile No.: +65 6883 0338, Attention: Corporate Trust – PT Delta Merlin Dunia Textile |
| The Bank of New York Mellon 240 Greenwich Street New York, NY 10286 Attention: Chong Wanling | All holders of any of the Notes issued under the Indenture |

---

[3]  Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the *Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding*, filed contemporaneously herewith.

## **Attachment 4**

**Item 11: Corporate Ownership Statement**

**GIBSON, DUNN & CRUTCHER LLP**
Matthew J. Williams
Mitchell A. Karlan
Alan Moskowitz
Dylan S. Cassidy
200 Park Avenue
New York, NY 10166
(212) 351-4000 (Tel)
(212) 351-4035 (Fax)

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| PT DELTA MERLIN DUNIA TEXTILE, *et al.*,[1] | Case No. 19-_____ |
| Debtors in a Foreign Proceeding. | (Joint Administration Requested) |

**CORPORATE OWNERSHIP STATEMENT**
**PURSUANT TO BANKRUPTCY RULES 1007(A)(4)**
**AND 7007.1 AND LOCAL RULE 1007-3**

Geoffrey David Simms, in his capacity as the duly authorized foreign representative (the

"***Foreign Representative***") of PT Delta Merlin Dunia Textile and its affiliated debtors in a foreign

proceeding (collectively, the "***Foreign Debtors***") in connection with their proceedings pending in

the Semarang Commercial Court, pursuant to Law No. 37 of 2004 regarding Bankruptcy and

Suspension of Debt Payment Obligations, hereby files the corporate ownership information

---

[1] The Foreign Debtors in these chapter 15 cases are the following entities: (i) PT Delta Merlin Dunia Textile, whose address is Jl Solo - Sragen Km 14, Desa Pulosari, Kec Kebakkramat, Karanganyar, Central Java, (ii) PT Delta Dunia Tekstil, whose address is Jl Raya Solo - Sragen KM 10.8, Desa Kaling, Kec Tasikmadu, Karanganyar, Central Java, (iii) PT Dunia Setia Sandang Asli Tekstil, whose address is Jl Raya Palur Km 7.1, Desa Dagen, Kec Jaten, Karanganyar, Central Java, (iv) PT Delta Merlin Sandang Tekstil, whose address is Jl Raya Timur Km 10, Kel Bumiaji, Kec Gondang, Sragen, Central Java, (v) PT Delta Dunia Sandang Tekstil, whose address is Jl Raya Semarang - Demak Km 14, Desa Tambakroto, Kec Sayung, Demak, Central Java, (vi) PT Perusahaan Dagang dan Perindustrian Damai, whose address is Jl Simongan No 100, Kel Ngemplak Simongan, Kec Semarang Barat, Semarang, Central Java, and (vii) Mr. Sumitro, whose address is Tegalharjo, RT.004/RW.004, Kelurahan Tegalharjo, Kecamatan Jebres, Kota Surakarta, Jawa Tengah, Indonesia.

required by Rules 1007(a)(4) and 7007.1 of the Federal Rules of Bankruptcy Procedure and Rule 1007-3 of the Local Bankruptcy Rules for the Southern District of New York.

1.      As of the date of this filing, no corporation owns, directly or indirectly, 10% or more of the equity interests of (i) PT Delta Merlin Dunia Textile, (ii) PT Delta Dunia Tekstil, (iii) PT Dunia Setia Sandang Asli Tekstil, or (iv) PT Perusahaan Dagang dan Perindustrian Damai.

2.      As of the date of this filing, PT Delta Dunia Tekstil owns 68.3% of the equity interests of PT Delta Merlin Sandang Tekstil. No other corporation owns, directly or indirectly, 10% or more of the equity interests of PT Delta Merlin Sandang Tekstil.

3.      As of the date of this filing, PT Delta Dunia Tekstil owns 51.1% of the equity interests of the PT Delta Dunia Sandang Tekstil. No other corporation owns, directly or indirectly, 10% or more of the equity interests of PT Delta Dunia Sandang Tekstil.

*[Remainder of page intentionally left blank]*

**<u>Attachment 5</u>**

## Pending Bankruptcy Cases Filed by Affiliates of the Foreign Debtors

Concurrently herewith, each of the affiliated entities listed below filed in this Court a petition for relief under chapter 15 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532.

| |
|---|
| PT Delta Merlin Dunia Textile |
| PT Delta Dunia Tekstil |
| PT Delta Merlin Sandang Tekstil |
| PT Delta Dunia Sandang Tekstil |
| PT Dunia Setia Sandang Asli Tekstil |
| PT Perusahaan Dagang dan Perindustrian Damai |
| Mr. Sumitro |