**GIBSON, DUNN & CRUTCHER LLP**
Matthew J. Williams
Mitchell A. Karlan
Alan Moskowitz
Dylan S. Cassidy
200 Park Avenue
New York, NY 10166
(212) 351-4000 (Tel)
(212) 351-4035 (Fax)

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| PT DELTA MERLIN DUNIA TEXTILE, *et al.*,[1] | Case No. 19-13214 (shl) |
| Debtors in a Foreign Proceeding. | (Joint Administration Requested) |

**SUPPLEMENT TO EMERGENCY MOTION FOR PROVISIONAL RELIEF**

Geoffrey David Simms in his capacity as the duly authorized foreign representative (the "***Foreign Representative***") of PT Delta Merlin Dunia Textile ("***DMDT***") and its affiliated debtors in a foreign proceeding (collectively with DMDT, the "***Foreign Debtors***") in connection with their foreign proceedings (collectively, the "***PKPU Proceedings***") pending in the Semarang Commercial Court (the "***Indonesian Court***"), pursuant to Indonesian Insolvency Law (as defined

---

[1] The Foreign Debtors in these chapter 15 cases are the following entities: (i) PT Delta Merlin Dunia Textile, whose address is Jl Solo - Sragen Km 14, Desa Pulosari, Kec Kebakkramat, Karanganyar, Central Java, (ii) PT Delta Dunia Tekstil, whose address is Jl Raya Solo - Sragen KM 10.8, Desa Kaling, Kec Tasikmadu, Karanganyar, Central Java, (iii) PT Dunia Setia Sandang Asli Tekstil, whose address is Jl Raya Palur Km 7.1, Desa Dagen, Kec Jaten, Karanganyar, Central Java, (iv) PT Delta Merlin Sandang Tekstil, whose address is Jl Raya Timur Km 10, Kel Bumiaji, Kec Gondang, Sragen, Central Java, (v) PT Delta Dunia Sandang Tekstil, whose address is Jl Raya Semarang - Demak Km 14, Desa Tambakroto, Kec Sayung, Demak, Central Java, (vi) PT Perusahaan Dagang dan Perindustrian Damai, whose address is Jl Simongan No 100, Kel Ngemplak Simongan, Kec Semarang Barat, Semarang, Central Java, and (vii) Mr. Sumitro, whose address is Tegalharjo, RT.004/RW.004, Kelurahan Tegalharjo, Kecamatan Jebres, Kota Surakarta, Jawa Tengah, Indonesia.

below), by and through his undersigned counsel, respectfully submits this supplement (this "**Supplement**") to the *Emergency Motion for Provisional Relief* [Docket No. 7], filed on October 8, 2019 (the "**Emergency Motion**").[2]

In support of this Supplement, the Foreign Representative submits (a) *Declaration of the Foreign Representative In Support of Verified Chapter 15 and Motion for Provisional Relief* (the "**Initial Simms Declaration**") and (b) the *Supplement to the Declaration of Foreign Representative in Support of Verified Chapter 15 Petition and Motion for Provisional Relief* (the "**Supplement to Simms Declaration**") filed contemporaneously herewith.

## SUPPLEMENT TO EMERGENCY MOTION

1. On October 8, 2019, the Foreign Representative filed an Official Form 401 (Chapter 15 Petition for Recognition of a Foreign Proceeding) and the Verified Petition on behalf of each of the Foreign Debtors commencing these Chapter 15 Cases.

2. As outlined in the Emergency Motion, DMDT is the issuer of US$300,000,000 in notes 8.625% senior notes due 2024 (the "**Notes**") issued by DMDT governed by a New York law indenture, dated March 12, 2019 (the "**Indenture**").

3. The Indenture requires DMDT to establish an interest reserve account (the "**Interest Reserve Account**") and to deposit into the Interest Reserve Account one semi-annual interest payment under the Notes. The Interest Reserve Account is held in a bank account located in New York with The Bank of New York Mellon, as trustee and collateral agent for the Notes. Supplement to Simms Declaration ¶ 6. The Interest Reserve Account and the cash held therein is an asset of Foreign Debtor DMDT. Supplement to Simms Declaration ¶ 7.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Verified Petition.

2

4. As a result of the declining cash position, on or around September 11, 2019—the same day an involuntary PKPU proceeding was commenced against the Duniatex Group, as described below—the board of directors and the board of commissioners of DMDT (the Issuer of the Notes pursuant to the Indenture) concluded that DMDT did not have sufficient funds to (i) meet its scheduled coupon payments due on September 12, 2019 totaling US$12,937,500 and (ii) refill the Notes' "Interest Reserve Account" with an amount equal to one semi-annual payment of interest under the terms of the Notes. Accordingly, on September 12, 2019, DMDT announced on the Singapore Stock Exchange that the current financial and operational position of the company would not make it commercially feasible to make any interest payments on the Notes. Initial Simms Declaration ¶ 25.

5. On September 16, 2019, the Indenture Trustee for the Notes (the "*Indenture Trustee*") issued a notice asserting that the failure to make interest payments that were due and payable on September 12, 2019, would give rise to a default under the Indenture, if such failure continued uncured for a period of 30 consecutive days. Initial Simms Declaration ¶ 26.

6. The Indenture Trustee may have certain rights under the Indenture to access the cash located in the Interest Reserve Account. Supplement to Simms Declaration ¶ 7.

7. The Foreign Debtors are in the very early stages of the PKPU Proceedings. In this initial period it is critical that the moratorium implemented in the PKPU Proceedings be extended to all of the Foreign Debtors' assets. *Id.* ¶ 8. The Provisional Relief requested in the Emergency Motion, including, *inter alia*, the application of section 362 of the Bankruptcy Code to the Foreign Debtors and the property of the Foreign Debtors within the territorial jurisdiction of the United States is urgently needed on a provisional basis to prevent the Indenture Trustee or the holders of any of the Notes from taking any action related to the Interest Reserve Account pending entry of

the Recognition Order. Failure to extend the protections requested in the Provisional Relief Motion to protect the Interest Reserve Account could jeopardize the Foreign Debtors chances of effecting a successful restructuring of their assets in the PKPU Proceedings. *Id.* Accordingly, the Foreign Representative respectfully requests that, pending entry of the Recognition Order, the Indenture Trustee, any holder of the notes, and any other party other than the Foreign Representative be prevented from taking any action related to the Interest Reserve Account.

Dated: New York, New York
October 10, 2019

Respectfully submitted,

**GIBSON, DUNN & CRUTCHER LLP**

/s/ *Matthew J. Williams*
Matthew J. Williams
Mitchell A. Karlan
Alan Moskowitz
Dylan S. Cassidy
200 Park Avenue
New York, NY 10166
(212) 351-4000 (Tel)
(212) 351-4035 (Fax)

*Counsel to the Foreign Representative*