**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| PT DELTA MERLIN DUNIA TEXTILE, *et al*.,[1] | Case No. 19-13214 (shl) |
| Debtors in a Foreign Proceeding. | (Jointly Administered) |

## <u>ORDER GRANTING PROVISIONAL RELIEF</u>

Upon consideration of (i) the *Emergency Motion for Provisional Relief* [Docket No. 7] (the "**Emergency Motion**") and the *Supplement to Emergency Motion for Provisional Relief* [Docket No. 15] (the "**Supplement**")[2] filed by Geoffrey David Simms, in his capacity as the proposed Foreign Representative of the Foreign Debtors, in connection with the PKPU Proceedings, and the (ii) *Verified Petition Under Chapter 15 Recognition of a Foreign Main Proceeding* [Docket No. 2] (the "**Verified Petition**") and all documents submitted in support of the Verified Petition (collectively, the "**Provisional Relief Documents**"), including the *Declaration of Foreign Representative in Support of Verified Chapter 15 Petition* [Docket No. 3] (the "**Simms Declaration**"), the *Supplement to the Declaration of Foreign Representative in Support of Verified Chapter 15 Petition* [Docket No. 14] and the *Declaration of Gregorius Petrus Aji Wijaya in*

---

1   The Foreign Debtors in these chapter 15 cases are the following entities: (i) PT Delta Merlin Dunia Textile, whose address is Jl Solo - Sragen Km 14, Desa Pulosari, Kec Kebakkramat, Karanganyar, Central Java, (ii) PT Delta Dunia Tekstil, whose address is Jl Raya Solo - Sragen KM 10.8, Desa Kaling, Kec Tasikmadu, Karanganyar, Central Java, (iii) PT Dunia Setia Sandang Asli Tekstil, whose address is Jl Raya Palur Km 7.1, Desa Dagen, Kec Jaten, Karanganyar, Central Java, (iv) PT Delta Merlin Sandang Tekstil, whose address is Jl Raya Timur Km 10, Kel Bumiaji, Kec Gondang, Sragen, Central Java, (v) PT Delta Dunia Sandang Tekstil, whose address is Jl Raya Semarang - Demak Km 14, Desa Tambakroto, Kec Sayung, Demak, Central Java, (vi) PT Perusahaan Dagang dan Perindustrian Damai, whose address is Jl Simongan No 100, Kel Ngemplak Simongan, Kec Semarang Barat, Semarang, Central Java, and (vii) Mr. Sumitro, whose address is Tegalharjo, RT.004/RW.004, Kelurahan Tegalharjo, Kecamatan Jebres, Kota Surakarta, Jawa Tengah, Indonesia.

2   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Emergency Motion or the Supplement, as applicable.

Support of the Verified Petition under Chapter 15 for Recognition of a Foreign Main Proceeding

[Docket No. 4] (the "*Wijaya Declaration*"), and upon consideration of the statements and

representations of counsel with respect to the Emergency Motion and the Supplement at a hearing

before the Court (the "*Hearing*"); and appropriate and timely notice of the filing of the Emergency

Motion, the Supplement and the Hearing having been given; and no other or further notice being

necessary or required; and the Court having determined that the legal and factual bases set forth in

the Emergency Motion, the Supplement and all other pleadings and proceedings in this case

establish just cause to grant the relief ordered herein, and after due deliberation of the entire record

therefore, and for the reasons stated on the record,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

A.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334,

section 1501 of the Bankruptcy Code, and the *Amended Standing Order of Reference to*

*Bankruptcy Judges of the District Court for the Southern District of New York*, dated January 31,

2012 (Preska, C.J.).

B.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

C.      Venue is proper in this District pursuant to 28 U.S.C. § 1410.

D.      These Chapter 15 Cases have been properly commenced by a proposed foreign

representative.

E.      This Court has the authority to grant the Provisional Relief requested by the

Emergency Motion pursuant to 11 U.S.C. §§ 105(a), 306, 362, 1510, 1519, 1521, and 1522.

F.      The Provisional Relief is urgently needed to preserve the status quo with respect to,

and protect the, assets of the Foreign Debtors located in the United States and the interests of their

creditors as required by 11 U.S.C. § 1519(a).

G.      The interests of the Foreign Debtors' creditors and other interested entities, including the Foreign Debtors, are sufficiently protected in the Court's grant of the Provisional Relief, as required by 11 U.S.C. § 1522(a).

H.      The Provisional Relief is warranted under 11 U.S.C. § 1519(e).

I.      The proposed Foreign Representative has demonstrated sufficiently serious questions going to the merits to make them fair grounds for litigation and a balance of hardships tipping decidedly toward them, as required under *Tinnerello & Sons, Inc. v. Town of* Stonington, 141 F.3d 46, 51-52 (2d Cir. 1998).

J.      Irreparable harm will result to the Foreign Debtors, their creditors, and their estates if the Provisional Relief is not granted on an expedited basis. Pending the chapter 15 Recognition Hearing, the Provisional Relief is required to ensure the fair, efficient, and centralized administration of the Foreign Debtors' assets and prevent individual creditors and other persons and entities from depleting or impairing the assets of the Foreign Debtors to the detriment of their creditor body as a whole.

K.      L.      Granting the Provisional Relief will serve the public interest in that, among other things, the Provisional Relief is necessary to realize the intent and objectives of chapter 15 in this case pursuant to 11 U.S.C. §1501(a).

M.      The proposed Foreign Representative and the Foreign Debtors are entitled to the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1.      The Provisional Relief is GRANTED effective immediately on an interim basis as set forth below pending a recognition hearing before this Court and if appropriate, the entry of an order regarding the recognition of the PKPU Proceedings as foreign main proceedings.

2.      Pending disposition of the Petition and Verified Petition and the request for the recognition of the PKPU Proceedings as foreign main proceedings, pursuant to sections 1519(a) and 1521(a) of the Bankruptcy Code, section 362 of the Bankruptcy Code is applicable to the Foreign Debtors and the property of the Foreign Debtors within the territorial jurisdiction of the United States in these Chapter 15 Cases and, including, without limitation, no person or entity may:  (a) execute against the Foreign Debtors' assets, (b) take any action to obtain possession of, or exercise control over, the Foreign Debtors' assets, or to collect, assess, or recover a claim against the Foreign Debtors, (c) commence or continue any legal proceeding (including, without limitation, any judicial, quasi-judicial, administrative or regulatory proceeding, arbitration or bankruptcy) or action against the Foreign Debtors; (d) take any act to enforce any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order, or arbitration award against the Foreign Debtors; or (e) commence or continue any legal proceeding or action to create, perfect, or enforce any lien, setoff, or other claim against the Foreign Debtors; *provided, however*, in each case, that such injunction shall be effective solely within the territorial jurisdiction of the United States.

3.      While this Order is in effect, the proposed Foreign Representative and Foreign Debtors shall be entitled to the full protections and rights enumerated under sections 1519(a)(1)-(3) of the Bankruptcy Code.

4.      The proposed Foreign Representative is hereby granted on an interim basis, the rights, powers, protections, privileges, and immunities of a trustee in a bankruptcy in the United States during the Provisional Relief period available pursuant to section 1519(a) of the Bankruptcy Code. No action taken during such period by the proposed Foreign Representative, or his agents, representatives, advisors, or counsel, in preparing, disseminating, applying for, implementing or

otherwise acting

in furtherance of or in connection with the PKPU Proceedings, this Order, these Chapter 15 Cases, any adversary proceeding, or any further proceeding commenced herewith shall be deemed to constitute a waiver of the immunity afforded such person under sections 306 or 1510 of the Bankruptcy Code.

5.       Due to the nature of the relief requested, no security is required under Rule 65(c) of the Federal Rules of Civil Procedure, as made applicable in these Chapter 15 Cases by Rule 7065 of the Federal Rules of Bankruptcy Procedure, if applicable, or otherwise.

6.       Pending disposition of the Petition and Verified Petition, the request for the recognition of the PKPU Proceedings as foreign main proceedings, and further order of this Court, neither the Foreign Debtors nor the proposed Foreign Representative shall take any action with respect to the funds held in the Interest Reserve Account (as defined in the Supplement) established under the Indenture.

7.       Copies of this Order shall be served via email, first class mail, or overnight courier on (a) the United States Trustee for the Southern District of New York, (b) the Foreign Debtors, (c) the parties authorized to administer the PKPU Proceedings as set forth in the Petition, (d) all parties to any litigation in which any of the Foreign Debtors is a party and that is pending in the United States as of the commencement of these Chapter 15 Cases, (e) all known parties against whom provisional relief is sought as set forth in the statements of the proposed Foreign Representative required by Federal Rule of Bankruptcy Procedure 1007(a)(4)(B), attached to the Petitions, and (f) all parties that have filed a notice of appearance in these Chapter 15 Cases. The above-described service of this Order shall constitute due, adequate, and sufficient service and notice, and no other or further service or notice shall be required.

8.      This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Emergency Motion or the implementation of this Order.

Dated: New York, New York
           October 18, 2019

_/s/ **Sean H. Lane**_
UNITED STATES BANKRUPTCY JUDGE