**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PT DELTA MERLIN DUNIA TEXTILE, *et al.*,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-13214 (shl)<br><br>(Jointly Administered) |

### ORDER RECOGNIZING FOREIGN PROCEEDING

Upon the *Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding* [Docket No. 2] (the "***Verified Petition***") and the *Supplement to Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding* [Docket No. 13] (the "***Supplement to Verified Petition***," and, collectively with the Verified Petition and the Chapter 15 Petition for Recognition of a Foreign Proceeding (Official Form 401) filed for each Foreign Debtor, the "***Petitions***")[2] of Geoffrey David Simms, in his capacity as the duly authorized foreign representative (the "***Foreign Representative***") of each of the Foreign Debtors, in support of entry of an order pursuant to sections 1517(a) and 1521(a)(6) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "***Bankruptcy Code***") (a) finding that (i) each Foreign Debtor is eligible to be a "debtor" under chapter 15 of the Bankruptcy Code, (ii) the PKPU Proceedings are "foreign

---

[1] The Foreign Debtors in these chapter 15 cases are the following entities: (i) PT Delta Merlin Dunia Textile, whose address is Jl Solo - Sragen Km 14, Desa Pulosari, Kec Kebakkramat, Karanganyar, Central Java, (ii) PT Delta Dunia Tekstil, whose address is Jl Raya Solo - Sragen KM 10.8, Desa Kaling, Kec Tasikmadu, Karanganyar, Central Java, (iii) PT Dunia Setia Sandang Asli Tekstil, whose address is Jl Raya Palur Km 7.1, Desa Dagen, Kec Jaten, Karanganyar, Central Java, (iv) PT Delta Merlin Sandang Tekstil, whose address is Jl Raya Timur Km 10, Kel Bumiaji, Kec Gondang, Sragen, Central Java, (v) PT Delta Dunia Sandang Tekstil, whose address is Jl Raya Semarang - Demak Km 14, Desa Tambakroto, Kec Sayung, Demak, Central Java, (vi) PT Perusahaan Dagang dan Perindustrian Damai, whose address is Jl Simongan No 100, Kel Ngemplak Simongan, Kec Semarang Barat, Semarang, Central Java, and (vii) Mr. Sumitro, whose address is Tegalharjo, RT.004/RW.004, Kelurahan Tegalharjo, Kecamatan Jebres, Kota Surakarta, Jawa Tengah, Indonesia.

[2] Capitalized terms used herein but not otherwise defined shall have the respective meanings ascribed to such terms in the Verified Petition or Supplement to Verified Petition.

1

main proceedings" within the meaning of section 1502 of the Bankruptcy Code, (iii) the Foreign Representative satisfies the requirements of a "foreign representative" of each Foreign Debtor under section 101(24) of the Bankruptcy Code, and (iv) each Petition was properly filed and meets the requirements of section 1515 of the Bankruptcy Code, (b) granting recognition of the PKPU Proceedings as foreign main proceedings under section 1517 of the Bankruptcy Code and granted the relief under section 1520 of the Bankruptcy Code; and upon the hearing (the "*Hearing*") on the Petitions and this Court's review and consideration of the Petitions, the *Declaration of Foreign Representative in Support of Verified Chapter 15 Petition* [Docket No. 3], *the Supplement to the Declaration of Foreign Representative in Support of Verified Chapter 15 Petition* [Docket No. 14], and the *Declaration of Gregorius Petrus Aji Wijaya Representative in Support of Verified Petition under Chapter 15 for Recognition of a Foreign Main Proceeding* [Docket No. 4]; and appropriate and timely notice of the filing of the Petitions and the Hearing having been given; and no other or further notice being necessary or required; and the Court having determined that the legal and factual bases set forth in the Petitions and all other pleadings and proceedings in this case establish just cause to grant the relief ordered herein, and after due deliberation therefore,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A.  This Court has jurisdiction to consider the Petitions and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, section 1501 of the Bankruptcy Code, and the Amended Standing Order of Reference from the United States District Court for the Southern District of

---

[3] The findings and conclusions set forth herein and on the record of the Hearing to consider the Petitions constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

New York dated as of January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 1, 2012) (Preska, C.J.).

B.  The consideration of the Petitions and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

C.  Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

D.  Good, sufficient, appropriate, and timely notice of the filing of the Petitions and the Hearing has been given by the Foreign Representative, pursuant to Bankruptcy Rules 1011(b) and 2002(q) and the *Order Scheduling a Hearing on Chapter 15 Petition for Recognition and Specifying the Form and Manner of Service of Notice* [Docket No. 23] to: (a) the United States Trustee for the Southern District of New York, (b) the Foreign Debtors, (c) the parties authorized to administer the PKPU Proceedings as set forth in the Petitions, (d) all parties to any litigation in which any of the Foreign Debtors is a party and that is pending in the United States as of the commencement of these Chapter 15 Cases, (e) all known parties against whom provisional relief is sought as set forth in the statements of Foreign Representative required by Federal Rule of Bankruptcy Procedure 1007(a)(4)(B), attached to the Petitions, and (f) all parties that have filed a notice of appearance in these Chapter 15 Cases. In light of the nature of the relief requested and prior orders of this Court, no other or further notice is required.

E.  No objections or responses were filed that have not been overruled, withdrawn, or otherwise resolved.

F.  Each Foreign Debtor is "eligible" to be a debtor in the Chapter 15 Case pursuant to sections 109 and 1501 of the Bankruptcy Code.

G.  The PKPU Proceedings are "foreign proceedings" as such term is defined in section 101(23) of the Bankruptcy Code.

H. The PKPU Proceedings are pending in the Republic of Indonesia, which is where each Foreign Debtor has its "center of main interests" as referred to in section 1517(b)(1) of the Bankruptcy Code. As such, the PKPU Proceedings are "foreign main proceedings" pursuant to section 1502(4) of the Bankruptcy Code and are entitled to recognition as foreign main proceedings pursuant to section 1517(b)(1) of the Bankruptcy Code.

I. The Foreign Representative is a "person" as such term is defined in section 101(41) of the Bankruptcy Code and has been duly appointed and designated as the "foreign representative" of each Foreign Debtor as such term is defined in section 101(24) of the Bankruptcy Code.

J. These Chapter 15 Cases were properly commenced pursuant to sections 1504 and 1509, and each Petition satisfies the requirements of section 1515 of the Bankruptcy Code and Rule 2002(q) of the Federal Rules of Bankruptcy Procedure.

K. The relief sought by the Petitions will not cause undue hardship or inconvenience to any party in interest and, to the extent that any hardship or inconvenience may result to such parties, it is outweighed by the benefits of the requested relief to the Foreign Debtors, their estates and all of their creditors.

L. The relief granted hereby is necessary to effectuate the purposes and objections of Chapter 15 and to protect the Foreign Debtors and the interests of their creditors and other parties in interest.

M. Appropriate notice of the filing of, and the Hearing on, the Petitions was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

N. The relief granted herein is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to section 1507, 1517, 1520, and 1521 of the Bankruptcy Code.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT:**

1. The Petitions and the relief requested in this Order are granted as set forth herein, and any objections or responses thereto that have not been withdrawn or resolved are overruled with prejudice.

2. The PKPU Proceedings are recognized as "foreign main proceedings" pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code.

3. All relief and protections afforded foreign main proceedings under section 1520 of the Bankruptcy Code are hereby granted to the PKPU Proceedings, each Foreign Debtor and each Foreign Debtor's assets located in the United States, as applicable, including, without limitation, the application of the automatic stay under section 362 of the Bankruptcy Code to each Foreign Debtor and its property within the territorial jurisdiction of the United States.

4. All entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Foreign Representative and his authorized representatives and agents, are hereby enjoined from:

    a. execution against any Foreign Debtors' assets;

    b. the commencement or continuation, including the issuance or employment of process, of a judicial, quasi-judicial, administrative, regulatory, arbitral, bankruptcy, or other action or proceeding, or to recover a claim, including, without limitation, any and all unpaid judgments, settlements or otherwise against any Foreign Debtor, which in either case in any way relates to, or would interfere with, the administration of any Foreign Debtors' estate in the PKPU Proceeding;

    c. the enforcement of a judgment against any Foreign Debtor or against property of any Foreign Debtor;

    d. any act to obtain possession of property of any Foreign Debtor's estate or of property from any Foreign Debtor's estate or to exercise control over property of any Foreign Debtor's estate;

  e. any act to create, perfect, or enforce any lien against property of any Foreign Debtor's estate;

  f. any act to collect, assess, or recover a claim against any Foreign Debtor; and

  g. transferring, relinquishing or disposing of any property of any Foreign Debtor to any entity other than the Foreign Representative and his authorized representatives and agents;

*provided*, in each case, that such injunctions shall be effective solely within the territorial jurisdiction of the United States.

 5. Pursuant to section 1521(a)(6) of the Bankruptcy Code, all prior relief granted to the Foreign Debtors by this Court pursuant to section 1519(a) of the Bankruptcy Code shall be extended and any order granting provisional relief shall remain in full force and effect, notwithstanding anything to the contrary contained therein.

 6. Pending further order of this Court, neither the Foreign Debtors nor the Foreign Representative shall take any action with respect to the funds held in the Interest Reserve Account established under the Indenture.

 7. The rights of the Ad Hoc Committee of Holders of $300 million 8.625% Senior Notes Due 2024 (the "*Notes*"), the holders of the Notes, and any other parties in interest, to object to the enforcement in the United States of any composition plan proposed, sanctioned, or approved in the PKPU Proceedings are hereby reserved in all respects.

 8. The Foreign Representative is recognized as the "foreign representative" of each Foreign Debtor as defined in section 101(24) of the Bankruptcy Code in respect of the PKPU Proceedings.

9. The Foreign Representative is entrusted with the administration and realization of all of the Foreign Debtors' assets located in the United States and is established as the exclusive authority to administer the Foreign Debtors' assets and affairs in the United States.

10. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

11. No action taken by the Foreign Representative in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of the PKPU Proceedings, the documents contemplated thereunder, this Order, the Chapter 15 Cases, any further order for additional relief in the Chapter 15 Cases, or any adversary proceedings in connection therewith, will be deemed to constitute a waiver of the immunity afforded the Foreign Representative in its capacity as such under sections 306 or 1510 of the Bankruptcy Code.

12. The Foreign Representative, the Foreign Debtors, and each of their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

13. Notwithstanding Bankruptcy Rule 7062, made applicable to these Chapter 15 Cases by Bankruptcy Rule 1018, this Order shall be immediately effective and enforceable upon its entry.

14. This Court shall retain jurisdiction with respect to: (i) the enforcement, amendment or modification of this Order; (ii) any requests for additional relief or any adversary proceeding brought in and through these Chapter 15 Cases; and (iii) any request by an entity for relief from the provisions of this Order, for cause shown as to any of the foregoing and provided that the same is properly commenced and within the jurisdiction of this Court.

Dated: New York, New York
      February 4, 2020

*/s/ Sean H. Lane*
UNITED STATES BANKRUPTCY JUDGE